```
 1 │ ANN KANE SMITH, SBN. 72698
   │ THELEN REID BROWN RAYSMAN & STEINER LLP
 2 │ 333 South Hope Street, Suite 2900
   │ Los Angeles, California 90071
 3 │ Telephone 213.576.8000
 4 │ Facsimile 213.576.8080
   │
 5 │ Attorneys for Defendants
   │ ALC-PARTNER, INC.,
 6 │ RICHARD MORGAN and DENNIS HARPER
 7 │
   │ WILLIAM J. CARROLL, ESQ., SBN 118106
 8 │ SCHIFF HARDIN LLP
   │ One Market, Spear Street Tower
 9 │ Thirty-Second Floor
   │ San Francisco, CA 94105
10 │ Telephone: 415.901.8754
11 │ Facsimile: 415.901.8701
12 │ Attorneys for Defendants
   │ ALC ACQUISITION COMPANY LLC and
13 │ AMERICAN LASER CENTERS OF CALIFORNIA LLC
14 │
15 │                  UNITED STATES DISTRICT COURT
16 │                 NORTHERN DISTRICT OF CALIFORNIA
17 │                        CV 08       1221
```

|  |  |
|---|---|
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY RICHMAN, CYNTHIA RODIER, SANDRA SEWERIN and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,<br><br>Plaintiff,<br><br>v. | Case No.:<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1332(d), 1332(a) AND 28 U.S.C. § 1441(a)** |

LA #603304 v1

**NOTICE OF REMOVAL**

1  ALC PARTNER, INC., dba AMERICAN
2  LASER CENTERS; ALC ACQUISITION
   COMPANY LLC; AMERICAN LASER
3  CENTERS OF CALIFORNIA, LLC;
   RICHARD MORGAN; DENNIS HARPER;
4  and DOES 1 through 200, inclusive,
                Defendants.
5

6       TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND
7  THEIR ATTORNEYS OF RECORD:
8       PLEASE TAKE NOTICE that Defendants ALC-Partner, Inc., ALC Acquisition Company
9  LLC (now named "American Laser Centers LLC"), American Laser Centers of California LLC,
10 Richard Morgan and Dennis Harper (collectively, "Defendants") file this Notice of Removal. The
11 above-entitled case is a civil action over which this Court has original jurisdiction pursuant to 28
12 U.S.C. § 1332(d) and §1332(a), and is one that may be properly removed to this Court pursuant to
13 28 U.S.C. § 1441.
14      In compliance with 28 U.S.C. § 1446(a), Defendants assert the following grounds for
15 removal:
16      1.   On or about January 25, 2008, Plaintiffs Kay Love, Melinda Ahumada, Paula
17 Austin, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee
18 Mochan, Christine Pedro, Dayna Racow, Beverly Alexander, Kathryn Cameron, Fey Reichman,
19 Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams (collectively referred to
20 herein as "Plaintiffs") commenced an action against Defendants by filing a Class Action
21 Complaint ("Complaint") in the Superior Court of the State of California, County of Alameda,
22 entitled *Kay Love et al. v. ALC Partner, Inc. d.b.a. American Laser Centers et al.*, Case No. RG
23 08367932 (hereinafter the "State Court Action").
24      2.   True and correct copies of Plaintiffs' Complaint, along with the papers which
25 accompanied the Complaint, are attached as Exhibit A hereto.
26      3.   Defendants have not yet filed an Answer to the Complaint. Defendants have not
27 filed, served or received any papers or pleadings in the State Court Action other than those
28 attached hereto as Exhibit A.

1   4. Defendant ALC-Partner, Inc. initially received the Complaint by personal service
2   on its Chief Administrative Officer and General Counsel on January 30, 2008. Defendant ALC
3   Acquisition Company LLC initially received the Complaint by personal service on its agent on
4   January 30, 2008. Defendant American Laser Centers of California LLC initially received the
5   Complaint by personal service on its agent on January 30, 2008. Robert Seffinger, Director of
6   Corporate Legal for ALC Acquisition Company LLC, accepted personal service of the Complaint
7   on behalf of Defendant Richard Morgan on January 30, 2008. Defendant Dennis Harper initially
8   received the Complaint by personal service, accepted by his wife on February 2, 2008.

   5. This Notice is timely filed in that it is filed within thirty days of service of the
   Complaint on Defendants. *See* 28 U.S.C. § 1446(b).

   6. The Superior Court is located within the United States District Court for the
   Northern District of California, wherein this Notice of Removal is being filed. Therefore, this
   Notice of Removal is properly filed in the Northern District of California.

   7. This case is properly removed to this Court pursuant to 28 U.S.C. §§ 1446
   and 1453(b), as diversity jurisdiction is established under 28 U.S.C. § 1332(d).[1] Section 1332(d)
   provides, in pertinent part:

> The district courts shall have original jurisdiction of any civil action
> in which the matter in controversy exceeds the sum or value of
> $5,000,000, exclusive of interest and costs, and is a class action in
> which . . . any member of a class of plaintiffs is a citizen of a State
> different from any defendant . . . .

Id. § 1332(d)(2)(A).

   8. Plaintiff's Complaint is removable under § 1332(d) for the following reasons:

   (a) The Complaint identifies this action as a "class action" brought by
Plaintiffs. [Complaint at ¶1 (Exhibit A).]

   (b) At least one member of the putative class of Plaintiffs is a citizen of a State
different from any Defendant. As set forth in the Complaint, each of the Plaintiffs is a resident of
California. [Complaint at ¶4 (Exhibit A).] Defendant ALC-Partner, Inc. is a corporation organized

---

[1] Subsection (d) was added to 28 U.S.C. § 1332 through Section 4 of the Class Action Fairness Act of 2005 ("CAFA"). See CAFA § 4, PL 109-2, 119 Stat. 9, codified at 28 U.S.C. § 1332(d).

under the laws of the State of Delaware. ALC-Partner, Inc.'s business is run from and its corporate headquarters are located in Farmington Hills, Michigan, which is ALC-Partner, Inc.'s principal place of business. [Complaint at ¶36; Declaration of Kevin Piecuch at ¶2, filed concurrently herewith.] Defendant ALC Acquisition Company LLC is a limited liability company organized under the laws of the State of Delaware. ALC Acquisition Company LLC's business is run from and its corporate headquarters are located in Farmington Hills, Michigan, which is ALC Acquisition Company's principal place of business. ALC Acquisition Company LLC's sole member is ALC, HC, a corporation organized under the laws of the State of Delaware. [Complaint at ¶37; Declaration of Kevin Piecuch at ¶3.] Defendant American Laser Centers of California LLC is a limited liability company organized under the laws of the State of Delaware. Its sole member is American Laser Centers LLC (formerly named ALC Acquisition Company LLC), which is a limited liability company organized under the laws of the State of Delaware. American Laser Centers of California LLC's business is run from and its corporate headquarters, located in Farmington Hills, Michigan. [Complaint at ¶38; Declaration of Kevin Piecuch at ¶4.] Defendant Richard Morgan is a resident of the State of Michigan. [Complaint at ¶40.] Accordingly, "minimal diversity" exists in this case sufficient for removal purposes under the Class Action Fairness Act of 2005 ("CAFA"), which grants federal district courts original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d) (emphasis added).

    (c)    There are at least 100 class members in the putative class of Plaintiffs. [Complaint at ¶52.]

    (d)    The amount in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. Although the Complaint prays for an unspecified amount of damages, the amount in controversy easily exceeds $5,000,000 when the putative class's total possible recovery is taken into consideration. See 28 U.S.C. § 1332(d)(6). Plaintiff seeks the following relief:

- Plaintiffs seek overtime wages going back on behalf of themselves and a putative class of current and former clinic managers. Plaintiffs allege that the clinic manager plaintiffs and putative class members earned an average of $50,000 per year exclusive of non-discretionary bonuses, and worked an average of 25 overtime

hours per week. [Complaint at ¶65.] Thus, each Plaintiff and putative class member clinic manager purports to claim an average of 1250 hours of overtime for each full year worked (assuming 50 weeks worked per year x 25 hours per week of unpaid overtime claimed). Based on the $50,000 salary amount claimed by Plaintiffs, the hourly rate for overtime for the clinic managers would be approximately $36.05 per hour.

- Plaintiffs seek overtime wages going back on behalf of themselves and a putative class of current and former assistant clinic managers. Plaintiffs allege that the assistant manager Plaintiffs and putative class members earned an average of $35,000 per year exclusive of non-discretionary bonuses, and worked an average of 15 overtime hours per week. [Complaint at ¶65.] Thus, each Plaintiff and putative class member assistant manager purports to claim an average of 750 hours of overtime for each full year worked (assuming 50 weeks worked per year x 15 hours per week of unpaid overtime claimed). Based on the $35,000 salary amount claimed by Plaintiffs, the hourly rate for overtime for the assistant managers would be approximately $25.24 per hour.

- Plaintiffs seek overtime wages going back on behalf of themselves and a putative class of current and former technicians. Plaintiffs allege that the assistant manager Plaintiffs and putative class members earned an average of $30 per hour, and worked an average of 5 overtime hours per week for which they allegedly were not compensated. [Complaint at ¶66.] Thus, each Plaintiff and putative class member technician purports to claim an average of 250 hours of overtime for each full year worked (assuming 50 weeks worked per year x 5 hours per week of unpaid overtime claimed). Based on the $30 per hour wage claimed by Plaintiffs, the hourly rate for overtime would be approximately $45.00 per hour.

- Plaintiffs purport to seek restitution in the form of allegedly unpaid overtime for up to 4 years pursuant to Cal. Bus. & Prof. Code Section 17200. [Complaint at ¶¶111-115.]

(e) In addition to the unpaid overtime amounts set forth above, Plaintiffs purport to seek the following damages [Complaint, Prayer For Relief E-I, M, O]:

- Liquidated damages pursuant to Cal. Labor Code §1194.2(a);
- Premium pay pursuant to Cal. Labor Code §226.7 (for allegedly missed meal and rest periods);
- Waiting time penalties pursuant to Cal. Lab. Code §203;
- Unreimbursed expenses pursuant to Cal. Lab. Code §2802;
- Statutory damages pursuant to Cal. Lab. Code §226(e);
- Punitive and exemplary damages under Cal. Civ. Code §3294;
- Reasonable attorneys' fees authorized by statute.

(f) The potential value of each of the above categories of damages is to be included in the amount in controversy in the State Court Action under the CAFA pursuant to well-established law in this and other federal circuits. Given the facts alleged by Plaintiffs and the various categories of damages sought in the Complaint, Defendants are informed and believe that the amount in controversy exceeds $5,000,000.

9. On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, all of whom are Plaintiffs in this action, filed on their own behalf and on behalf of purported classes, a nearly identical lawsuit against Defendant ALC-Partner, Inc. in the United States District Court, Central District of California, bearing Case No. CV 07 4588 R(SHx) (referred to herein as "Love I"). In that case, they asserted claims identical to the ones asserted in the instant State Court Action, including allegations that ALC-Partner, Inc. violated various California Labor Code provisions by failing to properly pay overtime, as well as failing to provide proper rest and meal breaks, payment for vacation time, reimbursement of expenses, and other alleged wage and hour violations. The only difference between the allegations in Love I and in the present action was the presence of federal claims under the Employee Retirement Income Security Act ("ERISA") and the Federal Fair Labor Standards Act ("FLSA"), the latter claims echoing the state law claims for unpaid overtime. In Love I, the Plaintiffs also purported to bring their claims on behalf of present and former employees of ALC-Partner, Inc. nationwide.

10. ALC-Partner, Inc. filed a Motion to Dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), prompting the Love I Plaintiffs to file a First Amended Complaint on or about October 1, 2007. The Love I First Amended Complaint added Plaintiffs Lisa Casey, Christine Pedro, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams to the Love I case, all of whom are Plaintiffs in the present case. In fact, only 1 of the 17 Plaintiffs in the present State Court Action – Dayna Racow – was not a named. The Love I First Amended Complaint also named Richard Morgan as a Defendant. The other two entity Defendants now named in the State Court Action did not exist at the time the Complaint in Love I was filed [see, e.g., Complaint at ¶37.] The primary difference between the Love I Complaint and the Love I First Amended Complaint, in addition to joining more Plaintiffs, was that it purported to assert claims for violations of Illinois and Utah state law through named Plaintiffs Heidi Schneeveis (Illinois), Laurie Mathews (Utah) and Pamela Strong (Utah), respectively.

11. ALC-Partner, Inc. and Richard Morgan filed respective Motions to Dismiss the Love I First Amended Complaint. On December 17, 2007, the USDC, Central District of California (Hon. Manuel Real presiding) granted those Motions to Dismiss and gave Plaintiffs 20 days leave to amend.

12. On or about January 14, 2007, the Love I Plaintiffs voluntarily dismissed the case in the Central District of California. Shortly thereafter, on or about January 25, 2008, sixteen of the original 19 Love I named Plaintiffs filed the instant State Court Action in Alameda County, asserting the identical California claims, and omitting those federal claims for relief under ERISA and the FLSA that would have given this Court original jurisdiction over this action.

13. Love I Plaintiffs Schneeveis, Mathews and Strong do not purport to join the State Court Action at issue, but rather have filed a separate lawsuit with other named Plaintiffs on behalf of themselves and on behalf of current and former ALC-Partner, Inc. and ALC Acquisition Company LLC employees. That case was filed on or about February 14, 2008 in the United States District Court, Eastern District of Michigan, and it purports to assert nearly identical allegations to those asserted in Love I, minus the claims under California state law, which the California named Plaintiffs from Love I have asserted in the instant State Court Action.

14. Defendant Dennis Harper is a resident of the State of California. Defendants are informed and believe that Dr. Harper is a "sham" Defendant in this action within the meaning of federal law, in that Plaintiffs named him as an individual Defendant solely for the purpose of attempting to defeat removal jurisdiction. Dr. Harper cannot be held individually liable as a matter of law for the claims that Plaintiffs purport to bring against him in this action. Moreover, the Love I Plaintiffs set forth identical claims against ALC-Partner, Inc. and Richard Morgan, yet did not name Dennis Harper as a Defendant, nor was Dr. Harper identified anywhere in the Love I Complaint or First Amended Complaint. Plainly, Plaintiffs were well aware of Dr. Harper before filing Love I, yet they did not name him as a defendant. No discovery was conducted in Love I, so no "new" information about Dr. Harper could have come to Plaintiff's attention in the short time since the filing of Love I that would compel Plaintiffs to now name him as an essential defendant in this action. Accordingly, Dr. Harper's citizenship should be disregarded for purposes of determining jurisdiction. *Morris v. Princess Cruises, Inc,* 236 F.3d 1061, 1067-68 (9th Cir. 2001).

15. Alternatively, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1446 and 1453(b), as diversity jurisdiction is established under 28 U.S.C. § 1332(a) in that it is a civil action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. As already set forth herein, each of the Plaintiffs claims to be a citizen of California, but none of the Defendants are citizens of California except for Dr. Harper. As already set forth herein, Dr. Harper is a sham defendant whose citizenship should be disregarded for purposes of determining jurisdiction. Therefore, but for Dr. Harper being named as sham defendant, complete diversity exists among the parties. Moreover, for the reasons already set forth herein, Defendants are informed and believe that the amount in controversy in this case exceeds $75,000.

16. By filing this Notice of Removal, Defendants do not concede that Plaintiffs are owed anything by way of their Complaint and do not waive any defenses that may be available to them, including but not limited to the absence of venue in this Court or in the Court from which this action has been removed.

17. Defendants represent that promptly after this filing, this Notice of Removal will be served on Plaintiffs' counsel and a copy will be filed with the Clerk of the Superior Court of California, County of Alameda.

Dated: February 29, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/ Ann Kane Smith
Ann Kane Smith
Attorneys for Defendants
ALC-PARTNER, INC., RICHARD MORGAN and DENNIS HARPER

Dated: February 28, 2008

SCHIFF HARDIN LLP

By _____
William J. Carroll
Attorneys for Defendants
ALC ACQUISITION COMPANY LLC and AMERICAN LASER CENTERS OF CALIFORNIA LLC

FEB-29-2008 10:15 From:   From-THELEN REID BROWN RAYSMAN & STEINER LLP  +2135768080    To:TRP LA 213 576 8080  P.2/2
T-008  P 010/010  F-418

17. Defendants represent that promptly after this filing, this Notice of Removal will be served on Plaintiffs' counsel and a copy will be filed with the Clerk of the Superior Court of California, County of Alameda.

Dated: February 29, 2008

THELEN REID BROWN RAYSMAN &
STEINER LLP

By _____
Ann Kane Smith
Attorneys for Defendants
ALC-PARTNER, INC., RICHARD
MORGAN and DENNIS HARPER

Dated: February 28, 2008

SCHIFF HARDIN LLP

By _____
William J. Carroll
Attorneys for Defendants
ALC ACQUISITION COMPANY LLC and
AMERICAN LASER CENTERS OF
CALIFORNIA LLC

LA #603304 v1

-9-

NOTICE OF REMOVAL

**JS 44** (Rev. 12/07) (cand rev 1-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA (SEE ATTACHED)

## DEFENDANTS
ALC PARTNER, INC. dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC (SEE ATTACHED)

(b) County of Residence of First Listed Plaintiff
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Kevin Ruf
Glancy, Binkow & Goldberg LLP
1801 Avenue of the Stgars, Suite 311
Los Angeles, CA 90067  310.201.9150

Attorneys (If Known)
Ann K. Smith
Thelen Reid Brown Raysman & Steiner LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071  213.576.8000

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| 110 Insurance | 310 Airplane | 362 Personal Injury — Med. Malpractice | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 315 Airplane Product Liability | 365 Personal Injury Product Liability | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | 430 Banks and Banking |
| 140 Negotiable Instrument |  |  | 630 Liquor Laws | 820 Copyrights | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | PERSONAL PROPERTY | 640 R.R. & Truck | 830 Patent | 460 Deportation |
| 151 Medicare Act | 340 Marine | 370 Other Fraud | 650 Airline Regs. | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 371 Truth in Lending | 660 Occupational Safety/Health |  | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 380 Other Personal Property Damage | 690 Other | **SOCIAL SECURITY** | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 385 Property Damage Product Liability | **LABOR** | 861 HIA (1395ff) | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury |  | 710 Fair Labor Standards Act | 862 Black Lung (923) | 850 Securities/Commodities/Exchange |
| 195 Contract Product Liability |  |  | 720 Labor/Mgmt. Relations | 863 DIWC/DIWW (405(g)) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise |  |  | 730 Labor/Mgmt. Reporting & Disclosure Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 740 Railway Labor Act | 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation |  | 892 Economic Stabilization Act |
| 220 Foreclosure | [X] 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/Accommodations | 530 General |  | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | **IMMIGRATION** | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | 462 Naturalization Application |  | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | 550 Civil Rights | 463 Habeas Corpus - Alien Detainee |  | 950 Constitutionality of State Statutes |
|  | 440 Other Civil Rights | 555 Prison Condition | 465 Other Immigration Actions |  |  |

## V. ORIGIN (Place an "X" in One Box Only)

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
1332(a), (d)

Brief description of cause:
Diversity jurisdiction under 1332(d) (Class Action Fairness Act)

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
- DEMAND $
- CHECK YES only if demanded in complaint:
- JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)
[X] SAN FRANCISCO/OAKLAND    [ ] SAN JOSE

DATE: February 29, 2008

SIGNATURE OF ATTORNEY OF RECORD
Ann K. Smith

Attachment to Civil Cover Sheet
Kay Love vs. ALC, et al.

**Plaintiffs:**
NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY RICHMAN, CYNTHIA RODIER, SANDRA SEWERIN and AMY WILLIAMS, on behalf of themselves and those classes similarly situated

**Defendants:**
ALC-PARTNER, INC., ALC ACQUISITION COMPANY, LLC, AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER

**Counsel**

ANN KANE SMITH, ESQ. 72698
JENNIFER L. GOLDBERG, ESQ. 198150
THELEN REID BROWN RAYSMAN & STEINER LLP
333 SOUTH HOPE STREET, SUITE 2900
LOS ANGELES, CA 90071
**Attorneys for Defendants**
ALC-PARTNER, INC.,
RICHARD MORGAN and DENNIS HARPER

WILLIAM J. CARROLL, ESQ., SBN 118106
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: 415.901.8754
Facsimile: 415.901.8701

**Attorneys for Defendants**
ALC ACQUISITION COMPANY LLC and
AMERICAN LASER CENTERS OF CALIFORNIA LLC

LA #604292 v1