1  ANN KANE SMITH, CA BAR No. 72698
   MARYTZA J. REYES, CA BAR NO. 218684
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
3  Los Angeles, California 90071
   Telephone 213.576.8000
4  Facsimile 213.576.8080

5  Attorneys for Defendants
   ALC-PARTNER, INC.,
6  RICHARD MORGAN and DENNIS HARPER

7  WILLIAM J. CARROLL, ESQ., CA BAR NO. 118106
   SARAH R. SPEAKMAN, CA BAR NO. 215085
8  SCHIFF HARDIN LLP
   One Market, Spear Street Tower
9  Thirty-Second Floor
   San Francisco, CA 94105
10 Telephone: 415.901.8754
   Facsimile: 415.901.8701
11
   Attorneys for Defendants
12 AMERICAN LASER CENTERS LLC (formerly known
   as ALC ACQUISITION COMPANY LLC) and
13 AMERICAN LASER CENTERS OF CALIFORNIA LLC

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16

17
   KAY LOVE, MELINDA AHUMADA,           Case No.: CV081221 (EMC)
18 PAULA AUSTIN, ASHLEY BRISENO,
   LISA CASEY, JESSICA BURIA,
19 NATALIE DOLABJIAN, NADIA             DEFENDANTS' MOTION TO TRANSFER
   KAMELI, ASHLEE MOCHAN,               VENUE UNDER 28 USC § 1404(a)
20 CHRISTINE PEDRO, DAYNA RACOW,
21 BEVERLY ALEXANDER, KATHRYN           Date:    April 16, 2008
   CAMERON, FEY RICHMAN, CYNTHIA        Place:   10:30 a.m.
22 RODIER, SANDRA SEWERIN and AMY       Place:   Courtroom C
   WILLIAMS, on behalf of themselves and Before:  Hon. Edward Chen
23 those classes similarly situated,

24
                    Plaintiffs,
25

26 v.

27

28

LA #604338 v3

DEFENDANTS' MOTION FOR TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1  ALC PARTNER, INC., dba AMERICAN
2  LASER CENTERS; ALC ACQUISITION
   COMPANY LLC; AMERICAN LASER
3  CENTERS OF CALIFORNIA, LLC;
   RICHARD MORGAN; DENNIS HARPER;
4  and DOES 1 through 200, inclusive,

5              Defendants.

8      TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND
9  THEIR ATTORNEYS OF RECORD:

10     PLEASE TAKE NOTICE that on April 16, 2008 or as soon thereafter as this matter may
11 be heard in the Courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate
12 Avenue, San Francisco, California 94102, Defendants ALC-Partner, Inc., American Laser Centers
13 LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers of California
14 LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") respectfully move to
15 transfer venue to the United States District Court for the Central District of California pursuant to
16 28 U.S.C. §1404(a). Plaintiffs originally filed this action in the United States District Court for the
17 Central District of California. They dismissed that action and blatantly forum-shopped their case
18 after receiving two adverse rulings in the Central District. The "convenience of parties and
19 witnesses" and the "interest of justice" require transfer. 28 U.S.C. § 1404(a).

20     This motion is based on the attached Memorandum of Points and Authorities the
21 Declaration of Kevin Piecuch, the Request for Judicial Notice, the files and records in this case,
22 and such additional evidence and argument as the Court may elect to hear at the hearing on this
23 motion.

```
 1  Dated: March 7, 2008              THELEN REID BROWN RAYSMAN &
                                      STEINER LLP
 2

 3                                    By  /s/ Ann Kane Smith
                                          Ann Kane Smith
 4                                        Marytza J. Reyes
                                          Attorneys for Defendants
 5                                        ALC-PARTNER, INC., RICHARD
                                          MORGAN and DENNIS HARPER
 6

 7  Dated:  March 7, 2008              SCHIFF HARDIN LLP

 8

 9                                     By _____
                                          Sarah R. Speakman
10                                        William J. Carroll
                                          Attorneys for Defendants
11                                        AMERICAN LASER CENTERS LLC and
                                          AMERICAN LASER CENTERS OF
12                                        CALIFORNIA LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ................................................................................................................. 4

II. FACTUAL AND PROCEDURAL HISTORY ................................................................... 5

    A.  The Parties ................................................................................................................. 5

    B.  Plaintiffs' Forum Shopping. ...................................................................................... 7

III. ARGUMENT ........................................................................................................................ 8

    A.  The Standard For Transferring An Action For Convenience. ................................... 8

    B.  The Central District Is An Appropriate Forum ......................................................... 9

    C.  The Relevant Public And Private Interest Factors Support Transfer To the Central District ................................................................................................... 9

        1.  Plaintiffs' Forum Shopping Is A Sufficient Ground To Transfer This Action. ................................................................................................ 10

        2.  The Convenience Of The Parties And Witnesses Supports Transfer. ............................................................................................................ 11

        3.  There Are No Assistant Manager And Technician Class Representatives Located In The Northern District .................................... 12

        4.  Plaintiffs' Counsel And Counsel For Three Of The Defendants Are Located Within The Central District .................................................... 13

        5.  The Location Of Documents And Physical Evidence Supports Transfer ........................................................................................................ 13

        6.  The Public Interest In Local Adjudication Of Local Controversies And Not Unfairly Burdening Juries Support Transfer in Furtherance of the Interests of Justice. ........................................ 13

        7.  Plaintiff's Choice Of Forum Is Not Entitled To Any Weight Because They Are Guilty of Forum Shopping, This Is A Class Action Lawsuit, And They Have Minimal Contracts With The Forum State. .......................................................................................................... 14

        8.  Judicial Resources Are Saved By The Central District's Familiarity With This Case .................................................................... 15

IV. CONCLUSION ................................................................................................................... 16

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alltrade Inc., v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991)......................................................................................... 14

*Brandon Apparel Group, Inc. v. Quitman Manufacturing Co., Inc.*,
    42 F.Supp.2d 821 (N.D. Ill. 1999).................................................................................. 11

*Decker Coal Co. v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986)..................................................................................... 9, 10

*E. & J. Gallo Winery v. F. & P.S.P.A.*,
    899 F.Supp. 465 (E.D. Cal. 1994).................................................................................... 9

*Eichenholtz v. Brennan*,
    677 F.Supp. 198 (S.D.N.Y. 1988) .................................................................................. 14

*Gulf Oil Co. v. Gilbert*,
    330 U.S. 501 (1947) ......................................................................................................... 9

*Hoffman v. Blaski*,
    363 U.S. 335 (1960) ......................................................................................................... 9

*Jacobson v. Hughes Aircraft*,
    105 F.3d 1288, 1301 (9th Cir. 1997).) ........................................................................... 15

*Jones v. GNC Franchising, Inc.*,
    211 F.3d 495 (9th Cir. 2000) ............................................................................... 8, 10, 15

*Koster v. (American) Lumbermens Mut. Casualty Co.*,
    330 U.S. 518 (U.S. 1947) ............................................................................................... 14

*Lopez Perez v. Hufstedler*,
    505 F.Supp. 39 (D.D.C. 1980) ......................................................................................... 9

*Lou v. Belzberg*,
    834 F.2d 730 (9th Cir. 1987).......................................................................................... 14

*Madani v. Shell Oil Co.*,
    2008 U.S. Dist. LEXIS 9626 (N.D. Cal.) ........................................................... 10, 11, 15

*McGraw-Edison Co. v. United States Fidelity & Guaranty Co.*,
    322 F.Supp. 1049 (D. Wis. 1971) .................................................................................... 9

1

**TABLE OF AUTHORITIES (cont.)**

Page(s)

**CASES**

*Norwood v. Kirkpatrick,*
   349 U.S. 29 (1955) .................................................................................................... 9

*Piper Aircraft v. Reyno,*
   454 U.S. 235 (1981) .................................................................................................. 15

*Royal Queentex Enterprises v. Sara Lee Corp.,*
   2000 U.S. Dist. LEXIS 10139 ........................................................................... 9, 11, 14

*Samsung Electrics Co. v. Rambus Inc.,*
   386 F. Supp. 2d 708 (E.D. Va. 2005) ....................................................................... 15

*Stewart Organization v. Ricoh Corp.,*
   487 U.S. 22 (1988) ................................................................................................ 8, 9

*Wireless Consumers Alliance,*
   2003 U.S. Dist. LEXIS 26802 ........................................................................ 10, 11, 15

**STATUTES**

28 U.S.C.
   Section 1404(a) .............................................................................................. 5, 8, 9, 16

**RULES**

Federal Rule of Civil Procedure
   Rule 12(b)(6) ............................................................................................................. 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

On or about January 25, 2008, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Christine Pedro, Dayna Racow, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, and Amy Williams (collectively, "Plaintiffs") commenced an action against ALC-Partner, Inc., American Laser Centers LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers of California LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of Alameda, entitled *Kay Love et al. v. ALC Partner, Inc. d.b.a. American Laser Centers et al.*, Case No. RG 08367932, which Defendants removed to this Court on February 29, 2008. The Complaint alleges seven claims for relief under the California Labor Code, as well as claims for unfair business practices, conversion, and unjust enrichment.[1] [Complaint, ¶¶ 59-127.] Plaintiffs purport to represent subclasses of clinic managers, assistant managers, and technicians. [*Id.* at 8-11.]

This case is presently before this Court because the Plaintiffs have engaged in blatant forum shopping. As set forth in detail herein, Plaintiffs previously filed this case in the United States District Court for the Central District of California (hereinafter "Central District"), which is the proper forum for their claims. In response to a motion to dismiss, Plaintiff filed a First Amended Complaint. The Court then dismissed the First Amended Complaint, ruling in Defendants' favor on another motion to dismiss. Rather than file a second amended complaint and conform their pleadings to the Court's ruling, the Plaintiffs voluntarily dismissed their case. Shortly thereafter, they re-filed the present case in Alameda County Superior Court. Plaintiffs' inability to successfully prosecute their claims in the Central District is the sole explanation for why they now choose to try again in a state court far from their original choice of forum, and

---

[1] Concurrent with this Motion, Defendants are filing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiffs have failed to state valid claims for relief against individual Defendants

within a different federal court district. Plaintiffs' forum shopping is sufficient grounds on its own for the Court to transfer venue.

Plaintiff's original choice of forum was the correct one. Venue properly lies in the Central District of California, and the Central District is the far more convenient forum for the parties and witnesses. Fourteen of the seventeen named Plaintiffs reside in Southern California; thirteen within the Central District. The American Laser Centers clinics where those fourteen plaintiffs worked are all located in or near the Central District (a fourteenth resides within the Southern District, even further from this Court). The key point is not the convenience of the named Plaintiffs, but the fact that vast majority of the relevant records and witnesses who can testify as to Plaintiffs' hours, duties and working conditions are located within the Central District. The interests of justice forbid Plaintiffs' from hauling the majority of the witnesses and pertinent documents to a different district hundreds of miles away, when only three of seventeen named Plaintiff reside and worked within the Northern District, particularly in light of Plaintiffs' egregious forum shopping. Moreover, Plaintiffs purport to represent classes of current and former clinic managers, assistant managers and technicians, yet there is not a single representative of the assistant manager and technician classes who resides in or worked within the Northern District, and thus the Northern District has no connection to those putative classes at this time.

For all the reasons set forth herein, this Court should transfer this action to the Central District, pursuant to 28 U.S.C. § 1404(a).

## II. FACTUAL AND PROCEDURAL HISTORY

### A. The Parties.

There are seventeen named Plaintiffs in this lawsuit. [Complaint, ¶¶ 2-17.] Ten of the Plaintiffs, namely Melinda Ahumada, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Kathryn Cameron, Cynthia Rodier, and Amy Williams, reside in Los Angeles County, which is within the Central District. [*Id.* at ¶¶ 2, 4-9, 13, 15, 17.] Beverly Alexander and Fey Reichman, reside in neighboring Ventura County, which is within the Central District. [*Id.* at ¶¶ 12, 14.] Sandra Sewerin resides in neighboring Orange County, which is within the Central District [*Id.* at ¶ 16.] Kay Love resides in San Diego County, which is

within the Southern District. [*Id.* at ¶ 17.] Thirteen of the above Plaintiffs reside in the Central District.

Only two of the named Plaintiffs, Christine Pedro and Dayna Racow[2] reside and worked in Alameda County, the county where this case was originally filed. [*Id.* at ¶¶10-11.] Paula Austin resides in Monterey County. [*Id.* at ¶ 3.] Those three Plaintiffs residing within the Northern District are all Clinic Managers. [*Id.* at ¶ 34.] <u>There are no representatives for the Assistant Manager Subclass or the Technician Subclass residing in the Northern District.</u> In total, fourteen of the seventeen named plaintiffs reside hundreds of miles south of the Northern District in Southern California.

Defendant ALC-Partner, Inc. is a corporation organized under the laws of the State of Delaware. [Complaint at ¶36; Declaration of Kevin Piecuch[3] ("Piecuch Decl.") at ¶2.] Defendant American Laser Centers LLC (formerly known as ALC Acquisition Company LLC) is a limited liability company organized under the laws of the State of Delaware. [Complaint at ¶37; Piecuch Decl. at ¶3.] Defendant American Laser Centers of California LLC is a limited liability company organized under the laws of the State of Delaware. [Complaint at ¶38; Piecuch Decl. ¶4.] Each of the above entities is run from its respective corporate headquarters located in Farmington Hills, Michigan. [Complaint at ¶¶ 36-38; Piecuch Decl. at ¶¶2-4.]

Defendant Richard Morgan is a resident of the State of Michigan. [Complaint at ¶39.]

Defendant Dennis Harper resides in Humboldt County. [Complaint at ¶40.] Defendants are informed and believe that Dr. Harper is a "sham" Defendant in this action within the meaning of federal law, in that Plaintiffs named him as an individual Defendant solely for the purpose of attempting to defeat removal jurisdiction. [*See* Defendants' Notice of Removal and supporting papers, filed with the Court on February 29, 2008.]

---

[2] Dayna Racow is the only Plaintiff in this action who was not also a named Plaintiff in the first action filed in the Central District of California.

[3] The Declaration of Kevin Piecuch is filed concurrently herewith.

B. <u>Plaintiffs' Forum Shopping.</u>

This lawsuit is the second action filed in connection with Plaintiffs' alleged underlying claims. On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, all of whom are Plaintiffs in this action, filed on their own behalf and on behalf of purported classes, a nearly identical lawsuit against Defendant ALC-Partner, Inc. in the Central District bearing Case No. CV 07 4588 R(SHx) (referred to herein as "Love I"). [*See* Request for Judicial Notice, Exhibit 1, filed concurrently herewith.] In that case, they asserted claims identical to the ones asserted in the instant State Court Action, including allegations that ALC-Partner, Inc. violated various California Labor Code provisions by failing to properly pay overtime, as well as failing to provide proper rest and meal breaks, payment for vacation time, reimbursement of expenses, and other alleged wage and hour violations. [*Id.*]

ALC-Partner, Inc. moved to dismiss the original Love I Complaint. In response to ALC-Partner, Inc.'s valid arguments, Plaintiffs voluntarily filed a First Amended Complaint. [Request for Judicial Notice Exh. 2.] The Love I First Amended Complaint added as named Plaintiffs Lisa Casey, Christine Pedro, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams, all of whom are named Plaintiffs in the present case. As set forth in the Love I First Amended Complaint, the named Plaintiffs purported to represent subclasses of regional managers, clinic managers, assistant managers and technicians working in American Laser Centers clinics. The Love I First Amended Complaint named Richard Morgan as a Defendant in addition to ALC-Partner, Inc.. The other two entity Defendants now named in the present action did not exist at the time the Complaint in Love I was filed [*see*, *e.g.*, Complaint at ¶37; Piecuch Decl. at ¶6.] The only substantive difference between the allegations in Love I and the present action was the presence of federal claims under the Employee Retirement Income Security Act and the Federal Fair Labor Standards Act, and Plaintiffs' attempt in Love I to represent nationwide classes in addition to classes of California employees. [*See* Request for Judicial Notice Exh. 2.]

1  ALC-Partner, Inc. and Morgan filed respective Motions to Dismiss the Love I First Amended Complaint. On December 17, 2007, the Central District (Hon. Manuel Real presiding) granted those Motions to Dismiss and gave Plaintiffs 20 days leave to amend. On or about January 14, 2007, the Love I Plaintiffs voluntarily dismissed the case in the Central District. [Request for Judicial Notice Exh. 3.] Shortly thereafter, on or about January 25, 2008, Plaintiffs filed the instant action in Alameda County, asserting the identical California claims, while omitting Love I's federal claims.[4]

III. **ARGUMENT**

In order to avoid substantially inconveniencing the witnesses and parties, and in the interest of justice, this action should be transferred to the Central District. When examined as a whole, there is no legitimate reason for this case to be in Northern California. Plaintiffs demonstrated that the Central District of California was the proper forum choice by initiating their claims in that forum. Plaintiffs only sought to dismiss their claims and select a different forum in order to avoid the adverse rulings of the Court in the Central District.

As the movants, Defendants bear the burden to show that transfer is proper. Defendants have met that burden, as set forth below.

A. <u>The Standard For Transferring An Action For Convenience</u>.

Even if an action is filed in an otherwise proper venue, 28 U.S.C. § 1404(a) provides discretionary grounds for transferring an action to another venue. Section 1404(a) provides:

> "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

The district court has discretion "to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) ("*Jones*") citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29

---

[4] Three of the Love I Plaintiffs (Laurie Mathews, Pamela Strong and Heidi Schneeveis) are not part of the present action because they reside outside of California and purported in Love I to represent subclasses of employees in Utah and Illinois, respectively. Those Plaintiffs have re-filed claims identical to those in Love I in a new action filed in the Eastern District of Michigan on or about February 15, 2008. [Piecuch Decl. at ¶7.]

(1988). The district court's discretion is broad so as to allow it to give full consideration to the particular facts of each case. *E. & J. Gallo Winery v. F. & P.S.P.A.*, 899 F.Supp. 465, 466 (E.D. Cal. 1994) citing *Lopez Perez v. Hufstedler*, 505 F.Supp. 39, 41 (D.D.C. 1980). Furthermore, the fact that the present action has been removed from a state court has no bearing on the defendant's motion to transfer. *McGraw-Edison Co. v. United States Fidelity & Guaranty Co.*, 322 F.Supp. 1049, 1051 (D. Wis. 1971).

   B. <u>The Central District Is An Appropriate Forum</u>

   Under § 1404(a), the threshold question is whether this action could have been properly brought in the Central District. *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). The Central District is a suitable forum because it would have had subject matter jurisdiction at the time the action was filed, Defendants would have been subject to personal jurisdiction, and venue would have been proper. *Royal Queentex Enters. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139 *8. Indeed, this lawsuit's nearly identical predecessor, Love I, was properly located in the Central District just a few months ago. The underlying claims are the same in each action and Defendants do not dispute that they are subject to personal jurisdiction in the Central District.

   C. <u>The Relevant Public And Private Interest Factors Support Transfer To The Central District</u>

   Once a court determines the transferee court to be a suitable forum, it must next consider the relevant convenience factors to determine whether a transfer of the action is appropriate. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The convenience factors are largely derived from earlier decisions applying the common law doctrine of *forum non conveniens*. See *Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947). However, a section 1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a *forum non conveniens* dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). This Circuit has set forth factors that should be used to make the "convenience" assessment. Those facts include, but are not limited to: 1) plaintiff's choice of forum, 2) respective parties' contacts with the forum, 3) convenience of the parties and the witnesses, 4) ease of access to the evidence, 5) local interest in having localized controversies decided at home, and 6) unfairness of burdening citizens

in an unrelated forum with jury duty.[5] *Decker Coal, supra*, 805 F.2d at 843; *Jones, supra*, 211 F.3d at 498-99. As discussed below, these factors overwhelmingly support transfer to the Central District.

1. Plaintiffs' Forum Shopping Is A Sufficient Ground To Transfer This Action.

Discouraging forum shopping is a strong reason to transfer a case. *Madani v. Shell Oil Co.*, 2008 U.S. Dist. LEXIS 9626, *11 (N.D. Cal.) ("*Madani*"); *Wireless Consumers Alliance*, 2003 U.S. Dist. LEXIS 26802, *10; ("*Wireless Consumers Alliance*") ("evidence of plaintiff's attempt to avoid a particular precedent from a particular judge weighs heavily in the context of [the interests of justice] prong and would often make the transfer of venue proper"). In *Madani*, the court emphasized that "despite the slight benefit that litigating this matter would have for the convenience of the litigants, the judicial efficiency and forum-shopping considerations … are more than sufficient to tip the scale, decisively, in favor of transfer." *Madani*, 2008 U.S. Dist. LEXIS 9626, at *11. The interests of justice is a court's most important consideration and "may be decisive in a transfer motion even when all the other factors point the other way." *Id.*

In *Wireless Consumers Alliance*, a case closely on point, the plaintiff originally commenced a class action lawsuit in the Central District. *Wireless Consumers Alliance* 2003 U.S. Dist. LEXIS 26802 at *2. The plaintiffs voluntarily dismissed all claims following the Central District's grant of the defendant's motion to stay the action and compel arbitration. *Id.* at *3. Plaintiffs then re-filed in the Alameda County Superior Court, which was subsequently removed to the Northern District. *Id.* at *2. Defendant sought a transfer of venue back to the Central District. *Id.* The plaintiffs, claims, and counsel were the same in each action. *Id.* at *5, *10.[6]

---

[5] Additional convenience factors that courts may consider include the availability of compulsory process for attendance of unwilling witnesses, possibility of view of premises, the interest in having the trial of a diversity case in a forum experienced with the law the governing law, the avoidance of unnecessary conflict of law problems or the application of foreign law, the location where the relevant agreements were negotiated and executed, the relative court congestion and time of trial in each forum, and the presence of a forum selection clause. *See Decker Coal, supra*, 805 F.2d at 843; *Jones, supra*, 211 F.3d at 498-99. Those factors are not relevant to the instant case.

[6] *Madani*, was another very similar large class action that was originally filed in the Central District, where the same counsel representing the same plaintiffs' re-filed in the Northern District

   The circumstances of *Wireless Consumers Alliance* are nearly identical in procedural posture to the instant case. As in *Wireless Consumers Alliance*, this is Plaintiffs' second attempt to litigate this action, where the first attempt was filed in the Central District, the natural location for each action based on all of the convenience factors and ordinary venue considerations. After Defendants' Motions to Dismiss in the Love I were granted, Plaintiffs specifically chose not to amend their complaint a second time, instead, like the plaintiffs in *Wireless Consumers Alliance*, hoped for a more favorable outcome by re-filing their case hundreds of miles away in Alameda County Superior Court. The claims in the instant case are nearly identical as those in Love I, the only difference being the absence of two federal claims and claims under Utah and Illinois law. Here, as in *Wireless Consumers Alliance*, the same parties are present in both lawsuits and are represented by the same counsel. For the same reasons accepted in *Wireless Consumer Alliance*, namely a desire to discourage blatant forum shopping, this court should transfer this case back to the Central District.

    2. <u>The Convenience Of The Parties And Witnesses Supports Transfer.</u>

   In addition to Plaintiffs' improper forum shopping, which alone should be sufficient grounds to grant this Motion, the traditional "convenience factors" also support Defendants' Motion for Transfer back to the Central District.

   The most important factor in assessing a motion to transfer is the potential witnesses' convenience. *Royal Queentex, supra*, 2000 U.S. Dist. LEXIS 10139 at *18. Courts consider not only the number of witnesses, but the nature and quality of their testimony. *Id.*; *Brandon Apparel Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999).

   The parties and witnesses are addressed together because they are largely the same people in this action. The Plaintiffs and others with whom they worked and interacted at their respective clinics will be the key witnesses in this case, as Plaintiffs' claims necessarily will require testimony regarding their daily job duties and the operations of each individual clinic. The witnesses to Plaintiffs' claims will be the current and former employees who worked in those

---

after Summary Judgment was granted in the initial lawsuit. *Madani*, 2008 U.S. Dist. LEXIS 9626, *supra*, at *3-*4. Motion to transfer venue back to the Central District was granted. *Id.* at 10.

clinics, as well as others who had contact with the clinics. The vast majority of the clinics at which the named Plaintiffs worked are in Southern California and within the Central District of California where this case was originally filed. [Piecuch Decl. at ¶8.] Fourteen of the seventeen Plaintiffs reside in Southern California, in or near the Central District, and the clinics where they work or worked are located in Southern California (all but one are located in the Central District, with one clinic in San Diego within the Southern District). [Piecuch Decl. at ¶8.] The claims for relief asserted by Plaintiffs dictates that key testimony and evidence will necessarily come from witnesses who worked with Plaintiffs at those clinics regarding such things as operations, job duties, hours, working conditions. By virtue of the location of the clinics where nearly all of the Plaintiffs worked, the vast majority of the witnesses will be located in Southern California and in the Central District.

   3. <u>There Are No Assistant Manager And Technician Class Representatives Located In The Northern District</u>

  It is particularly significant that two of the three classes of employees and former employees that Plaintiffs seeks to represent have <u>no representatives located in Northern California</u>. Indeed, the three Plaintiffs who reside in the Northern District are all part of the Clinic Manager Subclass per their Complaint. <u>Thus, there are no representatives of the Assistant Manager Subclass or the Technician Subclass who reside or work in the Northern District</u>. The proposed representatives of the Assistant Manager Subclass and the Technician Subclass all reside and work(ed) in the Central District (with one such representative in the Southern District). [Complaint at ¶¶17-35.]

  Moreover, there are no current employees of Defendants residing or working within clinics located in the Northern District, although Plaintiffs purport to represent classes of current and former employees. [Piecuch Decl. at ¶8.] By contrast, eight of the fourteen named Plaintiffs are currently working in American Laser Center clinics located within the Central District (the remaining Southern California resident named Plaintiffs are former employees).

  Thus, the witnesses in the Central District not only greatly outnumber those in the Northern District but include the only representatives of two of Plaintiffs proposed subclasses, as well as the

only representatives of current employees. It is difficult to understand why Plaintiffs filed a case in a forum in which there is no connection at all with respect to two-thirds of the subclasses they purport to represent and will presumably seek to certify.

4. <u>Plaintiffs' Counsel And Counsel For Three Of The Defendants Are Located Within The Central District</u>

While the location of counsel is not generally the key factor for the Courts, it is noteworthy in this case that Plaintiffs' counsel and counsel of record for ALC-Partner, Inc., Richard Morgan and Dennis Harper are in Los Angeles, within the Central District (indeed, all of the counsel involved in the original Love I case are located in Los Angeles). This fact only raises further questions about the legitimacy of Plaintiffs' counsel's decision to voluntarily dismiss their case in the Central District (where the case belongs) and re-file it in Alameda County Superior Court.

5. <u>The Location Of Documents And Physical Evidence Supports Transfer</u>

The Central District is by far the more convenient forum in terms of access to sources of proof. Many of the records relating to the employment of the Plaintiffs, including clinic scheduling, logs, personnel records, and other records that would reveal what job duties Plaintiffs are/were performing, are located on-site at the various clinic locations where the Plaintiffs worked. The vast majority of those clinics are located in Southern California and within the Central District.[7] [Piecuch Decl. at ¶¶8-9.] This factor further emphasizes the inappropriateness of litigating this case in the Northern District.

6. <u>The Public Interest In Local Adjudication Of Local Controversies And Not Unfairly Burdening Juries Support Transfer In Furtherance Of The Interests Of Justice.</u>

This action is about claims that overwhelmingly took place in Southern California. It is by no means a local controversy that belongs in the Northern District. Only three of the named Plaintiffs reside within the Northern District, <u>while fourteen of the seventeen Plaintiffs reside hundreds of miles away and have no connection to the Northern District</u>. Rather, those Plaintiffs

---

[7] To the extent that documents and records in this case are located at the corporate offices of any of the Defendants, it is no more convenient to produce those documents in the present forum than it would be to produce them in the Central District.

1  reside and are or were employed within the Central District. In fact, eight of the fourteen named
2  Plaintiffs are currently employed in American Laser Centers clinics in Southern California (the
3  remaining six named Plaintiffs from Southern California are former employees, but still reside
4  there). [Piecuch Decl. at ¶8.]

5        Moreover, as already discussed, Plaintiffs' claims necessarily will require testimony
6  regarding their daily job duties and the operations of each individual clinic. The witnesses to
7  Plaintiffs' claims will be the current and former employees who worked in those clinics, as well as
8  others who had contact with the clinics. The vast majority of the clinics at which the named
9  Plaintiffs worked are in Southern California and within the Central District of California where
10 this case was originally filed. [Piecuch Decl. at ¶8.]

11       Accordingly, there is no justification for requiring this Court and the citizens of Northern
12 California devoting time as jurors, to resolve a dispute brought by Plaintiffs who are
13 overwhelmingly Southern California residents suing over events that overwhelmingly occurred in
14 Southern California.

      7.    <u>Plaintiff's Choice Of Forum Is Not Entitled To Any Weight Because They Are Guilty Of Forum Shopping, This Is A Class Action Lawsuit, And They Have Minimal Contracts With The Forum State</u>.

18       A plaintiff(s)' choice of forum is ordinarily accorded substantial weight. However, the
19 Court "may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-
20 shopping." *Alltrade Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).
21 "Circumstances in which a plaintiff's chosen forum will be accorded little deference include[s] …
22 forum shopping." *Royal Queentex, supra,* 2000 U.S. Dist. LEXIS 10139 at *10.

23       Moreover, a plaintiff's choice of forum is greatly reduced when he or she sues in a
24 representative capacity. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In class actions, the
25 named plaintiffs' choice of forum is afforded little weight because, as here, there will be numerous
26 potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for
27 the adjudication of the class' claim." *Eichenholtz v. Brennan*, 677 F.Supp. 198, 202 (S.D.N.Y.
28 1988) citing *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (U.S. 1947).

Finally, when a plaintiff is foreign to its chosen forum, that choice is accorded little weight. *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981) (usual presumption is based on assumption that home forum is chosen for convenience, which is a less likely with foreign plaintiffs.) *Id.* The Ninth Circuit highlighted the importance of contacts with the forum, especially when Plaintiffs' claims derive from the operation of particular business establishments. *Jones, supra,* 211 F.3d at 499. (affirming the denial a motion to transfer venue to Pennsylvania partly because the "extent of the parties' contacts clearly favored California" since the franchisee-plaintiff's "claims arose out of the construction and initial operation of the store located in LaVerne, California.").

Although the *Jones* case dealt with out of state Plaintiffs, it still applies as far as the reasoning that giving weight to a forum chosen by plaintiffs makes little sense where the Plaintiffs do not have a connection to that forum. That is particularly true where, as here, other factors dictate a transfer. Like in *Jones*, the underlying claims here derive from the operations of particular business establishments, namely various American Laser Centers clinics where Plaintiffs worked. Here, as already discussed, the strong majority of the clinics and forum contacts at issue are in Southern California. Plaintiffs can hardly argue that they have filed in their "home forum" when fourteen of the seventeen of them reside hundreds of miles away. In short, Plaintiffs' have little connection with this forum.

In short, Plaintiffs are not entitled to any deference with respect to their choice of forum (in this case, Alameda County Superior Court).

    8.    <u>Judicial Resources Are Saved By The Central District's Familiarity With This Case</u>

"Judicial resources are conserved when an action is adjudicated by a court that has already 'committed judicial resources to the contested issues and is familiar with the facts of the case.'" *Madani,* 2008 U.S. Dist. LEXIS 9626, *supra,* at *7-*8 quoting *Samsung Elecs. Co. v. Rambus Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005). Moreover, "[t]ransfer is proper if a like action has been brought by the same plaintiff against the same defendant in another district." *Wireless Consumers Alliance, supra,* 2003 U.S. Dist. LEXIS 26802 at 13 (citing *Jacobson v. Hughes Aircraft*, 105 F.3d 1288, 1301 (9th Cir. 1997).)

1  *Consumers Alliance, supra,* 2003 U.S. Dist. LEXIS 26802 at 13 (citing *Jacobson v. Hughes Aircraft,* 105 F.3d 1288, 1301 (9th Cir. 1997).)

Here, the Central District (Hon. Manuel Real presiding) already has examined extensive briefing (three separate motions to dismiss) and issued a ruling on the threshold issues in this case, which are still at issue as the defects that formed the basis for the Central District's order dismissing the Love I First Amended Complaint have not been cured in the present action. Judicial efficiency dictates that this case should return to the Court which is already familiar with the issues and is in the best position to analyze and rule on the issues going forward.

## IV. CONCLUSION

For all of the foregoing reasons, this Court should transfer this action to the Central District of California, pursuant to 28 U.S.C. § 1404(a).

Dated: March 7, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/ Ann Kane Smith
Ann Kane Smith
Attorneys for Defendants
ALC-PARTNER, INC., RICHARD MORGAN and DENNIS HARPER

Dated: March 7, 2008

SCHIFF HARDIN LLP

By _____
Sarah R. Speakman
Attorneys for Defendants
AMERICAN LASER CENTERS LLC and AMERICAN LASER CENTERS OF CALIFORNIA LLC