1  ANN KANE SMITH, SBN. 72698
   MARYTZA J. REYES , CA BAR NO. 218684
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
3  Los Angeles, California  90071
   Telephone 213.576.8000
4  Facsimile 213.576.8080

5  Attorneys for Defendants
   ALC-PARTNER, INC.,
6  RICHARD MORGAN and DENNIS HARPER

7  WILLIAM J. CARROLL, ESQ., SBN 118106
   SARAH R. SPEAKMAN, CA BAR NO. 215085
8  SCHIFF HARDIN LLP
   One Market, Spear Street Tower
9  Thirty-Second Floor
   San Francisco, CA  94105
10 Telephone:  415.901.8754
   Facsimile:  415.901.8701

11

12 Attorneys for Defendants
   AMERICAN LASER CENTERS LLC (formerly known
13 as ALC ACQUISITION COMPANY LLC) and
   AMERICAN LASER CENTERS OF CALIFORNIA LLC

14

15                 UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18 | KAY LOVE, MELINDA AHUMADA, | Case No.: CV081221 (EMC) |

19 PAULA AUSTIN, ASHLEY BRISENO,
   LISA CASEY, JESSICA BURIA,
   NATALIE DOLABJIAN, NADIA            DEFENDANTS' NOTICE OF MOTION AND
20 KAMELI, ASHLEE MOCHAN,              MOTION TO DISMISS PURSUANT TO
   CHRISTINE PEDRO, DAYNA RACOW,       FEDERAL RULES OF CIVIL PROCEDURE
21 BEVERLY ALEXANDER, KATHRYN          12(B)(6); MEMORANDUM OF POINTS AND
   CAMERON, FEY RICHMAN, CYNTHIA       AUTHORITIES
22 RODIER, SANDRA SEWERIN and AMY
   WILLIAMS, on behalf of themselves and
23 those classes similarly situated,       Date:      **April 30, 2008**
                                           Time:      **10:30 a.m.**
24                                         Place:     **Courtroom C**
                   Plaintiffs,             Before:    **Hon. Edward Chen**
25

26 v.

27

28

LA #605617 v3

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  ALC PARTNER, INC., dba AMERICAN
   LASER CENTERS; ALC ACQUISITION
2  COMPANY LLC; AMERICAN LASER
   CENTERS OF CALIFORNIA, LLC;
3  RICHARD MORGAN; DENNIS HARPER;
   and DOES 1 through 200, inclusive,
4
5              Defendants.
6
7      TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

8  THEIR ATTORNEYS OF RECORD:

9      PLEASE TAKE NOTICE that on April 30, 2008 or as soon thereafter as this matter may

10 be heard in the Courtroom of the Honorable Edward M. Chen, located at 450 Golden Gate

11 Avenue, San Francisco, California 94102, Defendants ALC-Partner, Inc., American Laser Centers

12 LLC (formerly known as ALC Acquisition Company LLC) American Laser Centers of California

13 LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") will and hereby do move

14 this Court for an order pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6),

15 dismissing portions of the Complaint of Plaintiffs Kay Love, Melinda Ahumada, Paula Austin,

16 Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan,

17 Christine Pedro, Dayna Racow, Beverly Alexander, Kathryn Cameron, Fey Richman, Cynthia

18 Rodier, Sandra Sewerin and Amy Williams (collectively, "Plaintiffs").

19     Specifically,  Defendants move to dismiss the claims filed against defendants Richard

20 Morgan and Dennis Harper (collectively, " Individual Defendants") as California law clearly

21 provides that an officer, director or shareholder cannot be liable for a company's alleged Labor

22 Code violations, and, in any event, Plaintiffs have not pled any facts as to specific wrongdoing by

23 the Individual Defendants. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1081-82 (2005).  Defendants

24 further move that Plaintiffs' claims for unfair business practices, conversion and unjust enrichment

25 (the eighth, ninth and tenth claims for relief) be dismissed with prejudice, as to all Defendants, for

26 failure to state a claim upon which relief may be granted.

27
28

LA #605617 v3

2

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    This motion is based on the attached memorandum of points and authorities, the

2    Declaration of Kevin Piecuch, the files and records in this case, and such additional evidence and

3    argument as the Court may elect to hear at the hearing on this motion.

4

5    Dated: March 7, 2008                      THELEN REID BROWN RAYSMAN &
                                              STEINER LLP

6
                                              By /s/ Ann Kane Smith
7                                                _____
                                                  Ann Kane Smith
8                                                 Marytza J. Reyes
                                                  Attorneys for Defendants
9                                                 ALC-PARTNER, INC., RICHARD
                                                  MORGAN and DENNIS HARPER
10

11
     Dated: March 7, 2008                     SCHIFF HARDIN LLP
12

13
                                              By
14                                               _____
                                                  Sarah R. Speakman
15                                                William J. Carroll
                                                  Attorneys for Defendants
16                                                AMERICAN LASER CENTERS  LLC and
                                                  AMERICAN LASER CENTERS OF
17                                                CALIFORNIA LLC

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ......................................................................................... 4

II.  PROCEDURAL HISTORY ......................................................................... 5

III. ALLEGATIONS IN THE COMPLAINT .................................................... 7

    A.   The Parties ........................................................................................ 7

    B.   Plaintiffs' Contentions As To The Relationship Between The Parties ................. 8

IV.  LEGAL ARGUMENT .................................................................................. 9

    A.   Plaintiffs Are Required To Assert Specific Factual Allegations That Provide More Than Just A Formulaic, Conclusory Recitation Of Entitlement To Relief ............................................................................ 9

    B.   The First Through Seventh Causes Of Action Cannot Be Maintained Against The Individual Defendants .................................................... 10

    C.   Plaintiffs' First Seven Claims Fail To Establish Any Legal Or Factual Basis To Hold Individual Defendants Liable For Alleged Labor Code Violations ...................................................................................... 11

    D.   The Eighth, Ninth And Tenth Claims For Relief Must Be Dismissed Against The Individual Defendants .................................................. 13

        1.   Plaintiff Cannot Plead Valid Claims Against The Individual Defendants That Are Solely Predicated On Claims That Cannot Be Brought Against Those Defendants As A Matter Of Law .................. 13

        2.   The Eighth Through Tenth Claims For Relief State No Facts As To Alleged Wrongdoing By The Individual Defendants .................... 14

    E.   Plaintiffs' Unfair Business Practices, Conversion And Unjust Enrichment Claims Are Defective And Must Be Dismissed, Without Leave To Amend, As To All Defendants .............................................. 15

        1.   Plaintiffs Unfair Business Practices Claim Is Defective ......................... 15

        2.   Plaintiffs' Ninth Claim For Conversion Is Defective .............................. 16

        3.   Plaintiffs' Tenth Claim For Unjust Enrichment Is Defective .................. 17

    F.   The Court Should Not Grant Plaintiffs Leave To Amend, As Their Claims Are Defective As A Matter of Law .......................................... 18

i

# TABLE OF CONTENTS (cont.)

Page

V.    CONCLUSION ............................................................................................... 19

1

## TABLE OF AUTHORITIES

Page(s)

2

3

### CASES

4

*Associated General Contractors v. Calif. State Council of Carpenters,*
    459 U.S. 519, 103 S. Ct. 897, 74 L.Ed.2d 723 (1983) ........................................................ 19

5

6

*Beliveau v. Caras,*
    873 F.Supp. 1393 (C.D. Cal. 1995) ...................................................................................... 9

7

*Bell Atlantic Corp. v. Twombly,*
    127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ............................................................................ 10

8

9

*Burlesci v. Petersen,*
    68 Cal.App.4th 1062 (1998) ................................................................................................ 16

10

11

*California Emergency Physicians Medical Group v. Pacificare,*
    111 Cal.App.4th 1127 (2003) ........................................................................................ 17, 18

12

13

*Conley v. Gibson,*
    355 U.S. 41, 78 S.Ct. 99, 2 L. Ed. 80 (1957) .................................................................. 9, 10

14

15

*Dinosaur Development, Inc. v. White,*
    216 Cal.App.3d 1310 (1989) ............................................................................................... 17

16

17

*Fischer v. Machado,*
    50 Cal.App.4th 1069 (1996) ................................................................................................ 16

18

19

*Frances T. v. Village Green Owners Assn.*
    (1986) 42 Cal.3d 490 .......................................................................................................... 11

20

21

*Kelly v. Provident Life & Accident Insurance,*
    2007 U.S. App. LEXIS 20140 (Aug. 20, 2007) ................................................................. 10

22

*Kennedy v. Natural Balance Pet Foods, Inc.,*
    2007 U.S. Dist. LEXIS 57766 (S.D. Cal.) .......................................................................... 10

23

24

*Korea Supply Co. v. Lockheed Martin Corp.,*
    29 Cal.4th 1134 (2003) ................................................................................................... 14, 15

25

26

*Lazar v. Hertz Corp.,*
    69 Cal.App.4th 1494 (1999) ................................................................................................ 14

27

*Maler v. Superior Court,*
    220 Cal.App.3d 1592 (1990) ............................................................................................... 14

28

TABLE OF AUTHORITIES (cont.)

Page(s)

CASES

*Melchior v. New Line Productions, Inc.*,
    106 Cal.App.4th 779 (2003)...................................................................17

*Mesler v. Bragg Management Co.*,
    39 Cal.3d 290 (1985)........................................................................12

*Morrison v. Land*,
    169 Cal. 590 (1915)........................................................................18

*Murphy v. Kenneth Cole Productions, Inc.*
    (2007) 40 Cal.4th 1094......................................................................16

*Oakdale Village Group v. Fong*,
    43 Cal.App.4th 539 (1996)...................................................................16

*Persik v. Tucci Learning Solutions, Inc.*,
    2007 U.S. Dist. LEXIS 60676 (N.D. Cal.) ........................................................10

*Reynolds v. Bement*,
    36 Cal.4th 1075 (2005)..........................................................10, 11, 14, 18

*Rojo v. Klinger*,
    52 Cal.3d 65 (1985)........................................................................17

*Sonora Diamond Corp. v. Superior Court*,
    83 Cal.App.4th 523 (2000)...................................................................12

*Stevenson v. Superior Court*,
    16 Cal.4th 880 (1997)..................................................................17, 18

*Timberline v. Jaisinghani*,
    54 Cal.App.4th 1361 ........................................................................18

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*,
    839 F.Supp. 711 (C.D. Cal. 1993)..............................................................9

# TABLE OF AUTHORITIES (cont.)

Page(s)

## STATUTES

28 U.S.C.
    Section 1332(a) ........................................................................................................... 6
    Section 1332 (d) .......................................................................................................... 6
    Section 1441(a) ........................................................................................................... 6

Business & Professions Code Section
    Section 17200 ......................................................................................................... 4, 13
    Section 17203 ............................................................................................................. 15

California Labor Code
    Section 226.7 ............................................................................................................. 16
    Section 510 ................................................................................................................ 11
    Section 1194 ......................................................................................................... 10, 11

## RULES

Federal Rules of Civil Procedure
    Rule 12(b)(6) ............................................................................................................ 5, 9

## OTHER AUTHORITIES

5 B.E. Witkin, Summary of California Law
    Section 699 (10th ed. 2005) ...................................................................................... 16
    Section 703 ................................................................................................................ 16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Defendants bring this Motion because Plaintiffs' Complaint, including all of their purported claims against individual Defendants Richard Morgan and Dennis Harper (collectively referred to as the "Individual Defendants"), is defective and fail to state claims on which relief can be granted. The defective claims must be dismissed without leave to amend, as there is no way for Plaintiffs to amend their Complaint to properly state those claims as a matter of law.

Plaintiffs' Complaint raises ten claims for relief against Defendants ALC-Partner, Inc., American Laser Centers LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers Of California, LLC (collectively referred to herein as "ALC"). Plaintiffs have also named as an individual defendants Morgan, the former Chief Executive Officer of ALC-Partner, Inc., and Harper who serves as Medical Director for some American Laser Centers clinics in California  The Complaint alleges that Defendants violated various sections of the California Labor Code, and also asserts claims for unfair business practices under Business & Professions Code Section 17200, and claims for conversion and unjust enrichment.

Plaintiffs' claims against the Individual Defendants are devoid of any substance whatsoever and they fail as a matter of law. Other than the few references to Individual Defendants in the introductory paragraphs of the Complaint, there are no allegations regarding any wrongful conduct purportedly committed by either of them. There are simply no facts plead to demonstrate that either of the Individual Defendants committed any violations of California law. Plaintiffs' claims against them are apparently based upon the Labor Code violations they generically allege against ALC. However, California law clearly provides that an officer, director or shareholder cannot be liable for a company's alleged Labor Code violations. The only circumstance under which a company's Labor Code violations can be asserted against individual defendants is where the individuals are actually determined to be the corporation's alter egos. Although Plaintiff assert boilerplate allegations in that regard, they do not come close to pleading facts necessary to state claims against the Individual Defendants on an alter ego theory. Plaintiffs'

1   claims against the Individual Defendants should be dismissed, without leave to amend, because
2   they fail to state a claim upon which relief can be granted.

3       Additionally, Plaintiffs' claims for unfair business practices, conversion and unjust
4   enrichment fail as a matter of law. Not only have Plaintiffs failed to sufficiently plead their
5   claims, but they seek duplicative and improper remedies. As such, these claims must be dismissed,
6   as to all defendants, without leave to amend.

7   **II.    PROCEDURAL HISTORY**

8       On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno,
9   Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, all of whom are Plaintiffs in
10  this action, filed on their own behalf and on behalf of purported classes, a nearly identical lawsuit
11  against Defendant ALC-Partner, Inc. in the United States District Court, Central District of
12  California, bearing Case No. CV 07 4588 R(SHx) (referred to herein as "Love I").[1]  In that case,
13  they asserted claims that are substantively identical to the ones asserted in the instant Complaint,
14  including allegations that ALC-Partner, Inc. violated various California Labor Code provisions by
15  failing to properly pay overtime, as well as failing to provide proper rest and meal breaks, payment
16  for vacation time, reimbursement of expenses, and other alleged wage and hour violations. The
17  only substantive difference between the allegations in Love I and in the present action was the
18  presence of federal claims under the Employee Retirement Income Security Act ("ERISA") and
19  the Federal Fair Labor Standards Act ("FLSA"), the latter claims echoing the state law claims for
20  unpaid overtime. In Love I, the Plaintiffs also purported to bring their claims on behalf of present
21  and former employees of ALC-Partner, Inc. nationwide.

22      ALC-Partner, Inc. filed a Motion to Dismiss under Federal Rule of Civil Procedure
23  ("FRCP") 12(b)(6), prompting the Love I Plaintiffs to file a First Amended Complaint on or about
24  October 1, 2007.[2]  The Love I First Amended Complaint added Plaintiffs Lisa Casey, Christine
25  Pedro, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin,
26

27  [1]  *See* Request Judicial Notice, Exh. 1, filed concurrently herewith.
28  [2]  *See* Motion for Judicial Notice, Exh. 2, filed concurrently herewith.

1   Pamela Strong, and Amy Williams to the Love I case, all of whom are Plaintiffs in the present

2   case. In fact, only 1 of the 17 Plaintiffs in the present action – Dayna Racow – was not a named

3   Plaintiff. The Love I First Amended Complaint also named Richard Morgan as a Defendant. The

4   other two entity Defendants now named in the State Court Action did not exist at the time the

5   Complaint in Love I was filed (see, e.g., Complaint at ¶37.) The primary difference between the

6   Love I Complaint and the Love I First Amended Complaint, in addition to joining more Plaintiffs,

7   was that it purported to assert claims for violations of Illinois and Utah state law through named

8   Plaintiffs Heidi Schneeveis (Illinois), Laurie Mathews (Utah) and Pamela Strong (Utah),

9   respectively.

10          ALC-Partner, Inc. and Richard Morgan filed respective Motions to Dismiss the Love I First

11   Amended Complaint. On December 17, 2007, the Court (Hon. Manuel Real presiding) granted

12   those Motions to Dismiss and gave Plaintiffs 20 days leave to amend.

13          On or about January 14, 2007, the Love I Plaintiffs voluntarily dismissed the case in the

14   Central District of California.[3] Shortly thereafter, on or about January 25, 2008, sixteen of the

15   original nineteen Love I named Plaintiffs filed the instant action in the Superior Court of the State

16   of California for the County of Alameda, asserting the identical California claims, and omitting

17   those federal claims for relief under ERISA and the FLSA that would have given this Court

18   original jurisdiction over this action, as well as state laws other than California. The instant

19   Complaint names a new individual defendant, Dennis Harper (presumably in an effort to defeat

20   diversity jurisdiction) and two new corporate entities, ALC Acquisition Co., LLC and American

21   Laser Centers of California, LLC, which entities did not exist at the time the Love I case was filed.

22          On February 29, 2008, Defendants removed the instant case to this Court pursuant to 28

23   U.S.C. §§1332 (d) and 1332(a).

24          Concurrently with this Motion, Defendants are filing a Motion to Transfer Venue under 28

25   U.S.C. 1441(a). For the reasons set forth in that Motion, the interests of justice require a transfer

26   to the Central District of California where this case was originally filed by Plaintiffs and where the

27

28   [3] *See* Motion for Judicial Notice, Exh. 3, filed concurrently herewith.

LA #605617 v3                                            6

1    vast majority of the named Plaintiffs reside and were/are employed.  Plaintiffs have blatantly

2    forum shopped their case in an attempt to get around unfavorable rulings in the Central District of

3    California.  They should not be permitted to do so.  (See Defendants' Motion to Transfer Venue,

4    filed concurrently herewith).

5    **III.    ALLEGATIONS IN THE COMPLAINT**

6        **A.    The Parties**

7         ALC-Partner, Inc. is a corporation organized under the laws of the State of Delaware.[4]

8    (Complaint at ¶36).  Defendant American Laser Centers LLC (formerly known as ALC

9    Acquisition Company LLC) is a limited liability company organized under the laws of the State of

10   Delaware.  (Complaint at ¶37.)  Defendant American Laser Centers of California LLC is a limited

11   liability company organized under the laws of the State of Delaware.  (Complaint at ¶38.)  Each of

12   the above entities is run from its respective corporate headquarters located in Farmington Hills,

13   Michigan.  (Complaint at ¶¶36-38.)  American Laser Centers is in the business of providing laser

14   hair removal and other cosmetic skin treatments in various clinics throughout the United States,

15   including in California.  (*Id*).

16        Plaintiffs are all California residents who contend that they were employed by Defendants

17   in California and charged with the primary duty of selling laser hair removal services and other

18   cosmetic medical procedures, skin treatments and products, including performing such treatments.

19   (Complaint at ¶¶5-7, 17-35.)  Plaintiffs further contend that they worked overtime hours and are

20   entitled to premium compensation.  (Complaint at ¶14.)  Plaintiffs purport to represent three

21   subclasses: Clinic Managers, Assistant Managers/Aestheticians and Clinic Technicians.

22   (Complaint at ¶8.)

23        Plaintiffs allege that Morgan is an individual residing in Livingston County, Michigan, and

24   is the founder of American Laser Centers.  (Complaint at ¶39.)  They allege that Morgan served as

25   the President, CEO, and controlling force of "American Laser Centers" until the sale of the

26   _____

27   [4]  The Complaint alleges that ALC-Partner, Inc. is organized under the laws of the State of
     Michigan.  That is incorrect.  In fact, ALC-Partner, Inc. is organized under the laws of the State of
     Delaware.  *See* Declaration of Kevin Piecuch at ¶2, filed concurrently herewith in support of

28   Defendants' Motion to Transfer Venue.

1   business at the close of 2007. (*Id.*) Plaintiffs contend that Morgan interacted personally with each

2   and every managerial employee "through biweekly corporate conference calls, periodic local visits

3   … and nationwide meetings held twice a year in Michigan." (*Id.*) Finally, without any other

4   supporting facts, Plaintiffs summarily allege that Morgan "exercised direct or indirect control over

5   all operational decisions and policies (including those relating to wages, hours, classifications, and

6   working conditions of employees) at each and every American Laser Centers clinic in California."

7   (*Id.*)

8       Plaintiffs allege that Harper is an individual residing in Humboldt County, California.

9   Harper is a doctor of osteopathic medicine (D.O.) licensed by the Osteopathic Medical Board of

10  California. (Complaint at ¶ 40.) They further allege that Harper serves as the medical director of

11  each and every American Laser Centers clinic in California, and, yet again, without any other

12  factual support, that he "exercises direct or indirect control over the wages, hours, and working

13  conditions of employees at each and every American Laser Centers clinic in California." (*Id.*)

14  Finally, Plaintiffs allege that Harper has "personally identified himself as the 'owner' of the clinics

15  where the Named Plaintiffs are or were employed." (*Id.*)

16      **B.    Plaintiffs' Contentions As To The Relationship Between The Parties**

17      In the portion of the Complaint identifying "Alter Egos" Plaintiffs list 56 different

18  American Laser Centers clinics (each organized as individual LLCs). (Complaint at ¶44.)

19  Without any factual basis, Plaintiffs argue those Clinic LLCs are the alter egos of each of the

20  "Defendants" (without even so much as identifying which of the five Defendants they are

21  supposedly the alter ego of).

22      Plaintiffs summarily allege that there truly is no separation or distinction "between and

23  among Defendants, the 'ALC LLCs' and/or DOES 1-200" because "there exists such a unity of

24  interest and commonality of control, including commingling of funds, lack of adequate

25  capitalization, failure to maintain proper books and records, and additional omissions."

26  (Complaint at ¶48.) Plaintiff's further allege that the clinic LLC's are "mere instrumentalities,

27  shells, and alter egos of each other such that adherence to the fiction of a separate business entity

28  should be ignored and the two entities treated as though they were one and the same." (*Id.*)

LA #605617 v3                                    8

1    Plaintiff further claims, without any supporting facts, that each defendant "acted as an

2    agent, employer, employee, joint employer, joint venturer, franchisor, franchisee, shareholder,

3    director, member, co-conspirator, alter-ego, master, or partner" of each other, and at all times were

4    acting within the scope and course and in pursuance of their "agency, employment, joint

5    employment, joint venture, partnership, common enterprise, or actual or apparent authority".

6    (Complaint at ¶49.)  Plaintiffs thus conclude that each of the five defendants, including the

7    individual Defendants, are "individually, jointly, and severally liable as the employer of Named

8    Plaintiffs and each Class and Subclass member because each Defendant directly or indirectly …

9    employed or exercised control over the wages, hours, and working conditions of Named Plaintiffs

10    and each Class and Subclass member." (Complaint at ¶50.)

11    Other than the allegations at Paragraphs 39 and 40 of the Complaint, there is no specific

12    mention of either Morgan or Harper as far as identifying any actions they supposedly took in

13    connection with Defendants or any wrongdoing that they allegedly committed.  Thus, Plaintiffs

14    seek to hold each of entity Defendants as well as the two Individual Defendants liable for every

15    claim solely based on their conclusory statements – utterly lacking foundation – that each

16    Defendant as well as 56 other LLCs, were the alter egos of one another.

17    **IV.    LEGAL ARGUMENT**

18    **A.    Plaintiffs Are Required To Assert Specific Factual Allegations That Provide
19    More Than Just A Formulaic, Conclusory Recitation Of Entitlement To Relief**

20    A claim for relief should be dismissed where it fails to state a claim upon which relief can

21    be granted.  FRCP 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must decide whether

22    the facts alleged by a plaintiff, if true, would entitle the plaintiff to a legal remedy.  *Conley v.*

23    *Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 80, 84-85 (1957).  While allegations

24    are generally accepted as true on a motion to dismiss, conclusory allegations, legal

25    characterizations, and unreasonable inferences are not accepted as true.  *Transphase Systems, Inc.*

26    *v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993); *Beliveau v. Caras*, 873

27    F.Supp. 1393, 1395-96 (C.D. Cal. 1995).

28

1    The Supreme Court recently explained, that *Conley v. Gibson's* often cited language that "a

2  complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

3  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has

4  "earned its retirement" after "puzzling the profession for 50 years." *Bell Atlantic Corp. v.*

5  *Twombly* 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929, 944 (2007).[5]  The Court clarified that

6           [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss
           does not need detailed factual allegations..., a plaintiff's obligation
7           to provide the "grounds" of his "entitlement to relief" requires more
           than labels and conclusions, and a formulaic recitation of the
8           elements of a claim for relief will not do.... Factual allegations must
9           be enough to raise a right to relief above the speculative level...

10  *Id.* at 1964-65 (citations omitted). The Court further explained "Rule 8(a)(2) still requires a

11  'showing,' rather than a blanket assertion, of entitlement to relief," which necessitates "some

12  factual allegation in the complaint... ." *Id.* at 1965 n.3.

13    **B.    The First Through Seventh Causes Of Action Cannot Be Maintained Against**
14         **The Individual Defendants**

15    Under California law, managers and executives are not subject to personal liability for

16  alleged violations of the California Labor Code.  In *Reynolds v. Bement*, 36 Cal. 4th 1075, 1081-82

17  (2005), a plaintiff brought suit under California Labor Code §1194 for recovery of unpaid

18  overtime compensation against employer Earl Scheib, Inc., and eight individuals who were

19  officers or directors of the corporation.  Plaintiff claimed that the individual defendants "employed

20  or exercised control over wages, hours, or working conditions" of the class of plaintiffs and

21  "authorized, directed, sanctioned [or] consented..." to "tortious and unlawful acts." *Id.*

22

23  [5]  *Bell Atlantic* has been heavily cited both in the Ninth Circuit and in its sister circuits.  While, the
    Ninth Circuit has not interpreted the full extent of *Bell Atlantic*'s application, it has cited to the
24  case for the general proposition that plaintiffs are required to plead facts that "sufficiently...
    identify the grounds for alleging that the legal theory applies." *Kelly v. Provident Life & Accident*
25  *Ins.*, 2007 U.S. App. LEXIS 20140 (Aug. 20, 2007).  Moreover, more than 30-California district
    courts have followed the *Bell Atlantic* pleading standard and applied it to a diverse number of
26  cases. *E.g. Persik v. Tucci Learning Solutions, Inc.*, 2007 U.S. Dist. LEXIS 60676 (N.D. Cal.)
    (holding in a Title VII claim that plaintiff's "myriad of allegations that have nothing to do with"
27  the defendant did not meet the *Bell Atlantic* pleading standard); *Kennedy v. Natural Balance Pet*
    *Foods, Inc.*, 2007 U.S. Dist. LEXIS 57766 (S.D. Cal.) (applying *Bell Atlantic* pleading standard to
28  an Unfair Competition claim).

LA #605617 v3                          10

1    The *Reynolds* court disagreed; it held that there was insufficient evidence the legislature

2    intended to impose personal liability on corporate officers or directors for unpaid wages allegedly

3    owed by the corporation. 36 Cal.4th at 1087. The court noted that under common law, "corporate

4    agents acting within the scope of their agency are not personally liable for the corporate

5    employer's failure to pay its employees' wages," nor do "directors or officers … incur personal

6    liability for torts of the corporation merely by reason of their official position." *Id.*[6] The *Reynolds*

7    court specifically held this was true whether the failure to pay wages resulted from an alleged

8    breach of contract or a breach of a duty of care in tort. *Id.*

9    Plaintiffs here are suing both Morgan and Harper under California Labor Code §1194 and

10   other Labor Code violations. However, as *Reynolds* makes clear, Plaintiffs <u>cannot hold the</u>

11   <u>Individual Defendants personally liable for any Labor Code violations allegedly committed by</u>

12   <u>ALC.</u> As such, their claims cannot stand as a matter of law.

13   **C.    Plaintiffs' First Seven Claims Fail To Establish Any Legal Or Factual Basis To**
     **Hold Individual Defendants Liable For Alleged Labor Code Violations**

14

15   *Reynolds* recognized that, if a plaintiff provides sufficient facts, they can argue an

16   individual defendant is liable for a company's alleged labor code violations under a common law

17   theory, such as the alter ego doctrine. *Reynolds v. Bement, supra,* 36 Cal.4th at 1089.[7] However,

18   even under the most liberal pleading requirements, Plaintiffs simply have not pled sufficient facts

19   to support an alter ego theory in this, or any other, version of their Complaint. Although, Plaintiffs

20   vaguely allude to the alter ego doctrine in paragraphs 48, 49, and 50, they provide no specific

21   allegations as to either Individual Defendant.[8] In fact, these paragraphs do not contain facts; on the

22

23   [6] Because failure to comply with Labor Code Sections 510 or 1194 is not a tort, *Reynolds*
     distinguished *Frances T. v. Village Green Owners Assn.* (1986) 42 Cal. 3d 490, which held

24   "corporate directors may be jointly liable… and… joined as defendants if they personally directed
     or participated in the tortious conduct." (*Id.* at 1089-90.)

25   [7] While the *Reynolds* court left open the possibility of whether the Division of Labor Standards
     Enforcement can find individual corporate agents liable, this clearly does not apply to the instant

26   case.

27   [8] Notably, in Plaintiffs' federal court Complaint, Morgan was specifically mentioned in the
     portions of the complaint addressing alter ego theories of liability. Curiously, in this version of

28   Plaintiff's Complaint at Morgan's name is not specifically mentioned in the context of these
     allegations. Although the wording remains the same, now these allegations reference

1  contrary, they contain nothing more than unsupported conclusions. They do not address each

2  Individual Defendant; instead, they address all "Defendants named herein, including DOES 1-

3  200." Notably, these are the usual, boilerplate allegations that one would expect to find in any

4  complaint with more than one defendant or with doe defendants. Plaintiffs do not even bother to

5  separately refer to the three entity Defendants and specify which of those entities supposedly

6  represents the alter ego of either Morgan or Harper  They even purport to allege that each of the

7  defendants (not specified) is the alter ego of "each other"- which would be very strange indeed as

8  between Morgan and Harper – and of heretofore unidentified DOE Defendants. (Complaint at

9  ¶49).

10       In California, two conditions must be met before the alter ego doctrine will be invoked.

11  First, there must be such a unity of interest and ownership between the corporation and its

12  equitable owner that the separate personalities of the corporation and the shareholder do not in

13  reality exist. *Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538 (2000). Second,

14  there must be an inequitable result if the acts in question are treated as those of the corporation

15  alone. (*Id.*) Because society recognizes the benefits of the limited liability rule, courts approach

16  the impositions of alter ego liability with caution and impose alter ego liability only in narrowly

17  defined circumstances. *Mesler v. Bragg Management Co.,* 39 Cal.3d 290 (1985).

18       Plaintiffs' pleading here is nothing more than catch phrases and conclusory language.

19  Although Plaintiffs make the broad and sweeping conclusion that there is a "unity of interest and

20  commonality of control, including commingling of funds, lack of adequate capitalization, failure to

21  maintain proper books and records, and additional omissions," between ALC and Individual

22  Defendants, there are absolutely no facts to support such a contention. (The reason Plaintiffs have

23  not provided facts in support of their assertions is that their claims are simply not true.) Tellingly,

24  Plaintiffs also do not allege that Individual Defendants were the "dominant force" behind the

25  corporation's alleged unlawful acts. Plaintiffs just summarily state that "each Defendant"

26  "employed or exercised control over the wages, hours, and working conditions…". There are no

27  "Defendants" as a group and make no specific mention of Morgan or Harper at all. (*See, e.g,*

28  Complaint at ¶¶48-49.)

DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

allegations describing the nature of the relationship between ALC and Individual Defendants, describing the financial arrangement between the two or providing any other facts that would support the conclusion the entities are one in the same. Simply including the term "alter ego" and phrases such as "unity of interest and commonality of control" do not rise to the level of "well pled facts."

The only specific information Plaintiffs provide is that Morgan is the founder of American Laser Centers and that he served as President and CEO. (Complaint at ¶39.) Similarly, with respect to Harper, Plaintiffs allege little more than he is a doctor who serves as the medical director and that, at some unknown time and place, he "personally identified himself as the 'owner' of the clinics." (Complaint at ¶40.) Surely Plaintiffs don't believe that Harpers' casual representations are sufficient to hold him liable as an alter ego or are sufficient to demonstrate that he and the ALC LLC entities are one and the same! It is astonishing that, in the context of a fifty page Complaint at Plaintiffs do not even bother to mention Individual Defendants in more than a few of the general, introductory paragraphs.

Thus, even by the most generous standards, Plaintiffs have insufficiently pled any facts that would demonstrate that their claims can be maintained against the Individual Defendants.

**D.    The Eighth, Ninth And Tenth Claims For Relief Must Be Dismissed Against The Individual Defendants**

**1.    Plaintiff Cannot Plead Valid Claims Against The Individual Defendants That Are Solely Predicated On Claims That Cannot Be Brought Against Those Defendants As A Matter of Law**

Plaintiffs' Eighth, Ninth and Tenth claims for relief also fail against the Individual Defendants (as well as against the other Defendants, as set forth in Section E, herein). By those claims, Plaintiffs are inappropriately seeking tort and/or equitable remedies based on solely on the allegations that Defendants violated various provisions of the Labor Code per their first through seventh claims for relief.

With respect to the eighth claim for relief under California's Business & Professions Code §§17200, *et seq.* (commonly referred to as the Unfair Competition Law ("UCL"), Plaintiffs contend "[b]y the conduct described in the First through Seventh Claims for Relief above," they

1  are entitled to damages. (Complaint at ¶112.) There are no additional allegations which might

2  arguably provide a basis for liability. Indeed, the UCL is a borrowing statute, a valid claim for

3  relief under the UCL can only be stated if the underlying misconduct alleged is in fact unlawful.

4  *Lazar v. Hertz Corp.*, 69 Cal.App.4th 1494, 1505-1506 (1999); *Korea Supply Co. v. Lockheed*

5  *Martin Corp.*, 29 Cal.4th 1134, 1143 (2003). Because UCL claims are derivative in nature, if the

6  underlying allegation that forms the basis for the claim is meritless, then the UCL claim is also

7  meritless. *Maler v. Superior Court*, 220 Cal.App.3d 1592, 1598 (1990).

8      The same standards apply to the ninth and tenth causes of action which rely solely on the

9  prior allegations of wrongdoing in the Complaint in order to fashion a common law and/or

10  equitable remedy for the alleged Labor Code Violations.

11      Thus, the eighth, ninth and tenth claims for relief are solely derivative of the Labor Code

12  claims, and cannot be used as a way to avoid the *Reynolds v. Bement* rule that there is no personal

13  liability. For those reasons, the eight through tenth claims for relief must be dismissed against the

14  Individual Defendants.

15      **2.    The Eighth Through Tenth Claims For Relief State No Facts As To**
              **Alleged Wrongdoing By The Individual Defendants**
16

17      Even if Plaintiffs could legally bring their eighth, ninth and tenth claims against the

18  Individual Defendants, the Complaint is utterly devoid of any specific allegations of wrongful

19  conduct by the Individual Defendants. For example. there are *no* allegations that Morgan or

20  Harper personally converted any identifiable sums of money belonging to Plaintiffs. In fact,

21  Plaintiffs fail to specifically mention the Individual Defendants in the context of their eighth

22  through tenth claims, and, instead, rely on generic allegations as to "Defendants" throughout these

23  three causes of action. (*See, e.g.,.* Complaint at ¶¶112-114, 118, 120-121, 126-127.)

24      The Individual Defendants can only be liable to Plaintiffs if they personally directed or

25  participated in tortious conduct; a simple failure to comply with statutory labor laws does *not*

26  subject them to personal liability. *Reynolds v. Bement, supra,* 36 Cal.4th at 1087. The eighth

27  through tenth claims are derivative claims entirely premised on ALC's alleged Labor Code

28  violations. Plaintiffs fail to describe any specific wrongdoing by the Individual Defendants that

1   resulted in the alleged conversion or unjust enrichment, and they wholeheartedly ignore their

2   obligation to establish how the Individual Defendants played any part the alleged interference with

3   their "wages, compensation, and reimbursements owed as provided by the California Labor Code."

4   It is axiomatic that a tort that has no specific allegations relating to the alleged tortfeasor simply

5   cannot stand.

6        For all of these reasons (as set forth in Sections B, C and D, above), the Individual

7   Defendants respectfully request that they be dismissed from this action for Plaintiffs' failure to

8   state a cause of action against them.

9   **E.**    **Plaintiffs' Unfair Business Practices, Conversion And Unjust Enrichment**

10      **Claims Are Defective And Must Be Dismissed, Without Leave To Amend, As**
    **To All Defendants**

11

12      **1.**    **Plaintiffs Unfair Business Practices Claim Is Defective**

13      Plaintiffs' Eighth Claim for Relief (the UCL claim) is solely derivative of their First

14  through Seventh causes of action, as already set forth herein. This claim is defective against all

15  Defendants because Plaintiffs are requesting damages to which they are not entitled. It is well-

16  settled that "[w]hile the scope of conduct covered by the [UCL] is broad, its remedies are limited."

17  *Korea Supply Co. v. Lockheed Martin Corp., supra,* 29 Cal.4th at 1144. An action under the UCL

18  "is equitable in nature; damages cannot be recovered." *Id.* Therefore, under the UCL,

19  "[p]revailing plaintiffs are generally limited to injunctive relief and restitution." *Id.* In order to

20  remedy a UCL violation, Business and Professions Code §17203 provides that a court may "make

21  such orders . . . as may be necessary to restore to any person in interest any money . . . which may

22  have been acquired." Under *Korea Supply,* the UCL cannot be used to seek damages, even if such

23  damages may be available under another statute, because an action for damages is not equitable in

24  nature.

25      Accordingly, UCL claim cannot lie where the remedy being sought is anything other than

26  equitable, i.e. damages or penalties. Yet Plaintiffs are seeking various improper forms of penalties

27  and damages in connection with their UCL claim, including "unpaid premium time (for

28  Defendants' failure to provide adequate meal and rest periods), improperly deducted wages,

1  unreimbursed expanse, vested vacation time, and waiting time penalties, in addition to interest,

2  attorneys' fees, and costs, as necessary according to proof.  (Complaint at ¶115.)  Plaintiff cannot

3  seek such damages and attorneys' fees under the UCLA.  For example, claims for failure to

4  provide rest and meal breaks cannot be the basis of a UCL claim because Plaintiffs are seeking that

5  this Court award them damages under California Labor Code §226.7.  The California Supreme

6  Court in *Murphy v. Kenneth Cole Productions, Inc.* (2007) 40 Cal.4th 1094, recently tackled the

7  issue of the premium pay penalty imposed under §226.7 and determined that the additional hour of

8  premium pay was in the nature of wages, or compensatory damages.  However, under no

9  circumstances can these wages be considered restitution considering that Plaintiffs were

10  compensated during their missed meal or rest period and, therefore, compensation for missed meal

11  and rest periods are not "unpaid wages" representing quantifiable services already rendered to the

12  employer.  As such, payments for missed meal and rest periods under California Labor Code

13  §226.7 are damages and are not permitted under the UCL, as are attorneys' fees, costs, and

14  "waiting time penalties" as listed by Plaintiffs.  Plaintiffs have no authority that private litigants

15  are permitted to use the UCL in this manner to recover penalties.

16         Accordingly, Plaintiffs' UCL claim must be dismissed and/or the defective provisions

17  stricken from the Complaint.

18         **2.    Plaintiffs' Ninth Claim For Conversion Is Defective**

19         Conversion is an act of dominion wrongfully exerted over another's personal property.  5

20  B.E. WITKIN, SUMMARY OF CALIFORNIA LAW §699 (10th ed. 2005).  The elements of a conversion

21  claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's

22  conversion by a wrongful act or disposition of property rights; and (3) damages resulting from the

23  conversion.  *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1065 (1998).  While the manual taking of

24  the property is not necessary to establish a claim for conversion, plaintiff must establish that

25  defendant actually interfered with its ownership or right of possession. *Oakdale Village Group v.*

26  *Fong,* 43 Cal.App.4th 539, 543-544 (1996).  Money may be the subject of a claim for conversion –

27  so long as a specific, identifiable sum is at issue. *Fischer v. Machado,* 50 Cal.App.4th 1069, 1071

28  (1996); 5 B.E. WITKIN, SUMMARY OF CALIFORNIA LAW, *supra,* §703.

1    Plaintiffs conveniently ignore the fact that, in order to successfully plead a claim for

2    conversion under California law, they must establish that a *specific identifiable* sum is at issue.

3    The only facts Plaintiffs plead in support of the identifiable sum requirement are the loose claims

4    that they are entitled to unspecified "wages, compensation and reimbursements." (Complaint at

5    ¶¶118-121.) Mere allegations by a large group of Plaintiffs as to entitlement to wages are by no

6    means a specific, identifiable sum and, therefore, cannot form the basis for common law

7    conversion.

8    Moreover, under California law, when a right has been created by statute and a statutory

9    remedy for its infringement is provided, <u>the statutory remedy is exclusive and no other remedy is

10   allowed</u>. *Stevenson v. Superior Court,* 16 Cal.4th 880, 900 (1997), citing *Rojo v. Klinger,* 52

11   Cal.3d 65, 79 (1985). Any right that Plaintiffs had to overtime compensation, reimbursements,

12   etc. are <u>statutory rights</u>, deriving solely from the Labor Code. Common law and equitable causes

13   of action claiming violations of specific Labor Code provisions simply do not exist. *See. e.g.,*

14   *California Emergency Physicians Medical Group v. Pacificare,* 111 Cal.App.4th 1127, 1137-38

15   (2003). Plaintiffs even acknowledge that ALC's alleged obligations to pay their wages, expenses,

16   and compensation were "imposed by statutory law." (Complaint at ¶ 118.) Because the right to

17   overtime pay, the right to "premium wage" payments for missed meal and rest breaks, and the

18   right to enforce the other Labor Code violations alleged in Plaintiffs' Complaint are rights created

19   by statute, Plaintiffs are limited to the remedies provided by statute and cannot assert a concurrent

20   conversion claim for the same alleged wrongs.

21   Consequently, Plaintiffs' claim for conversion must be dismissed as to all Defendants.

22       **3.    Plaintiffs' Tenth Claim For Unjust Enrichment Is Defective**

23   There is no claim for relief in California for unjust enrichment. "The phrase 'Unjust

24   Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make

25   restitution under circumstances where it is equitable to do so." *Melchior v. New Line Productions,*

26   *Inc.,* 106 Cal.App.4th 779, 794 (2003). Unjust enrichment is "a general principle, underlying

27   various legal doctrines and remedies," rather than a remedy itself. *Dinosaur Development, Inc. v.*

28   *White,* 216 Cal.App.3d 1310, 1315 (1989). It would appear as if Plaintiffs recognize this principle

1  as their Complaint alleges that "California common law recognizes an equitable remedy for unjust

2  enrichment or quantum meruit." (Complaint at ¶125.) Although Defendants surmise Plaintiffs are

3  seeking restitution, pleading unjust enrichment simply does not get them there.

4        Additionally, for the reasons cited in the previous section, under California law, when a

5  right has been created by statute and a statutory remedy for its infringement is provided, the

6  statutory remedy is exclusive and no other remedy is allowed. *Stevenson v. Superior Court, supra,*

7  16 Cal.4th at 900; *see also California Emergency Physicians Medical Group v. Pacificare,* 111

8  Cal.App.4th at 1137-38 [sustaining defendants' demurrer and dismissing common counts and

9  quantum meruit claims, inter alia, on the grounds that the duty to pay that was allegedly breached

10  was part of a statutory scheme in which the payment obligations were specifically set forth by the

11  Legislature].) *See also, Timberline v. Jaisinghani,* 54 Cal.App.4th 1361, 1368, n5 (1997).

12        Moreover, it is a bedrock principle of law that there is no right to equitable relief when

13  there is an adequate remedy at law. *Morrison v. Land,* 169 Cal. 590, 586 (1915) (Noting the

14  "firmly established" principle that when the law affords a remedy such as damages by way of

15  compensation for breach of contract, "a proper exercise of the equitable jurisdiction will not give

16  equitable relief in any case where the legal remedy is full and adequate and does complete

17  justice"). Here, Plaintiffs have not and cannot claim that there is no adequate remedy at law

18  relating to various claims they assert against Defendants.

19        For these reasons, Plaintiffs' claim for unjust enrichment is procedurally improper and

20  should be dismissed as to all defendants.

21  **F.    The Court Should Not Grant Plaintiffs Leave to Amend, As Their Claims Are
         Defective As A Matter of Law**

22

23        Defendants recognize that there is generally a policy that favors allowing amendments of

24  complaints. However, that policy only operates where there is a legitimate possibility that the

25  complaint could be amended to state a valid claim for relief. That is simply not the case here.

26  Even if given the opportunity, Plaintiffs will not be able to amend their claims to state valid causes

27  of action against Individual Defendants pursuant to the *Reynolds v. Bement* holding, nor will they

28  be able to state valid claims for conversion or unjust enrichment, or for damages under the UCL,

V.     **CONCLUSION**

For all of the foregoing reasons, the Court should grant ALC's Motion to Dismiss, or, in the alternative, for a more definite statement, or Motion to Strike.

Dated: March 7, 2008                    THELEN REID BROWN RAYSMAN &
                                        STEINER LLP


                                        By    /s/ Ann Kane Smith
                                        _____
                                            Ann Kane Smith
                                            Martyza J. Reyes
                                            Attorneys for Defendants
                                            ALC-PARTNER, INC., RICHARD
                                            MORGAN and DENNIS HARPER




Dated:  March 7, 2008                   SCHIFF HARDIN LLP


                                        By    _____
                                            Sarah R. Speakman
                                            William J. Carroll
                                            Attorneys for Defendants
                                            AMERICAN LASER CENTERS  LLC and
                                            AMERICAN LASER CENTERS OF
                                            CALIFORNIA LLC