ANN KANE SMITH, CA BAR No. 72698
MARYTZA J. REYES , CA BAR NO. 218684
THELEN REID BROWN RAYSMAN & STEINER LLP
333 South Hope Street, Suite 2900
Los Angeles, California 90071
Telephone 213.576.8000
Facsimile 213.576.8080

Attorneys for Defendants
ALC-PARTNER, INC.,
RICHARD MORGAN and DENNIS HARPER

WILLIAM J. CARROLL, ESQ., CA BAR NO. 118106
SARAH R. SPEAKMAN, CA BAR NO. 215085
SCHIFF HARDIN LLP
One Market, Spear Street Tower
Thirty-Second Floor
San Francisco, CA 94105
Telephone: 415.901.8754
Facsimile: 415.901.8701

Attorneys for Defendants
AMERICAN LASER CENTERS LLC (formerly known as ALC ACQUISITION COMPANY LLC) and
AMERICAN LASER CENTERS OF CALIFORNIA LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY RICHMAN, CYNTHIA RODIER, SANDRA SEWERIN and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,

Plaintiffs,

v.

Case No.: CV081221 (EMC)

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**

| | |
|---|---|
| **Date:** | **April 16, 2008** |
| **Time:** | **10:30 a.m.** |
| **Place:** | **Courtroom C** |
| **Before:** | **Hon. Edward Chen** |

ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,

Defendants.

Defendants ALC-Partner, Inc., American Laser Centers LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers of California LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") request that this Court take judicial notice of the following facts pursuant to Federal Rule of Evidence 201(d):

1. On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, all of whom are Plaintiffs in this action, filed on their own behalf and on behalf of purported classes, a nearly identical lawsuit against Defendant ALC-Partner, Inc. in the Central District bearing Case No. CV 07 4588 R(SHx) (referred to herein as "Love I"). A true and correct of the Love I Complaint is attached to this Request for Judicial Notice as Exhibit 1. This fact is subject to judicial notice under Federal Rule of Evidence Rule 201(d) because the Love I Complaint is a document filed in another federal district court. *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("Borneo") ("we may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations omitted)

2. The Love I First Amended Complaint, filed October 1, 2007, added Plaintiffs Lisa Casey, Christine Pedro, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams and named Richard Morgan as a Defendant. This fact is subject to judicial notice under Federal Rule of Evidence Rule 201(d) because the Love I First Amended Complaint is a document filed in another federal district court. *United States ex rel. Borneo*, 971 F.2d 244, 248. A true and correct copy of the Love I First Amended

Complaint is attached hereto as Exhibit 2.

3. ALC-Partner, Inc. and Richard Morgan filed respective Motions to Dismiss the Love I First Amended Complaint. On December 17, 2007, the Central District (Hon. Manuel Real presiding) granted those Motions to Dismiss and gave Plaintiffs 20 days leave to amend. On or about January 14, 2007, the Love I Plaintiffs voluntarily dismissed the case in the Central District. A true and correct copy of the Love I Notice of Dismissal is attached to this Request for Judicial Notice as Exhibit 3. This fact is subject to judicial notice under Federal Rule of Evidence Rule 201(d) because the

Love I Notice of Dismissal is a document filed in another federal district court. *United States ex rel. Borneo*, 971 F.2d 244, 248.

Dated: March 7, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/ Ann Kane Smith
Ann Kane Smith
Marytza J. Reyes
Attorneys for Defendants
ALC-PARTNER, INC., RICHARD MORGAN and DENNIS HARPER

Dated: March 7, 2008

SCHIFF HARDIN LLP

By ______________
William J. Carroll
Sarah R. Speakman
Attorneys for Defendants
AMERICAN LASER CENTERS LLC and AMERICAN LASER CENTERS OF CALIFORNIA LLC

# EXHIBIT 1

Lionel Glancy (SBN 134180)
Email: lglancy@glancylaw.com
Kevin Ruf (SBN 136901)
Email: kevinruf@yahoo.com
Marc Godino (SBN 182689)
Email: mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160

Attorneys for Plaintiffs and Proposed Plaintiff Classes

COPY

FILED
2007 JUL 16 PM 4:23
U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, and ASHLEE MOCHAN, on behalf of themselves and those classes similarly situated,

Plaintiffs,

v.

ALC PARTNER, INC., dba AMERICAN LASER CENTERS; and DOES 1 through 200, inclusive,

Defendants.

CASE NO. CV 07 4588 R(SHx)

**COMPLAINT FOR VIOLATIONS OF FLSA, ERISA, AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

**COLLECTIVE ACTION**
**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Natalie Dolabjian, Nadia Kameli, and Ashlee Mochan ("Named Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

**I.**

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

216(b); and section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2.    This Court also has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) the number of members of all Named Plaintiffs' proposed classes in the aggregate is greater than 100; (2) at least some members of the proposed classes have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

3.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

4.    The Central District of California has personal jurisdiction over ALC Partner Inc., doing business as American Laser Centers ("Defendant" or "ALC"), because it has qualified with the California Secretary of State to do business and is doing business in California, and in this District, and because many of the acts complained of occurred in this State and in this District and gave rise to the claims alleged.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

## II.

## SUMMARY OF CLAIMS

6.    Named Plaintiffs are current and former ALC managers and/or assistant managers with the primary duty of selling ALC cosmetic skin treatments and products, who were misclassified by ALC as exempt from the overtime provisions of the FLSA and/or applicable state wage and hour laws of California ("State Laws"), as described below.

7.    Named Plaintiffs bring this action on behalf of themselves and all persons

who were, are, or will be employed by ALC nationwide as managers and/or assistant
managers with the primary duty of selling cosmetic skin treatments and products
(hereinafter "Nationwide FLSA Collective Plaintiffs") at any time within the three (3)
years prior to the filing date of this Complaint through the date of the final disposition of
this action ("the Nationwide FLSA Period"), and who were, are, or will be misclassified
by ALC as exempt from overtime pay under federal law.

8.    The Nationwide FLSA Collective Plaintiffs are subdivided into three
subclasses (collectively "FLSA Subclasses"):

a.    All Nationwide FLSA Collective Plaintiffs employed by ALC as
Regional Managers and/or with similar job titles and duties within the United States at
anytime in the period commencing three (3) years preceding the filing of this Complaint
and the filing of their consents to join this collective action as party plaintiffs pursuant to
29 U.S.C. § 216(b) ("the FLSA Regional Manager Subclass");

b.    All Nationwide FLSA Collective Plaintiffs employed by ALC as
Clinic Managers and/or with similar job titles and duties within the United States at
anytime in the period commencing three (3) years preceding the filing of this Complaint
and the filing of their consents to join this collective action as party plaintiffs pursuant to
29 U.S.C. § 216(b) ("the FLSA Clinic Manager Subclass"); and

c.    All Nationwide FLSA Collective Plaintiffs employed by ALC as
Assistant Managers and/or with similar job titles and duties within the United States at
anytime in the period commencing three (3) years preceding the filing of this Complaint
and the filing of their consents to join this collective action as party plaintiffs pursuant to
29 U.S.C. § 216(b) ("the FLSA Assistant Manager Subclass").

9.    Named Plaintiffs also bring this action on behalf of all persons who were,
are, or will be employed by ALC in California as managers and/or assistant managers
with the primary duty of selling cosmetic skin treatments and products (hereinafter
"California Class") at any time within the four (4) years prior to the filing date of this
Complaint through the date of the final disposition of this action ("the California Class
Period"), and who were, are, or will be misclassified by ALC as exempt from overtime

pay under California law.

10. The California Class is further subdivided into three subclasses (collectively "California Subclasses"):

a. All California Class members employed by ALC as Regional Managers and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Regional Manager Subclass");

b. All California Class members employed by ALC as Clinic Managers and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Clinic Manager Subclass"); and

c. All California Class members employed by ALC as Regional Managers and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Assistant Manager Subclass").

11. Named Plaintiffs Kay Love, Natalie Dolabjian, and Paula Austin ("the ERISA Named Plaintiffs") also bring this action on behalf of themselves and all persons, who were, are, or will be employed by ALC nationwide as managers and/or assistant managers with the primary duty of selling cosmetic skin treatments and products within the six (6) years prior to the filing date of this Complaint through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be improperly classified as exempt from overtime pay under applicable state and federal laws, and who were, are, or will be covered by ALC's 401(k) or Roth 401(k) retirement savings plan ("Retirement Plan") (hereinafter "the ERISA Class").

12. At all relevant times, ALC has been the plan sponsor of the Retirement Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, ALC has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the Retirement Plan, thereby making it a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

13. On information and belief, ALC, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the Retirement Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of the Plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14. At all relevant times, the ERISA Named Plaintiffs have been employees of ALC, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and participants in the Retirement Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

15. The primary job duty of the Named Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and members of the ERISA and California Classes, is to sell cosmetic skin treatments and products following well-established company instructions and procedures.

16. ALC unlawfully classified and/or classifies Named Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the California Class members as exempt from overtime payments under federal and State Laws, despite the fact that they are not exempt. The Named Plaintiffs, the Nationwide FLSA Collective Plaintiffs, and the California Class members worked overtime hours, as defined by the applicable federal and State Laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate for those hours, and at twice the regular hourly rate for certain other overtime hours (hereinafter "overtime compensation").

17. ALC has willfully refused to pay Named Plaintiffs, Nationwide FLSA Collective Plaintiffs, and the California Class members the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

18. Defendant has failed to keep records of Named Plaintiffs' and the ERISA Class members' hours and overtime work. In doing so, Defendant has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the Retirement Plan, as required under ERISA § 209,

29 U.S.C. 1059.

19. ALC has failed to credit Named Plaintiffs and the ERISA Class members for overtime and other wages as eligible compensation under the Retirement Plan (hereinafter "Eligible Compensation"). In doing so, ALC has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. 1104.

20. ALC's practices violate the FLSA, ERISA, and the State Laws pleaded herein. Plaintiffs seek injunctive and declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by ALC, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## III.

## THE PARTIES

21. Plaintiff KAY LOVE ("LOVE") was and is an individual residing in San Diego County, California. LOVE was employed by ALC as a Clinic Manager in La Jolla, California, from approximately May 2003 to March 2007. From April 2007 to July 2007, LOVE was employed by ALC as Regional Manager of the West Coast South region of Southern California, comprising Los Angeles, San Diego, Riverside, and Orange Counties. LOVE has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

22. Plaintiff MELINDA AHUMADA ("AHUMADA") was and is an individual residing in Los Angeles County, California. AHUMADA was employed by ALC as an Assistant Manager in Pasadena, California from approximately April 2006 to April 2007. AHUMADA has been employed by ALC as a Clinic Manager in Beverly Hills, California, since approximately April 2007. AHUMADA works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

23. Plaintiff PAULA AUSTIN ("AUSTIN") was and is an individual residing

in Monterey County, California.  AUSTIN was employed by ALC as a Clinic Manager in Carmel, California, from approximately April 2007 to May 2007.  AUSTIN has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

24.    Plaintiff ASHLEY BRISENO ("BRISENO") was and is an individual residing in Los Angeles County, California.  BRISENO was employed by ALC as a Clinic Manager in Pasadena, California, from approximately December 2005 to February 2007.  BRISENO has been employed by ALC as a Clinic Manager in Pasadena, California, since approximately May 2007.  BRISENO works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

25.    Plaintiff JESSICA BURIA ("BURIA") was and is an individual residing in Los Angeles County, California.  BURIA was employed by ALC as a Clinic Manager in Brentwood, California, from approximately September 2006 to May 2007.  BURIA has been employed by ALC as a Clinic Manager in Santa Monica, California, since approximately May 2007.  BURIA works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

26.    Plaintiff NATALIE DOLABJIAN ("DOLABJIAN") was and is an individual residing in Los Angeles, California.  DOLABJIAN was employed by ALC as an Assistant Manager in Beverly Hills, California, from approximately May 2006 to August 2006, and in West Hollywood, California, from approximately August 2006 to October 2006.  DOLABJIAN was employed by ALC as Clinic Manager in West Hollywood, California, from approximately October 2006 to February 2007.  DOLABJIAN has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

27.    Plaintiff NADIA KAMELI ("KAMELI") was and is an individual residing in Los Angeles County, California. KAMELI was employed by ALC as a Clinic Manager in Beverly Hills, California, from approximately January 2006 to April 2007. KAMELI has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

28.    Plaintiff ASHLEE MOCHAN ("MOCHAN") was and is an individual residing in Los Angeles County, California. MOCHAN was employed by ALC as an Assistant Manager/Aesthetician in Yorba Linda, California, from approximately September 2006 to May 2007. MOCHAN has been employed by ALC as an Assistant Manager/Aesthetician in Brea, California, since approximately May 2007. MOCHAN works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving overtime compensation as required by both federal and California law.

29.    LOVE serves as representative plaintiff for the FLSA Regional Manager Subclass and the California Regional Manager Subclass ("the Representative Regional Manager Plaintiff"). LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, DOLABJIAN, and KAMELI serve as representative plaintiffs for the FLSA Clinic Manager Subclass and the California Clinic Manager Subclass ("the Representative Clinic Manager Plaintiffs"). (The Regional Manager Representative Plaintiff and the Clinic Manager Representative Plaintiffs shall collectively be referred to herein as "the Representative Manager Plaintiffs.") AHUMADA, DOLABJIAN, and MOCHAN serve as representative plaintiffs for the FLSA Assistant Manager Subclass and the California Assistant Manager Subclass ("the Representative Assistant Manager Plaintiffs").

30.    The Named Plaintiffs consent to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. Consent to sue forms for LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, DOLABJIAN, KAMELI, and MOCHAN are attached hereto as Exhibits A - H.

31. Defendant ALC is a Michigan corporation providing laser hair removal and other cosmetic skin treatments throughout the United States, with its corporate headquarters located in Farmington Hills, Michigan. The practices described herein were performed at ALC Clinics in California and throughout the United States.

32. Named Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 1 through 200, inclusive, and therefore sues each such Defendant by such fictitious names. Named Plaintiffs are informed and that each of the Defendants sued herein as Doe is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

33. Named Plaintiffs are informed and believe that, at all relevant times herein, each Defendant was an agent, employer, employee, joint employer, joint venturer, franchisor, franchisee, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, employment, joint employment, joint venture, partnership, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

34. Defendants are individually, jointly, and severably liable as the employer of Named Plaintiffs and each class and subclass member because each Defendant directly or indirectly, or through an agent or another person, employed or exercised control over the wages, hours, and working conditions of Named Plaintiffs and each class and subclass member.

35. At all relevant times, the acts and omissions of Defendants concurred and contributed to the acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein; Defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein; and Defendants aided and abetted the acts and omissions of each and every one of the other Defendants in

proximately causing the complaints, injuries, and damages alleged herein.

IV.

**ERISA CLASS ACTION ALLEGATIONS**

36. The ERISA Named Plaintiffs bring the First and Second Claims for Relief for violations of ERISA as a nationwide class action pursuant to Rule 23, Fed. R. Civ. P. 23(a), (b)(1) and/or (b)(2), as representatives of a proposed ERISA Class.

37. The ERISA Class is so numerous that joinder of all members is impracticable. The ERISA Named Plaintiffs are informed and believe that, during the ERISA Class Period, Defendant employed several hundred persons who satisfy the definition of the ERISA Class.

38. Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked and wages earned by the ERISA Named Plaintiffs and the ERISA Class;

b. Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the ERISA Named Plaintiffs and the ERISA Class;

c. Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d. Whether Defendant credited the ERISA Named Plaintiffs and the ERISA Class with all Eligible Compensation that they were paid or entitled to be paid for purposes of the Retirement Plan, as required by ERISA; and

e. Whether Defendant violated ERISA's fiduciary standards by its failure to credit the ERISA Named Plaintiffs and the ERISA Class with all Eligible Compensation that they were paid or entitled to be paid for purposes of the Retirement Plan, as required by ERISA.

39. The ERISA Named Plaintiffs' claims are typical of those of the ERISA Class. The ERISA Named Plaintiffs, like all other ERISA Class members, were subject to

Defendant's policies and practices of failing to record overtime worked, and Defendant's policy and practice of failing to credit all wages and overtime compensation earned or owing as Eligible Compensation under the Retirement Plan.

40. The ERISA Named Plaintiffs will fairly and adequately represent and protect the interests of the ERISA Class. The ERISA Named Plaintiffs have retained counsel competent and experienced in complex class actions and ERISA.

41. Class certification of the First and Second Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the ERISA Named Plaintiffs and the ERISA Class as a whole.

42. The ERISA Named Plaintiffs intend to send notice to all members of the ERISA Class to the extent required by Rule 23.

## V.

## FLSA COLLECTIVE ACTION ALLEGATIONS

43. The Named Plaintiffs bring the Third Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

44. The Named Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions within each FLSA Subclass, and are subject to Defendant's common practice, policy, or plan of unlawfully characterizing Nationwide FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

45. The Third Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Named Plaintiffs are similar to the claims of the members of the Nationwide FLSA Collective Plaintiffs and the FLSA Subclasses.

46.    The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Defendant ALC, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

## VI.

## CALIFORNIA CLASS ACTION ALLEGATIONS

47.    The Named Plaintiffs bring the Fourth through Twelfth Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, including the California Subclasses, defined in paragraphs 9 and 10.

48.    The California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period defendant ALC has employed at least one hundred (100) persons who satisfy the definition of the California Class.

49.    Common questions of law and fact exist as to members of the California Class and Subclasses, including, but not limited to, the following:

a.    Whether Defendant misclassified each California Class and/or Subclass member as exempt from wage and hour requirements under California law;

b.    Whether Defendant failed to pay California Class and/or Subclass members the legally required minimum wage for each hour worked;

c.    Whether Defendant failed to pay California Class and/or Subclass members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners;

d.    Whether Defendant failed to pay California Class and/or Subclass members overtime compensation for each overtime hour worked;

e.    Whether Defendant failed to provide each California Class and/or Subclass member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by California law;

f. Whether Defendant failed to provide each California Class and/or Subclass member with10 minutes of net rest time for every 4 hours of work, or major fraction thereof, as required by California law;

g. Whether Defendant failed to compensate California Class and/or Subclass members one (1) hour of pay for each day in which a proper meal or rest period was not provided as required by California law.

h. Whether Defendant improperly withheld or deducted wages from California Class and/or Subclass members in violation of Cal. Lab. Code § 221 and the applicable Wage Order;

i. Whether Defendant failed to reimburse California Class and/or Subclass members for job-related equipment, meals, uniforms, transportation, and mileage in violation of Cal. Lab. Code § 2802 and the applicable Wage Order;

j. Whether Defendant failed to pay accrued and vested vacation time to California Class and/or Subclass members in violation of Cal. Lab. Code § 227.3 and California law;

k. Whether Defendant violated Calfornia Labor Code §§ 201-03 by willfully failing to pay all wages and compensation due and owing California Class and/or Subclass members who quit or who was discharged by Defendant;

l. Whether Defendant violated Cal. Lab. Code § 226 by willfully failing to provide accurate itemized wage statements showing, inter alia, the number of hours worked by California Class and/or Subclass members and all deductions made;

m. Whether Defendant improperly retained, converted, appropriated, or deprived California Class and/or Subclass members the use of money or sums to which they were legally entitled;

n. Whether Defendant engaged in unfair business practices in violation of California Bus. & Prof. Code § 17200, *et seq*., by failing to provide wages and compensation required by California law;

o. Whether California Class and/or Subclass members are entitled to equitable relief pursuant to California Bus. & Prof. Code § 17200, *et seq*.

p.    Whether Defendant's conduct was willful, reckless, oppressive, fraudulent, or malicious; and

q.    The effect upon and the extent of injuries suffered by Named Plaintiffs and California Class and Subclass members, and the appropriate amount of damages, reimbursement, restitution, or other compensation.

50.    The Named Plaintiffs' claims are typical of the claims of California Class members and the California Subclasses.  The Named Plaintiffs, like other California Class and Subclass members, were subjected to ALC's policy and practice of refusing to pay overtime compensation and other violations of State Laws. The Named Plaintiffs' job duties were typical of those of other California Class and Subclass members.

51.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the California Class and Subclasses. The Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor and employment litigation.

52.    Class certification of the Fourth through Twelfth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because ALC has acted or refused to act on grounds generally applicable to the California Class and Subclasses, making appropriate declaratory and injunctive relief with respect to the Named Plaintiffs and the California Class and Subclasses.  The Named Plaintiffs and the California Class and Subclasses are entitled to injunctive relief to end ALC's common and uniform practice of failing to properly compensate its employees for all overtime work performed for the benefit of ALC, as well as ALC's other violations of State Laws.

53.    Class certification of the Fourth through Twelfth Claims for Relief is also appropriate under Fed. R Civ. P. 23(b)(3) because questions of law and fact common to the California Class and Subclasses predominate over any questions affecting only individual members of the California Class and Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this

litigation. ALC's common and uniform policies and practices unlawfully treat members of the California Class and Subclasses as exempt from overtime and other State Laws. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about ALC's practices.

54. Named Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23.

**VII.**

**FIRST CLAIM FOR RELIEF**

**FAILURE TO MAINTAIN RECORDS UNDER ERISA**

**(Brought by the ERISA Named Plaintiffs on Behalf of Themselves and the ERISA Class Against All Defendants)**

55. The ERISA Named Plaintiffs, on behalf of themselves and the ERISA Class, reallege and incorporate by reference paragraphs 1 through 54 as if they were set forth again herein.

56. ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

57. On information and belief, the Retirement Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

58. Pursuant to the terms of the Retirement Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their Eligible Compensation, which includes, among other things, employees' wages and overtime compensation.

59. By its failure to record and/or report all of the hours worked by the ERISA Named Plaintiffs and members of the prospective ERISA Class, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Retirement Plan participants, in violation of ERISA § 209(a)(1), 29

U.S.C. § 1059(a)(1).

60. In order to remedy this violation of ERISA by Defendant, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

61. The ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## VIII.

## SECOND CLAIM FOR RELIEF

## FAILURE TO CREDIT ELIGIBLE COMPENSATION UNDER ERISA

**(Brought by the ERISA Named Plaintiffs on Behalf of Themselves and the ERISA Class Against All Defendants)**

62. The ERISA Named Plaintiffs, on behalf of themselves and the ERISA Class, reallege and incorporate by reference paragraphs 1 through 61 as if they were set forth again herein.

63. ERISA § 404(a)( 1), 29 U.S.C. § 1104(a)( 1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

64. On information and belief, the governing instrument of the Retirement Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

65. On further information and belief, Defendant has exercised actual

discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited as Eligible Compensation under the Retirement Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that Plan with respect to the crediting of compensation.

66. Defendant has breached its fiduciary duties by failing to credit overtime compensation and other wages due the ERISA Named Plaintiffs and the members of the ERISA Class as Eligible Compensation under the Retirement Plan

67. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek an injunction requiring Defendant to credit all members of the ERISA Class with Eligible Compensation under the Retirement Plan for all of the past and future wages and overtime compensation owed or owing to Class members. In addition, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek any such other equitable relief as this Court deems appropriate.

68. The ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## IX.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME UNDER THE FLSA

**(Brought by Named Plaintiffs on Behalf of Themselves and the Nationwide FLSA Collective Plaintiffs Against All Defendants)**

69. Named Plaintiffs, on behalf of themselves and all Nationwide FLSA Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 68 as if they were set forth again herein.

70. At all relevant times, ALC has been, and continues to be, an "enterprise" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, ALC has employed, and continues to employ, "employee[s]," including Named Plaintiffs, and

each of the Nationwide FLSA Collective Plaintiffs. At all relevant times, ALC has had annual gross business volume in excess of $500,000.

71. Attached hereto are consents to sue signed by the Named Plaintiffs in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as Nationwide FLSA Collective Plaintiffs on this claim in the future.

72. The FLSA requires each covered employer, such as Defendant ALC, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week.

73. The Named Plaintiffs and Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

74. At all relevant times, ALC, pursuant to its policies and practices, failed and refused to pay overtime premiums to Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of 40 hours per week.

75. By failing to compensate Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, ALC has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

76. By failing to record, report, and/or preserve records of hours worked by Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs, ALC has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

77. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

78. Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by ALC, as

provided by the FLSA, 29 U.S.C. § 216(b).

79. Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## X.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PAY WAGES AND OVERTIME UNDER CALIFORNIA LAW

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

80. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 79 as if they were fully set forth herein.

81. Pursuant to Cal. Lab. Code §§ 204, 215, 216, 218.5, 510, 1174, 1194, 1194.2, 1197, 1199, and the applicable Industrial Welfare Commission ("IWC") Wage Order No. 2, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked.

82. Pursuant to section 2(G) of applicable Wage Order No. 2, "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

83. At all relevant times, Defendant has regularly and consistently maintained corporate policies and practices of refusing to pay Named Plaintiffs and California Class members for all hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners

84. Under the California Labor Code and applicable Wage Order No. 2, Named Plaintiffs and California Class members should have received regular wages in a sum according to proof for the hours worked, but not compensated,

 during the California Class Period. Defendant therefore owes Named Plaintiffs and each California Class member regular wages and have failed and refused, and continue to fail and refuse, to pay Named Plaintiffs and California Class members the amounts owed.

85. California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week.

86. The California Named Plaintiffs and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

87. During the California Class Period, Defendant misclassified Named Plaintiffs and the California Class members as exempt employees, with the exception of the California Assistant Manager Subclass, which Defendant reclassified as nonexempt on or about January 1, 2007.

88. At all relevant times, and consistent with Defendant's corporate policies and practices, Named Plaintiffs and California Class members regularly work or have worked in excess of 8 hours per day and/or 40 hours per week, including on the sixth or seventh day of a workweek, without compensation for each and every hour and overtime hour worked. Certain Named Plaintiffs and California Class Members also work or have worked in excess of twelve (12) hours in a workday.

89. At all relevant times, and consistent with its corporate policies and practices, Defendant has failed to pay Named Plaintiffs and California Class members overtime wages, including time and a half and double time, for all hours worked in excess of 8 hours per day and/or 40 hours per week as required by Cal. Lab. Code § 510.

90. Section 4 of applicable Wage Order No. 2 requires Defendant to pay its employees minimum wages for all hours worked. Because Defendant failed and refused to compensate Named Plaintiffs and California Class members for all hours worked as set forth above, Defendant failed to pay Named Plaintiffs and

California Class members the required minimum wage rates in effect at the time for all hours worked.

91. Cal. Lab. Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

92. Named Plaintiffs and California Class members should have received minimum wages in a sum according to proof for the hours worked, but not compensated, during the California Class Period. Defendant therefore owes Named Plaintiffs and California Class members minimum wages, as well as liquidated damages in an equal amount to the minimum wages owed, and has failed and refused, and continues to fail and refuse, to pay Named Plaintiffs and California Class members the amounts owed.

93. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Named Plaintiffs and California Class members have sustained damages and been deprived of minimum wages, regular wages, and overtime compensation that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 1194, and 1194.2.

## XI.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE MEAL BREAKS UNDER CALIFORNIA LAW

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

94. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 93 as if they were fully set forth herein.

95. At all relevant times, Named Plaintiffs and California Class members regularly work or have worked shifts in excess of five (5) hours without being

provided a thirty (30) minute meal period that relieved them of all responsibilities. Moreover, Named Plaintiffs and California Class members regularly work or have worked shifts in excess of ten (10) hours without being provided with a second meal break of at least thirty (30) minutes that relieved them of all responsibilities. Such meal periods were and are required by Cal. Lab. Code §§ 226.7 and 512, as well as section 11 of applicable Wage Order No. 2.

96. As a result of Defendant's failure to provide proper meal periods, and pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendant is liable to Named Plaintiffs and California Class members for one (1) hour of additional premium pay at the regular rate of compensation for each workday in which a proper meal period is not or was not provided. In addition, Named Plaintiffs and California Class members are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

**XII.**

**SIXTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE REST BREAKS UNDER CALIFORNIA LAW**

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

97. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 96 as if they were fully set forth herein.

98. At all relevant times, Named Plaintiffs and California Class members regularly work or have worked periods in excess of four (4 ) hours, or a major fraction thereof, without being afforded a rest break of ten (10) net minutes as required by Cal. Lab. Code § 226.7 and section 12 of applicable Wage Order No. 2.

99. As a result of Defendant's failure to afford proper rest periods, and pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendant is liable to Named Plaintiffs and California Class members for one (1) hour additional

premium pay at the regular rate of compensation for each workday in which a proper rest period is not or was not provided. In addition, Named Plaintiffs and California Class members are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

**XIII.**

**SEVENTH CLAIM FOR RELIEF**

**IMPROPER WAGE DEDUCTIONS UNDER CALIFORNIA LAW**

**(Brought by the Representative Manager Plaintiffs on Behalf of Themselves and the California Regional Manager and Clinic Manager Subclasses Against All Defendants)**

100. The Representative Manager Plaintiffs, on behalf of themselves and all members of the California Regional Manager and Clinic Manager Subclasses, reallege and incorporate by reference paragraphs 1 through 99 as if they were fully set forth herein.

101. Cal. Lab. Code § 221 prohibits deductions from an employee's wages. In addition, section 8 of applicable Wage Order No. 2 provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

102. Effective January 1, 2007, Defendant began deducting $500 per month from the wages of the Representative Clinic Manager Plaintiffs and the California Clinic Manager Subclass for unspecified "Accounting errors," "Human Resources Errors," and the failure to "Make Labor target" (i.e., zero recorded overtime). Such "errors" are and were the result of no more than simple acts of negligence or the cost of doing business.

103. Effective January 1, 2007, Defendant also began deducting $200 *per clinic* per month from the wages of the Representative Regional Manager Plaintiff and the California Regional Manager Subclass for the same "errors"

1   occurring at each clinic within a given region.

2       104. In violation of Cal. Lab. Code § 226, none of Defendant's deductions

3   for so-called "errors" were itemized on the wage statements provided to

4   Representative Manager Plaintiffs or the California Regional Manager and Clinic

5   Manager Subclasses.

6       105.  Defendant has unlawfully deducted and withheld wages from

7   Representative Manager Plaintiffs and the California Regional Manager and Clinic

8   Manager Subclasses for business losses and simple acts of negligence in

9   violation of Cal. Lab. Code § 221 and section 8 of applicable Wage Order No. 2.

As a result of such unlawful acts, Plaintiff and proposed Class Members are

10  entitled to recovery of such amounts, plus interest, and attorney's fees and costs

11  pursuant to Cal. Lab. Code § 218.5.

12                              **XIV.**

13                   **EIGHTH CLAIM FOR RELIEF**

14   **FAILURE TO REIMBURSE BUSINESS EXPENSES UNDER**

15                        **CALIFORNIA LAW**

16   **(Brought by Named Plaintiffs on Behalf of Themselves and**

17   **California Class Members Against All Defendants)**

18      106.  Named Plaintiffs, on behalf of themselves and all members of the

19  California Class, reallege and incorporate by reference paragraphs 1 through 105

20  as if they were fully set forth herein.

21      107.  Cal. Lab. Code § 2802 requires employers to indemnify employees for

22  all necessary expenditures incurred by the employee in the discharge of his or her

23  duties. In addition, section 9 of applicable Wage Order No. 2 provides that

24  uniforms and equipment required by the employer or necessary for the job must be

provided and maintained by the employer.

25      108.  At all relevant times, Defendant did not reimburse Named Plaintiffs and

26  California Class members for the cost and use of their vehicles within the course

27  and scope of their employment, such as attending events and shows at which to

28

"sell" ALC services and products; nor did Defendants reimburse Named Plaintiffs and California Class members the IRS mileage allowance for business miles.

109. At all relevant times, Defendant failed to reimburse Named Plaintiffs and California Class members for necessary expenditures incurred in the course and scope of their employment, such as for office equipment, business travel, and uniform maintenance. Defendant denied or ignored reimbursement for such items even when Named Plaintiffs and California Class members submitted expense reports for same.

110. As a result of said unlawful acts, Defendant is liable to Named Plaintiffs and California Class members in the amounts expended according to proof, and also for interest, attorney's fees, and costs pursuant to Cal. Lab. Code § 2802(c).

## XV.

## NINTH CLAIM FOR RELIEF

## FAILURE TO PAY WAGES DUE AT TERMINATION UNDER CALIFORNIA LAW

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

111. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 110 as if they were set forth again herein.

112. Cal. Lab. Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. Cal. Lab. Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

113. In addition, Cal. Lab. Code § 227.3 requires Defendant to pay its employees all unused vacation time that has accrued and vested on termination of employment at their final wage rate in effect.

114. At all relevant times, Defendant instituted and maintained a "use-it-or-

lose it" vacation policy that results in a forfeiture of accrued and vested vacation time at the end of each employee's work year.

115. Named Plaintiffs and California Class members who ceased employment with ALC are entitled to unpaid compensation for wages, overtime, premium pay, improperly deducted wages, unreimbursed expenses, and vested vacation time, as alleged above, but to date have not received such compensation.

116. More than thirty days have passed since certain Named Plaintiffs and California Class members have left Defendant's employ.

117. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Named Plaintiffs and California Class members whose employment ended during the class period are entitled to thirty days' wages under Cal. Lab. Code § 203, together with interest thereon and attorneys' fees and costs.

**XVI.**

**TENTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER CALIFORNIA LAW**

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

118. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 117 as if they were set forth again herein.

119. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, *inter alia*, hours worked, to Named Plaintiffs and the California Class members in accordance with Cal. Lab. Code § 226(a) and applicable Wage Order No. 2. Such failure caused injury to Named Plaintiffs and the California Class members by, among other things, impeding them from knowing the amount of wages to which they are and were entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by Named Plaintiffs and

California Class members as required under Cal. Lab. Code § 1174(d).

120. Named Plaintiffs and the California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Cal. Lab. Code §§ 226(a) and 1174(d), and further seek the amount provided under Cal. Lab. Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## XVII.

## ELEVENTH CLAIM FOR RELIEF

## UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA LAW

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

121. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 120 as if they were set forth again herein.

122. By the conduct described above, Defendant has violated the provisions of the California Labor Code as specified and has engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, *et seq*. Defendant's use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors.

123. The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendant's current employees as well as other members of the general public. Named Plaintiffs and the California Class members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits. Accordingly, Named Plaintiffs and the California Class members request a preliminary and permanent injunction prohibiting Defendant from the unfair practices complained of herein.

124. Defendant generated income as a direct result of the above-mentioned unlawful and unfair business practices. Named Plaintiffs and the California Class members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair practices complained of herein.

125. As a result, Named Plaintiffs and California Class members seek restitution of their unpaid wages, unpaid overtime, unpaid premium time (for Defendants' failure to provide adequate meal and rest periods), improperly deducted wages, unreimbursed expenses, vested vacation time, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof. Named Plaintiffs seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendant.

**XVIII.**

**TWELFTH CLAIM FOR RELIEF**

**CONVERSION UNDER CALIFORNIA LAW**

**(Brought by Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

126. Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 125 as if they were set forth again herein.

127. At all relevant times, Defendant had a legal obligation imposed by statutory law and applicable Wage Order No. 2 to pay Named Plaintiffs and California Class members their wages, job-related expenses, and other compensation due. However, Defendant knowingly and intentionally failed and refused to pay and/or reimburse such wages, expenses, and compensation earned and/or incurred by Named Plaintiffs and California Class members in the performance of their job duties. Defendant withheld these sums and converted them by refusing to pay and/or reimburse Named Plaintiffs and California Class members.

128. Named Plaintiffs and the California Class members owned or had the right to own and had the legal right to hold, possess, and dispose of such wages, compensation, and reimbursements for expenses. Named Plaintiffs and the California Class members gained the right to own, hold, possess, and dispose of such wages, compensation, and reimbursements in the performance of their regular job duties for Defendant during the California Class Period.

129. Defendant knowingly, willfully, and unlawfully interfered with Named Plaintiffs' and California Class members' rights to be paid for, own, possess, and/or control disposition of said sums. The exact amount of monies owed to Named Plaintiffs and California Class members, and each of them, is capable of being made certain. The specific identifiable sum of money to which Named Plaintiffs and California Class members are entitled varies per California Class member and will be established at trial in an amount according to proof.

130. In failing and refusing to pay and/or reimburse Named Plaintiffs and California Class members as alleged hereinabove, Defendant knowingly, unlawfully, and intentionally took, appropriated, and converted the property (wages, compensation, and reimbursements) of Named Plaintiffs and California Class members for Defendant's own use, purposes, and benefits. At the time the conversion took place, Named Plaintiffs and California Class members were entitled to immediate possession of the wages, compensation, and reimbursements owed as provided by Cal. Lab. Code §§ 201, 202, 204, and/or 2802.

131. Defendant's conversion was oppressive, malicious, and fraudulent, and Defendant's obligations to pay wages, overtime, and other compensation was concealed by Defendant from Named Plaintiffs and California Class members. Defendant has regularly and consistently maintained corporate policies and practices that dictate and mandate that Named Plaintiffs and California Class members were not to be paid for wages, overtime, incurred expenses, or premium pay for inadequate meal and rest periods. Defendant

implemented and carried out these policies and procedures for the primary purpose of depriving Named Plaintiffs and California Class members of their right to their wages, reimbursements, and other compensation such that Defendant converted said sums for its own use, as previously alleged.

132. Named Plaintiffs and the California Class members have been injured by said conversion through reliance on the Defendant's obligation to comply with applicable California law. Named Plaintiffs and California Class members are entitled to all money converted by Defendant with interest thereon, as well as any and all profits, whether direct or indirect, which the Defendant acquired by its unlawful conversion. Furthermore, Named Plaintiffs and the California Class members have been injured by Defendant's oppressive, malicious, intentional, and fraudulent actions, entitling Named Plaintiffs and California Class members to punitive and exemplary damages.

## XIX.

## PRAYER FOR RELIEF

WHEREFORE, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, pray for relief as follows:

A. Certification of this action as a class action on behalf of the proposed ERISA Class;

B. Designation of the Named Plaintiffs as representatives of the ERISA Class;

C. A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

D. Appropriate equitable and injunctive relief to remedy Defendant's violations of ERISA § 209(a), 29 U.S.C. § 1129(a);

E. A declaration that Defendant has breached its fiduciary duties by failing to credit the Named Plaintiffs and the ERISA Class with Eligible Compensation for all work performed, as required by ERISA and the terms of the Retirement Plan;

F. An order requiring that Defendant remedy its breaches of fiduciary duty by

crediting Named Plaintiffs and the ERISA Class with Eligible Compensation for all of their past, present, and future uncompensated work;

G. Attorneys' fees and costs of suit; and

H. Such other injunctive and equitable relief as the Court may deem necessary, just, and proper.

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective Plaintiffs, pray for relief as follows:

I. Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Subclasses, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §§ 216(b) and 256.

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all members of the California Class, pray for relief as follows:

J. Certification of this action as a class action on behalf of the proposed California Class and Subclasses;

K. Designation of the California Named Plaintiffs as representatives of the California Class and Subclasses;

L. A declaratory judgment that the practices complained of herein are unlawful under California state law;

M. Compensatory damages, including unpaid wages, improperly withheld wages, and overtime, according to proof;

N. Liquidated damages pursuant to Cal. Lab. Code § 1194.2(a);

O. Premium pay pursuant to Cal. Lab. Code § 226.7;

P. Waiting time penalties pursuant to Cal. Lab. Code § 203;

Q. Unreimbursed expenses pursuant to Cal. Lab. Code § 2802;

R. Statutory damages pursuant to Cal. Lab. Code § 226(e);

S. Restitution of all money due to Named Plaintiffs and California

Class members from the unlawful and unfair business practices of Defendant;

T. Temporary and preliminary orders, and permanent injunctive relief, enjoining Defendant and their agents, servants, and employees from the unlawful and unfair business practices alleged herein;

U. Punitive and exemplary damages under Cal. Civ. Code § 3294;

V. Interest as provided by law at the maximum legal rate;

W. Reasonable attorneys' fees authorized by statute;

X. Costs of suit incurred herein; and

Y. Pre-judgment and post-judgment interest, as provided by law; and

Z. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: July 16, 2007

By: ______________________
Kevin Ruf

Lionel Glancy (SBN 134180)
Kevin Ruf (SBN 136901)
Marc Godino (SBN 182689)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and proposed Plaintiff Classes

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: July 16, 2007

By: Kevin Ruf

Lionel Glancy (SBN 134180)
Kevin Ruf (SBN 136901)
Marc Godino (SBN 182689)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and proposed Plaintiff Classes

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Kay Love, work or worked for American Laser Centers from approximately May 2003 to March 2007 in La Jolla, California as a Clinic Manager and from April 2007 to July 2007 as a Regional Manager of the "West Coast South" region of Southern California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 10, 2007

Signature: Kay Love

Print Name: Kay Love

EXHIBIT A PAGE 34

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Melinda Ahumada, work or worked for American Laser Centers as an Assistant Manager from approximately April 2006 to April 2007 in Pasadena, California, and as a Clinic Manager from approximately April 2007 to present in Beverly Hills, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 10th, 2007

Signature: [signature]

Print Name: Melinda Ahumada

EXHIBIT B PAGE 35

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Paula Austin, work or worked for American Laser Centers as a Clinic Manager from approximately April 2007 to May 2007 in Carmel, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9th, 2007

Signature: [signature]

Print Name: Paula Austin

EXHIBIT C PAGE 36

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Ashley Briseno, work or worked for American Laser Centers as a Clinic Manager from approximately December 2005 to February 2007 and from May 2007 to present in Pasadena, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 7/10, 2007

Signature: [signature]

Print Name: ASHLEY BRISENO

EXHIBIT D PAGE 37

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Jessica Buria, work or worked for American Laser Centers as a Clinic Manager from approximately September 2006 to May 2007 in Brentwood, California and from May 2007 to present in Santa Monica, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9th, 2007

Signature: [signature]

Print Name: Jessica Buria

EXHIBIT E PAGE 38

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Natalie Dolabjian, work or worked for American Laser Centers as an Assistant Manager from approximately May 2006 to August 2006 in Beverly Hills, California, and from approximately August 2006 to October 2006 in West Hollywood, California, and as a Clinic Manager from approximately October 2006 to February 2007 in West Hollywood, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 11, 2007

Signature: [signature]

Print Name: Natalie Dolabjian

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Nadia Kameli, work or worked for American Laser Centers as a Clinic Manager from approximately January 2006 to April 2007 in Beverly Hills, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 10 July, 2007

Signature: [signature]

Print Name: Nadia Kameli

EXHIBIT 6 PAGE 40

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Ashlee Mochan, work or worked for American Laser Centers as an Assistant Manager/Aesthetician from approximately September 2006 to May 2007 in Yorba Linda, California, and from May 2007 to present in Brea, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9, 2007

Signature: Ashlee Mochan

Print Name: Ashlee Mochan



COPY

NAME, ADDRESS & TELEPHONE NUMBER OF ATTORNEY(S) FOR, OR, PLAINTIFF OR DEFENDANT IF PLAINTIFF OR DEFENDANT IS PRO PER

Lionel Glancy (SBN 134180)
Kevin Ruf (SBN 136901)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150

ATTORNEYS FOR: Plaintiffs

FILED 2007 JUL 16 PM 4:23

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, JESSICA BURIA, NATALIE DOLABJIAN, et al.

Plaintiff(s),

v.

ALC PARTNER, INC. dba AMERICAN LASER CENTERS,

Defendant(s)

CASE NUMBER

CV 07 4588 R(SHx)

**CERTIFICATION AND NOTICE OF INTERESTED PARTIES**
**(Local Rule 7.1-1)**

TO: THE COURT AND ALL PARTIES APPEARING OF RECORD:

The undersigned, counsel of record for Plaintiffs (or party appearing in pro per), certifies that the following listed party (or parties) has (have) a direct, pecuniary interest in the outcome of this case. These representations are made to enable the Court to evaluate possible disqualification or recusal. (Use additional sheet if necessary.)

| PARTY | CONNECTION |
|---|---|
| (List the names of all such parties and identify their connection and interest.) | |
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, and ASHLEE MOCHAN | PLAINTIFFS |
| GLANCY BINKOW & GOLDBERG LLP, JASON KULLER | COUNSEL FOR PLAINTIFFS |
| ALC PARTNER, INC. dba AMERICAN LASER CENTERS | DEFENDANT |

7/16/07
Date

Sign

Plaintiffs
Attorney of record for or party appearing in pro per

NOTICE OF INTERESTED PARTIES

CV-30 (12/03)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Stephen J. Hillman.

The case number on all documents filed with the Court should read as follows:

**CV07- 4588 R (SHx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

=====================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

COPY

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN,

DEFENDANTS
ALC PARTNER, INC. DBA AMERICAN LASER CENTERS

(b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases):
LOS ANGELES

County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only):

(c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Lionel Z. Glancy
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067 (310) 201-9150

Attorneys (If Known)

II. BASIS OF JURISDICTION (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

III. CITIZENSHIP OF PRINCIPAL PARTIES - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

IV. ORIGIN (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

V. REQUESTED IN COMPLAINT: JURY DEMAND: ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

CLASS ACTION under F.R.C.P. 23: ☑ Yes ☐ No ☐ MONEY DEMANDED IN COMPLAINT: $ ____________

VI. CAUSE OF ACTION (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC section 1331; 29 USC section216(b); 29 USC section 1132(e)(1)

VII. NATURE OF SUIT (Place an X in one box only.)

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities /Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**TORTS — PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☑ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

VIII(a). IDENTICAL CASES: Has this action been previously filed and dismissed, remanded or closed? ☑ No ☐ Yes

CV 07 4580

If yes, list case number(s):

FOR OFFICE USE ONLY: Case Number: ____________

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No ☐ Yes

If yes, list case number(s): ____________

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)
- ☐ A. Arise from the same or closely related transactions, happenings, or events; or
- ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)

☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.

SAN DIEGO AND LOS ANGELES COUNTIES

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).

☐ Check here if the U.S. government, its agencies or employees is a named defendant.

MICHIGAN

**List the California County,** or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)

**Note:** In land condemnation cases, use the location of the tract of land involved.

LOS ANGELES COUNTY

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** [signature] **Date** JULY 16, 2007

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Plaintiff(s)<br>v.<br>Defendant(s) | CASE NUMBER:<br><br>DISMISSAL OF PARTIES DESIGNATED BY A FICTITIOUS NAME |

**COMES NOW** the Plaintiff ______________________________
in the above-entitled action and hereby dismisses the complaint as to every party designated in the complaint by a fictitious name, to wit:

Dated: ____________________

______________________________
Attorney for Plaintiff

DISMISSAL OF PARTIES DESIGNATED BY A FICTITIOUS NAME

CV-5 (11/76)

50

# UNITED STATE DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE TO COUNSEL

*The court has directed that the following rules be specifically called to your attention:*

    I.      Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)
    II.    Service of Papers and Process (Local Rule 4)
    III.   Notice of Right to Consent to disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. §636 (c) and General Order 01-13].

## I. CONTINUING OBLIGATION TO REPORT RELATED CASES

Parties are under the continuing obligation to promptly advise the Court whenever one or more civil actions or proceedings previously commenced and one or more currently filed appear to be related.

Local Rule 83-1.3.3 states: "It shall be the continuing duty of the attorney in any case promptly to bring to the attention of the Court, by the filing of a Notice of Related Case(s) pursuant to Local Rule 83-1.3, all facts which in the opinion of the attorney or party appear relevant to a determination whether such action and one or more pending actions should, under the criteria and procedures set forth in Local Rule 83-1.3, be heard by the same judge."

Local Rule 83-1.2.1. states: "It is not permissible to dismiss and thereafter refile an action for the purpose of obtaining a different judge."

Local Rule 83-1.2.2 provides: Whenever an action is dismissed before judgment and thereafter the same or essentially the same action is refiled, the latter action shall be assigned to the judge to whom the first action was assigned. It shall be the continuing duty of every attorney or party appearing in such a refiled action promptly to bring the prior action to the attention of the Clerk in the Civil Cover Sheet and by filing a Notice of Related Case(s) pursuant to Local Rule 83-1.3.

## II. SERVICE OF PAPERS AND PROCESS

Local Rule 4-2 states: "Except as otherwise provided by order of Court, or when required by the treaties or statutes of the United States, process shall not be presented to a United States Marshal for Service." Service of process must be accomplished in accordance with Rule 4 of the Federal Rules of Civil Procedure or in any manner provided by State Law, when applicable. Service upon the United States, an officer or agency thereof, shall be served pursuant to the provisions of FRCP 4 (i). Service should be promptly made; unreasonable delay may result in dismissal of the action under Local Rule 41 and Rule 4(m) of the Federal Rules of Civil Procedure. Proof of service or a waiver of service of summons and complaint must be filed with the court.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## OPTICAL SCANNING ENROLLMENT/UPDATE FORM

PLEASE PRINT OR TYPE ALL INFORMATION WHEN COMPLETING THIS FORM

Name ______________________ Telephone Number ______________________

Firm Name ______________________

Address ______________________

California State Bar Number ______________ ☐ Out-of State Attorney ______________ Case Number (*Required for out-of-state attorneys*)

Area of Practice: ☐ Civil ☐ Criminal

☐ **FIRST TIME ENROLLMENT**

I consent and agree to receive copies of judgments, orders and other documents by electronic transmission at the following e-mail address: ______________________ and that I understand that service by electronic transmission constitutes notice of entry as required by F.R.Civ.P. 77(d) and F.R.Crim.P. 49 in lieu of service by mail. I further understand that I must notify the Court within twenty-four (24) hours when I have a change of name, firm association, address, or e-mail address to ensure proper service.

☐ **UPDATE TO ENROLLMENT** *(Complete this section if you previously enrolled in the Optical Scanning Program and wish to update that information ONLY.)*

☐ Update my email-address to: ______________________

☐ Change my enrollment from service of documents by FAX to service by e-mail at the following e-mail address*: ______________________

*One of the following boxes must be checked if you are enrolling or updating your enrollment for CIVIL cases:*

☐ I am enrolling or updating my enrollment for all my cases**.

☐ I am updating my enrollment for the following case number(s) (case numbers must include SA for Southern Division cases, ED for Eastern Division cases). (Attach separate sheet if necessary.) ______________________

A list of your civil cases may be obtained by querying your name in the CM PACER system.

Date: ______________ Signature: ______________________

Mail or fax this completed form to:

United States District Court
Central District of California
312 North Spring Street, Room G-8
Los Angeles, California 90012
Attention: Attorney Admission Clerk
Facsimile: 213-894-2342

*Electronic transmission (e-mail) of documents is recommended due to its efficiency, which results in quicker receipt of judgments, orders and other documents. However, the e-mail address should be to a computer that is accessed on a daily basis due to the importance and timeliness of documents that are being transmitted from the Court. Prior to signing up to receive documents by Internet e-mail, contact your Internet Service Provider and office automation staff to determine whether there are limitations to the size of attachments that may be received. Documents are currently in TIFF format. Effective March 1, 2004, documents will be delivered in PDF format instead of in TIFF format.

**If you checked the box to enroll or update enrollment for all your cases, documents for cases you had when you were with a different firm or agency will be sent to your current e-mail address if you did not file a substitution of attorney or notice to be terminated from the case.

CIVIL JUDGMENTS, ORDERS & DOCUMENTS WILL BE SENT TO YOU ELECTRONICALLY FOR CASES INDICATED ON THIS FORM, AND IN SUBSEQUENT CASES FOR WHICH YOU APPEAR IN AFTER YOUR ENROLLMENT. CRIMINAL JUDGMENTS, ORDERS & DOCUMENTS ARE SENT IN ALL CASES FOR WHICH YOU ARE ATTORNEY OF RECORD.

# EXHIBIT 2

Lionel Glancy (SBN 134180)
Email: lglancy@glancylaw.com
Kevin Ruf (SBN 136901)
Email: kevinruf@yahoo.com
Marc Godino (SBN 182689)
Email: mgodino@glancylaw.com
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and Proposed Plaintiff Classes

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, LAURIE MATHEWS, ASHLEE MOCHAN, CHRISTINE PEDRO, HEIDI SCHNEEVEIS, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, PAMELA STRONG, and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,

Plaintiffs,

v.

ALC PARTNER, INC., dba AMERICAN LASER CENTERS, RICHARD MORGAN, and DOES 1 through 200, inclusive,

Defendants.

CASE NO. CV 07 4588 R(SHx)

**FIRST AMENDED COMPLAINT FOR VIOLATIONS OF FLSA, ERISA, AND STATE WAGE AND HOUR LAWS; CLAIMS FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF**

**COLLECTIVE ACTION**
**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Lisa Casey, Natalie Dolabjian, Nadia Kameli, Laurie Mathews, Ashlee Mochan, Christine Pedro, and Pamela Strong ("Manager Named Plaintiffs"), and

Heidi Schneeveis, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams ("Technician Named Plaintiffs") (collectively "Named Plaintiffs") allege, on behalf of themselves and classes of those similarly situated, as follows:

I.

**JURISDICTION AND VENUE**

1. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1).

2. This Court also has original jurisdiction over the state law claims in this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) the number of members of all Named Plaintiffs' proposed classes in the aggregate is greater than 100; (2) at least some members of the proposed classes have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Named Plaintiffs' state wage and hour law claims because those claims derive from a common nucleus of operative fact.

3. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201-02.

4. The Central District of California has personal jurisdiction over ALC Partner Inc., doing business as American Laser Centers ("ALC"), because it has qualified with the California Secretary of State to do business and is doing business in California, and in this District, and because many of the acts complained of occurred in this State and in this District and gave rise to the claims alleged.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because ALC resides in this district and because a substantial part of the events giving rise to the claims occurred in this District.

II.

## SUMMARY OF CLAIMS

6. Manager Named Plaintiffs are current and former ALC managers and/or assistant managers with the primary duty of selling ALC cosmetic skin treatments and products, including performing such treatments (in the case of assistant managers), who were or are misclassified by ALC as exempt from the wage and hour provisions of the FLSA and/or applicable state wage and hour laws ("State Laws"), as described below.

7. Technician Named Plaintiffs are current and former ALC laser technicians, laser operators, and/or paramedical aestheticians with the primary duty of performing laser hair removal and other cosmetic skin treatments, including "upselling" such treatments, properly classified by ALC as nonexempt, but who were not or are not paid in accordance with the wage and hour provisions of the FLSA and/or State Laws as described below.

8. Named Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Lisa Casey, Natalie Dolabjian, Nadia Kameli, Laurie Mathews, Ashlee Mochan, Christine Pedro, Heidi Schneeveis, Sandra Sewerin, and Pamela Strong (collectively, "the FLSA Named Plaintiffs") bring this action on behalf of themselves and all persons who were, are, or will be employed by ALC nationwide (hereinafter "Nationwide FLSA Collective Plaintiffs") at anytime within the three (3) years prior to the filing date of this Complaint through the date of the final disposition of this action ("the Nationwide FLSA Period"), and who were not, are not, or will not be paid all wages, compensation, and monies owed to them under the FLSA.

9. The Nationwide FLSA Collective Plaintiffs are subdivided into four subclasses (collectively "FLSA Subclasses"):

a. All Nationwide FLSA Collective Plaintiffs employed by ALC as Regional Managers and/or with similar job titles and duties within the United States at anytime in the period commencing three (3) years preceding the filing of this Complaint and the filing of their consents to join this collective action as party plaintiffs pursuant to

1 | 29 U.S.C. § 216(b) ("the FLSA Regional Manager Subclass");

2 |        b.    All Nationwide FLSA Collective Plaintiffs employed by ALC as

3 | Clinic Managers and/or with similar job titles and duties within the United States at

4 | anytime in the period commencing three (3) years preceding the filing of this Complaint

5 | and the filing of their consents to join this collective action as party plaintiffs pursuant to

6 | 29 U.S.C. § 216(b) ("the FLSA Clinic Manager Subclass");

7 |        c.    All Nationwide FLSA Collective Plaintiffs employed by ALC as

8 | Assistant Managers, Assistant Manager/Aestheticians, and/or with similar job titles and

9 | duties within the United States at anytime in the period commencing three (3) years

10 | preceding the filing of this Complaint and the filing of their consents to join this

11 | collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b) ("the FLSA Assistant

12 | Manager Subclass"); and

13 |        d.    All Nationwide FLSA Collective Plaintiffs employed by ALC as

14 | Clinic Technicians, Laser Technicians, Laser Operators, Paramedical Aestheticians

15 | and/or with similar job titles and duties within the United States at anytime in the period

16 | commencing three (3) years preceding the filing of this Complaint and the filing of their

17 | consents to join this collective action as party plaintiffs pursuant to 29 U.S.C. § 216(b)

18 | ("the FLSA Technician Subclass").

       10.    Named Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley
Briseno, Jessica Buria, Lisa Casey, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan,
Christine Pedro ("the California Manager Named Plaintiffs"), and Beverly Alexander,
Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, and Amy Williams
("the California Technician Named Plaintiffs") (collectively "the California Named
Plaintiffs"), also bring this action on behalf of all persons who were, are, or will be
employed by ALC as managers, technicians, and/or with similar job titles and duties in
California (hereinafter "California Class") at anytime within the four (4) years prior to
the filing date of this Complaint through the date of the final disposition of this action
("the California Class Period"), and who were not, are not, or will not be paid all wages,
compensation, and monies owed to them under applicable law.

Collective Action & Class Action Complaint for
Violations of FLSA, ERISA, & State Laws

11. The California Class is further subdivided into four subclasses (collectively "California Subclasses"):

a. All California Class members employed by ALC as Regional Managers and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Regional Manager Subclass");

b. All California Class members employed by ALC as Clinic Managers and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Clinic Manager Subclass");

c. All California Class members employed by ALC as Assistant Managers, Assistant Manager/Aestheticians, and/or with similar job titles and duties in California at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Assistant Manager Subclass"); and

d. All California Class members employed by ALC as Clinic Technicians, Laser Technicians, Laser Operators, Paramedical Aestheticians and/or with similar job titles and duties within the United States at anytime in the period commencing four (4) years preceding the filing of this Complaint ("the California Technician Subclass").

12. Named Plaintiffs Laurie Mathews and Pamela Strong ("the Utah Named Plaintiffs") also brings this action on behalf of all persons who were, are, or will be employed by ALC as managers, technicians, and/or with similar job titles and duties in Utah (hereinafter "Utah Class") at anytime within the three (3) years prior to the filing date of this Complaint through the date of the final disposition of this action ("the Utah Class Period"), and who were not, are not, or will not be paid all wages, compensation, and monies owed to them under applicable law.

13. The Utah Class is further subdivided into two subclasses (collectively "Utah Subclasses"):

a. All Utah Class members employed by ALC as Clinic Managers

and/or with similar job titles and duties in Utah at anytime in the period commencing three (3) years preceding the filing of this Complaint ("the Utah Clinic Manager Subclass");

b. All Utah Class members employed by ALC as Clinic Technicians, Laser Technicians, Laser Operators, Paramedical Aestheticians and/or with similar job titles and duties within the United States at anytime in the period commencing three (3) years preceding the filing of this Complaint ("the Utah Technician Subclass").

14. Named Plaintiff Heidi Schneeveis ("the Illinois Named Plaintiff") also brings this action on behalf of all persons who were, are, or will be employed by ALC as Clinic Technicians, Laser Technicians, Laser Operators, Paramedical Aestheticians and/or with similar job titles and duties in Illinois (hereinafter "Illinois Class") at anytime within the three (3) years prior to the filing date of this Complaint through the date of the final disposition of this action ("the Illinois Class Period"), and who were not, are not, or will not be paid all wages, compensation, and monies owed to them under applicable law.

15. Named Plaintiffs Kay Love, Paula Austin, Natalie Dolabjian, Laurie Mathews, Christine Pedro, and Heidi Schneeveis ("the ERISA Named Plaintiffs") also bring this action on behalf of themselves and all persons, who were, are, or will be employed by ALC nationwide (hereinafter "the ERISA Class") within the six (6) years prior to the filing date of this Complaint through the date of the final disposition of this action ("the ERISA Class Period"), who were, are, or will be covered by ALC's 401(k) or Roth 401(k) retirement savings plan ("Retirement Plan") but who were not, are not , or will not be not paid in accordance with the wage and hour provisions of the FLSA and/or State Laws.

16. At all relevant times, ALC has been the plan sponsor of the Retirement Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, ALC has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the Retirement Plan, thereby making it a fiduciary of the Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

17. On information and belief, ALC, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the Retirement Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of the Plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that Plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

18. At all relevant times, the ERISA Named Plaintiffs have been employees of ALC, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and participants in the Retirement Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

19. The primary job duty of the Manager Named Plaintiffs, and members of the FLSA Regional Manager Subclass, FLSA Clinic Manager Subclass, and FLSA Assistant Manager Subclass (collectively "the FLSA Manager Subclasses"), and members of the California Regional Manager Subclass, California Clinic Manager Subclass, and California Assistant Manager Subclass (collectively "the California Manager Subclasses"), and the Utah Clinic Manager Subclass is to sell cosmetic skin treatments and products following well-established company instructions and procedures.

20. ALC unlawfully classified and/or classifies the Manager Named Plaintiffs, and members of the FLSA Manager Subclasses, the California Manager Subclasses, and the Utah Clinic Manager Subclass (collectively "the Manager Class") as exempt from the wage and hour provisions of the FLSA and/or State Laws, despite the fact that they are not exempt under any applicable federal or state-law exemption, including the executive or managerial exemption.

21. Manager Class members devoted the majority of their work time to non-management functions, i.e., selling ALC cosmetic skin treatments and products, which was their primary duty. Manager Class members also did not direct the work of two or more full-time employees; did not have the authority to hire and fire or make recommendations regarding decisions affecting the employment status of others; and/or did not regularly exercise a high degree of independent judgment in their work. Indeed, Manager Class members were themselves closely supervised by members of

the ALC corporate office, literally being told what to say and do, and were otherwise treated as menial, expendable, low-level subordinates. Consistent with their job function and treatment, most Manager Class members were recruited from department store cosmetic sales counters with no managerial experience or training, neither of which was supplied by ALC.

22. ALC required, suffered, and/or permitted the Technician Named Plaintiffs, and members of the FLSA Technician Subclass, the California Technician Subclass, the Utah Technician Subclass, and the Illinois Class (collectively "the Technician Class") to perform work for which they were not compensated. As a result of ALC's company-wide policies, practices, procedures, customs, protocols, routines, and/or other factors common to members of the Technician Class, the Technician Named Plaintiffs and Technician Class members were compelled to, and did, work off-the-clock (before clocking in and after clocking out) and work through unpaid lunch periods to perform various tasks including, but not limited to, "prepping" the treatment room for that day's or the next day's scheduled appointments, completing paperwork and client charting or e-charting, finishing up client procedures, and waiting for late-arriving clients, which pushed back the completion time for those procedures. Furthermore, client laser and cosmetic procedures were scheduled right on top of one another, making rest breaks impossible and uninterrupted meal breaks a rarity.

23. At all relevant times, and as a means of reducing their labor costs, Defendant's policies and compensation plan were designed to prevent or minimize the minimum wages, regular wages, overtime compensation, and other monies required to be paid or credited to its employees. ALC corporate officers stressed to Manager Class members that overtime was not permitted or tolerated – a mantra that was repeated to Technician Class members. ALC corporate officers chastised and shamed Manager Class members when their clinics reported overtime hours. Manager Class members even had their bonus pay docked for so-called overtime "errors." Consistent with this corporate culture, non-exempt Technician Class members had their time entries changed, their overtime hours shaved off, and their regular hours shifted around to avoid daily and

weekly overtime premiums.

24. The Named Plaintiffs and members of the Manager and Technician Classes worked overtime hours, as defined by the applicable federal and State Laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate for those hours, and at twice the regular hourly rate for certain other overtime hours (hereinafter "overtime compensation").

25. ALC has willfully refused to pay the Named Plaintiffs and members of the Manager and Technician Classes the required regular wages, minimum wages, and overtime compensation for all hours worked, as well as expenses, reimbursements, and other monies owed, and has failed to keep time records as required by the FLSA and/or State Laws.

26. ALC has failed to keep records of the ERISA Named Plaintiffs' and the ERISA Class members' hours and overtime work. In doing so, ALC has failed to comply with ERISA's requirement that they maintain records sufficient to determine benefits due or which may become due under the Retirement Plan, as required under ERISA § 209, 29 U.S.C. 1059.

27. ALC has failed to credit the ERISA Named Plaintiffs and the ERISA Class members for overtime and other wages as eligible compensation under the Retirement Plan (hereinafter "Eligible Compensation"). In doing so, ALC has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. 1104.

28. ALC's practices violate the FLSA, ERISA, and the State Laws pleaded herein. Plaintiffs seek injunctive and declaratory relief, regular wages, minimum wages, and overtime compensation for all work required, suffered, or permitted by ALC, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## III.

## THE PARTIES

29. Plaintiff KAY LOVE ("LOVE") is an individual residing in San Diego County, California. LOVE was employed by ALC as a Clinic Manager in La Jolla,

California, from approximately May 2003 to March 2007. From April 2007 to July 2007, LOVE was employed by ALC as Regional Manager of the West Coast South region of Southern California, comprising Los Angeles, San Diego, Riverside, and Orange Counties. LOVE has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

30. Plaintiff MELINDA AHUMADA ("AHUMADA") is an individual residing in Los Angeles County, California. AHUMADA was employed by ALC as an Assistant Manager in Pasadena, California from approximately April 2006 to April 2007. AHUMADA was employed by ALC as a Clinic Manager in Beverly Hills, California, from approximately April 2007 to September 2007. AHUMADA has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

31. Plaintiff PAULA AUSTIN ("AUSTIN") is an individual residing in Monterey County, California. AUSTIN was employed by ALC as a Clinic Manager in Carmel, California, from approximately April 2007 to May 2007. AUSTIN has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

32. Plaintiff ASHLEY BRISENO ("BRISENO") is an individual residing in Los Angeles County, California. BRISENO was employed by ALC as a Clinic Manager in Pasadena, California, from approximately December 2005 to February 2007. BRISENO has been employed by ALC as a Clinic Manager in Pasadena, California, since approximately May 2007. BRISENO works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter

alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

33. Plaintiff JESSICA BURIA ("BURIA") was and is an individual residing in Los Angeles County, California. BURIA was employed by ALC as a Clinic Manager in Brentwood, California, from approximately September 2006 to May 2007. BURIA was employed by ALC as a Clinic Manager in Santa Monica, California, from approximately May 2007 to July 2007. BURIA has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

34. Plaintiff LISA CASEY ("CASEY") is an individual residing in Los Angeles County, California. CASEY was employed by ALC as a Clinic Manager in Yorba Linda, California, from approximately August 2006 to December 2006. CASEY has been employed by ALC as a Clinic Manager in Torrance, California, since approximately December 2006. CASEY works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

35. Plaintiff NATALIE DOLABJIAN ("DOLABJIAN") is an individual residing in Los Angeles County, California. DOLABJIAN was employed by ALC as an Assistant Manager in Beverly Hills, California, from approximately May 2006 to August 2006, and in West Hollywood, California, from approximately August 2006 to October 2006. DOLABJIAN was employed by ALC as Clinic Manager in West Hollywood, California, from approximately October 2006 to February 2007. DOLABJIAN has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

36. Plaintiff NADIA KAMELI ("KAMELI") is an individual residing in Los

Angeles County, California. KAMELI was employed by ALC as a Clinic Manager in Beverly Hills, California, from approximately January 2006 to April 2007. KAMELI has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

37. Plaintiff LAURIE MATHEWS ("MATHEWS") is an individual residing in Salt Lake County, Utah. MATHEWS was employed by ALC as a Clinic Manager in Salt Lake City, Utah, from approximately November 2001 to August 2007. MATHEWS has worked hours in excess of 40 hours per week without receiving overtime compensation as required by federal and/or Utah law.

38. Plaintiff ASHLEE MOCHAN ("MOCHAN") is an individual residing in Los Angeles County, California. MOCHAN was employed by ALC as an Assistant Manager/Aesthetician in Yorba Linda, California, from approximately September 2006 to May 2007. MOCHAN has been employed by ALC as an Assistant Manager/Aesthetician in Brea, California, since approximately May 2007. MOCHAN works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

39. Plaintiff CHRISTINE PEDRO ("PEDRO") is an individual residing in Alameda County, California. PEDRO has been employed by ALC as a Clinic Manager in Castro Valley, California, since approximately July 2007. PEDRO has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

40. Plaintiff PAMELA STRONG ("STRONG") is an individual residing in Salt Lake County, Utah. STRONG was employed by ALC as a full-time Laser Technician/Paramedical Aesthetician in Salt Lake City, Utah, from approximately

September 2005 to October 2006, and as a Clinic Manager from approximately October 2006 to July 2007 in Orem, Utah. STRONG has worked hours in excess of 40 hours per week without receiving overtime compensation as required by federal and/or Utah law.

41. Plaintiff HEIDI SCHNEEVEIS ("SCHNEEVEIS") is an individual residing in Denver County, Colorado. SCHNEEVEIS was employed by ALC as a full-time Laser Technician/Paramedical Aesthetician in Highland Park, Illinois, from approximately November 2003 to November 2005. SCHNEEVEIS has worked hours in excess of 40 hours per week without receiving overtime compensation as required by federal and/or Illinois law.

42. Plaintiff BEVERLY ALEXANDER ("ALEXANDER") is an individual residing in Ventura County, California. ALEXANDER has been employed by ALC as a part-time Laser Technician in West Hills, California, since approximately February 2007. ALEXANDER has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

43. Plaintiff KATHRYN CAMERON ("CAMERON") is an individual residing in Los Angeles County, California. CAMERON has been employed by ALC as a part-time Laser Technician in Santa Monica, California, since approximately May 2007. CAMERON has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

44. Plaintiff FEY REICHMAN ("REICHMAN") is an individual residing in Ventura County, California. REICHMAN was employed by ALC as a part-time Laser Technician in Burbank, California, from approximately March 2007 to May 2007, and in West Hills, California, from approximately June 2007 to August 2007. REICHMAN has worked hours in excess of 8 hours per day without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

45. Plaintiff CYNTHIA RODIER ("RODIER") is an individual residing in Los Angeles County, California. RODIER has been employed by ALC as a part-time Laser Technician in West Hollywood, California, since approximately April 2007. RODIER has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

46. Plaintiff SANDRA SEWERIN ("SEWERIN") is an individual residing in Orange County, California. SEWERIN has been employed by ALC as a full-time Laser Technician in Brea, California, since approximately October 2006. SEWERIN works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by federal and/or California law.

47. Plaintiff AMY WILLIAMS ("WILLIAMS") is an individual residing in Los Angeles County, California. WILLIAMS has been employed by ALC as a part-time Laser Operator in Torrance, California, since approximately October 2006. WILLIAMS has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law

48. LOVE serves as representative plaintiff for the FLSA Regional Manager Subclass and the California Regional Manager Subclass ("the Representative Regional Manager Plaintiff'). LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, CASEY, DOLABJIAN, KAMELI, MATHEWS, PEDRO, and STRONG serve as representative plaintiffs for the FLSA Clinic Manager Subclass ("the FLSA Representative Clinic Manager Plaintiffs"). LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, CASEY, DOLABJIAN, KAMELI, and PEDRO serve as representative plaintiffs for the California Clinic Manager Subclass ("the California Representative Clinic Manager Plaintiffs"). (The FLSA Representative Clinic Manager Plaintiffs and the California Representative Clinic Manager Plaintiffs shall collectively be referred to herein as "the

Clinic Manager Representative Plaintiffs"; the Regional Manager Representative Plaintiff and the Clinic Manager Representative Plaintiffs shall collectively be referred to herein as "the Representative Manager Plaintiffs.") AHUMADA, DOLABJIAN, and MOCHAN serve as representative plaintiffs for the FLSA Assistant Manager Subclass and the California Assistant Manager Subclass ("the Representative Assistant Manager Plaintiffs").

49. SCHNEEVEIS, SEWERIN, and STRONG serves as representative plaintiffs for the FLSA Technician Subclass ("the FLSA Representative Technician Plaintiffs"). ALEXANDER, CAMERON, REICHMAN, RODIER, SEWERIN, and WILLIAMS serves as representative plaintiffs for the California Technician Subclass ("the California Representative Technician Plaintiffs"). (The FLSA Representative Technician Plaintiff and the California Representative Technician Plaintiffs shall collectively be referred to herein as "the Representative Technician Plaintiffs.")

50. The FLSA Named Plaintiffs consent to sue for violations of the FLSA pursuant to 29 U.S.C. §§ 216(b) and 256. Consent to sue forms for LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, DOLABJIAN, KAMELI, and MOCHAN, ALEXANDER, CAMERON, CASEY, MATHEWS, PEDRO, RODIER, REICHMAN, SCHNEEVEIS, SEWERIN, STRONG, and WILLIAMS are attached hereto as Exhibit A.

51. Defendant ALC is a Michigan corporation providing laser hair removal and other cosmetic skin treatments throughout the United States, with its corporate headquarters located in Farmington Hills, Michigan. The practices described herein were performed at ALC Clinics in California, Illinois, Utah, and throughout the United States.

52. Defendant RICHARD MORGAN ("MORGAN") is an individual residing in Livingston County, Michigan, and is the President and CEO of ALC. To the extent that ALC and/or Does 1 through 200 are separate business entities, there exists such a unity of interest and commonality of control, including commingling of funds, lack of adequate capitalization, failure to maintain proper books and records, and additional

omissions, that there truly is no separation or distinction between MORGAN and those business entities. As such, the business entities are and were mere instrumentalities, shells, and alter egos of MORGAN such that adherence to the fiction of a separate business entity (including ALC) should be ignored and the entities treated as though they were one and the same as MORGAN, and vice versa.

53.    Named Plaintiffs do not know the true names and capacities of Defendants sued herein as Does 1 through 200, inclusive, and therefore sues each such Defendant by such fictitious names. Named Plaintiffs are informed and that each of the Defendants sued herein as Doe is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "ALC," "Defendant," or "Defendants" herein shall mean "Defendants and each of them."

54.    Named Plaintiffs are informed and believe that, at all relevant times herein, each Defendant was an agent, employer, employee, joint employer, joint venturer, franchisor, franchisee, shareholder, director, member, co-conspirator, alter-ego, master, or partner of each of the other Defendants, and at all times mentioned herein were acting within the scope and course and in pursuance of his, her, or its agency, employment, joint employment, joint venture, partnership, common enterprise, or actual or apparent authority in concert with each other and the other Defendants.

55.    Defendants are individually, jointly, and severably liable as the employer of Named Plaintiffs and each class and subclass member because each Defendant directly or indirectly, or through an agent or another person, employed or exercised control over the wages, hours, and working conditions of Named Plaintiffs and each class and subclass member.

56.    At all relevant times, the acts and omissions of Defendants concurred and contributed to the acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein; Defendants approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein; and Defendants aided and

abetted the acts and omissions of each and every one of the other Defendants in proximately causing the complaints, injuries, and damages alleged herein.

## IV.

## ERISA CLASS ACTION ALLEGATIONS

57. The ERISA Named Plaintiffs bring the First and Second Claims for Relief for violations of ERISA as a nationwide class action pursuant to Rule 23, Fed. R. Civ. P. 23(a), (b)(1) and/or (b)(2), as representatives of a proposed ERISA Class.

58. The ERISA Class is so numerous that joinder of all members is impracticable. The ERISA Named Plaintiffs are informed and believe that, during the ERISA Class Period, Defendant employed several hundred persons who satisfy the definition of the ERISA Class.

59. Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a. Whether Defendant failed and continues to fail to maintain accurate records of actual time worked and wages earned by the ERISA Named Plaintiffs and the ERISA Class;

b. Whether Defendant failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the ERISA Named Plaintiffs and the ERISA Class;

c. Whether Defendant has violated and continues to violate ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d. Whether Defendant credited the ERISA Named Plaintiffs and the ERISA Class with all Eligible Compensation that they were paid or entitled to be paid for purposes of the Retirement Plan, as required by ERISA; and

e. Whether Defendant violated ERISA's fiduciary standards by its failure to credit the ERISA Named Plaintiffs and the ERISA Class with all Eligible Compensation that they were paid or entitled to be paid for purposes of the Retirement Plan, as required by ERISA.

60. The ERISA Named Plaintiffs' claims are typical of those of the ERISA Class.

The ERISA Named Plaintiffs, like all other ERISA Class members, were subject to Defendant's policies and practices of failing to record overtime worked, and Defendant's policy and practice of failing to credit all wages and overtime compensation earned or owing as Eligible Compensation under the Retirement Plan.

61.    The ERISA Named Plaintiffs will fairly and adequately represent and protect the interests of the ERISA Class. The ERISA Named Plaintiffs have retained counsel competent and experienced in complex class actions and ERISA.

62.    Class certification of the First and Second Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory and injunctive relief with respect to the ERISA Named Plaintiffs and the ERISA Class as a whole.

63.    Plaintiffs intend to send notice to all members of the ERISA Class to the extent required by Rule 23.

## V.

## FLSA COLLECTIVE ACTION ALLEGATIONS

64.    The FLSA Named Plaintiffs bring the Third Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all Nationwide FLSA Collective Plaintiffs.

65.    The FLSA Named Plaintiffs and Nationwide FLSA Collective Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions within each FLSA Subclass, and are or were subject to Defendant's common practice, policy, or plan of failing to pay them overtime compensation for all overtime hours worked in violation of the FLSA.

66.    The Manager Named Plaintiffs and members of the FLSA Manager Subclasses are similarly situated in that they have substantially similar job requirements and pay provisions within each FLSA Manager Subclass, and are or were subject to

Defendant's common practice, policy, or plan of unlawfully characterizing them as exempt employees and failing to pay them overtime compensation for all overtime hours worked in violation of the FLSA.

67. The Third Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the FLSA Named Plaintiffs are similar to the claims of the members of the Nationwide FLSA Collective Plaintiffs and the FLSA Subclasses.

68. The names and addresses of the Nationwide FLSA Collective Plaintiffs are available from Defendant ALC, and notice should be provided to the Nationwide FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

## VI.

## CALIFORNIA CLASS ACTION ALLEGATIONS

69. The California Named Plaintiffs bring the Fourth through Eleventh Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, including the California Subclasses, defined in paragraphs 10 and 11.

70. The California Named Plaintiffs also bring the Fourteenth and Fifteenth Claims for Relief for conversion and unjust enrichment as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, including the California Subclasses, defined in paragraphs 10 and 11.

71. The California Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the California Class Period defendant ALC has employed at least one hundred (100) persons who satisfy the definition of the California Class.

72. Common questions of law and fact exist as to members of the California Class and Subclasses, including, but not limited to, the following:

a. Whether Defendant misclassified California Manager Subclass

members as exempt from wage and hour requirements under California law;

b. Whether Defendant failed to pay California Class and/or Subclass members the legally required minimum wage for each hour worked;

c. Whether Defendant failed to pay California Class and/or Subclass members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners;

d. Whether Defendant failed to pay California Class and/or Subclass members overtime compensation for each overtime hour worked;

e. Whether Defendant failed to provide each California Class and/or Subclass member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by California law;

f. Whether Defendant failed to provide each California Class and/or Subclass member with 10 minutes of net rest time for every 4 hours of work, or major fraction thereof, as required by California law;

g. Whether Defendant failed to compensate California Class and/or Subclass members one (1) hour of pay for each day in which a proper meal or rest period was not provided as required by California law.

h. Whether Defendant improperly withheld or deducted wages from California Class and/or Subclass members in violation of Cal. Lab. Code § 221 and the applicable Wage Order;

i. Whether Defendant failed to reimburse California Class and/or Subclass members for job-related equipment, meals, uniforms, transportation, and mileage in violation of Cal. Lab. Code § 2802 and the applicable Wage Order;

j. Whether Defendant failed to pay accrued and vested vacation time to California Class and/or Subclass members in violation of Cal. Lab. Code § 227.3 and California law;

k. Whether Defendant violated Calfornia Labor Code §§ 201-03 by willfully failing to pay all wages and compensation due and owing California Class and/or

Subclass members who quit or who were discharged by Defendant;

l. Whether Defendant violated Cal. Lab. Code § 226 by willfully failing to provide accurate itemized wage statements showing, inter alia, the number of hours worked by California Class and/or Subclass members and all deductions made;

m. Whether Defendant improperly retained, converted, appropriated, or deprived California Class and/or Subclass members the use of money or sums to which they were legally entitled;

n. Whether Defendant was unjustly enriched by the work and services performed by California Class members without compensation;

o. Whether Defendant failed to maintain proper records of hours worked and compensation paid to California Class members in violation of Cal. Lab. Code § 1174;

p. Whether Defendant engaged in unfair business practices in violation of California Bus. & Prof. Code § 17200, *et seq.*, by failing to provide wages and compensation required by California law;

q. Whether California Class and/or Subclass members are entitled to equitable relief pursuant to California Bus. & Prof. Code § 17200, et seq.

r. Whether Defendant's conduct was willful, reckless, oppressive, fraudulent, or malicious; and

s. The effect upon and the extent of injuries suffered by California Named Plaintiffs and California Class and Subclass members, and the appropriate amount of damages, reimbursement, restitution, or other compensation.

73. The California Named Plaintiffs' claims are typical of the claims of California Class and Subclass members. The California Named Plaintiffs, like other California Class and Subclass members, were subjected to ALC's policy and practice of refusing to pay overtime compensation and other violations of California law. The California Named Plaintiffs' job duties were typical of those of other California Class and Subclass members.

74. The California Named Plaintiffs will fairly and adequately represent and protect the interests of the California Class and Subclasses. The Named Plaintiffs have

retained counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor and employment litigation.

75. Class certification of the Fourth through Eleventh Claims for Relief, and Fourteenth through Fifteenth Claims for Relief, is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because ALC has acted or refused to act on grounds generally applicable to the California Class and Subclasses, making appropriate declaratory and injunctive relief with respect to the California Named Plaintiffs and the California Class and Subclasses. The California Named Plaintiffs and the California Class and Subclasses are entitled to injunctive relief to end ALC's common and uniform practice of failing to properly compensate its employees for all hours of work performed for the benefit of ALC, as well as ALC's other violations of California laws.

76. Class certification of the Fourth through Eleventh Claims for Relief, and Fourteenth through Fifteenth Claims for Relief, is also appropriate under Fed. R Civ. P. 23(b)(3) because questions of law and fact common to the California Class and Subclasses predominate over any questions affecting only individual members of the California Class and Subclasses, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. ALC's common and uniform policies and practices unlawfully treat members of the California Manager Subclasses as exempt from overtime and other California laws. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about ALC's practices.

77. Plaintiffs intend to send notice to all members of the California Class to the extent required by Rule 23.

**VII.**

**ILLINOIS CLASS ACTION ALLEGATIONS**

78. The Illinois Named Plaintiff brings the Twelfth Claim for Relief for violation of Illinois's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Illinois Class members, defined in paragraph

14.

79. The Illinois Named Plaintiff also brings the Fourteenth and Fifteenth Claims for Relief for conversion and unjust enrichment as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Illinois Class members, defined in paragraph 14.

80. The Illinois Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the Illinois Class Period defendant ALC has employed at least forty (40) persons who satisfy the definition of the Illinois Class.

81. Common questions of law and fact exist as to members of the Illinois Class, including, but not limited to, the following:

a. Whether Defendant unlawfully failed to pay Illinois Class members the legally required minimum wage for each hour worked, in violation of the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, et seq. ("the IMWL"), the Illinois Wages of Women and Minors Act, 820 Ill. Comp. Stat. § 125/1, et seq. ("the IWWMA"), and the regulations promulgated thereunder;

b. Whether Defendant failed to pay Illinois Class members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings, in violation of the IMWL, the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat. § 115/1, et seq. ("the IWPCA"), and the regulations promulgated thereunder;

c. Whether Defendant failed to pay Illinois Class members overtime compensation in violation of the IMWL and the regulations promulgated thereunder;

d. Whether Defendant failed to provide each Illinois Class member with at least one 20-minute meal period on every workday of at least 7 ½ hours beginning no later than 5 hours after the start of the work, in violation of the Illinois One Day Rest In Seven Act, 820 Ill. Comp. Stat. § 140/1, et seq. ("the IODRS"), and the regulations promulgated thereunder;

e. Whether Defendant improperly withheld or deducted wages from

Illinois Class members in violation of the IWPCA and the regulations promulgated thereunder;

f.  Whether Defendant violated the IWPCA, and regulations promulgated thereunder, by failing to pay all wages and compensation due and owing Illinois Class members at the time of separation of employment or by the next regularly scheduled payday;

g.  Whether Defendant failed to pay accrued and vested vacation time to Illinois Class members in violation of the IWPCA and the regulations promulgated thereunder;

h.  Whether Defendant improperly retained, converted, appropriated, or deprived Illinois Class members the use of money or sums to which they were legally entitled;

i.  Whether Defendant was unjustly enriched by the work and services performed by Illinois Class members without compensation;

j.  Whether Defendant failed to maintain proper records of hours worked and compensation paid to Illinois Class members in violation of the IMWL, the IWWMA, and the IWPCA;

k.  Whether Defendant's conduct was willful, reckless, oppressive, fraudulent, or malicious;

l.  Whether Defendant MORGAN knowingly permitted ALC to violate the provisions of the IWPCA so as to be deemed an "employer" of the Illinois Named Plaintiff and Illinois Class members; and

m.  The effect upon and the extent of injuries suffered by the Illinois Named Plaintiff and Illinois Class members, and the appropriate amount of damages, reimbursement, restitution, or other compensation.

82.  The Illinois Named Plaintiff's claims are typical of the claims of Illinois Class members.  The Illinois Named Plaintiff, like other Illinois Class members, was subjected to ALC's policy and practice of refusing to pay overtime compensation and other violations of Illinois law.  The Illinois Named Plaintiff's job duties were typical

of those of other Illinois Class members.

83. The Illinois Named Plaintiff will fairly and adequately represent and protect the interests of the Illinois Class members. The Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor and employment litigation.

84. Class certification of the Twelfth, Fourteenth, and Fifteenth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because ALC has acted or refused to act on grounds generally applicable to the Illinois Class members, making appropriate declaratory and injunctive relief with respect to the Illinois Named Plaintiff and Illinois Class members. The Illinois Named Plaintiff and Illinois Class members are entitled to injunctive relief to end ALC's common and uniform practice of failing to properly compensate its employees for all hours of work performed for the benefit of ALC, as well as ALC's other violations of Illinois laws.

85. Class certification of the Twelfth, Fourteenth, and Fifteenth Claims for Relief is also appropriate under Fed. R Civ. P. 23(b)(3) because questions of law and fact common to the Illinois Class and Subclasses predominate over any questions affecting only individual members of the Illinois Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about ALC's practices.

86. Plaintiffs intend to send notice to all members of the Illinois Class to the extent required by Rule 23.

## VIII.

## UTAH CLASS ACTION ALLEGATIONS

87. The Utah Named Plaintiffs bring the Thirteenth Claim for Relief for violation of Utah's wage and hour laws as a class action, pursuant to Fed. R. Civ. P. 23(a), (b)(2), and (b)(3), on behalf of all Utah Class members, including the Utah Subclasses, defined in paragraphs 12 and 13.

88. The Utah Named Plaintiffs also bring the Fourteenth and Fifteenth Claims for Relief for conversion and unjust enrichment as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all Utah Class members, including the Utah Subclasses, defined in paragraphs 12 and 13.

89. The Utah Class is so numerous that joinder of all members is impracticable. Plaintiffs are informed and believe, and on that basis allege, that during the Utah Class Period defendant ALC has employed at least forty (40) persons who satisfy the definition of the Utah Class.

90. Common questions of law and fact exist as to members of the Utah Class, including, but not limited to, the following:

a. Whether Defendant unlawfully failed to pay Utah Class and/or Subclass members the legally required minimum wage for each hour worked, in violation of the Utah Minimum Wage Act, Utah Code Ann. Stat. § 34-40-101, et seq. ("the UMWA");

b. Whether Defendant failed to pay Utah Class and/or Subclass members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners, in violation of the Utah Payment of Wages Act, Utah Code Ann. Stat. § 34-28-1, et seq. ("the UPWA");

c. Whether Defendant failed to pay Utah Class and/or Subclass members overtime compensation in violation of the UPWA;

d. Whether Defendant misclassified Utah Clinic Manager Subclass members as exempt from wage and hour requirements under applicable law;

e. Whether Defendant improperly withheld or deducted wages from Utah Class and/or Subclass members in violation of the UPWA;

f. Whether Defendant violated the UPWA by failing to pay all wages and compensation due and owing Utah Class and/or Subclass members at the time of separation of employment or by the next regularly scheduled payday;

g. Whether Defendant improperly retained, converted, appropriated, or deprived Utah Class and/or Subclass members the use of money or sums to which they

were legally entitled;

h. Whether Defendant was unjustly enriched by the work and services performed by Utah Class members and/or Subclass without compensation;

i. Whether Defendant failed to maintain proper records of hours worked and compensation paid to Utah Class and/or Subclass members in violation of the UPWA;

j. Whether Defendant's conduct was willful, reckless, oppressive, fraudulent, or malicious; and

k. The effect upon and the extent of injuries suffered by the Utah Named Plaintiff and Utah Class and Subclass members, and the appropriate amount of damages, reimbursement, restitution, or other compensation.

91. The Utah Named Plaintiffs' claims are typical of the claims of Utah Class and Subclass members. The Utah Named Plaintiffs, like other Utah Class and Subclass members, was subjected to ALC's policy and practice of refusing to pay overtime compensation and other violations of Utah law. The Utah Named Plaintiff's job duties were typical of those of other Utah Class and Subclass members.

92. The Utah Named Plaintiffs will fairly and adequately represent and protect the interests of the Utah Class and Subclass members. The Named Plaintiffs have retained counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor and employment litigation.

93. Class certification of the Thirteenth through Fifteenth Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because ALC has acted or refused to act on grounds generally applicable to the Utah Class, making appropriate declaratory and injunctive relief with respect to the Utah Named Plaintiff and Utah Class members. The Utah Named Plaintiff and Utah Class members are entitled to injunctive relief to end ALC's common and uniform practice of failing to properly compensate its employees for all hours of work performed for the benefit of ALC, as well as ALC's other violations of Utah laws.

94. Class certification of the Thirteenth through Fifteenth Claims for Relief is also appropriate under Fed. R Civ. P. 23(b)(3) because questions of law and fact

common to the Utah Class predominate over any questions affecting only individual members of the Utah Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. ALC's common and uniform policies and practices unlawfully treat members of the Utah Clinic Manager Subclass as exempt from overtime and other Utah laws. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about ALC's practices.

95. Plaintiffs intend to send notice to all members of the Utah Class to the extent required by Rule 23.

## IX.

## FIRST CLAIM FOR RELIEF

## FAILURE TO MAINTAIN RECORDS UNDER ERISA

**(Brought by ERISA Named Plaintiffs on Behalf of Themselves and the ERISA Class Members Against All Defendants)**

96. The ERISA Named Plaintiffs, on behalf of themselves and the ERISA Class, reallege and incorporate by reference paragraphs 1 through 95 as if they were set forth again herein.

97. ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

98. On information and belief, the Retirement Plan is an employee pension benefit plan within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

99. Pursuant to the terms of the Retirement Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their Eligible Compensation, which includes, among other things, employees' wages and overtime compensation.

100. By its failure to record and/or report all of the hours worked by the ERISA Named Plaintiffs and members of the prospective ERISA Class, Defendant has failed to

maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Retirement Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

101. In order to remedy this violation of ERISA by Defendant, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek injunctive relief, and such other equitable relief as the Court deems just and proper, as provided by Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3).

102. The ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## X.

## SECOND CLAIM FOR RELIEF

## FAILURE TO CREDIT ELIGIBLE COMPENSATION UNDER ERISA

**(Brought by ERISA Named Plaintiffs on Behalf of Themselves and the ERISA Class Members Against All Defendants)**

103. The ERISA Named Plaintiffs, on behalf of themselves and the ERISA Class, reallege and incorporate by reference paragraphs 1 through 102 as if they were set forth again herein.

104. ERISA § 404(a)( 1), 29 U.S.C. § 1104(a)( 1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

105. On information and belief, the governing instrument of the Retirement Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that

regard.

106. On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited as Eligible Compensation under the Retirement Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that Plan with respect to the crediting of compensation.

107. Defendant has breached its fiduciary duties by failing to credit overtime compensation and other wages due the ERISA Named Plaintiffs and the members of the ERISA Class as Eligible Compensation under the Retirement Plan

108. Pursuant to ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek an injunction requiring Defendant to credit all members of the ERISA Class with Eligible Compensation under the Retirement Plan for all of the past and future wages and overtime compensation owed or owing to Class members. In addition, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek any such other equitable relief as this Court deems appropriate.

109. The ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, seek recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

## XI.

## THIRD CLAIM FOR RELIEF

## FAILURE TO PAY OVERTIME UNDER THE FLSA

**(Brought by FLSA Named Plaintiffs on Behalf of Themselves and the Nationwide FLSA Collective Plaintiffs Against All Defendants)**

110. FLSA Named Plaintiffs, on behalf of themselves and all Nationwide FLSA Collective Plaintiffs, reallege and incorporate by reference paragraphs 1 through 109 as if they were set forth again herein.

111. At all relevant times, ALC has been, and continues to be, an "enterprise" engaged in interstate "commerce" and/or in the production of "goods" for “commerce”

within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, ALC has employed, and continues to employ, "employee[s]," including FLSA Named Plaintiffs, and each of the Nationwide FLSA Collective Plaintiffs. At all relevant times, ALC has had annual gross business volume in excess of $500,000.

112. By virtue of his ownership, control, and actions in the interest of ALC, Defendant MORGAN was and is an "employer" of the FLSA Named Plaintiffs and Nationwide FLSA Collective Plaintiffs within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

113. Attached hereto, and attached to Plaintiffs' original Complaint, are consents to sue signed by the FLSA Named Plaintiffs in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as Nationwide FLSA Collective Plaintiffs on this claim in the future.

114. During the Nationwide FLSA Period, Defendant misclassified the Manager Named Plaintiffs and members of the FLSA Manager Subclasses as exempt employees.

115. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a work week.

116. The FLSA Named Plaintiffs and Nationwide FLSA Collective Plaintiffs are entitled to be paid overtime compensation for all overtime hours worked.

117. At all relevant times, ALC, pursuant to its policies and practices, failed and refused to pay overtime premiums to the FLSA Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs for their hours worked in excess of 40 hours per week.

118. By failing to compensate the FLSA Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek, ALC has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

119. By failing to record, report, and/or preserve records of hours worked by

the FLSA Named Plaintiffs and the Nationwide FLSA Collective Plaintiffs, ALC has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

120. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to managers is as follows: The Representative Regional Manager Plaintiff and the FLSA Regional Manager Subclass members earn an average annual salary of $70,000, exclusive of non-discretionary bonuses, and work an average of 35 overtime hours per week; the FLSA Representative Clinic Manager Plaintiffs and the FLSA Clinic Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, and work an average of 25 overtime hours per week; and the FLSA Representative Assistant Manager Plaintiffs and the FLSA Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, and work an average of 15 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the Manager Named Plaintiffs and the FLSA Manager Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

121. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to technicians is as follows: The FLSA Representative Technician Plaintiffs and the FLSA Technician Subclass members earn an average hourly rate of $25, exclusive of non-discretionary bonuses, and work an average of 7 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the FLSA Representative Technician Plaintiffs and the FLSA Technician Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

122. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

123. FLSA Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek recovery of their attorneys' fees and costs of action to be paid by ALC, as provided by the FLSA, 29 U.S.C. § 216(b).

124. FLSA Named Plaintiffs, on behalf of themselves and Nationwide FLSA Collective Plaintiffs, seek damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## XII.

## FOURTH CLAIM FOR RELIEF

## FAILURE TO PAY WAGES AND OVERTIME

## UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

125. California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 124 as if they were fully set forth herein.

126. Pursuant to Cal. Lab. Code §§ 204, 215, 216, 218.5, 510, 1174, 1194, 1194.2, 1197, 1199, and the applicable Industrial Welfare Commission ("IWC") Wage Order No. 2, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked.

127. Pursuant to section 2(G) of applicable Wage Order No. 2, "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

128. At all relevant times, Defendant has regularly and consistently maintained corporate policies and practices of refusing to pay California Named Plaintiffs and California Class members for all hours worked, including "off-the-

clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners. California Named Plaintiffs and California Class members are and were required to attend marketing events, meetings, and training seminars outside the range of their normal commuting distance, without compensation for such travel time, training time, or meeting time. The California Representative Clinic Manager Plaintiffs and California Clinic Manager Subclass members have also been required to attend certain "mandatory" dinners with ALC corporate officers and "VIPs," none of which is compensated for because of their misclassified exempt status.

129.    The California Representative Technician Plaintiffs and the California Technician Subclass members have complained to their supervisors (they are forbidden from calling Human Resources directly) about shaved hours, shifted hours, off-the-clock work, and missing overtime compensation, all to no avail, since overtime is not permitted or tolerated by ALC.

130.    At all times relevant herein, Defendant has failed to record, report, and/or preserve records of hours worked by the California Named Plaintiffs and the California Class members sufficient to determine their wages, hours, and other conditions and practices of employment in violation of Cal. Lab. Code § 1174(d).

131.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to managers is as follows: The Representative Regional Manager Plaintiff and the California Regional Manager Subclass members earn an average annual salary of $70,000, exclusive of non-discretionary bonuses, and work an average of 35 overtime hours per week; the California Representative Clinic Manager Plaintiffs and the California Clinic Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, and work an average of 25 overtime hours per week; and the California Representative Assistant Manager Plaintiffs and the California Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, and work an average of 15 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the California Manager Named Plaintiffs and the California

Manager Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

132.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to technicians is as follows:  The California Representative Technician Plaintiffs and the California Technician Subclass members earn an average hourly rate of $30, exclusive of non-discretionary bonuses, and work an average of 5 overtime hours per week.  For purposes of determining the amount of overtime owed, the regular rate of the California Representative Technician Plaintiffs and the California Technician Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

133.    Under the California Labor Code and applicable Wage Order No. 2, California Named Plaintiffs and California Class members should have received regular wages in a sum according to proof for the hours worked, but not compensated, during the California Class Period.  Defendant therefore owes California Named Plaintiffs and each California Class member regular wages and have failed and refused, and continue to fail and refuse, to pay California Named Plaintiffs and California Class members the amounts owed.

134.    California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week.

135.    The California Named Plaintiffs and the California Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

136.    During the California Class Period, Defendant misclassified the California Manager Named Plaintiffs and the California Manager Subclass members as exempt employees, with the exception of California Assistant Manager Subclass members, who Defendant reclassified as nonexempt on or about January 1, 2007.

137.    At all relevant times, and consistent with Defendant's corporate policies

and practices, California Named Plaintiffs and California Class members regularly work or have worked in excess of 8 hours per day and/or 40 hours per week, including on the sixth or seventh day of a workweek, without compensation for each and every hour and overtime hour worked. Certain California Named Plaintiffs and California Class Members also work or have worked in excess of twelve (12) hours in a workday.

138. At all relevant times, and consistent with its corporate policies and practices, Defendant has failed to pay California Named Plaintiffs and California Class members overtime wages, including time and a half and double time, for all hours worked in excess of 8 hours per day and/or 40 hours per week as required by Cal. Lab. Code § 510.

139. Section 4 of applicable Wage Order No. 2 requires Defendant to pay its employees minimum wages for all hours worked. Because Defendant failed to compensate California Named Plaintiffs and California Class members for each and every hour worked as set forth above, Defendant failed to pay California Named Plaintiffs and California Class members the required minimum wage rate for each hour worked. That is to say, Defendant's payment of $0 per hour for each such hour worked was less than the applicable minimum wage rate in effect.

140. Cal. Lab. Code § 1194.2(a) provides that, in an action to recover wages because of the payment of a wage less than the minimum wage fixed by the IWC Wage Orders, an employee is entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

141. California Named Plaintiffs and California Class members should have received minimum wages in a sum according to proof for the hours worked, but not compensated, during the California Class Period. Defendant therefore owes California Named Plaintiffs and California Class members minimum wages, as well as liquidated damages in an equal amount to the minimum wages owed, and has failed and refused, and continues to fail and refuse, to pay California Named Plaintiffs and California Class members the amounts owed.

142.   As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the California Named Plaintiffs and California Class members have sustained damages and been deprived of minimum wages, regular wages, and overtime compensation that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, liquidated damages, and attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5, 1194, and 1194.2.

## XIII.

## FIFTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE MEAL BREAKS UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

143.   California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 142 as if they were fully set forth herein.

144.   At all relevant times, California Named Plaintiffs and California Class members regularly work or have worked shifts in excess of five (5) hours without being provided a thirty (30) minute meal period that relieved them of all responsibilities.  Moreover, California Named Plaintiffs and California Class members regularly work or have worked shifts in excess of ten (10) hours without being provided with a second meal break of at least thirty (30) minutes that relieved them of all responsibilities.  Such meal periods were and are required by Cal. Lab. Code §§ 226.7 and 512, as well as section 11 of applicable Wage Order No. 2.

145.   Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally provided meal breaks to managers is as follows:  The Representative Regional Manager Plaintiff and the California Regional Manager Subclass members earn an average annual salary of $70,000, exclusive of non-discretionary bonuses, work an average of 6 days per week, and have never received a legal meal break; the California

Representative Clinic Manager Plaintiffs and the California Clinic Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, work an average of 6 days per week, and have never received a legal meal break; and the California Representative Assistant Manager Plaintiffs and the California Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, work an average of 5 days per week, and never received a legal meal break prior to reclassification. For purposes of determining the amount of meal break premium pay owed, the regular rate of the California Manager Named Plaintiffs and the California Manager Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

146. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally provided meal breaks to technicians is as follows: The California Representative Technician Plaintiffs and California Technician Subclass members who work full-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 5 days per week, and receive an average of 2 legal meal breaks; the California Representative Technician Plaintiffs and California Technician Subclass members who work part-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 3 days per week, and have never received a legal meal break. For purposes of determining the amount of meal break premium pay owed, the regular rate of the California Representative Technician Plaintiffs and the California Technician Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

147. As a result of Defendant's failure to provide proper meal periods, and pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendant is liable to California Named Plaintiffs and California Class members for one (1) hour of additional premium pay at the regular rate of compensation for each workday in which a proper meal period is not or was not provided. In addition, California

Named Plaintiffs and California Class members are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

## XIV.

## SIXTH CLAIM FOR RELIEF

## FAILURE TO PROVIDE REST BREAKS UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

148. California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 147 as if they were fully set forth herein.

149. At all relevant times, California Named Plaintiffs and California Class members regularly work or have worked periods in excess of four (4 ) hours, or a major fraction thereof, without being afforded a rest break of ten (10) net minutes as required by Cal. Lab. Code § 226.7 and section 12 of applicable Wage Order No. 2.

150. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally authorized and permitted rest breaks to managers is as follows: The Representative Regional Manager Plaintiff and the California Regional Manager Subclass members earn an average annual salary of $70,000, exclusive of non-discretionary bonuses, work an average of 6 days per week, and have never received a legal rest break; the California Representative Clinic Manager Plaintiffs and the California Clinic Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, work an average of 6 days per week, and have never received a legal rest break; and the California Representative Assistant Manager Plaintiffs and the California Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, work an average of 5 days per week, and never received a legal rest break prior to reclassification. For purposes of

determining the amount of rest break premium pay owed, the regular rate of the California Manager Named Plaintiffs and the California Manager Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

151. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally provided meal breaks to technicians is as follows: The California Representative Technician Plaintiffs and California Technician Subclass members who work full-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 5 days per week, and have never received a legal rest break; the California Representative Technician Plaintiffs and California Technician Subclass members who work part-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 3 days per week, and have never receive a legal rest break. For purposes of determining the amount of rest break premium pay owed, the regular rate of the California Representative Technician Plaintiffs and the California Technician Subclass members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

152. As a result of Defendant's failure to afford proper rest periods, and pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendant is liable to California Named Plaintiffs and California Class members for one (1) hour additional premium pay at the regular rate of compensation for each workday in which a proper rest period is not or was not provided. In addition, California Named Plaintiffs and California Class members are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

///

///

///

XV.

## SEVENTH CLAIM FOR RELIEF

## IMPROPER WAGE DEDUCTIONS UNDER CALIFORNIA LAW

**(Brought by the Representative Manager Plaintiffs on Behalf of Themselves and the California Regional Manager and Clinic Manager Subclasses Against All Defendants)**

153. The Representative Manager Plaintiffs, on behalf of themselves and all members of the California Regional Manager and Clinic Manager Subclasses, reallege and incorporate by reference paragraphs 1 through 152 as if they were fully set forth herein.

154. Cal. Lab. Code § 221 prohibits deductions from an employee's wages. In addition, section 8 of applicable Wage Order No. 2 provides: "No employer shall make any deduction from the wage or require any reimbursement from an employee for any cash shortage, breakage, or loss of equipment, unless it can be shown that the shortage, breakage, or loss is caused by a dishonest or willful act, or by the gross negligence of the employee."

155. Effective January 1, 2007, Defendant began deducting $500 per month from the wages of the Representative Clinic Manager Plaintiffs and the California Clinic Manager Subclass for unspecified "Accounting errors," "Human Resources Errors," and the failure to "Make Labor target" (i.e., zero recorded overtime). Such "errors" are and were the result of no more than simple acts of negligence or the cost of doing business.

156. Effective January 1, 2007, Defendant also began deducting $200 ***per clinic*** per month from the wages of the Representative Regional Manager Plaintiff and the California Regional Manager Subclass for the same "errors" occurring at each clinic within a given region.

157. In violation of Cal. Lab. Code § 226, none of Defendant's deductions for so-called "errors" were itemized on the wage statements provided to Representative Manager Plaintiffs or the California Regional Manager and Clinic Manager Subclasses.

158. Defendant has unlawfully deducted and withheld wages from Representative Manager Plaintiffs and the California Regional Manager and Clinic Manager Subclasses for business losses and simple acts of negligence in violation of Cal. Lab. Code § 221 and section 8 of applicable Wage Order No. 2. As a result of such unlawful acts, Plaintiff and proposed Class Members are entitled to recovery of such amounts, plus interest, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

## XVI.

## EIGHTH CLAIM FOR RELIEF

## FAILURE TO REIMBURSE BUSINESS EXPENSES UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

159. California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 158 as if they were fully set forth herein.

160. Cal. Lab. Code § 2802 requires employers to indemnify employees for all necessary expenditures incurred by the employee in the discharge of his or her duties. In addition, section 9 of applicable Wage Order No. 2 provides that uniforms and equipment required by the employer or necessary for the job must be provided and maintained by the employer.

161. At all relevant times, California Named Plaintiffs and California Class members were required to wear lab coats, scrubs, and/or other medical-style uniforms bearing the ALC name or logo, which they were required to care for and maintain at their own expense and on their own time. Indeed, California Named Plaintiffs and California Class members were required to purchase the ALC uniform if the original was lost or ruined, or if they simply wanted a second set of working clothes.

162. At all relevant times, California Manager Named Plaintiffs and

California Manager Subclass members were required to have and pay for a cell phone and cellular plan, which was for the benefit of ALC and which was used in lieu of a pager so that ALC corporate officers could contact and keep track of its managers at all times. Indeed, on several occasions, an individual Clinic Manager's cell phone would serve as that ALC Clinic's business phone pending the installation of phone lines and/or the initiation of phone service.

163. At all relevant times, Defendant did not reimburse California Named Plaintiffs and California Class members for the cost and use of their vehicles within the course and scope of their employment, such as to attend events and shows at which to market ALC services and products, or to attend mandatory training or meetings. Nor did Defendants reimburse California Named Plaintiffs and California Class members the IRS mileage allowance for business miles.

164. At all relevant times, Defendant failed to reimburse California Manager Named Plaintiffs and California Manager Subclass members for necessary expenditures incurred in the course and scope of their employment, such as for office equipment and business travel. On some occasions, business expenditures for office equipment were specifically requested and authorized, only to then be partially denied on the basis that "too much" had been spent. Defendant denied or ignored reimbursement for such items even when California Manager Named Plaintiffs and California Manager Subclass members submitted expense reports for same. California Manager Named Plaintiff BRISENO even told an ALC Vice President, Nichole Vitale, that she had "given up on expense reports." Vitale's reaction was to hug BRISENO and exclaim "Oh God bless you!"

165. As a result of said unlawful acts, Defendant is liable to California Named Plaintiffs and California Class members in the amounts expended according to proof, and also for interest, attorney's fees, and costs pursuant to Cal. Lab. Code § 2802(c).

///

**XVII.**

## NINTH CLAIM FOR RELIEF

## FAILURE TO PAY WAGES DUE AT TERMINATION UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

166.    California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 165 as if they were set forth again herein.

167.    Cal. Lab. Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law.  Cal. Lab. Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

168.    In addition, Cal. Lab. Code § 227.3 requires Defendant to pay its employees all unused vacation time that has accrued and vested on termination of employment at their final wage rate in effect.

169.    At all relevant times, Defendant instituted and maintained a "use-it-or-lose it" vacation policy that results in a forfeiture of accrued and vested vacation time at the end of each employee's work year.

170.    At all relevant times, California Named Plaintiffs and California Class members who left Defendant's employ were shortchanged on their vested vacation time, and were falsely told that they had not accrued the vested vacation time to which they claimed to be entitled.

171.    California Named Plaintiffs and California Class members who ceased employment with ALC are entitled to unpaid compensation for wages, overtime, premium pay, improperly deducted wages, unreimbursed expenses, and vested vacation time, as alleged above, but to date have not received such compensation. Defendant's failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Cal. Lab. Code § 203.

172. More than thirty days have passed since certain California Named Plaintiffs and California Class members have left Defendant's employ.

173. As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California California Named Plaintiffs and California Class members whose employment ended during the class period are entitled to thirty days' wages under Cal. Lab. Code § 203, together with interest thereon and attorneys' fees and costs.

**XVIII.**

**TENTH CLAIM FOR RELIEF**

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS UNDER CALIFORNIA LAW**

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

174. California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 173 as if they were set forth again herein.

175. Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements showing, inter alia, hours worked, to California Named Plaintiffs and the California Class members in accordance with Cal. Lab. Code § 226(a) and applicable Wage Order No. 2. Such failure caused injury to California Named Plaintiffs and the California Class members by, among other things, impeding them from knowing the amount of wages to which they are and were legally entitled. At all times relevant herein, Defendant has failed to maintain records of hours worked by California Named Plaintiffs and California Class members as required under Cal. Lab. Code § 1174(d).

176. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of the number of pay periods in which Defendant failed to provide accurate itemized wage statements to California Named Plaintiffs and California Class members is ***each and***

*every pay period during the California Class Period.*

177. California Named Plaintiffs and the California Class members are entitled to and seek injunctive relief requiring Defendant to comply with Cal. Lab. Code §§ 226(a) and 1174(d), and further seek the amount provided under Cal. Lab. Code § 226(e), including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## XIX.

## ELEVENTH CLAIM FOR RELIEF

## UNFAIR BUSINESS PRACTICES UNDER CALIFORNIA LAW

**(Brought by California Named Plaintiffs on Behalf of Themselves and California Class Members Against All Defendants)**

178. California Named Plaintiffs, on behalf of themselves and all members of the California Class, reallege and incorporate by reference paragraphs 1 through 177 as if they were set forth again herein.

179. By the conduct described in the Fourth through Tenth Claims for Relief above, Defendant has violated the provisions of the California Labor Code as specified and has engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq. Defendant's use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendant's competitors.

180. The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendant's current employees as well as other members of the general public. California Named Plaintiffs and the California Class members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits. Accordingly, California Named Plaintiffs and the California Class members request a

preliminary and permanent injunction prohibiting Defendant from the unfair practices complained of herein.

181. Defendant generated income as a direct result of the above-mentioned unlawful and unfair business practices. California Named Plaintiffs and the California Class members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendant by means of the unfair and unlawful practices complained of herein.

182. As a result, California Named Plaintiffs and California Class members seek restitution of their unpaid wages, unpaid overtime, unpaid premium time (for Defendants' failure to provide adequate meal and rest periods), improperly deducted wages, unreimbursed expenses, vested vacation time, and waiting time penalties, in addition to interest, attorneys' fees, and costs, as necessary and according to proof. California Named Plaintiffs seeks the appointment of a receiver, as necessary, to establish the total monetary relief sought from Defendant.

**XX.**

**TWELFTH CLAIM FOR RELIEF**

**FAILURE TO PAY WAGES AND OVERTIME**

**UNDER ILLINOIS LAW**

**(Brought by the Illinois Named Plaintiff on Behalf of Herself and Illinois Class Members Against All Defendants)**

183. The Illinois Named Plaintiff, on behalf of themselves and all members of the Illinois Class, reallege and incorporate by reference paragraphs 1 through 182 as if they were fully set forth herein.

184. At all relevant times, as alleged, Defendant has violated the IMWL, the IWWMA, the IWPCA, the IODRS, and the administrative regulations promulgated thereunder, Illinois Administrative Code § 210.100, et seq. (collectively "Illinois Wage Laws").

185. At all relevant times, ALC has been, and continues to be, an "employer"

within the meaning of the Illinois Wage Laws. At all relevant times, ALC has employed, and/or continues to employ, "employee[s]," including the Illinois Named Plaintiff, and each member of the prospective Illinois Class, within the meaning of the Illinois Wage Laws. At all relevant times, in addition to being the alter ego of ALC, Defendant MORGAN has knowingly permitted ALC to violate the provisions of the Illinois Wage Laws so as to be deemed an "employer" of the Illinois Named Plaintiff and Illinois Class members.

186.   At all relevant times, Defendant has failed to pay the Illinois Named Plaintiff and Illinois Class members the legally required minimum wage for each and every hour worked in violation of the Illinois Wage Laws.

187.   At all relevant times, Defendant failed to pay the Illinois Named Plaintiff and Illinois Class members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings, in violation of the the Illinois Wage Laws.

188.   At all relevant times, Defendant failed to pay the Illinois Named Plaintiff and Illinois Class members overtime compensation in violation of the the Illinois Wage Laws.

189.   At all relevant times, Defendant failed to provide the Illinois Named Plaintiff and each Illinois Class member with at least one 20-minute meal period on every workday of at least 7 ½ hours, beginning no later than 5 hours after the start of the work, in violation of the Illinois Wage Laws.

190.   At all relevant times, Defendant withheld or deducted wages from the Illinois Named Plaintiff and Illinois Class members in violation of the Illinois Wage Laws, including unauthorized deductions for the company Retirement Plan.

191.   At all relevant times, Defendant violated the Illinois Wage Laws by failing to pay all wages and compensation due and owing to the Illinois Named Plaintiff and Illinois Class members, including accrued and vested vacation time, at the time of separation of employment or by the next regularly scheduled payday.

192.   At all relevant times, Defendant failed to maintain proper records of hours worked and compensation paid to the Illinois Named Plaintiff and Illinois Class members in

violation of the Illinois Wage Laws.

193. The Illinois Named Plaintiff and other Illinois Class members have complained to their supervisors about shaved hours, shifted hours, off-the-clock work, and missing overtime compensation, all to no avail, since overtime is not permitted or tolerated by ALC. Indeed, when the Illinois Named Plaintiff complained about missing overtime compensation, she was expressly told: "Sorry, that's not how we do it."

194. The foregoing conduct in Illinois, as alleged, was willful, reckless, oppressive, fraudulent, and/or malicious.

195. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to Illinois Class members is as follows: The Illinois Named Plaintiff and the Illinois Class members earn or earned an average hourly rate of $25, exclusive of non-discretionary bonuses, and work or worked an average of 10 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the Illinois Named Plaintiff and the Illinois Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

196. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Illinois Named Plaintiff and Illinois Class members have sustained damages and been deprived of minimum wages, regular wages, and overtime compensation that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest, statutory damages, and attorneys' fees and costs pursuant to 820 Ill. Comp. Stat. § 105/12. The Illinois Named Plaintiff, on behalf of herself and members of the prospective Illinois Class, also seeks such other legal and equitable relief as the Court deems just and proper.

///

///

///

**XXI.**

**THIRTEENTH CLAIM FOR RELIEF**

**FAILURE TO PAY WAGES AND OVERTIME**

**UNDER UTAH LAW**

**(Brought by Utah Named Plaintiffs on Behalf of Themselves and Utah Class Members Against All Defendants)**

197. The Utah Named Plaintiffs, on behalf of themselves and all members of the Utah Class, reallege and incorporate by reference paragraphs 1 through 196 as if they were fully set forth herein.

198. At all relevant times, as alleged, Defendant has violated the UMWA and the UPWA (collectively "Utah Wage Laws").

199. At all relevant times, ALC has been, and continues to be, an "employer" within the meaning of the Utah Wage Laws. At all relevant times, ALC has employed, and/or continues to employ, "employee[s]," including the Utah Named Plaintiffs, and each member of the prospective Utah Class, within the meaning of the Utah Wage Laws.

200. At all relevant times, Defendant has failed to pay the Utah Named Plaintiffs and Utah Class members the legally required minimum wage for each and every hour worked in violation of the Utah Wage Laws.

201. At all relevant times, Defendant failed to pay the Utah Named Plaintiffs and Utah Class members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings, in violation of the the Utah Wage Laws.

202. At all relevant times, Defendant failed to pay the Utah Named Plaintiffs and Utah Class members overtime compensation in violation of the the Utah Wage Laws.

203. At all relevant times, Defendant misclassified the Utah Named Plaintiffs and members of the Utah Clinic Manager Subclass as exempt employees.

204. At all relevant times, Defendant withheld or deducted wages from the Utah Named Plaintiffs and Utah Class members in violation of the Utah Wage Laws.

205. At all relevant times, Defendant violated the Utah Wage Laws by failing to pay

all wages and compensation due and owing to the Utah Named Plaintiffs and Utah Class members, including accrued and vested vacation time, at the time of separation of employment or by the next regularly scheduled payday.

206. At all relevant times, Defendant failed to maintain proper records of hours worked and compensation paid to the Utah Named Plaintiffs and Utah Class members in violation of the Utah Wage Laws.

207. Utah Named Plaintiff STRONG and other Utah Technician Subclass members have complained to their supervisors about shaved hours, shifted hours, off-the-clock work, and missing overtime compensation, all to no avail, since overtime is not permitted or tolerated by ALC. Indeed, when Utah Named Plaintiff Strong complained about missing overtime compensation, she was expressly told: "You are not allowed overtime."

208. Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to Utah Class members is as follows: The Utah Named Plaintiffs and the Utah Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, and work or worked an average of 20 overtime hours per week; Utah Named Plaintiff STRONG and the Utah Technician Subclass members earn or earned an average hourly rate of $15, exclusive of non-discretionary bonuses, and work or worked an average of 7 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the Utah Named Plaintiffs and the Utah Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendant's possession.

209. The foregoing conduct in Utah, as alleged, was willful, reckless, oppressive, fraudulent, and/or malicious.

210. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, the Utah Named Plaintiffs and Utah Class members have sustained damages and been deprived of minimum wages, regular wages, and overtime compensation that are owed in amounts to be proven at trial, and are entitled to recovery of such amounts, plus interest,, and attorneys' fees and costs pursuant to Utah Code Ann. Stat. § 34-40-205. The Utah Named

Plaintiffs, on behalf of themselves and members of the prospective Utah Class, also seeks such other legal and equitable relief as the Court deems just and proper.

## XXII.

## FOURTEENTH CLAIM FOR RELIEF

## CONVERSION

**(Brought by Named Plaintiffs on Behalf of Themselves and All Class Members Against All Defendants)**

211. Named Plaintiffs, on behalf of themselves and all members of the Manager and Technician Classes, reallege and incorporate by reference paragraphs 1 through 210 as if they were set forth again herein.

212. California, Illinois, Utah, and federal common law all recognize the tort of conversion.

213. At all relevant times, Defendant had a legal obligation imposed by statutory law to pay Named Plaintiffs and Class members their wages, job-related expenses, and other compensation due. However, Defendant knowingly and intentionally failed and refused to pay and/or reimburse such wages, expenses, and compensation earned and/or incurred by Named Plaintiffs and Class members in the performance of their job duties. Defendant withheld these sums and converted them by refusing to pay and/or reimburse Named Plaintiffs and Class members.

214. Named Plaintiffs and the Class members owned or had the right to own and had the legal right to hold, possess, and dispose of such wages, compensation, and reimbursements for expenses. Named Plaintiffs and the Class members gained the right to own, hold, possess, and dispose of such wages, compensation, and reimbursements in the performance of their regular job duties for Defendant during the relevant class period(s).

215. Defendant knowingly, willfully, and unlawfully interfered with Named Plaintiffs' and Class members' rights to be paid for, own, possess, and/or control disposition of said sums. The exact amount of monies owed to

Named Plaintiffs and Class members, and each of them, is capable of being made certain. The specific identifiable sum of money to which Named Plaintiffs and Class members are entitled varies per Class member and will be established at trial in an amount according to proof.

216. In failing and refusing to pay and/or reimburse Named Plaintiffs and Class members as alleged hereinabove, Defendant knowingly, unlawfully, and intentionally took, appropriated, and converted the property (wages, compensation, and reimbursements) of Named Plaintiffs and Class members for Defendant's own use, purposes, and benefits. At the time the conversion took place, Named Plaintiffs and Class members were entitled to immediate possession of the wages, compensation, and reimbursements owed as provided by the FLSA, the California Labor Code, Illinois Wage Laws, and Utah Wage Laws.

217. Defendant's conversion was oppressive, malicious, and fraudulent, and Defendant's obligations to pay wages, overtime, and other compensation was concealed by Defendant from Named Plaintiffs and Class members. Defendant has regularly and consistently maintained corporate policies and practices that dictate and mandate that Named Plaintiffs and Class members were not to be paid for wages, overtime, incurred expenses, or premium pay for inadequate meal and rest periods. Defendant implemented and carried out these policies and procedures for the primary purpose of depriving Named Plaintiffs and Class members of their right to their wages, reimbursements, and other compensation such that Defendant converted said sums for its own use, as previously alleged.

218. Named Plaintiffs and the Class members have been injured by said conversion through reliance on the Defendant's obligation to comply with applicable federal and State Laws. Named Plaintiffs and Class members are entitled to all money converted by Defendant with interest thereon, as well as any and all profits, whether direct or indirect, which the Defendant acquired by

its unlawful conversion. Furthermore, Named Plaintiffs and the Class members have been injured by Defendant's oppressive, malicious, intentional, and fraudulent actions, entitling Named Plaintiffs and Class members to punitive and exemplary damages.

## XXIII.

## FIFTEENTH CLAIM FOR RELIEF

## UNJUST ENRICHMENT

**(Brought by Named Plaintiffs on Behalf of Themselves and All Class Members Against All Defendants)**

219. Named Plaintiffs, on behalf of themselves and all members of the Manager and Technician Classes, reallege and incorporate by reference paragraphs 1 through 218 as if they were set forth again herein.

220. California, Illinois, Utah, and federal common law all recognize an equitable remedy for unjust enrichment or quantum meruit.

221. At all times within the relevant class period(s), Named Plaintiffs and Class members provided services to ALC and incurred expenses for the benefit of ALC without receiving compensation or reimbursement for those services and expenses. ALC requested, by words and/or by conduct that Named Plaintiffs and Class members perform services and incur expenses for the benefit of ALC. Named Plaintiffs and Class members performed the services and incurred expenses as requested, but ALC has not paid for those services or expenses.

222. As a result, ALC has been unjustly enriched, and Named Plaintiffs and Class members have not been compensated or reimbursed for the services performed and expenses incurred for ALC. Wages and expenses remain due and unpaid, and Named Plaintiffs and Class members are entitled to the reasonable value of the services and expenses that were provided or incurred. Named Plaintiffs and Class members seek the reasonable value for the services provided to ALC while misclassified as exempt, and during the rest and meal

periods and other time worked "off the clock," which ALC benefitted from but never paid for. Named Plaintiffs and Class members also seek the reasonable value of their expenses incurred for the benefit ALC, which ALC received but never paid for.

## XXIV.

## PRAYER FOR RELIEF

WHEREFORE, the ERISA Named Plaintiffs, on behalf of themselves and all members of the ERISA Class, pray for relief as follows:

A. Certification of this action as a class action on behalf of the proposed ERISA Class;

B. Designation of the Named Plaintiffs as representatives of the ERISA Class;

C. A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

D. Appropriate equitable and injunctive relief to remedy Defendant's violations of ERISA § 209(a), 29 U.S.C. § 1129(a);

E. A declaration that Defendant has breached its fiduciary duties by failing to credit the Named Plaintiffs and the ERISA Class with Eligible Compensation for all work performed, as required by ERISA and the terms of the Retirement Plan;

F. An order requiring that Defendant remedy its breaches of fiduciary duty by crediting Named Plaintiffs and the ERISA Class with Eligible Compensation for all of their past, present, and future uncompensated work;

G. Attorneys' fees and costs of suit; and

H. Such other injunctive and equitable relief as the Court may deem necessary, just, and proper.

WHEREFORE, the FLSA Named Plaintiffs, on behalf of themselves and all members of the Nationwide FLSA Collective Plaintiffs, pray for relief as follows:

I. Designation of this action as a collective action on behalf of the Nationwide FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance

of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Subclasses, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. §§ 216(b) and 256.

WHEREFORE, the California Named Plaintiffs, on behalf of themselves and all members of the California Class, pray for relief as follows:

J. Certification of this action as a class action on behalf of the proposed California Class and Subclasses;

K. Designation of the California Named Plaintiffs as representatives of the California Class and Subclasses;

L. A declaratory judgment that the practices complained of herein are unlawful under California state law;

M. Compensatory damages, including unpaid wages, improperly withheld wages, and overtime, according to proof;

N. Liquidated damages pursuant to Cal. Lab. Code § 1194.2(a);

O. Premium pay pursuant to Cal. Lab. Code § 226.7;

P. Waiting time penalties pursuant to Cal. Lab. Code § 203;

Q. Unreimbursed expenses pursuant to Cal. Lab. Code § 2802;

R. Statutory damages pursuant to Cal. Lab. Code § 226(e);

S. Restitution of all money due to Named Plaintiffs and California Class members from the unlawful and unfair business practices of Defendant;

T. Restitution of all money due to Named Plaintiffs and California Class members from the unjust enrichment of Defendant;

U. Temporary and preliminary orders, and permanent injunctive relief, enjoining Defendant and their agents, servants, and employees from the unlawful and unfair business practices alleged herein;

V. Punitive and exemplary damages under Cal. Civ. Code § 3294;

W. Interest as provided by law at the maximum legal rate;

X. Reasonable attorneys' fees authorized by statute;

Y.    Costs of suit incurred herein; and

Z.    Pre-judgment and post-judgment interest, as provided by law; and

AA.    For such other and further relief as the Court may deem just and proper.

WHEREFORE, the Illinois Named Plaintiff, on behalf of herself and all members of the Illinois Class, pray for relief as follows:

BB.    Certification of this action as a class action on behalf of the proposed Illinois Class;

CC.    Designation of the Illinois Named Plaintiff as representative of the Illinois Class;

DD.    A declaratory judgment that the practices complained of herein are unlawful under Illinois state law;

EE.    Compensatory damages, including unpaid wages, improperly withheld wages, and overtime, according to proof;

FF.    Statutory damages pursuant to 820 Ill. Comp. Stat. § 105/12;

GG.    Restitution of all money due to the Illinois Named Plaintiff and Illinois Class members from the unjust enrichment of Defendant;

HH.    Punitive and exemplary damages;

II.    Interest as provided by law at the maximum legal rate;

JJ.    Reasonable attorneys' fees authorized by statute;

KK.    Costs of suit incurred herein; and

LL.    Pre-judgment and post-judgment interest, as provided by law; and

MM.  For such other and further relief as the Court may deem just and proper.

WHEREFORE, the Utah Named Plaintiffs, on behalf of themselves and all members of the Utah Class, pray for relief as follows:

NN.    Certification of this action as a class action on behalf of the proposed Utah Class and Subclasses;

OO.    Designation of the Utah Named Plaintiffs as representatives of the Utah Class and Subclasses;

PP.    A declaratory judgment that the practices complained of herein are

unlawful under Utah state law;

QQ. Compensatory damages, including unpaid wages, improperly withheld wages, and overtime, according to proof;

RR. Restitution of all money due to the Utah Named Plaintiffs and Utah Class members from the unjust enrichment of Defendant;

SS. Punitive and exemplary damages;

TT. Interest as provided by law at the maximum legal rate;

UU. Reasonable attorneys' fees authorized by statute;

VV. Costs of suit incurred herein; and

WW. Pre-judgment and post-judgment interest, as provided by law; and

XX. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Dated: October 1, 2007

By: ______________________
Kevin Ruf

Lionel Glancy (SBN 134180)
Kevin Ruf (SBN 136901)
Marc Godino (SBN 182689)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and proposed Plaintiffs Classes

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

Respectfully submitted,

Dated: October 1, 2007

By: ______________________
Kevin Ruf

Lionel Glancy (SBN 134180)
Kevin Ruf (SBN 136901)
Marc Godino (SBN 182689)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and proposed Plaintiff Classes

EXHIBIT A

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Kay Love, work or worked for American Laser Centers from approximately May 2003 to March 2007 in La Jolla, California as a Clinic Manager and from April 2007 to July 2007 as a Regional Manager of the "West Coast South" region of Southern California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 10, 2007

Signature: Kay Love

Print Name: Kay Love

EXHIBIT A PAGE 34

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Melinda Ahumada, work or worked for American Laser Centers as an Assistant Manager from approximately April 2006 to April 2007 in Pasadena, California, and as a Clinic Manager from approximately April 2007 to present in Beverly Hills, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 10th, 2007

Signature: [signature]

Print Name: Melinda Ahumada

EXHIBIT B PAGE 35

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Paula Austin, work or worked for American Laser Centers as a Clinic Manager from approximately April 2007 to May 2007 in Carmel, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9th, 2007

Signature: [signature]

Print Name: Paula Austin

EXHIBIT C PAGE 36

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Ashley Briseno, work or worked for American Laser Centers as a Clinic Manager from approximately December 2005 to February 2007 and from May 2007 to present in Pasadena, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 7/10, 2007

Signature: [signature]

Print Name: ASHLEY BRISENO

EXHIBIT D PAGE 37

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Jessica Buria, work or worked for American Laser Centers as a Clinic Manager from approximately September 2006 to May 2007 in Brentwood, California and from May 2007 to present in Santa Monica, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9th, 2007

Signature: [signature]

Print Name: Jessica Buria

EXHIBIT E PAGE 38

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Natalie Dolabjian, work or worked for American Laser Centers as an Assistant Manager from approximately May 2006 to August 2006 in Beverly Hills, California, and from approximately August 2006 to October 2006 in West Hollywood, California, and as a Clinic Manager from approximately October 2006 to February 2007 in West Hollywood, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 11, 2007

Signature: [signature]

Print Name: Natalie Dolabjian

EXHIBIT F PAGE 39

## CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Nadia Kameli, work or worked for American Laser Centers as a Clinic Manager from approximately January 2006 to April 2007 in Beverly Hills, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 10 July, 2007

Signature: [signature]

Print Name: Nadia Kameli

EXHIBIT 6 PAGE 40

CONSENT TO SUE UNDER
FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Ashlee Mochan, work or worked for American Laser Centers as an Assistant Manager/Aesthetician from approximately September 2006 to May 2007 in Yorba Linda, California, and from May 2007 to present in Brea, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 9, 2007

Signature: [signature]

Print Name: Ashlee Mochan

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I work or worked for American Laser Centers from approximately 2.26.07
MONTH/YEAR

to PRESENT in WEST HILLS, CA.
MONTH/YEAR CITY STATE

as a RN - LASER TECH.
JOB TITLE(S)

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: SEPT. 5, 2007

Signature: [signature]

Print Name: BEVERLEY ALEXANDER

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I work or worked for American Laser Centers from approximately 5/2007 (MONTH/YEAR)

to August 2007 (MONTH/YEAR) in Santa Monica (CITY), Ca (STATE)

as a Laser Technician (RN) (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 8/27/, 2007

Signature: Kathryn Cameron

Print Name: KATHRYN CAMERON

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I, Lisa Casey work or worked for American Laser Centers as a **Clinic Manager** from approximately August 2006 to December 2006 in Yorba Linda, California and from December 2006 to Present in Torrance, California.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 20, 2007

Signature: [signature]
*Lisa Casey*

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. §216(b))

I, Laurie Mathews, worked for American Laser Centers as a Clinic Manager from approximately November 2001 to August 7, 2007 in Salt Lake City, Utah.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 9-28, 2007

Signature: [signature]

Print Name: LAURIE MATHEWS

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I work or worked for American Laser Centers from approximately 7/07 (MONTH/YEAR) to 8/07 (MONTH/YEAR) in Castro Valley (CITY), CA. (STATE) as a ~~Castro~~ Clinic Manager (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 8/20/, 2007

Signature: Christine Pedro

Print Name: Christine Pedro

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I work or worked for American Laser Centers from approximately 04/07 (MONTH/YEAR) to Present (MONTH/YEAR) in West Hollywood (CITY), CA (STATE) as a Registered Nurse (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: 09/10, 2007

Signature: [signature], RN

Print Name: Cynthia L. Rodier, RN

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I work or worked for American Laser Centers from approximately 3/07 6/07 (MONTH/YEAR) to 5/07 8/07 (MONTH/YEAR) in Burbank West Hills (CITY), CA (STATE) as a RN / Laser Technician (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: September 7th, 2007

Signature: Fey Reichman RN

Print Name: Fey Reichman

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I, Heidi Schneeveis, work or worked for American Laser Centers as a "Laser Technician" (Nurse) from approximately November 2003 to November 2005 in Highland Park, Illinois.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: August 29th, 2007

Signature: Heidi Schneeveis

Print Name: Heidi A. Schneeveis

**CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))**

I work or worked for American Laser Centers from approximately OCT. 06 (MONTH/YEAR) to PRESENT (MONTH/YEAR) in BREA (CITY), CALIF. (STATE) as a R.N LASER TECH. (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: Sept. 29, 2007

Signature: [signature]

Print Name: SANDRA L. SEWERIN

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT (29 U.S.C. §216(b))**

I, Pamela Strong, work or worked for American Laser Centers as a Laser Technician from approximately September 2005 to October 2006 in Salt Lake City, Utah, and as a Clinic Manager from approximately October 2006 to July 2007 in Orem, Utah.

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: Sep 30th, 2007

Signature: [signature]

Print Name: Pamela Strong

# CONSENT TO SUE UNDER FAIR LABOR STANDARDS ACT (29 U.S.C. § 216(b))

I work or worked for American Laser Centers from approximately 10/06 (MONTH/YEAR)

to PRESENT (MONTH/YEAR) in TORRANCE (CITY), CA (STATE)

as a LASER OPERATOR - RN (JOB TITLE(S)).

I consent to be a party plaintiff in a lawsuit alleging that American Laser Centers has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former employees of American Laser Centers.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Glancy Binkow Goldberg LLP and other attorneys with whom they may associate.

DATED: July 30, 2007

Signature: Amy M. W[signature]

Print Name: Amy M. WILLIAMS

**PROOF OF SERVICE BY MAIL**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court. I am over the age of 18 and not a party to the within action. My business address is 1801 Avenue of the Stars, Suite 311, Los Angeles, California 90067.

On October 1, 2007, I served the following:

1 AMENDED CLASS ACTION COMPLAINT

on the parties shown below by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California.

Ann Kane Smith
Jennifer Goldberg
Marytza Reyes
Thelen Reid Brown Raysman & Steiner LLP
333 South Hope Street, Suite 2900
Los Angeles, CA 90071

*Attorneys for Defendant*

Executed on October 1, 2007, at Los Angeles, California.

I certify under penalty of perjury that the foregoing is true and correct.

Daniel C. Rann

# EXHIBIT 3

Lionel Glancy (SBN 134180)
Email: lglancy@glancylaw.com
Kevin Ruf (SBN 136901)
Email: kevinruf@yahoo.com
Kara Wolke (SBN 241521)
Email: kwolke@glancylaw.com
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201 -9160

Attorneys for Plaintiffs and Proposed Plaintiff Classes

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, LAURIE MATHEWS, ASHLEE MOCHAN, CHRISTINE PEDRO, HEIDI SCHNEEVEIS, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, PAMELA STRONG, and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,

Plaintiffs,

v.

ALC PARTNER, INC., dba AMERICAN LASER CENTERS, RICHARD MORGAN, and DOES 1 through 200, inclusive,

Defendants.

Case No. CV 07 4588 R(SHx)

**PLAINTIFFS' NOTICE OF DISMISSAL**

Hon. Manuel L. Real

PLEASE TAKE NOTICE that Plaintiffs hereby dismiss this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(i).

Since no class has been certified in this case, no Court approval is required. Federal Rule of Civil Procedure 23(e) was amended in 2003 and now reads, in pertinent part, "the court must approve any...voluntary dismissal...of a certified class." (Emphasis added.) The Advisory Committee Notes confirm this change to the Rule: "Rule 23(e)(1)(A) resolves the ambiguity in former Rule 23(e)'s reference to dismissal or compromise of a 'class action.' The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise." (Emphasis added.)

Dated: January 14, 2008

GLANCY, BINKOW & GOLDBERG LLP

By: ***s/Kara Wolke***
Kara Wolke
Lionel Z. Glancy
Kevin Ruf

1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: (310) 201-9150

*Attorneys for Plaintiffs and the Proposed Class*