1  ANN KANE SMITH, SBN. 72698
   MARYTZA J. REYES , SBN. 218684
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
3  Los Angeles, California 90071
4  Telephone 213.576.8000
   Facsimile 213.576.8080
5
   Attorneys for Defendants
6  ALC-PARTNER, INC.,
7  RICHARD MORGAN and DENNIS HARPER

8  WILLIAM J. CARROLL, ESQ., SBN 118106
   SCHIFF HARDIN LLP
9  One Market, Spear Street Tower
   Thirty-Second Floor
10 San Francisco, CA 94105
11 Telephone: 415.901.8754
   Facsimile: 415.901.8701
12
   Attorneys for Defendants
13 ALC ACQUISITION COMPANY LLC and
14 AMERICAN LASER CENTERS OF CALIFORNIA LLC

15                    UNITED STATES DISTRICT COURT

16                    NORTHERN DISTRICT OF CALIFORNIA

17

18
   KAY LOVE, MELINDA AHUMADA,              Case No.:  CV 081221 EMC
19 PAULA AUSTIN, ASHLEY BRISENO,
20 LISA CASEY, JESSICA BURIA,              **NOTICE OF ERRATA RE EXHIBIT "A" TO**
   NATALIE DOLABJIAN, NADIA                **NOTICE OF REMOVAL OF CIVIL ACTION**
21 KAMELI, ASHLEE MOCHAN,                  **UNDER 28 U.S.C. § 1332(d), 1332(a) AND 28**
   CHRISTINE PEDRO, DAYNA RACOW,           **U.S.C. § 1441(b)**
22 BEVERLY ALEXANDER, KATHRYN
23 CAMERON, FEY RICHMAN, CYNTHIA
   RODIER, SANDRA SEWERIN and AMY
24 WILLIAMS, on behalf of themselves and
   those classes similarly situated,
25
                     Plaintiff,
26 v.

27

28

LA #604908 v1

1   ALC PARTNER, INC., dba AMERICAN
2   LASER CENTERS; ALC ACQUISITION
    COMPANY LLC; AMERICAN LASER
3   CENTERS OF CALIFORNIA, LLC;
    RICHARD MORGAN; DENNIS HARPER;
4   and DOES 1 through 200, inclusive,
                        Defendants.
5

6          PLEASE TAKE NOTICE THAT Defendants, hereby submit this Notice of Errata to

7   correct a clerical error that resulted in exhibit "A" being omitted from the Court's copy of the

8   Notice of Removal of Civil Action under 28 U.S.C. §1332(d), 1332(a) and 28 U.S.C. § 1441(b) of

9   which was filed and served on all parties on February 29, 2008.  A true and correct copy of the

10  exhibit is attached hereto as Exhibit "A".

11

12  Dated: March 4, 2008                    THELEN REID BROWN RAYSMAN &
                                            STEINER LLP
13

14                                          By  _____

15                                              Marytza J. Reyes
                                                Attorneys for Defendants
16                                              ALC-PARTNER, INC., RICHARD
                                                MORGAN and DENNIS HARPER
17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "A"



FILED
ALAMEDA COUNTY

JAN 2 5 2008

CLERK OF THE SUPERIOR COURT
By _____

SUMMONS ISSUED



1 Lionel Glancy (SBN 134180)
  Email: lglancy@glancylaw.com
2 Kevin Ruf (SBN 136901)
  Email: kevinruf@yahoo.com
3 Kara Wolke (SBN 241521)
  Email: kwolke@glancylaw.com
4 GLANCY BINKOW & GOLDBERG LLP
  1801 Avenue of the Stars, Suite 311
5 Los Angeles, CA 90067
  Telephone: 310-201-9150/Fax: 310-201-9160

6

7 *Attorneys for Plaintiffs and Proposed Plaintiff Classes*

8 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 FOR THE COUNTY OF ALAMEDA

10 KAY LOVE, MELINDA AHUMADA,    CASE NO. RG08367932
   PAULA AUSTIN, ASHLEY
11 BRISENO, LISA CASEY, JESSICA   **CLASS ACTION**
   BURIA, NATALIE DOLABJIAN,
12 NADIA KAMELI, ASHLEE           COMPLAINT FOR DAMAGES,
   MOCHAN, CHRISTINE PEDRO,       INJUNCTIVE RELIEF, AND RESTITUTION;
13 DAYNA RACOW, BEVERLY           DEMAND FOR JURY TRIAL
   ALEXANDER, KATHRYN
14 CAMERON, FEY REICHMAN,         1. Unpaid Wages and Overtime
   CYNTHIA RODIER, SANDRA            *[Lab. Code §§ 204, 510, 1194]*;
15 SEWERIN, and AMY WILLIAMS, on
   behalf of themselves and those classes  2. Failure to Provide Meal Periods
16 similarly situated,               *[Lab. Code §§ 226.7, 512]*;
17          Plaintiffs,            3. Failure to Provide Rest Breaks
                                      *[Lab. Code § 226.7]*;
18 v.
                                   4. Improper Withholding Of Wages
19 ALC PARTNER, INC., dba            *[Cal. Lab. Code § 221]*;
   AMERICAN LASER CENTERS; ALC
20 ACQUISITION COMPANY LLC;       5. Failure to Reimburse Employee Expenses
   AMERICAN LASER CENTERS OF         *[Lab. Code § 2802]*;
21 CALIFORNIA, LLC; RICHARD
   MORGAN; DENNIS HARPER; and    6. Failure to Timely Pay Wages Due at
22 DOES 1 through 200, inclusive,    Termination of Employment
                                      *[Lab. Code §§ 201-203]*;
23          Defendants.
                                   7. Failure to Provide Accurate Wage
                                      Statements *[Lab. Code § 226]*;

                                   8. Unfair Business Practices *[Bus. & Prof.
                                      Code § 17200 et seq.]*;

                                   9. Conversion; and

                                   10. Unjust Enrichment.

Class Action Complaint

I.

## GENERAL ALLEGATIONS

1.      This is a class action against Defendants ALC Partner Inc. (dba American Laser Centers), ALC Acquisition Company LLC, American Laser Centers of California LLC, Richard Morgan, Dennis Harper, and Does 1 through 200, inclusive (collectively "ALC" or "Defendants") on behalf of Plaintiffs and all other similarly-situated individuals who are and were employed at American Laser Center clinics throughout the State of California yet denied the benefits and protections required by the California Labor Code and other statutes and regulations applicable to employees in the State of California. Defendants' employees toil in literal "sweatshops," with high-powered lasers, little or no ventilation, and under the constant watch of corporate taskmasters who control their activities and appointments. During the four years preceding the filing of this action, Defendants had a corporate policy under which they automatically misclassified all so-called "managers" as exempt employees without first making a determination as to whether they qualified for exempt employee status under such laws and regulations. Indeed, Defendants reclassified their "assistant managers" as non-exempt in 2007, but failed to pay these employees back wages and overtime during the period which they were misclassified as exempt. Finally, Defendants maintained corporate policies and practices that required their other nonexempt employees to work off the clock, without rest breaks and meal periods.

2.      Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria,  Lisa Casey, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Christine Pedro, and Dayna Racow ("Manager Named Plaintiffs"), and Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, and Amy Williams ("Technician Named Plaintiffs") (collectively "Plaintiffs" or "Named Plaintiffs"), on behalf of themselves and classes of those similarly situated, seek recovery of unpaid wages, unpaid minimum wages, unpaid overtime, unpaid premium pay for failure to comply with meal and rest period requirements,

1  unreimbursed job-related expenses, statutory penalties for failure to provide accurate
2  wage statements, and waiting time penalties, plus liquidated damages, interest,
3  attorneys' fees, and costs under California Labor Code sections 201, 202, 203, 204,
4  218.5, 221, 226, 226.7, 510, 512, 1194, 1194, 1194.2, 1197, 1199, and 2802 as well as
5  the applicable wage order ("Wage Order") promulgated by California's Industrial
6  Welfare Commission ("IWC"). Named Plaintiffs also bring an action for themselves
7  and all other class members for common law conversion and unjust enrichment, as well
8  as for Defendants' violations of California Business and Professions Code section
9  17200, et seq., including full restitution of all compensation retained by Defendants as a
   result of their unlawful, fraudulent, and unfair business practices.

10                                  II.

11

12                      JURISDICTION AND VENUE

13      3.      Venue as to each Defendant is proper in this judicial district pursuant to
14  California Code of Civil Procedure sections 395(a) and 395.5 since at least some of the
15  obligations, liabilities, and breaches complained of herein arose or occurred in the
16  County of Alameda. Plaintiffs and other members of the Class performed work for
17  Defendants in the County of Alameda and Defendants' wage and hour obligations to
18  Plaintiffs and other members of the Class arose and were breached in the County of
19  Alameda. Each Defendant either owns, maintains offices, transacts business, has an
20  agent or agents within the County of Alameda, or otherwise is found within the County
21  of Alameda and each Defendant is within the jurisdiction of this Court for purpose of
    service of process.
22      4.      The California Superior Court has jurisdiction in this matter because
23  Plaintiffs are residents of California, and Defendants are qualified to do business in
24  California and regularly conduct business in California. Further, no federal question is
25  at issue as the claims are based solely on California law.
26  ///
27  ///
28

III.

## SUMMARY OF PLAINTIFFS' CLAIMS

5.    Manager Named Plaintiffs are current and former managers and/or assistant managers employed by Defendants and charged with the primary duty of selling laser hair removal services and other cosmetic medical procedures, skin treatments, and products, including performing such treatments, who are or were misclassified by ALC as exempt from the wage and hour provisions of the California Labor Code, as described below.

6.    Technician Named Plaintiffs are current and former ALC laser technicians, laser operators, and/or paramedical aestheticians employed by Defendants and charged with the primary duty of performing laser hair removal and other cosmetic medical procedures and skin treatments, including "upselling" such procedures and treatments, who are or were properly classified by ALC as nonexempt, but who are not or were not paid in accordance with the wage and hour provisions of the California Labor Code, as described below.

7.    Named Plaintiffs bring this action on behalf of all persons who were, are, or will be employed by ALC as managers, technicians, and/or with similar job titles and duties in California (hereinafter "Class") at anytime within the four (4) years prior to the original filing date of these claims in federal court (July 16, 2007) through the date of the final disposition of this action ("the Class Period").

8.    The Class is further subdivided into three subclasses (collectively "Subclasses"):

a.    All Class members employed by Defendants as Clinic Managers and/or with similar job titles and duties in California at anytime during the Class Period ("the Clinic Manager Subclass");

b.    All Class members employed by Defendants as Assistant Managers, Assistant Manager/Aestheticians, and/or with similar job titles and duties in California at anytime during the Class Period ("the Assistant Manager Subclass"); and

Class Action Complaint

c.    All Class members employed by Defendants as Clinic Technicians, Laser Technicians, Laser Operators, Paramedical Aestheticians and/or with similar job titles and duties in California at anytime during the Class Period ("the Technician Subclass").

Plaintiffs reserve the right under Rule 1855(b), California Rules of Court, to amend or modify the Class and Subclass descriptions with greater specificity or further division into subclasses or limitation to particular issues.

9.    The primary job duty of the Manager Named Plaintiffs and members of the Clinic Manager Subclass and Assistant Manager Subclass (collectively "the Manager Class") is to sell cosmetic medical procedures, skin treatments, and products following well-established company instructions and procedures.

10.    ALC unlawfully classified and/or classifies members of the Manager Class as exempt from the wage and hour provisions of the California Labor Code despite the fact that they are not exempt under any applicable exemption, including the executive or managerial exemption.

11.    Manager Class members devoted the majority of their work time to non-management functions (i.e., selling ALC cosmetic medical procedures, skin treatments, and products), which was their primary duty. Manager Class members also did not direct the work of two or more full-time employees; did not have the authority to hire and fire or make recommendations regarding decisions affecting the employment status of others; and/or did not regularly exercise a high degree of independent judgment in their work. Indeed, Manager Class members could not function as supervisors over Technician Subclass members since the primary work performed by these "subordinates" (i.e., cosmetic medical procedures) could only be supervised by a physician, namely, the medical director of each ALC clinic. In addition, Manager Class members were themselves closely supervised by members of the ALC corporate office, literally being told what to say and do, and were otherwise treated as menial, expendable, low-level subordinates. Consistent with their job function and treatment, most Manager Class members were recruited from department store cosmetic sales

1  counters with no managerial experience or training, neither of which was supplied by
2  ALC. Far from exempt managers or executives, Manager Class members actually
3  functioned as glorified on-site sales consultants who were remotely supervised by
4  Defendants, who monitored and had instantaneous intranet access to each clinic's daily
5  appointments and sales. In fact, most if not all of Manager Class members' sales
6  appointments were scheduled directly by ALC out of its corporate headquarters.

7      12.    ALC required, suffered, and/or permitted the Technician Named Plaintiffs
8  and members of the Technician Subclass (collectively "the Technician Class") to
9  perform work for which they were not compensated. As a result of Defendants'
10  company-wide policies, practices, procedures, customs, protocols, routines, and/or
11  other factors common to members of the Technician Class, Technician Class members
12  were compelled to, and did, work off-the-clock (before clocking in and after clocking
13  out) and work through unpaid lunch periods to perform various tasks including, but not
14  limited to, "prepping" the treatment room for that day's or the next day's scheduled
15  appointments, completing paperwork and client charting or e-charting, finishing up
16  client procedures and treatments, and waiting for late-arriving clients, all of which
17  pushed back the completion time for those procedures and treatments. Furthermore,
18  these procedures and treatments were scheduled right on top of one another, making
19  rest breaks impossible and uninterrupted meal breaks the exception. Again, most if not
   all of these procedures and treatments were scheduled directly by ALC.

20      13.    At all relevant times, and as a means of reducing their labor costs,
21  Defendants' policies and compensation plan were designed to subvert or minimize the
22  minimum wages, regular wages, overtime compensation, and other monies required to be
23  paid or credited to its employees. ALC corporate officers stressed to Manager Class
24  members that overtime was not permitted or tolerated -- a mantra that was repeated to
25  Technician Class members. ALC corporate officers chastised and shamed Manager
26  Class members when their clinics reported overtime hours. Manager Class members
27  even had their bonus pay docked for so-called overtime "errors." Consistent with this
28  corporate culture, non-exempt Technician Class members had their time entries changed,

their overtime hours shaved off, and their regular hours shifted around to avoid daily and weekly overtime premiums.

14. The Named Plaintiffs and members of the Manager and Technician Classes worked overtime hours, as defined by the California Labor Code, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate for those hours, and at twice the regular hourly rate for certain other overtime hours (hereinafter "overtime compensation").

15. ALC has willfully refused to pay the Named Plaintiffs and members of the Manager and Technician Classes the required regular wages, minimum wages, and overtime compensation for all hours worked, as well as expenses, reimbursements, and other monies owed, and has failed to keep time records as required by California law.

16. ALC's practices violate the wage and hour laws pleaded herein. Plaintiffs seek injunctive and declaratory relief, regular wages, minimum wages, and overtime compensation for all work required, suffered, or permitted by ALC, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

### IV.

### THE PARTIES

### PLAINTIFFS

17. Plaintiff KAY LOVE ("LOVE") is an individual residing in San Diego County, California. LOVE was employed by ALC as a Clinic Manager in La Jolla, California, from approximately May 2003 to March 2007. From April 2007 to July 2007, LOVE was employed by ALC as Regional Manager of the West Coast South region of Southern California, comprising Los Angeles, San Diego, Riverside, and Orange Counties. LOVE has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

Class Action Complaint

-7-

18.   Plaintiff MELINDA AHUMADA ("AHUMADA") is an individual residing in Los Angeles County, California. AHUMADA was employed by ALC as an Assistant Manager in Pasadena, California from approximately April 2006 to April 2007. AHUMADA was employed by ALC as a Clinic Manager in Beverly Hills, California, from approximately April 2007 to September 2007. AHUMADA has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

19.   Plaintiff PAULA AUSTIN ("AUSTIN") is an individual residing in Monterey County, California. AUSTIN was employed by ALC as a Clinic Manager in Carmel, California, from approximately April 2007 to May 2007. AUSTIN has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

20.   Plaintiff ASHLEY BRISENO ("BRISENO") is an individual residing in Los Angeles County, California. BRISENO was employed by ALC as a Clinic Manager in Pasadena, California, from approximately December 2005 to February 2007. BRISENO has been employed by ALC as a Clinic Manager in Pasadena, California, since approximately May 2007. BRISENO works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

21.   Plaintiff JESSICA BURIA ("BURIA") was and is an individual residing in Los Angeles County, California. BURIA was employed by ALC as a Clinic Manager in Brentwood, California, from approximately September 2006 to May 2007. BURIA was employed by ALC as a Clinic Manager in Santa Monica, California, from approximately May 2007 to July 2007. BURIA has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal

1  and rest breaks, as required by California law.

2      22.    Plaintiff LISA CASEY ("CASEY") is an individual residing in Los

3  Angeles County, California. CASEY was employed by ALC as a Clinic Manager in

4  Yorba Linda, California, from approximately August 2006 to December 2006. CASEY

5  has been employed by ALC as a Clinic Manager in Torrance, California, since

6  approximately December 2006. CASEY works and has worked hours in excess of 8

7  hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular

8  wages, minimum wages, overtime compensation, and premium pay for missed meal

9  and rest breaks, as required by California law.

10     23.    Plaintiff NATALIE DOLABJIAN ("DOLABJIAN") is an individual

11  residing in Los Angeles County, California. DOLABJIAN was employed by ALC as

12  an Assistant Manager in Beverly Hills, California, from approximately May 2006 to

13  August 2006, and in West Hollywood, California, from approximately August 2006 to

14  October 2006. DOLABJIAN was employed by ALC as Clinic Manager in West

15  Hollywood, California, from approximately October 2006 to February 2007.

16  DOLABJIAN has worked hours in excess of 8 hours per day and/or in excess of 40

17  hours per week without receiving, inter alia, regular wages, minimum wages, overtime

18  compensation, and premium pay for missed meal and rest breaks, as required by

19  California law.

20     24.    Plaintiff NADIA KAMELI ("KAMELI") is an individual residing in Los

21  Angeles County, California. KAMELI was employed by ALC as a Clinic Manager in

22  Beverly Hills, California, from approximately January 2006 to April 2007. KAMELI

23  has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week

24  without receiving, inter alia, regular wages, minimum wages, overtime compensation,

25  and premium pay for missed meal and rest breaks, as required by California law.

26     25.    Plaintiff ASHLEE MOCHAN ("MOCHAN") is an individual residing in

27  Los Angeles County, California. MOCHAN was employed by ALC as an Assistant

28  Manager/Aesthetician in Yorba Linda, California, from approximately September 2006
   to May 2007. MOCHAN has been employed by ALC as an Assistant

1  Manager/Aesthetician in Brea, California, since approximately May 2007. MOCHAN

2  works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours

3  per week without receiving, inter alia, regular wages, minimum wages, overtime

4  compensation, and premium pay for missed meal and rest breaks, as required by

5  California law.

6         26.    Plaintiff CHRISTINE PEDRO ("PEDRO") is an individual residing in

7  Alameda County, California. PEDRO was employed by ALC as a Clinic Manager in

8  Castro Valley, California, from approximately July 2007 to November 2007. PEDRO

9  has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week

10 without receiving, inter alia, regular wages, minimum wages, overtime compensation,

11 and premium pay for missed meal and rest breaks, as required by California law.

12        27.    Plaintiff DAYNA RACOW ("RACOW") is an individual residing in

13 Alameda County, California. RACOW has been employed by ALC as a Clinic

14 Manager in Pleasanton, California, since approximately September 2007. RACOW has

15 worked hours in excess of 8 hours per day and/or in excess of 40 hours per week

16 without receiving, inter alia, regular wages, minimum wages, overtime compensation,

17 and premium pay for missed meal and rest breaks, as required by California law.

18        28.    Plaintiff BEVERLY ALEXANDER ("ALEXANDER") is an individual

19 residing in Ventura County, California. ALEXANDER has been employed by ALC as

20 a part-time Laser Technician in West Hills, California, since approximately February

21 2007. ALEXANDER has worked hours in excess of 8 hours per day without receiving

22 inter alia, regular wages, minimum wages, overtime compensation, and premium pay

23 for missed meal and rest breaks, as required by California law.

24        29.    Plaintiff KATHRYN CAMERON ("CAMERON") is an individual

25 residing in Los Angeles County, California. CAMERON has been employed by ALC

26 as a part-time Laser Technician in Santa Monica, California, since approximately May

27 2007. CAMERON has worked hours in excess of 8 hours per day without receiving

28 inter alia, regular wages, minimum wages, overtime compensation, and premium pay

for missed meal and rest breaks, as required by California law.

Class Action Complaint

- 10 -

30.   Plaintiff FEY REICHMAN ("REICHMAN") is an individual residing in Ventura County, California. REICHMAN was employed by ALC as a part-time Laser Technician in Burbank, California, from approximately March 2007 to May 2007, and in West Hills, California, from approximately June 2007 to August 2007. REICHMAN has worked hours in excess of 8 hours per day without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

31.   Plaintiff CYNTHIA RODIER ("RODIER") is an individual residing in Los Angeles County, California. RODIER has been employed by ALC as a part-time Laser Technician in West Hollywood, California, since approximately April 2007. RODIER has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

32.   Plaintiff SANDRA SEWERIN ("SEWERIN") is an individual residing in Orange County, California. SEWERIN has been employed by ALC as a full-time Laser Technician in Brea, California, since approximately October 2006. SEWERIN works and has worked hours in excess of 8 hours per day and/or in excess of 40 hours per week without receiving, inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law.

33.   Plaintiff AMY WILLIAMS ("WILLIAMS") is an individual residing in Los Angeles County, California. WILLIAMS has been employed by ALC as a part-time Laser Operator in Torrance, California, since approximately October 2006. WILLIAMS has worked hours in excess of 8 hours per day without receiving inter alia, regular wages, minimum wages, overtime compensation, and premium pay for missed meal and rest breaks, as required by California law

34.   LOVE, AHUMADA, AUSTIN, BRISENO, BURIA, CASEY, DOLABJIAN, KAMELI, PEDRO, and RACOW serve as representative plaintiffs for the Clinic Manager Subclass ("the Representative Clinic Manager Plaintiffs").

AHUMADA, DOLABJIAN, and MOCHAN serve as representative plaintiffs for the Assistant Manager Subclass ("the Representative Assistant Manager Plaintiffs").

35.    ALEXANDER, CAMERON, REICHMAN, RODIER, SEWERIN, and WILLIAMS serves as representative plaintiffs for the California Technician Subclass ("the Representative Technician Plaintiffs").

### DEFENDANTS

36.    Upon information and belief, defendant ALC PARTNER, INC., dba AMERICAN LASER CENTERS (hereinafter "ALC Partner") is a Michigan corporation providing laser hair removal services, cosmetic medical procedures, and cosmetic skin treatments and products throughout the United States, with its corporate headquarters located in Farmington Hills, Michigan. Upon information and belief, ALC Partner owns and operates, either directly or indirectly, each and every American Laser Centers clinic in California where the practices described herein were and are performed.

37.    Upon information and belief, defendant ALC ACQUISITION COMPANY LLC (hereinafter "ALC Acquisition") is a Delaware corporation that purchased the assets of ALC Partner at the end of 2007. Upon information and belief, ALC Acquisition owns and operates, either directly or indirectly, each and every American Laser Centers clinic in California where the practices described herein were and are performed and has continued the unlawful practices established by ALC Partner, its chief executive officer, and any predecessor corporate entities.

38.    Upon information and belief, defendant AMERICAN LASER CENTERS OF CALFORNIA, LLC (hereinafter "ALC – California ") is a Delaware corporation registered to do business in the State of California and having the same corporate address as ALC Partner. Upon information and belief, ALC – California owns and operates, either directly or indirectly, each and every American Laser Centers clinic in California where the practices described herein were and are performed.

39.    Upon information and belief, defendant RICHARD MORGAN (hereinafter "Morgan") is an individual residing in Livingston County, Michigan, and is

1   the founder of American Laser Centers. Morgan served as the President, CEO, and
2   controlling force of American Laser Centers until its sale at the close of 2007. In this
3   capacity, Morgan operated as the cult-like figurehead of American Laser Centers who
4   bullied, intimidated, and dominated his subordinates into doing what he wanted.
5   Morgan's expressed hiring preference for "management" positions – not always
6   fulfilled – was young single moms and makeup counter girls with no advanced degrees,
7   whom he perceived as desperate and easy to control. Morgan interacted personally with
8   each and every managerial employee through biweekly corporate conference calls,
9   periodic local visits (which included "mandatory" dinners), and nationwide meetings
10  held twice a year in Michigan. Morgan referred to American Laser Centers as his
11  "henhouse," and on more than one occasion called his female subordinates "bitches."
12  Upon information and belief, Morgan exercised direct or indirect control over all
    operational decisions and policies (including those relating to wages, hours,
13  classifications, and working conditions of employees) at each and every American
14  Laser Centers clinic in California where the practices described herein were and are
15  performed. Upon information and belief, Morgan created, structured, and maintained
16  American Laser Centers in order to avoid paying overtime, thereby maximizing his
17  profits and earnings.
18      40.    Upon information and belief, defendant DENNIS HARPER (hereinafter
19  "Harper") is an individual residing in Humboldt County, California. Harper is a doctor
20  of osteopathic medicine (D.O.) licensed by the Osteopathic Medical Board of
21  California. Pursuant to the provisions of section 2415 of the California Business and
22  Professions Code, a fictitious name permit was issued to Harper for his medical practice
23  to do business in California as "American Laser Centers." Upon information and belief,
24  Harper serves as the medical director of each and every American Lasers Centers clinic
25  in California, and exercises direct or indirect control over the wages, hours, and working
26  conditions of employees at each and every American Lasers Centers clinic in California.
27  Harper has personally identified himself as the "owner" of the clinics where the Named
28  Plaintiffs are or were employed.

## DOE DEFENDANTS

41.     Upon information and belief, DOES 1-100 are residents of the State of California and officers, employees or agents of the Defendants and/or entities owned or controlled by the Defendants.

42.     Upon information and belief, DOES 101-200 are "persons" that participated in the course of conduct that is the subject matter of this action, as alleged herein.

43.     Named Plaintiffs do not yet know the true names and capacities of Defendants sued herein as DOES 1 through 200, inclusive, and therefore sues each such Defendant by such fictitious names. Named Plaintiffs are informed and believe that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "ALC," "Defendant," or "Defendants" herein shall mean "Defendants and each of them." Named Plaintiffs will amend this Complaint to allege the true names and capacities of the DOE Defendants when ascertained.

## ALTER EGOS

44.     Upon information and belief, Defendants own(ed) and control(led) numerous limited liability companies ("LLCs") within the State of California that are mere instrumentalities and shells of Defendants. These LLCs include, but are not limited to:

    a.   AMERICAN LASER CENTERS-BAKERSFIELD, LLC
    b.   ALC-BERKELEY, LLC
    c.   ALC-BEVERLY HILLS, LLC
    d.   AMERICAN LASER CENTERS-BREA, LLC
    e.   ALC-BRENTWOOD, LLC
    f.   AMERICAN LASER CENTERS-BURBANK, LLC
    g.   ALC-CARLSBAD, LLC
    h.   ALC-CARMEL, LLC
    i.   ALC-CASTRO VALLEY, LLC
    j.   ALC-CORONA, LLC
    k.   ALC-DALY CITY, LLC
    l.   ALC-ELK GROVE, LLC
    m.  AMERICAN LASER CENTERS-FOLSOM, LLC

n.   ALC-FREEMONT, LLC
o.   ALC-FRESNO, LLC
p.   AMERICAN LASER CENTERS-IRVINE, LLC
q.   ALC-LA JOLLA, LLC
r.   ALC-LA MESA, LLC
s.   ALC-LANCASTER, LLC
t.   ALC-LARKSPUR LANDING, LLC
u.   ALC-LONG BEACH, LLC
v.   ALC-MODESTO, LLC
w.   ALC-NATOMAS, LLC
x.   ALC-NEWPORT BEACH, LLC
y.   ALC-NOB HILL, LLC
z.   ALC-NOVATO, LLC
aa.  ALC-ONTARIO, LLC
bb.  ALC-PALM SPRINGS, LLC
cc.  ALC-PASADENA, LLC
dd.  ALC-PETALUMA, LLC
ee.  AMERICAN LASER CENTERS-PISMO BEACH, LLC
ff.  ALC-PLEASANTON, LLC
gg.  ALC-RANCHO BERNARDO, LLC
hh.  ALC-REDWOOD CITY, LLC
ii.  ALC-RIVERSIDE, LLC
jj.  AMERICAN LASER CENTERS-ROSEVILLE, LLC
kk.  ALC-SACRAMENTO, LLC
ll.  ALC-SAMARITAN, LLC
mm. ALC-SAN FRANCISCO CALIFORNIA STREET, LLC
nn.  ALC-SAN FRANCISCO SUTTER STREET, LLC
oo.  ALC-SAN JOSE, LLC
pp.  ALC-SAN MATEO, LLC
qq.  ALC-SANTA BARBARA, LLC
rr.  ALC-SANTA MONICA, LLC
ss.  AMERICAN LASER CENTERS-SANTA ROSA, LLC
tt.  ALC-SF SUTTER ST., LLC
uu.  ALC-STOCKTON, LLC
vv.  AMERICAN LASER CENTERS-TEMECULA, LLC
ww. ALC-THOUSAND OAKS, LLC
xx.  ALC-TORRANCE, LLC
yy.  ALC-UPLAND, LLC
zz.  ALC-VACAVILLE, LLC
aaa. ALC-WALNUT CREEK, LLC

bbb. ALC-WEST HILLS, LLC
ccc. ALC-WEST HOLLYWOOD, LLC
ddd. AMERICAN LASER CENTERS-YORBA LINDA, LLC

These LLCs shall be referred to collectively herein as the "ALC LLCs."

45.     According to records maintained by the California Secretary of State, ALC Partner is listed as "Principal" of the Bakersfield, Folsom, and Castro Valley LLCs. Kevin Piecuch, the Chief Administrative Officer and General Counsel of ALC Partner, is listed as "Principal" of the Berkeley, Beverly Hills, Brentwood, Carlsbad, Daly City, Elk Grove, Fremont, Fresno, La Mesa, Larkspur, Long Beach, Natomas, Newport Beach, Ontario, Palm Springs, Pasadena, Rancho Bernardo, Redwood City, Riverside, Roseville, Sacramento, San Francisco (California Street), San Jose, San Mateo, Santa Monica, Stockton, Temecula, Torrance, Upland, Vacaville, Walnut Creek, and West Hollywood LLCs.

46.     According to records maintained by the California Secretary of State, all of the ALC LLCs have the same corporate address as ALC Partner in Farmington Hills, Michigan, with the exception of the Corona, Lancaster, Nob Hill, Novato, Pleasanton, Santa Barbara, and West Hills LLCs. The Corona LLC lists its corporate address as that of a law firm in Grand Rapids, Michigan, which, upon information and belief, represents or advises Defendants. The remaining six LLCs all list corporate addresses in California, most of which are actually the home addresses of former Regional Managers in California.

47.     According to records maintained by the California Secretary of State, the listed "Registered Agent" for all of the ALC LLCs are either current or former Regional Managers for Defendants in California, specifically Kay Love, Jaclyn Alfonso, and Shalena Boyd. Ms. Boyd is Registered Agent for only three of the ALC LLCs, namely, the Corona, Petaluma, and SF Sutter St. LLCs. Ms. Love and Ms. Alfonso are the listed Registered Agents for all other ALC LLCs. Consistent with Defendants' disregard for corporate formalities, Ms. Love is no longer employed by Defendants and, indeed, is one of the Named Plaintiffs in this lawsuit. Ms. Alfonso is also a former Regional

1  Manager for Defendants in California and, upon information and belief, is *no longer a*
2  *resident of California.*

3      48.    Upon information and belief, there exists such a unity of interest and
4  commonality of control, including commingling of funds, lack of adequate
5  capitalization, failure to maintain proper books and records, and additional omissions,
6  that there truly is no separation or distinction between and among Defendants, the ALC
7  LLCs, and/or DOES 1-200. As such, the ALC LLCs and each of the Defendants named
8  herein, including DOES 1-200, are and were mere instrumentalities, shells, and alter
9  egos of each other such that adherence to the fiction of a separate business entity should
10 be ignored and the persons and entities treated as though they were one and the same.

## AGENCY, JOINT VENTURE, CONSPIRACY

11     49.    Upon information and belief, each of the Defendants named herein,
12 including DOES 1-200 and their alter ego LLCs, acted as an agent, employer,
13 employee, joint employer, joint venturer, franchisor, franchisee, shareholder,
14 director, member, co-conspirator, alter-ego, master, or partner of each other, and at
15 all times mentioned herein were acting within the scope and course and in
16 pursuance of his, her, or its agency, employment, joint employment, joint venture,
17 partnership, common enterprise, or actual or apparent authority in concert with
18 each other.

19     50.    Upon information and belief, each of the Defendants named herein,
20 including DOES 1-200 and their alter ego LLCs, are individually, jointly, and
21 severably liable as the employer of Named Plaintiffs and each Class and Subclass
22 member because each Defendant directly or indirectly, or through an agent or
23 another person, employed or exercised control over the wages, hours, and working
24 conditions of Named Plaintiffs and each Class and Subclass member.

25     51.    Upon information and belief, the acts and omissions of each Defendant
26 named herein, including DOES 1-200 and their alter ego LLCs, concurred and
27 contributed to the acts and omissions of each and every one of the other Defendants
28 in proximately causing the complaints, injuries, and damages alleged herein;

1   Defendants approved of, condoned, and/or otherwise ratified each and every one of

2   the acts or omissions complained of herein; and Defendants aided and abetted the

3   acts and omissions of each and every one of the other Defendants, including DOES

4   1-200 and their alter ego LLCs, in proximately causing the complaints, injuries,

5   and damages alleged herein.

**V.**

**CLASS ACTION ALLEGATIONS**

**NUMEROSITY**

52.   The Class and each Subclass is so numerous that joinder of all members is impracticable. Named Plaintiffs are informed and believe, and on that basis allege, that during the Class Period Defendants have employed or will employ at least one hundred (100) persons who satisfy the definition of the Class and each Subclass.

**COMMONALITY**

53.   Common questions of law and fact exist as to members of the Class and Subclasses, including, but not limited to, the following:

a.   Whether Defendants misclassified Manager Class members as exempt from wage and hour requirements under California law;

b.   Whether Defendants failed to pay Class and/or Subclass members the legally required minimum wage for each hour worked;

c.   Whether Defendants failed to pay Class and/or Subclass members regular wages for all regular hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners;

d.   Whether Defendants failed to pay Class and/or Subclass members overtime compensation for each overtime hour worked;

e.   Whether Defendants failed to provide each Class and/or Subclass member with at least one 30-minute meal period on every workday of at least 5 hours and a second 30-minute meal period on every workday of at least 10 hours as required by California law;

f.   Whether Defendants failed to provide each Class and/or Subclass

1    member with 10 minutes of net rest time for every 4 hours of work, or major fraction

2    thereof, as required by California law;

3        g.    Whether Defendants failed to compensate Class and/or Subclass

4    members one (1) hour of pay for each day in which a proper meal or rest period was not

5    provided as required by California law.

6        h.    Whether Defendants improperly withheld or deducted wages from

7    Class and/or Subclass members in violation of Cal. Lab. Code § 221 and the applicable

8    Wage Order;

9        i.    Whether Defendants failed to reimburse Class and/or Subclass

10   members for job-related equipment, meals, uniforms, transportation, and mileage in

     violation of Cal. Lab. Code § 2802 and the applicable Wage Order;

11       j.    Whether Defendants failed to pay accrued and vested vacation time to

12   Class and/or Subclass members in violation of Cal. Lab. Code § 227.3 and California law;

13       k.    Whether Defendants violated California Labor Code §§ 201-03 by

14   willfully failing to pay all wages and compensation due and owing Class and/or Subclass

15   members who quit or who were discharged by Defendants;

16       l.    Whether Defendants violated Cal. Lab. Code § 226 by willfully failing

17   to provide accurate itemized wage statements showing, inter alia, the number of hours

18   worked by Class and/or Subclass members and all deductions made;

19       m.    Whether Defendants improperly retained, converted, appropriated, or

20   deprived Class and/or Subclass members the use of money or sums to which they were

21   legally entitled;

22       n.    Whether Defendants were unjustly enriched by the work and services

23   performed by Class and/or Subclass members without compensation;

24       o.    Whether Defendants failed to maintain proper records of hours worked

25   and compensation paid to Class and/or Subclass members in violation of Cal. Lab. Code §

     1174;

26       p.    Whether Defendants engaged in unfair business practices in violation of

27   California Bus. & Prof. Code § 17200, et seq., by failing to provide wages and compensation

28

Class Action Complaint

required by California law;

q.    Whether Class and/or Subclass members are entitled to equitable relief pursuant to California Bus. & Prof. Code § 17200, et seq.

r.    Whether Defendants' conduct was willful, reckless, oppressive, fraudulent, or malicious; and

s.    The effect upon and the extent of injuries suffered by Named Plaintiffs and Class and Subclass members, and the appropriate amount of damages, reimbursement, restitution, or other compensation.

### TYPICALITY

54.    The Named Plaintiffs' claims are typical of the claims of Class and Subclass members. The Named Plaintiffs, like other Class and Subclass members, were subjected to Defendants' policies and practices of refusing to pay overtime compensation and other violations of California law. The Named Plaintiffs' job duties were typical of those of other Class and Subclass members. Proof of a common or single state of facts will thus establish the right of each Class and Subclass member to recover.

### ADEQUACY OF REPRESENTATION

55.    The Named Plaintiffs will fairly and adequately represent and protect the interests of the Class and Subclasses and have no interests that conflict or are antagonistic to the interests of Class and Subclass members. The Named Plaintiffs have retained counsel competent and experienced in complex class actions, including state labor and employment litigation. Named Plaintiffs and counsel are aware of their fiduciary responsibilities to Class members and are determined to discharge those duties diligently by vigorously seeking the maximum possible recovery for Class members.

### SUPERIORITY OF CLASS ACTION

56.    A class action is superior to other available means for the fair and efficient adjudication of this controversy. Each Class Member has been damaged and is entitled to recovery by reason of the Defendants' illegal policy and/or practice of failing to

1  compensate its employees in accordance with California wage and hour law. The

2  prosecution of individual remedies by each Class member will tend to establish

3  inconsistent standards of conduct for Defendants and result in the impairment of Class

4  members' rights and the disposition of their interest through actions to which they were

5  not parties.

6     57.   Class action treatment will allow those similarly situated persons to litigate

7  their claims in the manner that is most efficient and economical for the parties and the

8  judicial system. Named Plaintiffs and their counsel are unaware of any difficulties that

9  are likely to be encountered in the management of this action that would preclude its

10  maintenance as a class action.

11     58.   Class certification of the First through Tenth Claims for Relief is

12  appropriate because Defendants have acted or refused to act on grounds generally

13  applicable to the Class and Subclasses, making appropriate declaratory and

14  injunctive relief with respect to the Named Plaintiffs and Class and Subclasses. The

15  Named Plaintiffs and the Class and Subclasses are entitled to injunctive relief to end

16  Defendants' common and uniform practice of failing to properly compensate its

17  employees for all hours of work performed for their benefit, as well as for other

18  violations of California laws alleged herein. Class certification of the First through

19  Tenth Claims for Relief is also appropriate because questions of law and fact

20  common to the Class and Subclasses predominate over any questions affecting only

21  individual members of the Class and Subclasses.

## VI.

### FIRST CLAIM FOR RELIEF

### FAILURE TO PAY WAGES AND OVERTIME

### (Against All Defendants)

22     59.   Named Plaintiffs, on behalf of themselves and all Class members, reallege

23  and incorporate by reference paragraphs 1 through 58 as if they were fully set forth

24  herein.

25     60.   Pursuant to Cal. Lab. Code §§ 204, 215, 216, 218.5, 510, 1174, 1194,

1194.2, 1197, 1199, and the applicable IWC Wage Order No. 2, it is unlawful for an employer to suffer or permit an employee to work without paying wages for all hours worked.

61.    Pursuant to section 2(G) of applicable Wage Order No. 2, "hours worked" include the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so.

62.    At all relevant times, Defendants have regularly and consistently maintained corporate policies and practices of refusing to pay  Named Plaintiffs and Class members for all hours worked, including "off-the-clock" time, travel time, training time, and time spent at company meetings and "mandatory" dinners. Named Plaintiffs and Class members are and were required to attend marketing events, meetings, and training seminars outside the range of their normal commuting distance, without compensation for such travel time, training time, or meeting time. The Representative Clinic Manager Plaintiffs and Clinic Manager Subclass members have also been required to attend certain "mandatory" dinners with ALC corporate officers and "VIPs," none of which is compensated for because of their misclassified exempt status.

63.    The Representative Technician Plaintiffs and the Technician Subclass members have complained to their supervisors (they are forbidden from calling Human Resources directly) about shaved hours, shifted hours, off-the-clock work, and missing overtime compensation, all to no avail, since overtime is not permitted or tolerated by Defendants.

64.    At all times relevant herein, Defendants have failed to record, report, and/or preserve records of hours worked by the Named Plaintiffs and Class members sufficient to determine their wages, hours, and other conditions and practices of employment in violation of Cal. Lab. Code § 1174(d).

65.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to managers is as follows: The Representative Clinic Manager Plaintiffs and Clinic Manager Subclass members earn an average annual salary of

$50,000, exclusive of non-discretionary bonuses, and work an average of 25 overtime hours per week; and the Representative Assistant Manager Plaintiffs and Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, and work an average of 15 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the Manager Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendants' possession.

66.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of unpaid overtime compensation to technicians is as follows: The Representative Technician Plaintiffs and Technician Subclass members earn an average hourly rate of $30, exclusive of non-discretionary bonuses, and work an average of 5 overtime hours per week. For purposes of determining the amount of overtime owed, the regular rate of the Technician Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendants' possession.

67.    Under the California Labor Code and applicable Wage Order No. 2, Named Plaintiffs and Class members should have received regular wages in a sum according to proof for the hours worked, but not compensated, during the Class Period. Defendants therefore owe Named Plaintiffs and each Class member regular wages and have failed and refused, and continue to fail and refuse, to pay Named Plaintiffs and Class members the amounts owed.

68.    California law also requires an employer to pay overtime compensation to all non-exempt employees for all hours worked over eight (8) per day or over forty (40) per week.

69.    The Named Plaintiffs and Class members are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

70.    During the Class Period, Defendants misclassified the Manager Class members as exempt employees, with the exception of Assistant Manager Subclass members, who Defendants reclassified as nonexempt on or about January 1, 2007.

1   Upon information and belief, Defendants reclassified Assistant Manager Subclass

2   members as nonexempt after learning that they had previously been misclassified as

3   exempt and unlawfully deprived of overtime compensation

4       71.   At all relevant times, and consistent with Defendants' corporate policies

5   and practices, Named Plaintiffs and Class members regularly work or have worked

6   in excess of 8 hours per day and/or 40 hours per week, including on the sixth or

7   seventh day of a workweek, without compensation for each and every hour and

8   overtime hour worked. Certain Named Plaintiffs and Class Members also work or

9   have worked in excess of twelve (12) hours in a workday.

10      72.   At all relevant times, and consistent with their corporate policies and

11  practices, Defendants have failed to pay Named Plaintiffs and Class members

12  overtime wages, including time and a half and double time, for all hours worked in

13  excess of 8 hours per day and/or 40 hours per week as required by Cal. Lab. Code
    § 510.

14      73.   Section 4 of applicable Wage Order No. 2 requires Defendants to pay

15  its employees minimum wages for all hours worked. Because Defendants failed to

16  compensate Named Plaintiffs and Class members for each and every hour worked

17  as set forth above, Defendants failed to pay Named Plaintiffs and Class members

18  the required minimum wage rate for each hour worked. That is to say, Defendants'

19  payment of $0 per hour for each such hour worked was less than the applicable

20  minimum wage rate in effect.

21      74.   Cal. Lab. Code § 1194.2(a) provides that, in an action to recover wages

22  because of the payment of a wage less than the minimum wage fixed by the IWC

23  Wage Orders, an employee is entitled to recover liquidated damages in an amount

24  equal to the wages unlawfully unpaid and interest thereon.

25      75.   Named Plaintiffs and Class members should have received minimum

26  wages in a sum according to proof for the hours worked, but not compensated,

27  during the Class Period. Defendants therefore owe Named Plaintiffs and Class

28  members minimum wages, as well as liquidated damages in an equal amount to the

1  minimum wages owed, and has failed and refused, and continues to fail and refuse,

2  to pay Named Plaintiffs and Class members the amounts owed.

3      76.   As a direct and proximate result of Defendants' unlawful conduct, as set

4  forth herein, the Named Plaintiffs and Class members have sustained damages and been

5  deprived of minimum wages, regular wages, and overtime compensation that are

6  owed in amounts to be proven at trial, and are entitled to recovery of such amounts,

7  plus interest, liquidated damages, and attorneys' fees and costs pursuant to Cal.

8  Lab. Code §§ 218.5, 1194, and 1194.2.

VII.

## SECOND CLAIM FOR RELIEF
## FAILURE TO PROVIDE MEAL BREAKS
### (Against All Defendants)

12      77.   Named Plaintiffs, on behalf of themselves and all Class members, reallege

13  and incorporate by reference paragraphs 1 through 76 as if they were fully set forth

14  herein.

15      78.   At all relevant times, Named Plaintiffs and Class members regularly

16  work or have worked shifts in excess of five (5) hours without being provided a

17  thirty (30) minute meal period that relieved them of all responsibilities. Moreover,

18  Named Plaintiffs and Class members regularly work or have worked shifts in

19  excess of ten (10) hours without being provided with a second meal break of at

20  least thirty (30) minutes that relieved them of all responsibilities. Such meal

21  periods were and are required by Cal. Lab. Code §§ 226.7 and 512, as well as

22  section 11 of applicable Wage Order No. 2.

23      79.   Prior to the completion of discovery, and to the best of Plaintiffs'

24  knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally

25  provided meal breaks to managers is as follows: The Representative Clinic Manager

26  Plaintiffs and Clinic Manager Subclass members earn an average annual salary of

27  $50,000, exclusive of non-discretionary bonuses, work an average of 6 days per week,

28  and have never received a legal meal break; and the Representative Assistant Manager

Plaintiffs and Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, work an average of 5 days per week, and never received a legal meal break prior to reclassification. For purposes of determining the amount of meal break premium pay owed, the regular rate of Manager Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendants' possession.

80.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally provided meal breaks to technicians is as follows: The Representative Technician Plaintiffs and Technician Subclass members who work full-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 5 days per week, and receive an average of 2 legal meal breaks; the Representative Technician Plaintiffs and Technician Subclass members who work part-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 3 days per week, and have never received a legal meal break. For purposes of determining the amount of meal break premium pay owed, the regular rate of Technician Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendants' possession.

81.    As a result of Defendants' failure to provide proper meal periods, and pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendants are liable to Named Plaintiffs and Class members for one (1) hour of additional premium pay at the regular rate of compensation for each workday in which a proper meal period is not or was not provided. In addition, Named Plaintiffs and Class members are entitled to recovery of such amounts, plus interest, penalties, and attorney's fees and costs pursuant to Cal. Lab. Code § 218.5.

## VIII.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PROVIDE REST BREAKS
### (Against All Defendants)

Class Action Complaint

82.    Named Plaintiffs, on behalf of themselves and all Class members, reallege and incorporate by reference paragraphs 1 through 81 as if they were fully set forth herein.

83.    At all relevant times, Named Plaintiffs and Class members regularly work or have worked periods in excess of four (4 ) hours, or a major fraction thereof, without being afforded a rest break of ten (10) net minutes as required by Cal. Lab. Code § 226.7 and section 12 of applicable Wage Order No. 2.

84.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally authorized and permitted rest breaks to managers is as follows: The Representative Clinic Manager Plaintiffs and Clinic Manager Subclass members earn an average annual salary of $50,000, exclusive of non-discretionary bonuses, work an average of 6 days per week, and have never received a legal rest break; and the Representative Assistant Manager Plaintiffs and Assistant Manager Subclass members earn an average annual salary of $35,000, exclusive of non-discretionary bonuses, work an average of 5 days per week, and never received a legal rest break prior to reclassification. For purposes of determining the amount of rest break premium pay owed, the regular rate of Manager Class members depends on the bonus amount earned during each workweek (if any), records of which should be in Defendants' possession.

85.    Prior to the completion of discovery, and to the best of Plaintiffs' knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of legally provided rest breaks to technicians is as follows: The Representative Technician Plaintiffs and Technician Subclass members who work full-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 5 days per week, and have never received a legal rest break; the Representative Technician Plaintiffs and Technician Subclass members who work part-time earn an average hourly rate of $30, exclusive of non-discretionary bonuses, work an average of 3 days per week, and have never received a legal rest break. For purposes of determining the amount of rest break premium pay owed, the regular rate of the Technician Class

1  members depends on the bonus amount earned during each workweek (if any), records
2  of which should be in Defendants' possession.

3      86.    As a result of Defendants' failure to afford proper rest periods, and
4  pursuant to Cal. Lab. Code § 226.7 and Wage Order No. 2, Defendants are liable to
5  Named Plaintiffs and Class members for one (1) hour additional premium pay at
6  the regular rate of compensation for each workday in which a proper rest period is
7  not or was not provided.  In addition, Named Plaintiffs and Class members are
8  entitled to recovery of such amounts, plus interest, penalties, and attorney's fees
9  and costs pursuant to Cal. Lab. Code § 218.5.

IX.

## FOURTH CLAIM FOR RELIEF
## IMPROPER WAGE DEDUCTIONS
### (Against All Defendants)

13      87.    The Representative Clinic Manager Plaintiffs, on behalf of themselves and
14  all members of the Clinic Manager Subclass, reallege and incorporate by reference
15  paragraphs 1 through 86 as if they were fully set forth herein.

16      88.    Cal. Lab. Code § 221 prohibits deductions from an employee's
17  wages.  In addition, section 8 of applicable Wage Order No. 2 provides: "No
18  employer shall make any deduction from the wage or require any reimbursement
19  from an employee for any cash shortage, breakage, or loss of equipment, unless
20  it can be shown that the shortage, breakage, or loss is caused by a dishonest or
21  willful act, or by the gross negligence of the employee."

22      89.    Effective January 1, 2007, Defendants began deducting $500 per
23  month from the wages of the Representative Clinic Manager Plaintiffs and
   Clinic Manager Subclass members for unspecified "Accounting errors,"
24  "Human Resources Errors," and the failure to "Make Labor target" (i.e., zero
25  recorded overtime).  Such "errors" are and were the result of no more than
26  simple acts of negligence or the cost of doing business.

27      90.    In violation of Cal. Lab. Code § 226, none of Defendants' deductions
28

1  for so-called "errors" were itemized on the wage statements provided to
2  Representative Clinic Manager Plaintiffs or Clinic Manager Subclass members.

3      91.   Defendants have unlawfully deducted and withheld wages from
4  Representative Clinic Manager Plaintiffs and the Clinic Manager Subclass members
5  for business losses and simple acts of negligence in violation of Cal. Lab. Code
6  § 221 and section 8 of applicable Wage Order No. 2. As a result of such
7  unlawful acts, Plaintiff and proposed Class Members are entitled to recovery of
8  such amounts, plus interest, and attorney's fees and costs pursuant to Cal. Lab.
9  Code § 218.5.

10  X.

11  **FIFTH CLAIM FOR RELIEF**

12  **FAILURE TO REIMBURSE BUSINESS EXPENSES**

(Against All Defendants)

13      92.   Named Plaintiffs, on behalf of themselves and all Class members, reallege
14  and incorporate by reference paragraphs 1 through 91 as if they were fully set forth
15  herein.

16      93.   Cal. Lab. Code § 2802 requires employers to indemnify employees for
17  all necessary expenditures incurred by the employee in the discharge of his or her
18  duties. In addition, section 9 of applicable Wage Order No. 2 provides that
19  uniforms and equipment required by the employer or necessary for the job must be
20  provided and maintained by the employer.

21      94.   At all relevant times, Named Plaintiffs and Class members were
22  required to wear lab coats, scrubs, and/or other medical-style uniforms bearing the
23  ALC name or logo, which they were required to care for and maintain at their own
24  expense and on their own time. Indeed, Named Plaintiffs and Class members
25  were required to purchase the ALC uniform if the original was lost or ruined, or if
they simply wanted a second set of working clothes.

26      95.   At all relevant times, Manager Class members were required to have
27  and pay for a cell phone and cellular plan, which was for the benefit of Defendants
28

1  and which was used in lieu of a pager so that Defendants and/or their corporate

2  officers could contact and keep track of the managers at all times. Indeed, on

3  several occasions, an individual Clinic Manager's cell phone would serve as that

4  clinic's business phone pending the installation of phone lines and/or the initiation

5  of phone service.

6      96.    At all relevant times, Defendants did not reimburse Named Plaintiffs

7  and Class members for the cost and use of their vehicles within the course and

8  scope of their employment, such as to attend events and shows at which to market

9  Defendants' services and products, or to attend mandatory training or meetings.

10  Nor did Defendants reimburse Named Plaintiffs and Class members the IRS
    mileage allowance for business miles.

11     97.    At all relevant times, Defendants failed to reimburse Manager Class

12  members for necessary expenditures incurred in the course and scope of their

13  employment, such as for office equipment and business travel. On some

14  occasions, business expenditures for office equipment were specifically requested

15  and authorized, only to then be partially denied on the basis that "too much" had

16  been spent. Defendants denied or ignored reimbursement for such items even

17  when Manager Class members submitted expense reports for same. Manager

18  Named Plaintiff BRISENO even told an ALC Vice President, Nichole Vitale, that

19  she had "given up on expense reports." Vitale's reaction was to hug BRISENO

20  and exclaim "Oh God bless you!"

21     98.    As a result of said unlawful acts, Defendants are liable to Named

22  Plaintiffs and Class members in the amounts expended according to proof, and also

23  for interest, attorney's fees, and costs pursuant to Cal. Lab. Code § 2802(c).

### XI.

### SIXTH CLAIM FOR RELIEF

### FAILURE TO PAY WAGES DUE AT TERMINATION

### (Against All Defendants)

27     99.    Named Plaintiffs, on behalf of themselves and all Class members,

28

reallege and incorporate by reference paragraphs 1 through 98 as if they were set forth again herein.

100.   Cal. Lab. Code §§ 201 and 202 require an employer to pay its employees all wages due within the time specified by law. Cal. Lab. Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty (30) days of wages.

101.   In addition, Cal. Lab. Code § 227.3 requires an employer to pay its employees all unused vacation time that has accrued and vested on termination of employment at their final wage rate in effect.

102.   At all relevant times, Defendants instituted and maintained a "use-it-or-lose it" vacation policy that results in a forfeiture of accrued and vested vacation time at the end of each employee's work year.

103.   At all relevant times, Named Plaintiffs and Class members who left Defendants' employ were shortchanged on their vested vacation time, and were falsely told that they had not accrued the vested vacation time to which they were entitled.

104.   Named Plaintiffs and Class members who ceased employment with Defendants are entitled to unpaid compensation for wages, overtime, premium pay, improperly deducted wages, unreimbursed expenses, and vested vacation time, as alleged above, but to date have not received such compensation. Defendants' failure to pay such wages and compensation, as alleged above, was knowing and "willful" within the meaning of Cal. Lab. Code § 203.

105.   More than thirty days have passed since certain Named Plaintiffs and Class members have left Defendants' employ.

106.   As a consequence of Defendants' willful conduct in not paying compensation for all hours worked, the Named Plaintiffs and Class members whose employment ended during the Class Period are entitled to up to thirty days' wages under Cal. Lab. Code § 203, together with interest thereon and attorneys' fees and

1  costs.

2  ## XII.

3  ### SEVENTH CLAIM FOR RELIEF

4  ### FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS

5  #### ( Against All Defendants)

6   107.   Named Plaintiffs, on behalf of themselves and all Class members,

7  reallege and incorporate by reference paragraphs 1 through 106 as if they were set

8  forth again herein.

9   108.   Defendants knowingly and intentionally failed to provide timely, accurate,

10  itemized wage statements showing, inter alia, hours worked, to Named Plaintiffs and

   Class members in accordance with Cal. Lab. Code § 226(a) and applicable Wage

11  Order No. 2. Such failure caused injury to Named Plaintiffs and Class members by,

12  among other things, impeding them from knowing the amount of wages to which

13  they are and were legally entitled. At all times relevant herein, Defendants have

14  failed to maintain records of hours worked by Named Plaintiffs and Class members as

15  required under Cal. Lab. Code § 1174(d).

16   109.   Prior to the completion of discovery, and to the best of Plaintiffs'

17  knowledge at the time of filing this Complaint, Plaintiffs' good faith estimate of the

18  number of pay periods in which Defendants failed to provide accurate itemized wage

19  statements to Named Plaintiffs and Class members is *each and every pay period*

20  *during the Class Period.*

21   110.   Named Plaintiffs and the Class members are entitled to and seek

22  injunctive relief requiring Defendants to comply with Cal. Lab. Code §§ 226(a) and

23  1174(d), and further seek the amount provided under Cal. Lab. Code § 226(e),

24  including the greater of all actual damages or fifty dollars ($50) for the initial pay

25  period in which a violation occurred and one hundred dollars ($100) per employee

   for each violation in a subsequent pay period.

26  / / /

27  / / /

28

XIII.

## EIGHTH CLAIM FOR RELIEF
## UNFAIR BUSINESS PRACTICES
### (Against All Defendants)

111.  Named Plaintiffs, on behalf of themselves and all Class members, reallege and incorporate by reference paragraphs 1 through 110 as if they were set forth again herein.

112.  By the conduct described in the First through Seventh Claims for Relief above, Defendants have violated the provisions of the California Labor Code as specified and has engaged in unlawful, deceptive, and unfair business practices prohibited by Cal. Bus. & Prof. Code § 17200, et seq. Defendants' use of such practices resulted in greatly decreased labor costs and constitutes an unfair business practice, unfair competition, and provides an unfair advantage over Defendants' competitors.

113.  The unlawful and unfair business practices complained of herein are ongoing and present a threat and likelihood of continuing against Defendants' current employees as well as other members of the general public. Named Plaintiffs and Class members are therefore entitled to injunctive and other equitable relief against such unlawful practices in order to prevent future damage and to avoid a multiplicity of lawsuits. Accordingly, Named Plaintiffs and the Class members request a preliminary and permanent injunction prohibiting Defendants from the unfair practices complained of herein.

114.  Defendants generated income as a direct result of the above-mentioned unlawful and unfair business practices. Named Plaintiffs and the Class members are therefore entitled to restitution of any and all monies withheld, acquired, and/or converted by Defendants by means of the unfair and unlawful practices complained of herein.

115.  As a result, Named Plaintiffs and Class members seek restitution of their unpaid wages, unpaid overtime, unpaid premium time (for Defendants'

1  failure to provide adequate meal and rest periods), improperly deducted wages,
2  unreimbursed expenses, vested vacation time, and waiting time penalties, in
3  addition to interest, attorneys' fees, and costs, as necessary and according to
4  proof. Named Plaintiffs seeks the appointment of a receiver, as necessary, to
5  establish the total monetary relief sought from Defendants.

6                                      XIV.

7                           NINTH CLAIM FOR RELIEF
                                  CONVERSION
8
                            (Against All Defendants)
9
       116.  Named Plaintiffs, on behalf of themselves and all Class members,
10
reallege and incorporate by reference paragraphs 1 through 115 as if they were set
11
forth again herein.
12
       117.  California common law recognizes the tort of conversion.
13
       118.  At all relevant times, Defendants had a legal obligation imposed by
14
statutory law to pay Named Plaintiffs and Class members their wages, job-
15
related expenses, and other compensation due. However, Defendants knowingly
16
and intentionally failed and refused to pay and/or reimburse such wages,
17  expenses, and compensation earned and/or incurred by Named Plaintiffs and
18  Class members in the performance of their job duties. Defendants withheld
19  these sums and converted them by refusing to pay and/or reimburse Named
20  Plaintiffs and Class members.

21     119.  Named Plaintiffs and Class members owned or had the right to own
22  and had the legal right to hold, possess, and dispose of such wages,
23  compensation, and reimbursements for expenses. Named Plaintiffs and Class
    members gained the right to own, hold, possess, and dispose of such wages,
24  compensation, and reimbursements in the performance of their regular job duties
25  for Defendants during the Class Period.
26     120.  Defendants knowingly, willfully, and unlawfully interfered with
27  Named Plaintiffs' and Class members' rights to be paid for, own, possess,
28

Class Action Complaint

and/or control disposition of said sums. The exact amount of monies owed to Named Plaintiffs and Class members, and each of them, is capable of being made certain. The specific identifiable sum of money to which Named Plaintiffs and Class members are entitled varies per Class member and will be established at trial in an amount according to proof.

121. In failing and refusing to pay and/or reimburse Named Plaintiffs and Class members as alleged hereinabove, Defendants knowingly, unlawfully, and intentionally took, appropriated, and converted the property (wages, compensation, and reimbursements) of Named Plaintiffs and Class members for Defendants' own use, purposes, and benefits. At the time the conversion took place, Named Plaintiffs and Class members were entitled to immediate possession of the wages, compensation, and reimbursements owed as provided by the California Labor Code and other state law.

122. Defendants' conversion was oppressive, malicious, and fraudulent, and Defendants' obligations to pay wages, overtime, and other compensation was concealed by Defendants from Named Plaintiffs and Class members. Defendants have regularly and consistently maintained corporate policies and practices that dictate and mandate that Named Plaintiffs and Class members were not to be paid for wages, overtime, incurred expenses, or premium pay for inadequate meal and rest periods. Defendants implemented and carried out these policies and procedures for the primary purpose of depriving Named Plaintiffs and Class members of their right to their wages, reimbursements, and other compensation such that Defendants converted said sums for its own use, as previously alleged.

123. Named Plaintiffs and the Class members have been injured by said conversion through reliance on the Defendants' obligation to comply with applicable California laws. Named Plaintiffs and Class members are entitled to all money converted by Defendants with interest thereon, as well as any and all profits, whether direct or indirect, which the Defendants acquired by their

unlawful conversion. Furthermore, Named Plaintiffs and Class members have been injured by Defendants' oppressive, malicious, intentional, and fraudulent actions, entitling Named Plaintiffs and Class members to punitive and exemplary damages.

## XV.

### TENTH CLAIM FOR RELIEF
### UNJUST ENRICHMENT
### (Against All Defendants)

124. Named Plaintiffs, on behalf of themselves and all Class members, reallege and incorporate by reference paragraphs 1 through 123 as if they were set forth again herein.

125. California common law recognizes an equitable remedy for unjust enrichment or quantum meruit.

126. At all times within the relevant Class Period, Named Plaintiffs and Class members provided services to Defendants and incurred expenses for the benefit of Defendants without receiving compensation or reimbursement for those services and expenses. Defendants requested, by words and/or by conduct that Named Plaintiffs and Class members perform services and incur expenses for the benefit of Defendants. Named Plaintiffs and Class members performed the services and incurred expenses as requested, but Defendants have not paid for those services or expenses.

127. As a result, Defendants have been unjustly enriched, and Named Plaintiffs and Class members have not been compensated or reimbursed for the services performed and expenses incurred for Defendants. Wages and expenses remain due and unpaid, and Named Plaintiffs and Class members are entitled to the reasonable value of the services and expenses that were provided or incurred. Named Plaintiffs and Class members seek the reasonable value for the services provided to Defendants while misclassified as exempt, and during the rest and meal periods and other time worked "off the clock," which Defendants

benefitted from but never paid for.  Named Plaintiffs and Class members also
seek the reasonable value of their expenses incurred for the benefit of
Defendants, which Defendants received but never paid for.

## XVI.

## PRAYER FOR RELIEF

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all Class members, pray for relief as follows:

A. Certification of this action as a class action on behalf of the proposed Class and Subclasses;

B. Designation of the Named Plaintiffs as representatives of the Class and Subclasses;

C. A declaratory judgment that the practices complained of herein are unlawful under California state law;

D. Compensatory damages, including unpaid wages, improperly withheld wages, and overtime, according to proof;

E. Liquidated damages pursuant to Cal. Lab. Code § 1194.2(a);

F. Premium pay pursuant to Cal. Lab. Code § 226.7;

G. Waiting time penalties pursuant to Cal. Lab. Code § 203;

H. Unreimbursed expenses pursuant to Cal. Lab. Code § 2802;

I. Statutory damages pursuant to Cal. Lab. Code § 226(e);

J. Restitution of all money due to Named Plaintiffs and Class members from the unlawful and unfair business practices of Defendants;

K. Restitution of all money due to Named Plaintiffs and Class members from the unjust enrichment of Defendants;

L. Temporary and preliminary orders, and permanent injunctive relief, enjoining Defendants and their agents, servants, and employees from the unlawful and unfair business practices alleged herein;

M. Punitive and exemplary damages under Cal. Civ. Code § 3294;

N. Interest as provided by law at the maximum legal rate;

Class Action Complaint

1    O. Reasonable attorneys' fees authorized by statute;

2    P. Costs of suit incurred herein; and

3    Q. Pre-judgment and post-judgment interest, as provided by law; and

4    R. For such other and further relief as the Court may deem just and proper.

5

6                                        Respectfully submitted,

7    Dated: January 25, 2008

8                            By: _____

9                                 Kevin Ruf

10                                Lionel Glancy (SBN 134180)
                                  Kevin Ruf (SBN 136901)
11                                Kara Wolke (SBN 241521)
                                  **GLANCY BINKOW & GOLDBERG LLP**
12                                1801 Avenue of the Stars, Suite 311
                                  Los Angeles, CA 90067
13                                Telephone:  310-201-9150
                                  Facsimile:   310-201-9160
14
                                  *Attorneys for Plaintiffs and proposed Plaintiffs*
15                                *Classes*

16

17

18

19

20

21

22

23

24

25

26

27

28

Class Action Complaint

1

## CERTIFICATE OF SERVICE BY MAIL

2

CASE NO. CV 081221 EMC

3

U.S.D.C. – NORTHERN

4      I am over the age of 18 and not a party to the within action. I am employed in the County
of Los Angeles, State of California by Thelen Reid Brown Raysman & Steiner LLP. My business

5   address is 333 South Hope Street, Suite 2900, Los Angeles, California 90071.

6          On March 4, 2008, I served the following entitled document:

7   **NOTICE OF ERRATA RE EXHIBIT "A" TO NOTICE OF REMOVAL OF CIVIL
ACTION UNDER 28 U.S.C. § 1332(d), 1332(a) AND 28 U.S.C. § 1441(b)**

8

9

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

10

11  | Kevin Ruf, Esquire | **Attorneys for Plaintiffs** |
Kara Wolke, Esquire

12  Glancy Binkow & Goldberg, LLP
1801 Avenue of the Stars          T: 310.201.9150

13  Suite 311                        F: 310.201.9160
Los Angeles, CA 90067

14

15  William J. Carroll, Esquire      **Attorneys for Defendants**
Schiff Hardin LLP                 ALC ACQUISITION COMPANY LLC and

16  One Market, Spear Street Tower    AMERICAN LASER CENTERS OF
Thirty-Second Floor               CALIFORNIA LLC

17  San Francisco, CA 94105

18                                    T: 415.901.8754
F: 415.901.8701

19

20

21      I am readily familiar with the firm's business practice for collection and processing of
correspondence for mailing with the United States Postal Service.  On this day, I placed for

22  collection and processing the above document to be deposited with the United States Postal
Service in the ordinary course of business. And in the ordinary course of the firm's business, such

23  correspondence is deposited with the United States Postal Service the same day that it is collected.

24      I declare under penalty of perjury under the laws of the United States of America that the
foregoing is true and correct.

25

26      Executed on March 4, 2008, at Los Angeles, California.

27

28                                            _____
Kimberly A. Taylor

LA #604884 v1                      -1-