LIONEL Z. GLANCY (SBN 134180)
KEVIN F. RUF (SBN 136901)
KARA M. WOLKE (SBN 241521)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160

*Attorneys for Plaintiffs and Proposed Plaintiff Classes*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,<br><br>Defendants. | Case No.  CV-08-1221-CRB<br><br>PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO REMAND, OR, ALTERNATIVELY, TO CONDUCT LIMITED JURISDICTIONAL DISCOVERY<br><br>[Filed concurrently with the Declaration of Kevin F. Ruf; Plaintiffs' Objections to Evidence Offered in Support of Defendants' Notice of Removal; Proposed Order lodged herewith]<br><br>Date:  May 2, 2008<br>Time:  10:00 a.m.<br>Place:  Courtroom 8<br>Before: Hon. Charles R. Breyer<br><br>Complaint Filed:          January 25, 2008<br>Notice of Removal:     February 29, 2008 |

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................... 1

II. SUMMARY OF ARGUMENT .................................................... 2

III. FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

    A.  This Statewide Class Action Is The Result of Defendants' Procedural Gamesmanship. ........................................................ 2

IV. ARGUMENT ............................................................... 4

    A.  The Removal Statute Is Strictly Construed, and the Court Must Resolve Any Doubt in Favor of Remand. ............................................ 4

    B.  Defendants Fail to Meet Their Burden of Proof Justifying Removal. .... 4

        1.  Defendants have not - and cannot - show that there is complete diversity between the parties. ................................. 4

        2.  Defendants have failed to prove an aggregate amount in controversy exceeding $5,000,000 as well as other CAFA requirements. ...... 6

    C.  Defendants' Removal of Plaintiffs' Lawsuit Is Fatally Defective. .... 8

    D.  Remand is Warranted Pursuant to the Home State and Local Controversy Exceptions to CAFA ................................................. 9

        1.  The "home state" exception to CAFA jurisdiction applies to this case. ... 9

        2.  The "local controversy" exception to CAFA jurisdiction may apply in this case. ........................................................ 11

        3.  The Court should also remand in "interest of justice." ........ 12

        4.  In the alternative, limited jurisdictional discovery is necessary so that the propriety of federal court jurisdiction over this matter may be determined. .................................................. 12

V.  CONCLUSION ............................................................ 14

# TABLE OF AUTHORITIES

## CASES

Abrego Abrego v. The Dow Chemical Co.,
    443 F.3d 676 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 13

Butchers Union Local No. 498 v. SDC Investment, Inc.,
    788 F.2d 535 (9th Cir. 1986 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Comtrade Ltd. v. United States,
    2005 WL 5643875 (S.D. Fla. Nov. 7, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Curry v. Royal Palm Sav. Ass'n,
    713 F. Supp. 388 (S.D. Fla. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Data Disc, Inc. v. Systems Tech Associates, Inc.,
    557 F.2d 1280 (9th Cir. 1977) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am.,
    2005 WL 1653629 (D. Or. July 6, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Emrich v. Touche Ross & Co.,
    846 F.2d 1190 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Gaus v. Miles, Inc.,
    980 F.2d 564 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Industrial Tectonics, Inc. v. Aero Alloy,
    912 F.2d 1090 (9th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

Kearns v. Ford Motor Co.,
    2005 WL 3967998 (C.D. Cal. Nov. 21, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kisor v. Collins,
    338 F. Supp.2d 1279 (N.D. Ala. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Lowdermilk v. U.S. Bank National Ass'n,
    479 F.3d 994 (9th Cir. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Rippee v. Boston Market Corp.,
    408 F. Supp. 2d 982 (S.D. Cal. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Tosco Corp. v. Communities for a Better Environment,
 236 F.3d 495 (9th Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 10

United States v. American Tobacco Co.,
 221 U.S. 106 (1911) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

**RULES & STATUTES**

28 U.S.C. § 1332 (c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. § 1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

28 U.S.C. § 1332(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 6

28 U.S.C. § 1332(d)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

28 U.S.C. § 1332(d)(4)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

28 U.S.C. § 1332(d)(4)(B) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

28 U.S.C. § 1446(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8

28 U.S.C. § 1447(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Class Action Fairness Act
 ("CAFA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 6, 7, 9-13

Employee Retirement Income Security Act
 ("ERISA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fair Labor Standards Act
 ("FLSA") . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This is a class action involving purely state law claims filed in state court. Plaintiffs are current and former California employees of Defendants forced to work overtime and off-the-clock without compensation, meal breaks, or rest breaks, all in violation of California law. There are no federal claims in this litigation.

As a result of Plaintiffs' lawsuit, Defendants have already converted their misclassified "managers" to nonexempt hourly workers entitled to overtime pay effective April 1, 2008. But Defendants have refused to pay these employees back wages and overtime during the period which they were misclassified as exempt.[1] In addition, as part of this reclassification, Defendants have lowered the employees' regular rate of pay so that they have to work 50 hours per week - 10 hours of overtime - in order to earn the same compensation. Defendants have thus decided to compensate extra hours of work with arithmetic rather than money so as to avoid paying a true overtime premium. This scheme not only violates the letter and spirit of California overtime laws, but is also retaliatory for Plaintiffs' claims.

Indeed, as set forth in Plaintiffs' Complaint, Defendants' actions toward its employees - practically all women - have been tyrannical and abusive. Several of the representative Plaintiffs have been fired since coming forward to complain of Defendants' actions, and all of them have been subject to abuse and intimidation.

Defendants' unwarranted removal of this action to federal court is the latest procedural smokescreen by Defendants attempting to evade their obligations and delay justice. By the time this Motion is heard, Defendants will have successfully avoided dealing with the merits of Plaintiffs' case for *ten (10) months* - even as they reclassify their "managers" to hourly workers. As demonstrated below, Defendants' purported removal is procedurally defective, substantively defective, and disingenuous at best. There is no basis for removal under the Class Action Fairness Act ("CAFA")

---

[1] Defendants also reclassified their "assistant managers" as non-exempt in 2007, but likewise failed to pay these employees back wages and overtime during the period which they were misclassified as exempt.

1  or diversity jurisdiction, and, in any event, Defendants' failure to comply with 28 U.S.C. § 1446(a)
2  is fatally defective.

3  **II.    SUMMARY OF ARGUMENT**

4  First, Defendants' removal petition fails to prove diversity between the parties, and also fails
5  to prove an aggregate amount in controversy exceeding $5,000,000 as required by CAFA and the
6  Ninth Circuit. Defendants' diversity analysis is flawed in that it ignores controlling Ninth Circuit
7  law for determining corporate citizenship, instead relying on the conclusory declaration of their
8  general counsel, Kevin Piecuch. See Plaintiffs' Objections to Evidence Offered in Support of
9  Defendants' Notice of Removal ("Plaintiffs' Evidentiary Objections") filed concurrently herewith.

10  Second, Defendants' removal is procedurally defective by failing to file a copy of Plaintiffs'
11  complaint with its petition, as mandated by 28 U.S.C. § 1446(a). Defendants also failed to cure this
12  defect within 30 days after being served. This procedural defect is fatal, as held by several federal
13  district courts throughout the country, including within the Ninth Circuit.

14  Finally, CAFA requires the Court to decline jurisdiction in this case pursuant to the home and
15  local controversy exceptions. CAFA also permits the Court to decline jurisdiction in the "interest
16  of justice," which is certainly warranted here.

17  Accordingly, Plaintiffs look to this Court to put an end to Defendants' abuse of process and
18  remand this action to state court where it was properly filed.

19  **III.   FACTUAL AND PROCEDURAL BACKGROUND**

20  Defendants audaciously accuse Plaintiffs of "forum shopping," but it is Defendants who
21  forced this carve-out of Plaintiffs' state law claims.

22  **A.    This Statewide Class Action Is The Result of Defendants' Procedural
23          Gamesmanship.**

24  Plaintiffs' California wage-and-hour claims were originally filed in July 2007 as part of a
25  nationwide class action against Defendant ALC Partner, Inc., dba American Laser Centers ("ALC")
26  in the United States District Court, Central District of California. That lawsuit also included claims
27  under the federal Fair Labor Standards Act ("FLSA") and the Employee Retirement Income Security
28  Act ("ERISA"). The assigned judge, the Honorable Manuel Real, was asked to exercise

supplemental jurisdiction over the state wage-and-hour claims of plaintiffs from California, Utah, and Illinois.  The goal was to have ALC's nationwide employees resolve all their claims - both state and federal - in one judicial forum, thereby promoting efficiency and conserving judicial and party resources.  ALC did not want that.

Instead of answering Plaintiffs' complaint, ALC filed two motions to dismiss.  ALC's first motion argued that Plaintiffs' complaint was not well pleaded, except for one cause of action.  Plaintiffs amended their complaint with more factual detail and more particularized allegations.  Again, rather than answer, ALC filed a second motion *arguing for the first time* that ALC was the wrong party and that ALC's subsidiary limited liability companies (the "Subsidiary LLCs") were Plaintiffs' true employers and therefore "indispensable parties."[2]   These Subsidiary LLCs were apparently formed by ALC for each American Laser Centers store across the country.  Incredibly, ALC's sudden discovery concerning its own corporate structure came *more than five (5) months* after Plaintiffs had filed their complaint, spanning two extensions given in good faith so that ALC could have additional time to answer.

Given that a national class was alleged, ALC argued that the case could not go forward because the Court did not have jurisdiction over the Subsidiary LLCs in Utah, Illinois, and other states. Judge Real granted the motion to dismiss.  Although Judge Real allowed Plaintiffs leave to amend, there was nothing Plaintiffs could do to amend the complaint in order to cure the alleged jurisdictional deficiency.

Since ALC still had not answered,  Plaintiffs' counsel decided it was in the clients' best interest to voluntarily dismiss the case and file two new cases in forums where the Subsidiary LLCs had sufficient contacts to establish jurisdiction if necessary.  Hence, one case was filed in California state court (the instant case), relating only to ALC's California centers and asserting purely state-law claims; the other case was filed in federal court in Michigan, where ALC headquarters are located, relating to ALC's centers across the rest of the country – if necessary, the Subsidiary LLCs  would

---

[2]Defendant Richard Morgan, the founder and dominating leader of ALC, filed a similar motion to dismiss after being named as a defendant in Plaintiffs' first amended complaint.

all have sufficient "minimum contacts" with Michigan as a result of their interactions with the headquarters for Michigan to establish jurisdiction over them. The reason for filing a separate California state action is that California labor laws provide superior employee protections and remedies than federal law (or any other state law for that matter), including a longer statute of limitations. Also, as discussed below, a predominant percentage of ALC centers and employees reside in California.

In sum, the instant action is a direct result of Defendants' disingenuous position that the original national class action could not go forward in California because of a lack of personal jurisdiction in California over the Subsidiary LLCs (plaintiffs say "shells") outside California. Defendants can now cry "forum shopping," but it is Defendants who made this bed and Defendants who should be made to sleep in it.

## IV.   ARGUMENT

### A.   The Removal Statute Is Strictly Construed, and the Court Must Resolve Any Doubt in Favor of Remand.

Defendants bear the burden throughout the removal and remand process of establishing federal jurisdiction and overcoming the strong presumption against removal. See Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Courts "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). To that end, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. As explained below, Defendants cannot meet their burden.

### B.   Defendants Fail to Meet Their Burden of Proof Justifying Removal.

Defendants assert removal jurisdiction on two alternate grounds: complete diversity of citizenship (28 U.S.C. § 1332(a)); and CAFA (28 U.S.C. § 1332(d)). Defendants fail on both counts.

#### 1.   Defendants have not - and cannot - show that there is complete diversity between the parties.

Defendants boldly claim that Defendant Dennis Harper is a "sham" defendant named solely for the purpose of defeating diversity jurisdiction under 28 U.S.C. § 1332(a). (See Defendants' Notice of Removal of Civil Action [hereinafter "Defs.' Removal"] at 14, 15.) The

1  problem with their argument is, with the possible exception of Defendant Richard Morgan, ***all***
2  the Defendants other than Harper are also California citizens for diversity purposes. Defendants
3  maintain that ALC, ALC Acquisition Company LLC ("ALC Co."), and American Laser Centers
4  of California, LLC ("ALC California") (collectively, the "ALC Corporate Defendants") are
5  citizens of Michigan since that is where their business is run from and where their corporate
6  headquarters are located. (See Defs.' Removal at 8; see also Declaration of Kevin Piecuch, Esq.
7  in Support of Defendants' Notice of Removal [hereinafter "Piecuch Decl."] at 2-4.) Defendants
8  are apparently unaware that is not the test for determining corporate citizenship for purposes of
9  diversity jurisdiction.

10       "For the purpose of diversity jurisdiction, a corporation is a citizen of any state where it is
11  incorporated and of the state where it has its principal place of business." Industrial Tectonics,
12  Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990); see 28 U.S.C. § 1332 (c)(1).
13  Defendants ***assume*** that "principal place of business" means the same thing as "corporate
14  headquarters." It does not. A corporation's principal place of business is determined by looking
15  to the state where a "substantial predominance" of the corporate business activity takes place.
16  See Industrial Tectonics, 912 F.2d at 1092. If the corporation's activities do not predominate in
17  any state, then, and only then, does a court look to where the majority of the corporation's
18  executive and administrative functions (called the corporation's "nerve center") reside to
19  determine its principal place of business. See id. at 1094. Indeed, when a company's physical
20  operations are predominantly in one state - as with the ALC Corporate Defendants in California -
21  that state will usually be considered its principal place of business even though its executive
22  office is located elsewhere. See Tosco Corp. v. Communities for a Better Environment, 236 F.3d
23  495, 496 (9th Cir. 2001).

24       Here, Defendants have adduced no evidence on the "substantial predominance" of the
25  Corporate Defendants' business activities in this state or any other. Instead, Defendants purport
26  to show that Michigan is the "principal place of business" of ALC and ALC Co. based on nothing
27  but the conclusory assertions of their general counsel. (See Defs.' Removal at 8; Piecuch Decl.
28  at 2, 3; see also Plaintiffs' Evidentiary Objections filed herewith.) But merely ***saying*** a state is

1 your "principal place of business" doesn't make it so.

2     Significantly, unlike with ALC and ALC Co., Defendants do not explicitly assert that ALC California's "principal place of business" is Michigan, perhaps because it strains credulity to believe that ALC *California* is not principally concerned with business operations *in California.* (Compare Defs.' Removal at 8, ll.1-3, 5-7 and Piecuch Decl. at 2, 3 with Defs.' Removal at 8, ll.12-14 and Piecuch Decl. at 4.) Indeed, as later shown, the ALC Corporate Defendants' "principal place of business" is clearly California based on the substantial predominance of centers, employees, sales, services, revenues, and public contact in this state. (See section IV.D, infra.)

10     Thus, far from proving complete diversity between the parties, Defendants have not adduced *any* evidence of the parties' diversity. Defendants concede Harper's California citizenship, and the rest of Defendants' citizenship status remains unproven. As seen, the citizenship of the Corporate Defendants hangs on conclusory assertions of "principal place of business." And Defendants' "evidence" of Richard Morgan's Michigan citizenship is *Plaintiffs' Complaint.* (See Defs.' Removal at 8, ll.14-15.) Surely Plaintiff's Complaint is not evidence, however. It is allegations based on information and belief. Defendants thus fail their burden regarding Morgan as well.

**2.     Defendants have failed to prove an aggregate amount in controversy exceeding $5,000,000 as well as other CAFA requirements.**

20     Defendants also claim removal jurisdiction of this case under CAFA. Under CAFA, a federal court has "original jurisdiction" over class actions in which: (1) any member of the putative class is a citizen of a state different from that of any defendant (i.e., "minimal diversity"); (2) the aggregate number of putative class members is 100 or greater; and (3) the aggregate amount in controversy exceeds the sum or value of Five Million Dollars ($5,000,000). See 28 U.S.C. § 1332(d). Defendants fail to prove any one of these things.

26     First, as already shown, Defendants have not even proven that "minimal diversity" exists between the parties. Defendant Harper is conceded to be a California resident - like Plaintiffs - but there is no competent evidence showing the citizenship of the other Defendants. (See section

6

IV.B.1, supra.)

Second, Defendants present no evidence on the number of putative class members, even though such evidence is clearly in their possession. Instead, Defendants again rely on Plaintiffs' Complaint as "evidence." (See Defs.' Removal at 8(c).) Again, however, Plaintiffs' Complaint is not evidence - it consists of allegations based on information and belief.

Finally, Defendants fail to prove that this case involves an aggregate amount in controversy over $5,000,000 sufficient to justify federal jurisdiction under CAFA. According to the Ninth Circuit, if a complaint is silent as to the specific amount in controversy being alleged - as Plaintiffs' Complaint is here - the party proposing federal court jurisdiction must prove by a "preponderance of the evidence" that CAFA's $5,000,000 amount in controversy requirement has been met. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676, 682 (9th Cir. 2006). This Defendants have not done.

In an effort to meet this burden, Defendants yet again rely on Plaintiffs' Complaint as "evidence" - which it is not. (See Defs.' Removal at 8(d).) Defendants concede that "the Complaint prays for an unspecified amount of damages" (see id.), but are "informed and believe" that the amount in controversy exceeds $5,000,000 based on the "potential value" of claims alleged by Plaintiffs (see id. at 8(e)). In other words, Defendants submit **no evidence whatsoever** on the amount in controversy. Defendants' conjecture and speculation about the amount in controversy do not satisfy the "preponderance of the evidence" standard necessary to confer federal court jurisdiction under CAFA. See Lowdermilk v. U.S. Bank National Ass'n, 479 F.3d 994, 1002 (9th Cir. 2007). Defendants do not even bother to "do the math" or "show their work" in an attempt to prove that Plaintiffs' claims exceed $5,000,000. Although the ALC Corporate Defendants' Chief Administrative Officer and General Counsel, Kevin Piecuch, submitted a declaration in support of removal, and would be in possession of evidence bearing on the actual amount in controversy - such as the number of class members, their work hours, their length of employment, their regular rates of pay, etc. - his declaration avoids any mention of those facts. There is simply no information provided **at all** on these vital points by Defendants, who thus fail to meet their burden.

**C.     Defendants' Removal of Plaintiffs' Lawsuit Is Fatally Defective.**

Aside from Defendants' substantive failure to prove removal jurisdiction, Defendants removal is also procedurally defective by failing to comply with the requirements of 28 U.S.C. §1446(a). In pertinent part, section 1446(a) provides that:

> A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court ***shall file*** in the district court of the United States... a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

28 U.S.C. §1446(a) (emphasis added). Although Defendants purport to file a copy of Plaintiffs' Complaint with their removal petition in compliance with section 1446(a) (see Defs.' Removal at 2-3), Defendants did not. Indeed, on March 4, 2008 - well after the deadline for their removal petition had passed - Defendants filed a "Notice of Errata" claiming that Plaintiffs' Complaint had not been attached to their removal petition due to "clerical error." (See Defendants' Notice of Errata re Exhibit "A" to Notice of Removal of Civil Action [hereinafter "Errata"] at p.2.) Even Defendants' "Errata" was not filed properly, however, failing to comply with Local Rule 5-4 and General Order 45. (See Clerk's Notice Re: Failure to File Electronically, docketed on March 13, 2008.)

Defendants' procedural failure to file a copy of Plaintiffs' Complaint with their removal petition, or within the 30-day deadline for same, is fatal to their removal attempt. That is because the language of section 1446(a) is mandatory - "***shall*** file" - and the removal statutes are construed strictly against the removing party. See Employers-Shopmens Local 516 Pension Trust v. Travelers Cas. & Surety Co. of Am., 2005 WL 1653629, * 4 (D. Or. July 6, 2005) (remanding case where the removing party failed to attach complete pleadings to notice of removal until after 30-day removal period had elapsed); see also Comtrade Ltd. v. United States, 2005 WL 5643875, *1 (S.D. Fla. Nov. 7, 2005) (*same*); Kisor v. Collins, 338 F. Supp.2d 1279, 1281 (N.D. Ala. 2004) (*same*); Curry v. Royal Palm Sav. Ass'n, 713 F. Supp. 388, 389 (S.D. Fla. 1989) (same). Based on these authorities, and Defendants' objective failure to comply with 28 U.S.C. § 1446(a), Defendants' removal petition must be denied. See 28 U.S.C. § 1447(c).

8

### D. Remand is Warranted Pursuant to the Home State and Local Controversy Exceptions to CAFA

Even if Defendants had been able to prove CAFA jurisdiction in this case (section IV.B, supra), and their removal petition was not fatally defective (section IV.C, supra), this Court must still remand Plaintiffs' lawsuit to state court under the home state and local controversy exceptions to CAFA jurisdiction.

#### 1. The "home state" exception to CAFA jurisdiction applies to this case.

Under the "Home State" exception to CAFA jurisdiction, a federal court must decline jurisdiction over a class action in which two-thirds or more of the putative class members and all of the "primary defendants" are citizens of the State in which the action was initially filed. See 28 U.S.C. § 1332(d)(4)(B). The parties appear to agree that more than two-thirds of the putative class members in this case are California residents. (See Defs.' Removal at 8(b).) Indeed, it is almost certain that a substantial majority of class members reside in California, given that the basis of Plaintiffs' claims is that they worked for Defendants in one of ALC's California locations. To the extent Defendants do not agree, Plaintiffs request limited jurisdictional discovery to verify this fact since Defendants possess this information. (See section IV.D.4, infra.)

Although "primary defendant" is not defined by CAFA, the Senate Judiciary Committee report on CAFA indicates that a "primary defendant" is a "real" defendant which is "a primary focus of the plaintiffs' claims - not just a peripheral defendant. The defendant must be a target from whom significant relief is sought by the class . . . as well as being a defendant whose alleged conduct forms a significant basis for the claims asserted by the class." S. Rep. 109-14, 40 (2005). Primary defendants "would be expected to incur most of the loss if liability is found," and the term "should include any person who has substantial exposure to significant portions of the proposed class in the action . . . ." Id. at 43. Historically, outside of CAFA, the Supreme Court has defined primary defendants as those defendants allegedly having a "dominant relation to the subject matter of the controversy." United States v. American Tobacco Co., 221 U.S. 106, 143 (1911).

9

1    Here, there is no question that the ALC Corporate Defendants are the "primary
2 defendants" of Plaintiffs' lawsuit since they are the "real" and "dominant" targets - the deep
3 pockets from whom relief is actually available. See Kearns v. Ford Motor Co., 2005 WL
4 3967998, at *8 (C.D. Cal. Nov. 21, 2005). Indeed, Defendants have consistently taken the
5 position that the individual Defendants (Harper and Morgan) cannot be held personally liable as a
6 matter of law. (See, e.g., Defs.' Removal at 14.) Although Plaintiffs believe that Morgan and
7 Harper can and should be held personally liable for their actions, Plaintiffs do not contend that
8 they are the "primary defendants" within the meaning of CAFA, as discussed above. So the only
9 real issue in determining whether the home state exception applies is whether the Corporate
10 Defendants - i.e., the "primary defendants" - are citizens of California.

11    As discussed earlier (section IV.B.1, supra), the citizenship of corporate defendants
12 depends on their principal place of business, and their principal place of business is determined
13 where the "substantial predominance" of their business activities take place. In conducting this
14 "substantial predominance" analysis, the Ninth Circuit uses comparative percentages in
15 evaluating whether a corporation's business substantially predominates in one state or another.
16 See Industrial Tectonics, 912 F.2d at 1092 (noting that defendant's "California plant accounts for
17 more than 61% of [its] fiscal sales, measured in dollars, and more than 69% of its operating
18 income" as compared to the defendant's Michigan plant); Tosco, 236 F.3d at 501-02 (comparing
19 straight percentage difference between defendant's California business operations, including sales
20 and income, to that generated in other states). Thus, such factors as "the location of employees,
21 tangible property, and production activities are relevant," as is "the locations where income is
22 earned, purchases are made, and sales take place." Industrial Tectonics, 912 F.2d at 1094.

23    Here, the Corporate Defendants are citizens of California - and California is their
24 "principal place of business" - since California is clearly the state in which their business
25 operations predominate vis-à-vis every other state in which they do business. (See Declaration of
26 Kevin F. Ruf, Esq., in Support of Motion to Remand [hereinafter "Ruf Decl."], filed concurrently
27 herewith, at ¶2, Ex. A.) Out of the 213 American Laser Center locations owned and operated by
28

the Corporate Defendants,[3] a full 50 of those locations are in California. (See Ruf Decl. at ¶2, Ex. A.) This amount represents 23% of all American Laser Center locations nationwide and nearly equals the total percentage of the next three states' locations combined: New York - 9% (20 centers), Texas - 8% (16 centers), and Michigan - 8% (16 centers). (See Ruf Decl. at ¶2, Ex. A.) It can be extrapolated from these numbers that the ALC Corporate Defendants' business activities similarly predominate in California in terms of employees, sales, services, revenues, tangible property, and public contact.[4]

Because the substantial predominance of the ALC Corporate Defendants' business activities occur in California, their principal place of business is also in this state. Given that the Corporate Defendants are California citizens and the primary defendants of Plaintiffs' lawsuit, the home state exception to CAFA jurisdiction applies. See 28 U.S.C. § 1332(d)(4)(B)

### 2. The "local controversy" exception to CAFA jurisdiction may apply in this case.

Like its "home state" relative, the "local controversy" exception to CAFA jurisdiction recognizes that certain class actions should remain in state court. Under this exception, a federal court must decline jurisdiction over a class action if the following requirements are met: (a) more than two-thirds of the putative class members are citizens of the forum state; (b) at least one of the defendants is a citizen of the forum State; (c) the action is against a party from whom "significant relief is sought"; (d) the action is against a party whose conduct formed a "significant basis" for the asserted claims; (e) the principal injuries claimed in the action must have occurred in the forum state; and (f) within the three years preceding the filing of an action, no class action was filed against any defendant, in any forum, asserting the same or similar claims. 28 U.S.C. § 1332(d)(4)(A).

---

[3] This amount excludes 29 licensed locations that are apparently independently owned and operated. (See Ruf Decl. at Ex. A.)

[4] Again, to the extent Defendants disagree, Plaintiffs request limited jurisdictional discovery to verify this information in Defendants' possession. (See section IV.D.4, infra.)

1  Obviously, a threshold issue is whether the prior action in the USDC Central District
2 would fall within the meaning of sub-paragraph "f," thus disallowing the "local controversy"
3 exception here. While Plaintiffs can find no authority on the subject, it would appear obvious that
4 this provision was not intended to apply when the "other" case is essentially the "same" action.
5 Sub-paragraph "f" would appear to be a protection against multiple class action lawsuits against
6 the same defendant; that is not the case here where the instant lawsuit is a re-filing of the original
7 action in a different forum (in order to address the jurisdictional issues related to the Subsidiary
8 LLCs, as discussed above).

9  Beyond sub-paragraph "f," all of the other requirements under the "local controversy"
10 exception are clearly met. Here, to the extent the Corporate Defendants are "primary" defendants
11 under the home state exception to CAFA, *a fortiori*, they are "significant" defendants from whom
12 "significant" relief is sought under the local controversy exception.  Moreover, all of the principal
13 injuries claimed by Plaintiffs' lawsuit occurred in California.  Therefore, given that at least one of
14 the Defendants is a citizen of California, the local controversy exception to CAFA jurisdiction
15 also applies.

16  **3.    The Court should also remand in "interest of justice."**

17  Courts may also remand an action on the basis of CAFA's "interest of justice" exception.
18 Under this provision, if more than one-third but less than two-thirds of the putative class
19 members and all of the primary Defendants are citizens of the forum state, then the Court has
20 discretion to accept or decline jurisdiction "in the interest of justice." See 28 U.S.C. §
21 1332(d)(3).  Given that this case involves purely state-law matters between California Plaintiffs
22 and California Defendants, and given Defendants' dilatory tactics and procedural gamesmanship
23 in this litigation, justice would best be served by remanding this matter to the state court where it
24 was properly commenced.

25  **4.    In the alternative, limited jurisdictional discovery is necessary so that**
26  **the propriety of federal court jurisdiction over this matter may be**
27  **determined.**

28  In the event the Court determines that Defendants have proven removal jurisdiction, and

their removal petition is not defective, and that none of the aforementioned CAFA exceptions apply, Plaintiffs' respectfully request the right to engage in limited jurisdictional discovery in order to carry their burden of proof on the exceptions to CAFA jurisdiction. Such limited jurisdictional discovery would allow the Court to ascertain the propriety of federal court jurisdiction over this matter, and illuminate the crucial questions relating to this inquiry. See Abrego, 443 F.3d at 691. The Court at that time - with the information at hand - can decide whether any CAFA exception is applicable and also whether to exercise its discretion "in the interest of justice."

According to the Ninth Circuit, "discovery should ordinarily be granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary." Butchers Union Local No. 498 v. SDC Investment, Inc., 788 F.2d 535, 540 (9th Cir. 1986) (quoting Data Disc, Inc. v. Systems Tech Associates, Inc., 557 F.2d 1280, 1285 n.1 (9th Cir. 1977). Further, jurisdictional discovery is warranted "when the Court is unable to determine, on the existing record, whether it has jurisdiction." Rippee v. Boston Market Corp., 408 F. Supp. 2d 982, 985 (S.D. Cal. 2005). Indeed, the Senate report on CAFA explicitly contemplates that "limited discovery may be necessary to make these [jurisdictional] determinations." S. Rep. No. 109-14, at 44.

Accordingly, Plaintiffs respectfully request that they be given an opportunity to engage in limited jurisdictional discovery aimed at obtaining information bearing on the applicability of the exceptions to removal under CAFA. Plaintiffs propose limited discovery which includes a Notice of Deposition of the Person Most Knowledgeable and a Request for Production of Documents. Such discovery will be limited to the residency of putative class members and the corporate citizenship of Defendants necessary to establish proper jurisdiction under CAFA.

1  **V.     CONCLUSION**

2      For all of the foregoing reasons, the Court should grant Plaintiffs' motion, remand this action to Alameda County Superior Court. Strictly in the alternative, Plaintiffs respectfully ask the Court's permission to conduct limited discovery on the residency of putative class members and the corporate citizenship of Defendants necessary to establish proper jurisdiction.

Dated: March 28, 2008

Respectfully submitted,

*S/Kevin F. Ruf*

LIONEL Z. GLANCY (SBN 134180)
KEVIN F. RUF (SBN 136901)
KARA M. WOLKE (SBN 241521)
GLANCY BINKOW & GOLDBERG LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, California 90067
Telephone:   (310) 201-9150
Facsimile:    (310) 201-9160

*Attorneys for Plaintiffs and Proposed Plaintiff Classes*