1  Lionel Z. Glancy (SBN 134180)
   Kevin F. Ruf (SBN 136901)
2  Kara M. Wolke (SBN 241521)
   Email: info@glancylaw.com
3  **GLANCY BINKOW & GOLDBERG LLP**
4  1801 Avenue of the Stars, Suite 311
   Los Angeles, CA 90067
5  Telephone: 310-201-9150
   Facsimile: 310-201-9160
6
7  *Attorneys for Plaintiffs and Proposed Plaintiff Classes*

8
                    **UNITED STATES DISTRICT COURT**
9
                    **NORTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,<br><br>                    Plaintiffs,<br><br>v.<br><br>ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,<br><br>                    Defendants. | CASE NO. CV 08-1221 CRB<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE SUBMITTED IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION**<br><br>[Filed concurrently with Plaintiffs' Notice of Motion and Motion to Remand and Memorandum of Points and Authorities in Support Thereof; and Declaration of Kevin F. Ruf]<br><br>**Date:**   May 2, 2008<br>**Time:**   10:00 AM<br>**Place:**  Courtroom 8<br>**Before:** Hon. Charles R. Breyer<br><br>Complaint Filed:     January 25, 2008<br>Notice of Removal:  February 29, 2008 |

Plaintiffs KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, and AMY WILLIAMS (collectively "Plaintiffs") hereby respectfully object to the Declaration of Kevin Piecuch, Esq. Filed in Support of Defendants' Notice of Removal of Civil Action.

Given that "principal place of business" is a legal term of art and an ultimate issue of fact concerning the determination of corporate citizenship for purposes of removal based on diversity jurisdiction, Mr. Piecuch's declaration is improper because it: (i) provides no indication that Mr. Piecuch is familiar with, or applied, the applicable legal standard for determining "principal place of business," and (ii) provides no factual basis for Mr. Piecuch's conclusions concerning the purported "principal place of business" of each defendant. Thus, having failed to lay the proper foundation for his testimony, the declaration violates Federal Rule of Evidence 602, which requires that a witness not only have personal knowledge of the matter to which he testifies, but also set forth evidence establishing the basis of his knowledge. Fed. R. Evid. 602 ("A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter.")

The portions of Mr. Piecuch's declaration purporting to testify to the "principal place of business" of defendants ALC-Partner, Inc., ALC Acquisitions Company LLC, and American Laser Centers of California LLC (collectively, "Defendants") are improper because they fail to set forth any factual basis for Mr. Piecuch's conclusions. As discussed in the accompanying Memorandum in Support of Plaintiffs' Motion to Remand, Defendants have not satisfied their burden on removal, and Mr. Piecuch's declaration just not justify removal based on diversity jurisdiction.

**Plaintiffs' Specific Objections to the Declaration of Kevin Piecuch**

Paragraph 2, p. 1, *ll.* 19-20: "ALC-Partner, Inc.'s business is run from and its corporate headquarters are located in Farmington Hills, Michigan, which is ALC-Partner, Inc.'s principal place of business." Plaintiffs object to this testimony on the ground that the declarant lacks personal knowledge and the testimony lacks foundation. Fed. R. Evid. 602.

1 | Paragraph 3, p. 1, *ll.* 22-24: "ALC Acquisition Company LLC's business is run from and its corporate headquarters are located in Farmington Hills, Michigan, which is ALC Acquisition Company LLC's principal place of business." Plaintiffs object to this testimony on the ground that the declarant lacks personal knowledge and the testimony lacks foundation. Fed. R. Evid. 602.

Paragraph 4, p. 2, *ll.* 1-2: "American Laser Centers of California LLC's business is run from and its corporate headquarters are located in Farmington Hills, Michigan, which is American Laser Centers of California LLC's principal place of business." Plaintiffs object to this testimony on the ground that the declarant lacks personal knowledge and the testimony lacks foundation. Fed. R. Evid. 602.

Respectfully submitted,

Dated: March 28, 2008           By:    */s/ Kevin F. Ruf*

Kevin F. Ruf
Lionel Z. Glancy (SBN 134180)
Kara M. Wolke (SBN 241521)
**GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310-201-9150
Facsimile: 310-201-9160

*Attorneys for Plaintiffs and proposed Plaintiff Classes*