1  ANN KANE SMITH, CA BAR NO. 72698
   JENNIFER L. GOLBERG, CA BAR NO. 198150
2  MARYTZA J. REYES , CA BAR NO. 218684
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
4  Los Angeles, California  90071
   Telephone 213.576.8000
5  Facsimile 213.576.8080

6
   Attorneys for Defendants
7  ALC-PARTNER, INC.,
   RICHARD MORGAN and DENNIS HARPER
8
9  WILLIAM J. CARROLL, ESQ., CA BAR NO. 118106
   SARAH R. SPEAKMAN, CA BAR NO. 215085
10 SCHIFF HARDIN LLP
   One Market, Spear Street Tower
11 Thirty-Second Floor
   San Francisco, CA  94105
12 Telephone:  415.901.8754
13 Facsimile:  415.901.8701

14 Attorneys for Defendants
   AMERICAN LASER CENTERS LLC (formerly known
15 as ALC ACQUISITION COMPANY LLC) and
16 AMERICAN LASER CENTERS OF CALIFORNIA LLC

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

19 KAY LOVE, MELINDA AHUMADA,          Case No.:  CV081221 (EMC)
   PAULA AUSTIN, ASHLEY BRISENO,
20 LISA CASEY, JESSICA BURIA,          **AMENDED NOTICE OF MOTION AND**
   NATALIE DOLABJIAN, NADIA            **MOTION TO TRANSFER VENUE UNDER** 28
21 KAMELI, ASHLEE MOCHAN,              **USC § 1404(a)**
   CHRISTINE PEDRO, DAYNA RACOW,
22 BEVERLY ALEXANDER, KATHRYN          Date:      May 16, 2008
   CAMERON, FEY RICHMAN, CYNTHIA       Place:     10:00 a.m.
23 RODIER, SANDRA SEWERIN and AMY      Place:     Courtroom 8
24 WILLIAMS, on behalf of themselves and  Before:   Hon. Charles R. Breyer
   those classes similarly situated,
25
26                    Plaintiffs,

27 v.

28

LA #604338 v5

1  ALC PARTNER, INC., dba AMERICAN
   LASER CENTERS; ALC ACQUISITION
2  COMPANY LLC; AMERICAN LASER
   CENTERS OF CALIFORNIA, LLC;
3  RICHARD MORGAN; DENNIS HARPER;
   and DOES 1 through 200, inclusive,
4

5              Defendants.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

2  THEIR ATTORNEYS OF RECORD:

3    PLEASE TAKE NOTICE that on May 16, 2008 or as soon thereafter as this matter may be

4  heard in the Courtroom of the Honorable Judge Charles R. Breyer, located at 450 Golden Gate

5  Avenue, San Francisco, California 94102, Defendants ALC-Partner, Inc., American Laser Centers

6  LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers of California

7  LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") respectfully move to

8  transfer venue to the United States District Court for the Central District of California pursuant to

9  28 U.S.C. §1404(a).  Plaintiffs originally filed this action in the United States District Court for the

10  Central District of California.  They dismissed that action and blatantly forum-shopped their case

11  after receiving two adverse rulings in the Central District.  The "convenience of parties and

12  witnesses" and the "interest of justice" require transfer.  28 U.S.C. § 1404(a).

13    This motion is based on the attached Memorandum of Points and Authorities the

14  Declaration of Kevin Piecuch, the Request for Judicial Notice, the files and records in this case,

15  and such additional evidence and argument as the Court may elect to hear at the hearing on this

16  motion.

17  Dated: April 11, 2008

    THELEN REID BROWN RAYSMAN &
18    STEINER LLP

19    By   /s/ Jennifer L. Goldberg
          Attorneys for Defendants
20          ALC-PARTNER, INC., RICHARD
          MORGAN and DENNIS HARPER
21

22  Dated: April 11, 2008    SCHIFF HARDIN LLP

23

24    By
          William J. Carroll
25          Attorneys for Defendants
          AMERICAN LASER CENTERS LLC and
26          AMERICAN LASER CENTERS OF
          CALIFORNIA LLC
27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION .................................................................................................... 1

II.   SUMMARY OF ARGUMENT .............................................................................. 2

III.  FACTUAL AND PROCEDURAL HISTORY ...................................................... 4

      A.    The Parties. ................................................................................................. 4

      B.    Plaintiffs' Forum Shopping. ...................................................................... 5

IV.   ARGUMENT .......................................................................................................... 6

      A.    The Standard For Transferring An Action For Convenience. .................... 6

      B.    The Central District Is An Appropriate Forum ......................................... 7

      C.    The Relevant Public And Private Interest Factors Support Transfer To
            The Central District ................................................................................... 7

            1.    Plaintiffs' Forum Shopping Is A Sufficient Ground To Transfer
                  This Action. ..................................................................................... 8

            2.    The Convenience Of The Parties And Witnesses Supports
                  Transfer. ........................................................................................... 9

            3.    There Are No Assistant Manager and Technician Class
                  Representatives Located In The Northern District ........................ 10

            4.    Plaintiffs' Counsel And Counsel For Three Of The Defendants
                  Are Located Within The Central District ....................................... 11

            5.    The Location Of Documents And Evidence Supports Transfer ...... 11

            6.    The Public Interest In Local Adjudication Of Local
                  Controversies And Not Unfairly Burdening Juries Support
                  Transfer In Furtherance Of The Interests Of Justice .................... 12

            7.    Plaintiffs' Choice Of Forum Is Not Entitled To Any Weight
                  Because They Are Guilty Of Forum Shopping, and This is a
                  Class Action Where Plaintiffs Have Minimal Contacts With
                  The Forum ...................................................................................... 12

            8.    The Central District Already Is Familiar With the Case .............. 13

V.    CONCLUSION ..................................................................................................... 14

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Alltrade Inc., v. Uniweld Products, Inc.,*
  946 F.2d 622 (9th Cir. 1991)................................................................3, 12

*Brandon Apparel Group, Inc. v. Quitman Manufacturing Co., Inc.,*
  42 F.Supp.2d 821 (N.D. Ill. 1999).......................................................9, 10

*Decker Coal Co. v. Commonwealth Edison Co.,*
  805 F.2d 834 (9th Cir. 1986)...........................................................3, 7, 8

*E. & J. Gallo Winery v. F. & P.S.P.A.,*
  899 F.Supp. 465 (E.D. Cal. 1994)...........................................................7

*Eichenholtz v. Brennan,*
  677 F.Supp. 198 (S.D.N.Y. 1988) ..........................................................13

*Gulf Oil Co. v. Gilbert,*
  330 U.S. 501 (1947) .............................................................................7

*Hoffman v. Blaski,*
  363 U.S. 335 (1960) ..........................................................................2, 7

*Jacobson v. Hughes Aircraft,*
  105 F.3d 1288 (9th Cir. 1997)................................................................14

*Jones v. GNC Franchising, Inc.,*
  211 F.3d 495 (9th Cir. 2000)........................................................7, 8, 13

*Koster v. (American) Lumbermens Mut. Casualty Co.,*
  330 U.S. 518 (U.S. 1947) .....................................................................13

*Lopez Perez v. Hufstedler,*
  505 F.Supp. 39 (D.D.C. 1980) ................................................................7

*Lou v. Belzberg,*
  834 F.2d 730 (9th Cir. 1987)............................................................3, 12

*Madani v. Shell Oil Co.,*
  2008 U.S. Dist. LEXIS 9626 (N.D. Cal.).........................................8, 9, 13

*McGraw-Edison Co. v. United States Fidelity & Guaranty Co.,*
  322 F.Supp. 1049 (D. Wis. 1971) ...........................................................7

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

# TABLE OF AUTHORITIES (cont.)

Page(s)

*Norwood v. Kirkpatrick,*
    349 U.S. 29 (1955) .......................................................................................... 8

*Piper Aircraft v. Reyno,*
    454 U.S. 235 (1981) ...................................................................................... 13

*Royal Queentex Enterprises v. Sara Lee Corp.,*
    2000 U.S. Dist. LEXIS 10139 ......................................................... 3, 7, 9, 12

*Samsung Electrics Co. v. Rambus Inc.,*
    386 F. Supp. 2d 708 (E.D. Va. 2005) .......................................................... 13

*Stewart Organization v. Ricoh Corp.,*
    487 U.S. 22 (1988) ......................................................................................... 7

*Wireless Consumers Alliance v. T-Mobile USA, Inc.,*
    2003 U.S. Dist. LEXIS 26802  (N.D. Cal. Oct. 14, 2003) ................. 8, 9, 13, 14

## STATUTE

28 U.S.C.
    Section 1404(a) ..................................................................................... 2, 6, 7, 14

## RULE

Federal Rules of Civil Procedure
    Rule 12(b)(6) .................................................................................................... 1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

On or about January 25, 2008, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Christine Pedro, Dayna Racow, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, and Amy Williams (collectively, "Plaintiffs") commenced an action against ALC-Partner, Inc., American Laser Centers LLC (formerly known as ALC Acquisition Company LLC), American Laser Centers of California LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") by filing a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of Alameda, entitled *Kay Love et al. v. ALC Partner, Inc. d.b.a. American Laser Centers et al.*, Case No. RG 08367932, which Defendants removed to this Court on February 29, 2008.  The Complaint alleges seven claims for relief under the California Labor Code, as well as claims for unfair business practices, conversion, and unjust enrichment.[1] [Complaint, ¶¶ 59-127.]  Plaintiffs purport to represent subclasses of clinic managers, assistant managers, and technicians.  [*Id*. at 8-11.]

This case is presently before this Court because the Plaintiffs have engaged in blatant forum shopping.  As set forth in detail herein, Plaintiffs previously filed this case in the United States District Court for the Central District of California (hereinafter "Central District"), which is the proper forum for their claims.  In response to a motion to dismiss, Plaintiff filed a First Amended Complaint.  The Court then dismissed the First Amended Complaint, ruling in Defendants' favor on another motion to dismiss.  Rather than file a second amended complaint and conform their pleadings to the Court's ruling, the Plaintiffs voluntarily dismissed their case.  Shortly thereafter, they re-filed the present case in Alameda County Superior Court.  Plaintiffs' inability to successfully prosecute their claims in the Central District is the sole explanation for why they now choose to try again in a state court far from their original choice of forum, and

---

[1] Concurrent with this Motion, Defendants are filing a Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) asserting that Plaintiffs have failed to state valid claims for relief against individual Defendants.

1    within a different federal court district. Plaintiffs' forum shopping is sufficient grounds on its own

2    for the Court to transfer venue.

3        Plaintiff's original choice of forum was the correct one. Venue properly lies in the Central

4    District of California, and the Central District is the far more convenient forum for the parties and

5    witnesses. Fourteen of the seventeen named Plaintiffs reside in Southern California; thirteen

6    within the Central District. The American Laser Centers clinics where those fourteen plaintiffs

7    worked are all located in or near the Central District (a fourteenth resides within the Southern

8    District, even further from this Court). The key point is not the convenience of the named

9    Plaintiffs, but the fact that vast majority of the relevant records and witnesses who can testify as to

10   Plaintiffs' hours, duties and working conditions are located within the Central District. The

11   interests of justice forbid Plaintiffs' from hauling the majority of the witnesses and pertinent

12   documents to a different district hundreds of miles away, when only three of seventeen named

13   Plaintiff reside and worked within the Northern District, particularly in light of Plaintiffs'

14   egregious forum shopping. Moreover, Plaintiffs purport to represent classes of current and former

15   clinic managers, assistant managers and technicians, yet there is not a single representative of the

16   assistant manager and technician classes who resides in or worked within the Northern District,

17   and thus the Northern District has no connection to those putative classes at this time.

18       For all the reasons set forth herein, this Court should transfer this action to the Central

19   District, pursuant to 28 U.S.C. § 1404(a).

20   **II.    SUMMARY OF ARGUMENT**

21       Even if an action is filed in an otherwise proper venue, 28 U.S.C. § 1404(a) provides

22   discretionary grounds for transferring an action to another venue "for the convenience of parties

23   and witnesses." Under § 1404(a), the threshold question is whether this action could have been

24   properly brought in the Central District. *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). The

25   Central District is a suitable forum because it would have had subject matter jurisdiction at the

26   time the action was filed, Defendants would have been subject to personal jurisdiction, and venue

27   would have been proper.

28

1   A plaintiff(s)' choice of forum is ordinarily accorded substantial weight.  However, the

2   Court "may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-

3   shopping," as is the case here.  *Alltrade Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th

4   Cir. 1991); *see also, Royal Queentex, supra*, 2000 U.S. Dist. LEXIS 10139 at *10.  Moreover, a

5   plaintiff's choice of forum is greatly reduced when he or she sues in a representative capacity.  *Lou*

6   *v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

7   This Circuit has set forth factors that should be used to make the "convenience"

8   assessment.  Those facts include, but are not limited to: 1) plaintiff's choice of forum, 2) respective

9   parties' contacts with the forum, 3) convenience of the parties and the witnesses, 4) ease of access

10  to the evidence, 5) local interest in having localized controversies decided at home, and 6)

11  unfairness of burdening citizens in an unrelated forum with jury duty.  *Decker Coal Co. v.*

12  *Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).  These factors overwhelmingly

13  support transfer to the Central District here.  The key testimony and evidence will necessarily

14  come from witnesses who worked with Plaintiffs at those clinics regarding such things as

15  operations, job duties, hours, working conditions.  By virtue of the location of the clinics where

16  Plaintiffs worked, the vast majority of the witnesses will be located in Southern California and in

17  the Central District.  The Central District also is by far the more convenient forum in terms of

18  access to sources of proof.

19  The proposed representatives of the Assistant Manager and Technician subclasses all reside

20  and work(ed) in the Central District (with one such representative in the Southern District).

21  [Complaint at ¶¶17-35.]  Thus, two of the three classes of employees and former employees that

22  Plaintiffs seeks to represent have no representatives located in Northern California.

23  Finally, judicial resources are saved by the central district's familiarity with this case.

24  Here, the Central District (Hon. Manuel Real presiding) already has examined extensive briefing

25  (three separate motions to dismiss) and issued a ruling on the threshold issues in this case.

26  In short, there is no legitimate reason for this case to be in Northern California.  In order to

27  avoid substantially inconveniencing the witnesses and parties, and in the interest of justice, this

28  action should be transferred to the Central District.

III.    **FACTUAL AND PROCEDURAL HISTORY**

A.    The Parties.

There are seventeen named Plaintiffs in this lawsuit. [Complaint, ¶¶ 2-17.] Ten of the Plaintiffs, namely Melinda Ahumada, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Kathryn Cameron, Cynthia Rodier, and Amy Williams, reside in Los Angeles County, which is within the Central District. [Id. at ¶¶ 2, 4-9, 13, 15, 17.] Beverly Alexander and Fey Reichman, reside in neighboring Ventura County, which is within the Central District. [Id. at ¶¶ 12, 14.] Sandra Sewerin resides in neighboring Orange County, which is within the Central District [Id. at ¶ 16.] Kay Love resides in San Diego County, within the Southern District. [Id. at ¶ 17.] Thirteen of the above Plaintiffs reside in the Central District.

Only two of the named Plaintiffs, Christine Pedro and Dayna Racow[2] reside and worked in Alameda County, the county where this case was originally filed. [Id. at ¶¶10-11.] Paula Austin resides in Monterey County. [Id. at ¶ 3.] Those three Plaintiffs residing within the Northern District are all Clinic Managers. [Id. at ¶ 34.] There are no representatives for the Assistant Manager Subclass or the Technician Subclass residing in the Northern District. In total, fourteen of the seventeen named plaintiffs reside hundreds of miles south of the Northern District, in Southern California.

Defendant ALC-Partner, Inc. is a corporation organized under the laws of the State of Delaware. [Complaint at ¶36; Declaration of Kevin Piecuch[3] ("Piecuch Decl.") at ¶2.] Defendant American Laser Centers LLC (formerly known as ALC Acquisition Company LLC) is a limited liability company organized under the laws of the State of Delaware. [Complaint at ¶37; Piecuch Decl. at ¶3.] Defendant American Laser Centers of California LLC is a limited liability company organized under the laws of the State of Delaware. [Complaint at ¶38; Piecuch Decl. ¶4.]    Each of the above entities is run from its respective corporate headquarters located in Farmington Hills, Michigan. [Complaint at ¶¶ 36-38; Piecuch Decl. at ¶¶2-4.]

---

[2] Dayna Racow is the only Plaintiff in this action who was not also a named Plaintiff in the first action filed in the Central District of California.

[3] The Declaration of Kevin Piecuch is filed concurrently herewith.

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1    Defendant Richard Morgan is a resident of the State of Michigan. [Complaint at ¶39.]

2    Defendant Dennis Harper resides in Humboldt County. [Complaint at ¶40.]    Defendants

3    are informed and believe that Dr. Harper is a "sham" Defendant in this action within the meaning

4    of federal law, in that Plaintiffs named him as an individual Defendant solely for the purpose of

5    attempting to defeat removal jurisdiction. [*See* Defendants' Notice of Removal and supporting

6    papers, filed with the Court on February 29, 2008.]

7        B.    Plaintiffs' Forum Shopping.

8    This lawsuit is the second action filed in connection with Plaintiffs' alleged underlying

9    claims. On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno,

10   Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, all of whom are Plaintiffs in

11   this action, filed on their own behalf and on behalf of purported classes, a nearly identical lawsuit

12   against Defendant ALC-Partner, Inc. in the Central District bearing Case No. CV 07 4588 R(SHx)

13   (referred to herein as "Love I"). [*See* Request for Judicial Notice, Exhibit 1, filed concurrently

14   herewith.] In that case, they asserted claims identical to the ones asserted in the instant State Court

15   Action, including allegations that ALC-Partner, Inc. violated various California Labor Code

16   provisions by failing to properly pay overtime, as well as failing to provide proper rest and meal

17   breaks, payment for vacation time, reimbursement of expenses, and other alleged wage and hour

18   violations. [*Id.*]

19   ALC-Partner, Inc. moved to dismiss the original Love I Complaint. In response to ALC-

20   Partner, Inc.'s valid arguments, Plaintiffs voluntarily filed a First Amended Complaint. [Request

21   for Judicial Notice Exh. 2.] The Love I First Amended Complaint added as named Plaintiffs Lisa

22   Casey, Christine Pedro, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier,

23   Sandra Sewerin, Pamela Strong, and Amy Williams, all of whom are named Plaintiffs in the

24   present case. As set forth in the Love I First Amended Complaint, the named Plaintiffs purported

25   to represent subclasses of regional managers, clinic managers, assistant managers and technicians

26   working in American Laser Centers clinics. The Love I First Amended Complaint named Richard

27   Morgan as a Defendant in addition to ALC-Partner, Inc. The other two entity Defendants now

28   named in the present action did not exist at the time the Complaint in Love I was filed [*see, e.g.,*

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1    Complaint at ¶37; Piecuch Decl. at ¶6.]  The only substantive difference between the allegations in

2    Love I and the present action was the presence of federal claims under the Employee Retirement

3    Income Security Act and the Federal Fair Labor Standards Act, and Plaintiffs' attempt in Love I to

4    represent nationwide classes in addition to classes of California employees.  [*See* Request for

5    Judicial Notice Exh. 2.]

6         ALC-Partner, Inc. and Morgan filed respective Motions to Dismiss the Love I First

7    Amended Complaint.  On December 17, 2007, the Central District (Hon. Manuel Real presiding)

8    granted those Motions to Dismiss and gave Plaintiffs 20 days leave to amend.  On or about

9    January 14, 2007, the Love I Plaintiffs voluntarily dismissed the case in the Central District.

10   [Request for Judicial Notice Exh. 3.]  Shortly thereafter, on or about January 25, 2008, Plaintiffs

11   filed the instant action in Alameda County, asserting the identical California claims, while

12   omitting Love I's federal claims and the claims under Utah and Illinois law.[4]

13   **IV.    ARGUMENT**

14        In order to avoid substantially inconveniencing the witnesses and parties, and in the interest

15   of justice, this action should be transferred to the Central District.  When examined as a whole,

16   there is no legitimate reason for this case to be in Northern California.  Plaintiffs demonstrated that

17   the Central District of California was the proper forum choice by initiating their claims in that

18   forum.  Plaintiffs only sought to dismiss their claims and select a different forum in order to avoid

19   the adverse rulings of the Court in the Central District.

20        As the movants, Defendants bear the burden to show that transfer is proper.  Defendants

21   have met that burden, as set forth below.

22        A.    The Standard For Transferring An Action For Convenience.

23        Even if an action is filed in an otherwise proper venue, 28 U.S.C. § 1404(a) provides

24   discretionary grounds for transferring an action to another venue.  This section provides:

25

26   _____
[4] Three of the Love I Plaintiffs (Laurie Mathews, Pamela Strong and Heidi Schneeveis) are not

27   part of the present action because they reside outside of California and purported in Love I to
     represent subclasses of employees in Utah and Illinois, respectively.  Those Plaintiffs have re-filed

28   claims identical to those in Love I in a new action filed in the Eastern District of Michigan on or
     about February 15, 2008. [Piecuch Decl. at ¶7.]

1          For the convenience of parties and witnesses, in the interest of
      justice, a district court may transfer any civil action to any other
2          district or division where it might have been brought.

3    The district court has discretion "to adjudicate motions for transfer according to an individualized,

4    case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.,* 211

5    F.3d 495, 498 (9th Cir. 2000) ("*Jones*") citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29

6    (1988). The district court's discretion is broad so as to allow it to give full consideration to the

7    particular facts of each case. *E. & J. Gallo Winery v. F. & P.S.P.A.*, 899 F.Supp. 465, 466 (E.D.

8    Cal. 1994) citing *Lopez Perez v. Hufstedler*, 505 F.Supp. 39, 41 (D.D.C. 1980). Furthermore, the

9    fact that the present action has been removed from a state court has no bearing on the defendant's

10   motion to transfer. *McGraw-Edison Co. v. United States Fidelity & Guaranty Co.*, 322 F.Supp.

11   1049, 1051 (D. Wis. 1971).

12         B.    The Central District Is An Appropriate Forum

13         Under § 1404(a), the threshold question is whether this action could have been properly

14   brought in the Central District. *Hoffman v. Blaski,* 363 U.S. 335, 344 (1960). The Central District

15   is a suitable forum because it has (and has always had) subject matter jurisdiction, Defendants are

16   (and have always been) subject to personal jurisdiction, and venue is (and has always been) proper.

17   *Royal Queentex Enters. v. Sara Lee Corp.*, 2000 U.S. Dist. LEXIS 10139 *8. Indeed, this

18   lawsuit's nearly identical predecessor, Love I, was properly located in the Central District just a

19   few months ago. The underlying claims are the same in each action and Defendants do not dispute

20   that they are subject to personal jurisdiction in the Central District.

21         C.    The Relevant Public And Private Interest Factors Support Transfer To
22                  The Central District

23         Once a court determines the transferee court to be a suitable forum, it must next consider

24   the relevant convenience factors to determine whether a transfer of the action is appropriate.

25   *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). The

26   convenience factors are largely derived from earlier decisions applying the common law doctrine

27   of *forum non conveniens. See Gulf Oil Co. v. Gilbert*, 330 U.S. 501 (1947). However, a section

28   1404(a) transfer is available "upon a lesser showing of inconvenience" than that required for a

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1   *forum non conveniens* dismissal. *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955). This Circuit

2   has set forth factors that should be used to make the "convenience" assessment. Those factors

3   include, but are not limited to: 1) plaintiff's choice of forum, 2) respective parties' contacts with the

4   forum, 3) convenience of the parties and the witnesses, 4) ease of access to the evidence, 5) local

5   interest in having localized controversies decided at home, and 6) unfairness of burdening citizens

6   in an unrelated forum with jury duty.[5] *Decker Coal, supra,* 805 F.2d at 843; *Jones, supra,* 211

7   F.3d at 498-99. As discussed below, these factors overwhelmingly support transfer to the Central

8   District.

9                1.    Plaintiffs' Forum Shopping Is A Sufficient Ground To Transfer
10                      This Action.

11         Discouraging forum shopping is a strong reason to transfer a case. *Madani v. Shell Oil*

12  *Co.,* 2008 U.S. Dist. LEXIS 9626, *11 (N.D. Cal.) ("*Madani*"); *Wireless Consumers Alliance v. T-*

13  *Mobile USA, Inc.,* 2003 U.S. Dist. LEXIS 26802, *10 (N.D. Cal. Oct. 14, 2003) ("*Wireless*

14  *Consumers Alliance*") ("evidence of plaintiff's attempt to avoid a particular precedent from a

15  particular judge weighs heavily in the context of [the interests of justice] prong and would often

16  make the transfer of venue proper"). In *Madani*, the court emphasized that "despite the slight

17  benefit that litigating this matter would have for the convenience of the litigants, the judicial

18  efficiency and forum-shopping considerations … are more than sufficient to tip the scale,

19  decisively, in favor of transfer." *Madani*, 2008 U.S. Dist. LEXIS 9626, at *11. The interests of

20  justice is a court's most important consideration and "may be decisive in a transfer motion even

21  when all the other factors point the other way." *Id.*

22         In *Wireless Consumers Alliance*, a case closely on point, the plaintiff originally

23  commenced a class action lawsuit in the Central District. *Wireless Consumers Alliance* 2003 U.S.

24  ───────────────────────

25  [5] Additional convenience factors that courts may consider include the availability of compulsory
    process for attendance of unwilling witnesses, possibility of view of premises, the interest in
26  having the trial of a diversity case in a forum experienced with the law the governing law, the
    avoidance of unnecessary conflict of law problems or the application of foreign law, the location
27  where the relevant agreements were negotiated and executed, the relative court congestion and
    time of trial in each forum, and the presence of a forum selection clause. *See Decker Coal, supra,*
28  805 F.2d at 843; *Jones, supra,* 211 F.3d at 498-99. Those factors are not relevant to the instant
    case.

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1  Dist. LEXIS 26802 at * 2.  The plaintiffs voluntarily dismissed all claims following the Central

2  District's grant of the defendant's motion to stay the action and compel arbitration.  *Id.* at *3.

3  Plaintiffs then re-filed in the Alameda County Superior Court, which was subsequently removed to

4  the Northern District.  *Id.* at *2.  Defendant sought a transfer of venue back to the Central District.

5  *Id.*  The plaintiffs, claims, and counsel were the same in each action.  *Id.* at *5, *10.[6]

6          The circumstances of *Wireless Consumers Alliance* are nearly identical in procedural

7  posture to the instant case.  As in *Wireless Consumers Alliance*, this is Plaintiffs' second attempt

8  to litigate this action, where the first attempt was filed in the Central District, the natural location

9  for each action based on all of the convenience factors and ordinary venue considerations.  After

10 Defendants' Motions to Dismiss in the Love I were granted, Plaintiffs specifically chose not to

11 amend their complaint a second time, instead, like the plaintiffs in *Wireless Consumers Alliance*,

12 hoped for a more favorable outcome by re-filing their case hundreds of miles away in Alameda

13 County Superior Court.  The claims in the instant case are nearly identical as those in Love I, the

14 only difference being the absence of two federal claims and claims under Utah and Illinois law.

15 Here, as in *Wireless Consumers Alliance*, the same parties are present in both lawsuits and are

16 represented by the same counsel.  For the same reasons accepted in *Wireless Consumer Alliance*,

17 namely a desire to discourage blatant forum shopping, this court should transfer this case back to

18 the Central District.

19

20                 2.          The Convenience Of The Parties And Witnesses Supports
                                Transfer.

21         In addition to Plaintiffs' improper forum shopping, which alone should be sufficient

22 grounds to grant this Motion, the traditional "convenience factors" also support Defendants'

23 Motion for Transfer back to the Central District.

24         The most important factor in assessing a motion to transfer is the potential witnesses'

25 convenience.  *Royal Queentex, supra,* 2000 U.S. Dist. LEXIS 10139 at *18. Courts consider not

26

27  [6] *Madani,* was another very similar large class action that was originally filed in the Central
    District, where the same counsel representing the same plaintiffs re-filed in the Northern District
28  after Summary Judgment was granted in the initial lawsuit. *Madani,* 2008 U.S. Dist. LEXIS 9626,
    *supra,* at *3-*4.  Motion to transfer venue back to the Central District was granted. *Id.* at 10.

1   only the number of witnesses, but the nature and quality of their testimony. *Id.*; *Brandon Apparel*

2   *Group, Inc. v. Quitman Mfg. Co., Inc.*, 42 F.Supp.2d 821, 834 (N.D. Ill. 1999).

3        The parties and witnesses are addressed together because they are largely the same people

4   in this action. The Plaintiffs and others with whom they worked at their respective clinics will be

5   the key witnesses in this case, as Plaintiffs' claims necessarily will require testimony regarding

6   their daily job duties and the operations of each individual clinic. The witnesses to Plaintiffs'

7   claims will be the current and former employees who worked in those clinics, as well as others

8   who had contact with the clinics. The vast majority of the clinics at which the named Plaintiffs

9   worked are in Southern California and within the Central District of California where this case was

10  originally filed. [Piecuch Decl. at ¶8.] Fourteen of the seventeen Plaintiffs reside in Southern

11  California, in or near the Central District, and the clinics where they work or worked are located in

12  Southern California. (All but one are located in the Central District, with one clinic in San Diego

13  within the Southern District.) [Piecuch Decl. at ¶8.] The claims for relief asserted by Plaintiffs

14  dictate that key testimony and evidence will necessarily come from witnesses who worked with

15  Plaintiffs at those clinics regarding such things as operations, job duties, hours, working

16  conditions. By virtue of the location where Plaintiffs worked, the vast majority of the witnesses

17  will be located in Southern California and in the Central District.

18                    3.    There Are No Assistant Manager and Technician Class
                            Representatives Located In The Northern District
19

20        It is particularly significant that two of the three classes of employees and former

21  employees that Plaintiffs seeks to represent have <u>no representatives located in Northern California</u>.

22  Indeed, the three Plaintiffs who reside in the Northern District are all part of the Clinic Manager

23  Subclass per their Complaint. <u>Thus, there are no representatives of the Assistant Manager</u>

24  <u>Subclass or the Technician Subclass who reside or work in the Northern District</u>. The proposed

25  representatives of the Assistant Manager Subclass and the Technician Subclass all reside and

26  work(ed) in the Central District (with one such representative in the Southern District).

27  [Complaint at ¶¶17-35.]

28

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)

1    Moreover, there are no current employees of Defendants residing or working within clinics

2    located in the Northern District, although Plaintiffs purport to represent classes of current and

3    former employees. [Piecuch Decl. at ¶8.] By contrast, eight of the fourteen named Plaintiffs are

4    currently working in American Laser Center clinics located within the Central District. (The

5    remaining Southern California resident Named Plaintiffs are former employees.)

6    Thus, the witnesses in the Central District not only greatly outnumber those in the Northern

7    District but include the only representatives of two of Plaintiffs proposed subclasses, as well as the

8    only representatives of current employees. It is difficult to understand why Plaintiffs filed a case

9    in a forum in which there is no connection at all with respect to two-thirds of the subclasses they

10   purport to represent and will presumably seek to certify.

11           4.   Plaintiffs' Counsel And Counsel For Three Of The Defendants Are

12              Located Within The Central District

13   While the location of counsel is not generally the key factor for the Courts, it is noteworthy

14   in this case that Plaintiffs' counsel and counsel of record for ALC-Partner, Inc., Richard Morgan

15   and Dennis Harper are in Los Angeles, within the Central District (indeed, all of the counsel

16   involved in the original Love I case are located in Los Angeles). This fact only raises further

17   questions about the legitimacy of Plaintiffs' counsel's decision to voluntarily dismiss their case in

18   the Central District (where the case belongs) and re-file it in Alameda County Superior Court.

19           5.   The Location Of Documents And Evidence Supports Transfer

20   The Central District is by far the more convenient forum in terms of access to sources of

21   proof. Many of the records relating to the employment of the Plaintiffs, including clinic

22   scheduling, logs, personnel records, and other records that would reveal what job duties Plaintiffs

23   are/were performing, are located on-site at the various clinic locations where the Plaintiffs worked.

24   The vast majority of those clinics are located in Southern California and within the Central

25   District.[7] [Piecuch Decl. at ¶¶8-9.] This factor further emphasizes the inappropriateness of

26   litigating this case in the Northern District.

27   [7] To the extent that documents and records in this case are located at the corporate offices of any of
the Defendants, it is no more convenient to produce those documents in the present forum than it
28   would be to produce them in the Central District.

1         6.    <u>The Public Interest In Local Adjudication Of Local Controversies</u>
                <u>And Not Unfairly Burdening Juries Support Transfer In</u>
2                   <u>Furtherance Of The Interests Of Justice</u>

3       This action is about claims that overwhelmingly took place in Southern California. It is by

4   no means a local controversy that belongs in the Northern District. Only three of the named

5   Plaintiffs reside within the Northern District, <u>while fourteen of the seventeen Plaintiffs reside</u>

6   <u>hundreds of miles away and have no connection to the Northern District.</u> Rather, those Plaintiffs

7   reside and are or were employed within the Central District. In fact, eight of the fourteen named

8   Plaintiffs are currently employed in American Laser Centers clinics in Southern California. (The

9   remaining six named Plaintiffs from Southern California are former employees, but still reside

10  there.) [Piecuch Decl. at ¶8.]

11      Moreover, as already discussed, Plaintiffs' claims necessarily will require testimony

12  regarding their daily job duties and the operations of each individual clinic. The witnesses to

13  Plaintiffs' claims will be the current and former employees who worked in those clinics, as well as

14  others who had contact with the clinics. The vast majority of the clinics at which the named

15  Plaintiffs worked are in Southern California and within the Central District of California where

16  this case was originally filed. [Piecuch Decl. at ¶8.] Accordingly, there is no justification for

17  requiring this Court and the citizens of Northern California devoting time as jurors, to resolve a

18  dispute brought by Plaintiffs who are overwhelmingly Southern California residents suing over

19  events that overwhelmingly occurred in Southern California.

20        7.    <u>Plaintiffs' Choice Of Forum Is Not Entitled To Any Weight</u>
                <u>Because They Are Guilty Of Forum Shopping, and This is a Class</u>
21                  <u>Action Where Plaintiffs Have Minimal Contacts With The Forum</u>

22      A plaintiff(s)' choice of forum is ordinarily accorded substantial weight. However, the

23  Court "may disregard the plaintiff's choice of forum where the plaintiff's suit is the result of forum-

24  shopping." *Alltrade Inc., v. Uniweld Products, Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

25  "Circumstances in which a plaintiff's chosen forum will be accorded little deference include[s] …

26  forum shopping." *Royal Queentex, supra,* 2000 U.S. Dist. LEXIS 10139 at *10.

27      Moreover, a plaintiff's choice of forum is greatly reduced when he or she sues in a

28  representative capacity. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). In class actions, the

1   named plaintiffs' choice of forum is afforded little weight because, as here, there will be numerous

2   potential plaintiffs, each possibly able to make a showing that a particular forum is best suited for

3   the adjudication of the class' claim. *Eichenholtz v. Brennan*, 677 F.Supp. 198, 202 (S.D.N.Y.

4   1988) citing *Koster v. (American) Lumbermens Mut. Casualty Co.*, 330 U.S. 518, 524 (U.S. 1947).

5          Finally, when a plaintiff is foreign to its chosen forum, that choice is accorded little weight.

6   *Piper Aircraft v. Reyno*, 454 U.S. 235, 255-56 (1981) (usual presumption is based on assumption

7   that home forum is chosen for convenience, which is a less likely with foreign plaintiffs.) *Id.* The

8   Ninth Circuit highlighted the importance of contacts with the forum, especially when Plaintiffs'

9   claims derive from the operation of particular business establishments. *Jones, supra*, 211 F.3d at

10  499 (affirming the denial a motion to transfer venue to Pennsylvania partly because the "extent of

11  the parties' contacts clearly favored California" since the franchisee-plaintiff's "claims arose out of

12  the construction and initial operation of the store located in LaVerne, California.").

13         Although the *Jones* case dealt with out of state Plaintiffs, it still applies as far as the

14  reasoning that giving weight to a forum chosen by plaintiffs makes little sense where the Plaintiffs

15  do not have a connection to that forum.  That is particularly true where, as here, other factors

16  dictate a transfer.  Like in *Jones*, the underlying claims here derive from the operations of

17  particular business establishments, namely various American Laser Centers clinics where Plaintiffs

18  worked.  Here, as already discussed, the strong majority of the clinics and forum contacts at issue

19  are in Southern California.  Plaintiffs can hardly argue that they have filed in their "home forum"

20  when fourteen of the seventeen of them reside hundreds of miles away.  In short, Plaintiffs have

21  little connection with Alameda County, and they are, accordingly, not entitled to any deference

22  with respect to their choice of forum.

23              8.    The Central District Already Is Familiar With the Case

24         "Judicial resources are conserved when an action is adjudicated by a court that has already

25  'committed judicial resources to the contested issues and is familiar with the facts of the case.'"

26  *Madani*, 2008 U.S. Dist. LEXIS 9626, *supra*,  at *7-*8 quoting *Samsung Elecs. Co. v. Rambus

27  Inc.*, 386 F. Supp. 2d 708, 722 (E.D. Va. 2005).  Moreover, "[t]ransfer is proper if a like action has

28  been brought by the same plaintiff against the same defendant in another district." *Wireless*

1 | *Consumers Alliance, supra,* 2003 U.S. Dist. LEXIS 26802 at 13 (citing *Jacobson v. Hughes*

2 | *Aircraft,* 105 F.3d 1288, 1301 (9th Cir. 1997).)

3 |      Here, the Central District (Hon. Manuel Real presiding) already has examined extensive

4 | briefing (three separate motions to dismiss) and issued a ruling on the threshold issues in this case,

5 | which are still at issue as the defects that formed the basis for the Central District's order

6 | dismissing the Love I First Amended Complaint have not been cured in the present action.

7 | Judicial efficiency dictates that this case should return to the Court which is already familiar with

8 | the issues and is in the best position to analyze and rule on the issues going forward.

9 | **V.**    **CONCLUSION**

10 |      For all of the foregoing reasons, this Court should transfer this action to the Central District

11 | of California, pursuant to 28 U.S.C. § 1404(a).

13 | Dated: April 11, 2008

THELEN REID BROWN RAYSMAN &
STEINER LLP

By  /s/ Jennifer L. Goldberg
    Attorneys for Defendants
    ALC-PARTNER, INC., RICHARD
    MORGAN and DENNIS HARPER

17 | Dated: April 11, 2008

SCHIFF HARDIN LLP

By
    William J. Carroll
    Attorneys for Defendants
    AMERICAN LASER CENTERS LLC and
    AMERICAN LASER CENTERS OF
    CALIFORNIA LLC

AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER OF VENUE UNDER 28 USC § 1404(a)