1   ANN KANE SMITH, *aksmith@thelen.com*, CA BAR NO. 72698
    JENNIFER L. GOLBERG, *jlgoldberg@thelen.com*, CA BAR NO. 198150
2   MARYTZA J. REYES, *mreyes@thelen.com*, CA BAR NO. 218684
3   THELEN REID BROWN RAYSMAN & STEINER LLP
    333 South Hope Street
4   Twenty-Ninth Floor
    Los Angeles, California  90071
5   Telephone 213.576.8000
6   Facsimile 213.576.8080
    Attorneys for Defendants
7   ALC-PARTNER, INC.,
    RICHARD MORGAN and DENNIS HARPER
8
9   WILLIAM J. CARROLL, *wcarroll@schiffhardin.com*, CA BAR NO. 118106
    SARAH R. SPEAKMAN, *sspeakman@schiffhardin.com*, CA BAR NO. 215085
10  SCHIFF HARDIN LLP
    One Market, Spear Street Tower
11  Thirty-Second Floor
12  San Francisco, CA  94105
    Telephone:  415.901.8754
13  Facsimile:  415.901.8701
    Attorneys for Defendants
14  AMERICAN LASER CENTERS LLC (formerly known
    as ALC ACQUISITION COMPANY LLC) and
15  AMERICAN LASER CENTERS OF CALIFORNIA LLC

16

17                 **UNITED STATES DISTRICT COURT**

18                **NORTHERN DISTRICT OF CALIFORNIA**

19
    KAY LOVE, MELINDA AHUMADA,            Case No.:  CV081221 (CRB)
20  PAULA AUSTIN, ASHLEY BRISENO,
    LISA CASEY, JESSICA BURIA,            **DEFENDANTS' AMENDED NOTICE OF**
21  NATALIE DOLABJIAN, NADIA              **MOTION AND MOTION TO DISMISS**
    KAMELI, ASHLEE MOCHAN,                **PURSUANT TO FEDERAL RULES OF**
22  CHRISTINE PEDRO, DAYNA RACOW,         **CIVIL PROCEDURE 12(b)(6);**
                                          **ALTERNATIVELY, MOTION FOR A MORE**
23  BEVERLY ALEXANDER, KATHRYN            **DEFINITE STATEMENT PURSUANT TO**
    CAMERON, FEY RICHMAN, CYNTHIA         **FEDERAL RULE OF CIVIL PROCEDURE**
24  RODIER, SANDRA SEWERIN and AMY        **12(e); MEMORANDUM OF POINTS AND**
    WILLIAMS, on behalf of themselves and **AUTHORITIES**
25  those classes similarly situated,
                                          Date:      June 6, 2008
26                                        Time:      10:30 a.m.
                       Plaintiffs,        Place:     Courtroom 8
27                                        Before:    Hon. Charles R. Breyer
    v.
28

LA #605617 v5

1
2
3
4

ALC PARTNER, INC., dba AMERICAN
LASER CENTERS; ALC ACQUISITION
COMPANY LLC; AMERICAN LASER
CENTERS OF CALIFORNIA, LLC;
RICHARD MORGAN; DENNIS HARPER;
and DOES 1 through 200, inclusive,

5

Defendants.

6

7    TO THE CLERK OF THE ABOVE-ENTITLED COURT AND TO PLAINTIFFS AND

8    THEIR ATTORNEYS OF RECORD:

9    PLEASE TAKE NOTICE that on June 6, 2008 or as soon thereafter as this matter may be

10   heard in the Courtroom of the Honorable Charles R. Breyer, located at 450 Golden Gate Avenue,

11   San Francisco, California 94102, Defendants ALC-Partner, Inc., American Laser Centers LLC,

12   American Laser Centers of California LLC, Richard Morgan and Dennis Harper (collectively,

13   "Defendants") will and hereby do move this Court for an order pursuant to Federal Rules of Civil

14   Procedure ("FRCP"), Rule 12(b)(6), dismissing portions of the Complaint of Plaintiffs Kay Love,

15   Melinda Ahumada, Paula Austin, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian,

16   Nadia Kameli, Ashlee Mochan, Christine Pedro, Dayna Racow, Beverly Alexander, Kathryn

17   Cameron, Fey Richman, Cynthia Rodier, Sandra Sewerin and Amy Williams (collectively,

18   "Plaintiffs").

19   Specifically, Defendants move to dismiss the claims filed against Defendants Richard

20   Morgan and Dennis Harper as California law clearly provides that an officer, director or

21   shareholder cannot be liable for a company's alleged Labor Code violations. *Reynolds v. Bement*,

22   36 Cal. 4th 1075, 1081-82 (2005). Even if California law provided for such liability, Plaintiffs

23   have not pled any facts as to specific wrongdoing by the Individual Defendants. Defendants

24   further move that Plaintiffs' claims for unfair business practices, conversion and unjust enrichment

25   (the eighth, ninth and tenth claims for relief) be dismissed with prejudice, as to all Defendants, for

26   failure to state a claim upon which relief may be granted.

27

28

1    This motion is based on the attached memorandum of points and authorities, the files and

2  records in this case, and such additional evidence and argument as the Court may elect to hear at

3  the hearing on this motion.

4

5  Dated:  April 22, 2008                    THELEN REID BROWN RAYSMAN &
                                              STEINER LLP
6
7                                            By   /s/ Jennifer L. Goldberg
                                                  Attorneys for Defendants
8                                                 ALC-PARTNER, INC., RICHARD
                                                  MORGAN and DENNIS HARPER
9

10

11 Dated:  April 22, 2008                    SCHIFF HARDIN LLP

12                                           By

13                                                Sarah R. Speakman
                                                  Attorneys for Defendants
14                                                AMERICAN LASER CENTERS LLC and
                                                  AMERICAN LASER CENTERS OF
15                                                CALIFORNIA LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

I.     SUMMARY OF ARGUMENT ........................................................................... 1

II.    PROCEDURAL HISTORY ............................................................................... 3

    A.     The Parties ............................................................................................ 4

    B.     Plaintiffs' Contentions As To The Relationship Between The Parties ................... 5

III.   LEGAL ARGUMENT ..................................................................................... 6

    A.     Plaintiffs Are Required To Assert Specific Factual Allegations That Provide More Than Just A Formulaic, Conclusory Recitation Of Entitlement To Relief ............................................................................... 6

    B.     The First Through Seventh Causes Of Action Cannot Be Maintained Against The Individual Defendants ........................................................... 7

        1.     Under California Law, Corporate Officers And Directors Are Not Subject To Personal Liability For Alleged Labor Code Violations. ..................................................................................... 7

        2.     Plaintiffs' First Seven Claims Fail To Establish Any Factual Basis To Hold Individual Defendants Liable For Alleged Labor Code Violations ................................................................................ 8

    C.     The Eighth, Ninth And Tenth Claims For Relief Must Be Dismissed Against The Individual Defendants ......................................................... 10

        1.     Plaintiff Cannot Plead Valid Claims Against The Individual Defendants That Are Solely Predicated On Claims That Cannot Be Brought Against Those Defendants As A Matter of Law .................. 10

        2.     The Eighth Through Tenth Claims For Relief State No Facts As To Alleged Wrongdoing By The Individual Defendants ................... 11

    D.     Plaintiffs' Unfair Business Practices, Conversion And Unjust Enrichment Claims Are Defective And Must Be Dismissed, Without Leave To Amend, As To All Defendants ................................................ 11

        1.     Plaintiffs Unfair Business Practices Claim Is Defective .......................... 11

        2.     Plaintiffs' Ninth Claim For Conversion Is Defective ............................... 13

        3.     Plaintiffs' Tenth Claim For Unjust Enrichment Is Defective ................... 14

    E.     The Court Should Not Grant Plaintiffs Leave to Amend, As Their Claims Are Defective As A Matter of Law ........................................... 15

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

Associated Gen. Contractors v. Calif. State Council of Carpenters,
    459 U.S. 519, 103 S. Ct. 897, 74 L.ed.2d 723 (1983) ............................................. 1, 15

Beliveau v. Caras,
    873 F.Supp. 1393 (C.D. Cal. 1995) ..................................................................... 6

Bell Atlantic Corp. v. Twombly,
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ......................................................... 1, 6

Bradstreet v. Wong,
    _____ Cal.App.4th _____ DJDAR 5474 (Apr. 16, 2008)...................................... 8, 10

Burlesci v. Petersen,
    68 Cal.App.4th 1062 (1998)............................................................................ 13

California Emergency Physicians Medical Group v. Pacificare,
    111 Cal.App.4th 1127 (2003)...................................................................... 3, 13, 14

Conley v. Gibson,
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 80 (1957) ....................................................... 6

Dinosaur Development, Inc. v. White,
    216 Cal.App.3d 1310 (1989)............................................................................ 14

Fischer v. Machado,
    50 Cal.App.4th 1069 (1996)......................................................................... 2, 13

Frances T. v. Village Green Owners Assn.,
    (1986) 42 Cal. 3d 490................................................................................... 7

Kelly v. Provident Life & Accident Ins.,
    2007 U.S. App. LEXIS 20140 (Aug. 20, 2007) ...................................................... 6

Kennedy v. Natural Balance Pet Foods, Inc.,
    2007 U.S. Dist. LEXIS 57766 (S.D. Cal.)............................................................ 6

Korea Supply Co. v. Lockheed Martin Corp.,
    29 Cal.4th 1134 (2003)........................................................................... 2, 10, 12

Lazar v. Hertz Corp.,
    69 Cal.App.4th 1494 (1999)............................................................................ 10

Maler v. Superior Court,
    220 Cal.App.3d 1592 (1990)........................................................................... 10

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(B)(6)

*Melchior v. New Line Productions, Inc.,*
      106 Cal.App.4th 779 (2003)..................................................................2, 14

*Mesler v. Bragg Management Co.,*
      39 Cal.3d 290 (1985)..........................................................................2, 9

*Morrison v. Land,*
      169 Cal. 590 (1915).............................................................................2, 14

*Murphy v. Kenneth Cole Productions, Inc.,*
      40 Cal.4th 1094 (2007)......................................................................12

*Oakdale Village Group v. Fong,*
      43 Cal.App.4th 539 (1996)................................................................13

*Persik v. Tucci Learning Solutions, Inc.,*
      2007 U.S. Dist. LEXIS 60676 (N.D. Cal.) ....................................6

*Reynolds v. Bement,*
      36 Cal. 4th 1075 (2005)...............................................................*passim*

*Rojo v. Klinger,*
      52 Cal.3d 65 (1985)............................................................................2, 13

*Sonora Diamond Corp. v. Superior Court,*
      83 Cal.App.4th 523 (2000)................................................................2, 9

*Stevenson v. Superior Court,*
      16 Cal.4th 880 (1997)...................................................................2, 13, 14

*Timberline v. Jaisinghani,*
      54 Cal.App.4th 1361 ........................................................................14

*Transphase Systems, Inc. v. Southern Calif. Edison Co.,*
      839 F.Supp. 711 (C.D. Cal. 1993)...................................................6

**STATUTES**

28 U.S.C.
      Section 1332(d) ................................................................................3
      Section 1441(a)................................................................................3

Business & Professions Code
      Section 17200 ..................................................................................1, 2

Labor Code
      Section 226.7 ...................................................................................15
      Section 1194 ....................................................................................7, 8

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(B)(6)

1

2
# RULES

3
Federal Rules of Civil Procedure,

        Rule 12(b)(6) ................................................................................ 1, 3, 6, 7

4
        Rule 8(a)(2) .......................................................................................... 7

5

6
# OTHER AUTHORITY

7
5 B.E. Witkin, Summary of California Law,

        §§ 699, 703 (10th ed. 2005) .......................................................... 13

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2    **I.    <u>SUMMARY OF ARGUMENT</u>**

3    Defendants bring this Motion because Plaintiffs' Complaint, including all of their

4    purported claims against individual Defendants Richard Morgan and Dennis Harper (collectively

5    referred to as the "Individual Defendants"), is defective and fails to state claims on which relief

6    can be granted.  Plaintiffs' Complaint raises ten claims for relief against Defendants ALC-Partner,

7    Inc., American Laser Centers LLC, American Laser Centers Of California, LLC (collectively

8    referred to herein as "ALC").  Plaintiffs also name Individual Defendant Morgan, the former Chief

9    Executive Officer of ALC-Partner, Inc., and Individual Defendant Harper, who currently serves as

10   Medical Director for <u>some</u> American Laser Centers clinics in California.  The Complaint alleges

11   that all of the Defendants violated various sections of the California Labor Code, asserts claims for

12   unfair business practices under Business & Professions Code Section 17200, and also claims for

13   conversion and unjust enrichment.

14   A claim for relief should be dismissed where it fails to state a claim upon which relief can

15   be granted.  FRCP 12(b)(6).  Plaintiffs are obligated to provide facts demonstrating the grounds for

16   the relief sought, beyond mere conclusions and a formulaic recitation of the elements of a

17   particular claim.  *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929, 944

18   (2007).  A court need not assume that a plaintiff can prove facts different from those already

19   alleged and, where appropriate, need not grant leave to amend.  *Associated Gen. Contractors v.*

20   *Calif. State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902, 74 L.ed.2d 723 (1983).

21   Here, all of Plaintiffs' claims against the Individual Defendants, as well as their claims for unfair

22   business practices, conversion and unjust enrichment, against all of the Defendants, fail to meet

23   this pleading standard, and therefore should be dismissed.

24   As a preliminary matter, there are simply no facts plead to demonstrate that either of the

25   Individual Defendants committed any violations of California law.  Notwithstanding this fact, as a

26   matter of California law, managers and executives are not subject to personal liability for alleged

27   violations of the California Labor Code.  *Reynolds v. Bement*, 36 Cal. 4th 1075, 1081-82 (2005).

28   The only circumstance under which an individual can be personally liable for a company's Labor

LA #605617 v5                               -1-

1   Code violations is where the individuals are actually determined to be the corporation's alter egos.

2   *See, e.g., Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538 (2000); *Mesler v.*

3   *Bragg Management Co.,* 39 Cal.3d 290 (1985).  Plaintiffs here do not come close to pleading facts

4   necessary to state claims against the Individual Defendants on an alter ego theory.  Accordingly,

5   Plaintiffs' First through Seventh claims against the Individual Defendants fail as a matter of law.

6   Plaintiffs' Eighth, Ninth and Tenth claims for relief are solely derivative of their Labor Code

7   claims, and cannot be used as a way to avoid the *Reynolds v. Bement* rule precluding personal

8   liability.  Even if Plaintiffs could legally bring those claims against Individual Defendants, the

9   Complaint is utterly devoid of any specific allegations regarding their purported tortious conduct.

10          Plaintiffs' Eighth Claim under California's Business & Professions Code §§17200, *et seq.*

11   (commonly referred to as the Unfair Competition Law ("UCL")) is defective as to all Defendants

12   because it purports to seek remedies (namely, damages) to which Plaintiffs are not entitled.  *Korea*

13   *Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1143 (2003).  The UCL cannot be used to

14   seek damages, even if damages may be available under another statute.

15          Plaintiffs' Ninth Claim for Conversion is defective as to all Defendants and should be

16   dismissed because Plaintiffs fail to plead facts that a *specific identifiable* sum is at issue and was

17   supposedly converted by Defendants.  Mere allegations by many Plaintiffs as to entitlement to

18   wages are by no means a specific, identifiable sum and, therefore, cannot form the basis for

19   common law conversion.  *See, e.g., Fischer v. Machado,* 50 Cal.App.4th 1069, 1071 (1996).

20   Moreover, under California law, when a right has been created by statute (here, the California

21   Labor Code) and a statutory remedy for its infringement is provided, the statutory remedy is

22   exclusive and no other remedy is allowed.  *Stevenson v. Superior Court,* 16 Cal.4th 880, 900

23   (1997); *Rojo v. Klinger,* 52 Cal.3d 65, 79 (1985).

24          Similarly, Plaintiffs' Tenth Claim for unjust enrichment is defective as to all Defendants.

25   "'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to

26   make restitution under circumstances where it is equitable to do so." *Melchior v. New Line*

27   *Productions, Inc.,* 106 Cal.App.4th 779, 794 (2003).  It is well-established that there is no right to

28   equitable relief when there is an adequate remedy at law.  *Morrison v. Land,* 169 Cal. 590, 586

1    (1915).  Any right Plaintiffs have to overtime compensation, reimbursements, etc. are <u>statutory</u>

2    <u>rights</u>, deriving solely from the Labor Code.  Concurrent common law and equitable claims for

3    violations of specific Labor Code provisions simply do not exist.  *See. e.g., California Emergency*

4    *Physicians Medical Group v. Pacificare,* 111 Cal.App.4th 1127, 1137-38 (2003).

5    **II.    PROCEDURAL HISTORY**

6         On July 16, 2007, Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno,

7    Jessica Buria, Natalie Dolabjian, Nadia Kameli and Ashlee Mochan, who are all Plaintiffs in the

8    present action, filed a nearly identical lawsuit against Defendant ALC-Partner, Inc. in Central

9    District of California, bearing Case No. CV 07 4588 R(SHx) (referred to herein as "Love I")[1].  In

10   Love I, Plaintiffs asserted claims under California law identical to the ones asserted herein.

11        ALC-Partner, Inc. filed a Motion to Dismiss under Federal Rule of Civil Procedure

12   ("FRCP") 12(b)(6), prompting the Love I Plaintiffs to file a First Amended Complaint on or about

13   October 1, 2007.[2]  Only one of the 17 Plaintiffs in the instant case – Dayna Racow – was not a

14   named plaintiff in Love I as of the filing of the First Amended Complaint.

15        ALC-Partner, Inc. and Richard Morgan filed Motions to Dismiss the Love I First Amended

16   Complaint, which the Court granted.  On or about January 14, 2007, Plaintiffs voluntarily

17   dismissed the Love I case in the Central District of California.  Shortly thereafter, on January 25,

18   2008, the 16 of the 19 Plaintiffs in Love I case filed the instant action in Alameda County Superior

19   Court, asserting the identical California claims.[3]  Plaintiffs named a new individual defendant,

20   Dennis Harper, and two new corporate entities, ALC Acquisition Co., LLC and American Laser

21   Centers of California, LLC, neither of which existed at the time the Love I case was filed.

22        On February 29, 2008, Defendants removed the instant case to this Court pursuant to 28

23   U.S.C. §§1332 (d) and 1332(a).[4]  Defendants also have filed a Motion to Transfer Venue under 28

24   _____

25   [1] Defendants have asked the Court to take judicial notice of the Love I case.  *See* Defendants'
     Request for Judicial Notice filed on April 11, 2008 in support of their Motion to Transfer Venue.

26   [2] *See* Motion for Judicial Notice, Exh. 2, filed by Defendants on April 11, 2008.

27   [3] Three of the Love I Plaintiffs resided and worked for Defendants outside of California.  Those
     Plaintiffs have since initiated a similar action against Defendants now pending in the Eastern
     District of Michigan.

28   [4] On March 28, 2008, Plaintiffs filed a Motion to Remand, scheduled for hearing on May 2, 2008.

LA #605617 v5                                    -3-

1   U.S.C. 1441(a), which is scheduled for hearing on May 16, 2008. For the reasons set forth in the

2   Motion to Transfer Venue, the interests of justice require a transfer to the Central District of

3   California where this case was originally filed by Plaintiffs and where the vast majority of the

4   named Plaintiffs reside and were/are employed.

5        **A.**    **The Parties**

6        Defendant ALC-Partner, Inc. is a corporation organized under the laws of the State of

7   Delaware.[5] (Complaint at ¶36). Defendant American Laser Centers LLC (formerly known as

8   ALC Acquisition Company LLC) is a limited liability company organized under the laws of the

9   State of Delaware. (Complaint at ¶37.) Defendant American Laser Centers of California LLC is a

10   limited liability company organized under the laws of the State of Delaware. (Complaint at ¶38.)

11   American Laser Centers clinics provide laser hair removal and other cosmetic skin treatments in

12   various clinics throughout the United States, including California. (Complaint at ¶¶36-38.)

13        Plaintiffs are California residents who contend they were employed by Defendants in

14   California and charged with the primary duty of selling laser hair removal services and other

15   cosmetic medical procedures, skin treatments and products, including performing such treatments.

16   (Complaint at ¶¶5-7, 17-35.) Plaintiffs further contend they worked overtime hours and are

17   entitled to premium compensation. (Complaint at ¶14.) Plaintiffs purport to represent subclasses

18   of Clinic Managers, Assistant Managers/Aestheticians and Clinic Technicians. (Complaint at ¶8.)

19        Plaintiffs allege that Morgan is an individual residing in Livingston County, Michigan, and

20   is the founder of American Laser Centers. (Complaint at ¶39.) They allege that Morgan served as

21   the President, CEO, and controlling force of "American Laser Centers" until the sale of the

22   business at the close of 2007. (*Id.*) Plaintiffs contend that Morgan interacted personally with each

23   and every managerial employee "through biweekly corporate conference calls, periodic local visits

24   … and nationwide meetings held twice a year in Michigan." (*Id.*) Finally, without any other

25   supporting facts, Plaintiffs summarily allege that Morgan "exercised direct or indirect control over

26

27   [5] The Complaint alleges that ALC-Partner, Inc. is organized under the laws of the State of Michigan. That is incorrect. In fact, ALC-Partner, Inc. is organized under the laws of the State of

28   Delaware. *See* Declaration of Kevin Piecuch at ¶2, filed concurrently herewith in support of Defendants' Motion to Transfer Venue.

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(B)(6)

1   all operational decisions and policies (including those relating to wages, hours, classifications, and

2   working conditions of employees) at each and every [ALC] clinic in California." (*Id.*)

3          Plaintiffs allege that Harper is an individual residing in Humboldt County, California.

4   Harper is a doctor of osteopathic medicine (D.O.) licensed by the Osteopathic Medical Board of

5   California. (Complaint at ¶ 40.) They further allege that Harper serves as the medical director of

6   each and every American Laser Centers clinic in California, and, yet again, without any other

7   factual support, that he "exercises direct or indirect control over the wages, hours, and working

8   conditions of employees at each and every American Laser Centers clinic in California." (*Id.*)

9   Finally, Plaintiffs allege that Harper has "personally identified himself as the 'owner' of the clinics

10   where the Named Plaintiffs are or were employed." (*Id.*)

11          **B.      Plaintiffs' Contentions As To The Relationship Between The Parties**

12          In the portion of the Complaint identifying "Alter Egos," Plaintiffs list 56 different

13   American Laser Centers clinics, each of which are organized as individual LLCs. (Complaint at

14   ¶44.) Without any factual basis or explanation, Plaintiffs argue the 56 Clinic LLCs are the alter

15   egos of each of the other "Defendants."

16          Plaintiffs summarily allege that there truly is no separation or distinction "between and

17   among Defendants, the 'ALC LLCs' and/or DOES 1-200" because "there exists such a unity of

18   interest and commonality of control, including commingling of funds, lack of adequate

19   capitalization, failure to maintain proper books and records, and additional omissions."

20   (Complaint at ¶48.) Plaintiff's further allege that the Clinic LLC's are "mere instrumentalities,

21   shells, and alter egos of each other such that adherence to the fiction of a separate business entity

22   should be ignored and the two entities treated as though they were one and the same." (*Id.*)

23          Plaintiffs further claim, without any supporting facts, that each Defendant "acted as an

24   agent, employer, employee, joint employer, joint venturer, franchisor, franchisee, shareholder,

25   director, member, co-conspirator, alter-ego, master, or partner" of each other, and at all times were

26   acting within the scope and course and in pursuance of their "agency, employment, joint

27   employment, joint venture, partnership, common enterprise, or actual or apparent authority."

28   (Complaint at ¶49.) Plaintiffs thus conclude that each of the five defendants, including the

1  Individual Defendants, are "individually, jointly, and severally liable as the employer of Named

2  Plaintiffs and each Class and Subclass member because each Defendant directly or indirectly …

3  employed or exercised control over the wages, hours, and working conditions of Named Plaintiffs

4  and each Class and Subclass member." (Complaint at ¶50.)  Other than the allegations at

5  Paragraphs 39 and 40 of the Complaint, there is no specific mention of either Morgan or Harper as

6  far as identifying any actions they supposedly took in connection with Defendants or any

7  wrongdoing that they allegedly committed.

8      Thus, Plaintiffs seek to hold each of entity Defendants, as well as the two Individual

9  Defendants, liable for every claim in the Complaint solely based on their conclusory statements

10  that each Defendant, including the 56 Clinic LLCs, are the alter egos of one another.

11  **III.    LEGAL ARGUMENT**

12          **A.    Plaintiffs Are Required To Assert Specific Factual Allegations That Provide
              More Than Just A Formulaic, Conclusory Recitation Of Entitlement To Relief**

13      A claim for relief should be dismissed where it fails to state a claim upon which relief can

14  be granted.  FRCP 12(b)(6).  On a Rule 12(b)(6) motion to dismiss, the Court must decide whether

15  the facts alleged by a plaintiff, if true, would entitle the plaintiff to a legal remedy.  *Conley v.*

16  *Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 80, 84-85 (1957).  While allegations

17  are generally accepted as true on a motion to dismiss, conclusory allegations, legal

18  characterizations, and unreasonable inferences are not accepted as true.  *Transphase Systems, Inc.*

19  *v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718 (C.D. Cal. 1993); *Beliveau v. Caras*, 873

20  F.Supp. 1393, 1395-96 (C.D. Cal. 1995).

21      The Supreme Court recently explained, that *Conley v. Gibson*'s often cited language that "a

22  complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that

23  the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" has

24  "earned its retirement" after "puzzling the profession for 50 years."  *Bell Atlantic Corp. v.*

25  *Twombly*, 127 S. Ct. 1955, 1969, 167 L. Ed. 2d 929, 944 (2007).[6]  The Court clarified that

26  _____

27  [6]  *Bell Atlantic* has been heavily cited both in the Ninth Circuit and in its sister circuits.  While, the
    Ninth Circuit has not interpreted the full extent of *Bell Atlantic*'s application, it has cited to the

28  case for the general proposition that plaintiffs are required to plead facts that "sufficiently…
    identify the grounds for alleging that the legal theory applies." *Kelly v. Provident Life & Accident*

1    [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss
     does not need detailed factual allegations..., a plaintiff's obligation
2    to provide the "grounds" of his "entitlement to relief" requires more
     than labels and conclusions, and a formulaic recitation of the
3    elements of a claim for relief will not do.... Factual allegations must
     be enough to raise a right to relief above the speculative level...
4

5    *Id.* at 1964-65 (citations omitted). The Court further explained "Rule 8(a)(2) still requires a

6    'showing,' rather than a blanket assertion, of entitlement to relief," which necessitates "some

7    factual allegation in the complaint... ." *Id.* at 1965 n.3.

8    **B.    The First Through Seventh Causes Of Action Cannot Be Maintained Against
            The Individual Defendants**

9
                **1.    Under California Law, Corporate Officers And Directors Are Not
10                      Subject To Personal Liability For Alleged Labor Code Violations.**

11       In *Reynolds v. Bement, supra*, 36 Cal. 4th at 1081-82, a plaintiff brought suit under

12   California Labor Code §1194 for recovery of unpaid overtime compensation against employer Earl

13   Scheib, Inc., and eight individual officers and/or directors of the corporation.  Plaintiff claimed

14   that the individual defendants "employed or exercised control over wages, hours, or working

15   conditions" of the class of plaintiffs and "authorized, directed, sanctioned [or] consented..." to

16   "tortious and unlawful acts." *Id.*

17       The *Reynolds* court disagreed; it held that there was insufficient evidence the legislature

18   intended to impose personal liability on corporate officers or directors for unpaid wages allegedly

19   owed by the corporation. *Reynolds, supra*, 36 Cal.4th at 1087.  The court noted that under

20   common law, "corporate agents acting within the scope of their agency are not personally liable for

21   the corporate employer's failure to pay its employees' wages," nor do "directors or officers ...

22   incur personal liability for torts of the corporation merely by reason of their official position." *Id.*[7];

23

24   *Ins.*, 2007 U.S. App. LEXIS 20140 (Aug. 20, 2007).  Moreover, more than 30-California district
     courts have followed the *Bell Atlantic* pleading standard and applied it to a diverse number of
25   cases. *E.g. Persik v. Tucci Learning Solutions, Inc.*, 2007 U.S. Dist. LEXIS 60676 (N.D. Cal.)
     (holding in a Title VII claim that plaintiff's "myriad of allegations that have nothing to do with"
26   the defendant did not meet the *Bell Atlantic* pleading standard); *Kennedy v. Natural Balance Pet
     Foods, Inc.*, 2007 U.S. Dist. LEXIS 57766 (S.D. Cal.) (applying *Bell Atlantic* pleading standard to
27   an Unfair Competition claim).

28   [7] Because failure to comply with Labor Code Sections 510 or 1194 is not a tort, *Reynolds*
     distinguished *Frances T. v. Village Green Owners Assn.*, (1986) 42 Cal. 3d 490, which held

1  *see also Bradstreet v. Wong*, _____ Cal.App.4th _____ (Apr. 16, 2008), 2008 DJDAR 5474.  The

2  *Reynolds* court specifically held this was true whether the failure to pay wages resulted from an

3  alleged breach of contract or a breach of a duty of care in tort.  *Id.*

4          Plaintiffs here are suing both Morgan and Harper under California Labor Code §1194,

5  among other Labor Code violations.  However, as *Reynolds* makes clear, Plaintiffs cannot hold

6  Individual Defendants personally liable for any Labor Code violations allegedly committed by

7  ALC.  As such, their claims cannot stand as a matter of law.

8          **2.      Plaintiffs' First Seven Claims Fail To Establish Any Factual Basis To**

9                  **Hold Individual Defendants Liable For Alleged Labor Code Violations**

10         *Reynolds* recognized that, if sufficient facts are presented, an individual defendant may be

11  liable for a company's alleged labor code violations under a common law theory, such as the alter

12  ego doctrine.  *Reynolds v. Bement, supra,* 36 Cal.4th at 1089.[8]  However, even under the most

13  liberal pleading requirements, Plaintiffs simply have not pled sufficient facts to support an alter

14  ego theory in this, or any other, version of their Complaint.  Although, Plaintiffs vaguely allude to

15  the alter ego doctrine in paragraphs 48, 49, and 50, they provide no specific allegations as to either

16  Individual Defendant.[9]  In fact, these paragraphs do not contain facts; on the contrary, they contain

17  nothing more than unsupported conclusions.  They do not discuss facts specific to either Individual

18  Defendant; instead, they address all "Defendants named herein, including DOES 1-200."  It is

19  surprising that Plaintiffs continue to maintain that each of the unspecified defendants are the alter

20  egos of "each other," when the term "defendants" continues to include unidentified DOE

21  Defendants.  (Complaint at ¶49).  Plaintiffs do not even bother to separately refer to the three

22  entity Defendants to specify which of those entities supposedly represents the alter ego of the

23

24  "corporate directors may be jointly liable... and... joined as defendants if they personally directed
    or participated in the tortious conduct."  (*Id.* at 1089-90.)

25  [8]  While the *Reynolds* court left open the possibility of whether the DLSE can find individual
    corporate agents liable, this clearly does not apply to the instant case.

26  [9]  Notably, in Plaintiffs' federal court Complaint, Morgan was specifically mentioned in the
    portions of the complaint addressing alter ego theories of liability.  Curiously, in this version of

27  Plaintiff's Complaint at Morgan's name is not specifically mentioned in the context of these
    allegations.  Although the wording remains the same, now these allegations reference

28  "Defendants" as a group and make no specific mention of Morgan or Harper at all.  (*See, e.g.*
    Complaint at ¶48-49.)

1    Individual Defendants.  These are the usual, boilerplate allegations that one would expect to find

2    in any complaint with more than one defendant or with doe defendants.

3        In California, two conditions must be met before the alter ego doctrine will be invoked.

4    First, there must be such a unity of interest and ownership between the corporation and its

5    equitable owner that the separate personalities of the corporation and the shareholder do not exist

6    in reality. *Sonora Diamond Corp. v. Superior Court,* 83 Cal.App.4th 523, 538 (2000).  Second,

7    there must be an inequitable result if the acts in question are treated as those of the corporation

8    alone.  (*Id.*)  Because society recognizes the benefits of the limited liability rule, courts approach

9    the impositions of alter ego liability with caution and alter ego liability is only imposed in

10   narrowly defined circumstances.  *Mesler v. Bragg Management Co.,* 39 Cal.3d 290 (1985).

11       Plaintiffs' pleading here is nothing more than catch phrases and conclusory language.

12   Although Plaintiffs make the broad and sweeping conclusion that there is a "unity of interest and

13   commonality of control, including commingling of funds, lack of adequate capitalization, failure to

14   maintain proper books and records, and additional omissions," between ALC and Individual

15   Defendants, there are absolutely no facts to support such a contention.  Tellingly, Plaintiffs also do

16   not allege that Individual Defendants were the "dominant force" behind ALC's alleged unlawful

17   acts.  Plaintiffs just summarily state that "each Defendant" "employed or exercised control over

18   the wages, hours, and working conditions…".  There are no allegations describing the relationship

19   or financial arrangement between ALC and Individual Defendants, or providing any other facts

20   that would support the conclusion the entities are one in the same.  Simply including the term

21   "alter ego" and phrases such as "unity of interest" and "commonality of control" does not satisfy

22   the requirement of "well pled facts."

23       The only specific information Plaintiffs provide is that Morgan is the founder of American

24   Laser Centers and that he served as President and CEO.  (Complaint at ¶39.)  Similarly, with

25   respect to Harper, Plaintiffs allege little more than he is a doctor who serves as the medical

26   director and that, at some unknown time and place, he "personally identified himself as the

27   'owner' of the clinics."  (Complaint at ¶40.)  Surely Plaintiffs don't believe that Harpers' casual

28   representations are sufficient to hold him liable as an alter ego or are sufficient to demonstrate that

1  he and the Clinic LLCs are one and the same!  It is astonishing that, in the context of a fifty page

2  Complaint containing ten claims against Individual Defendants, Plaintiffs do not even bother to

3  mention them in more than a few of the general, introductory paragraphs.

4       Thus, even by the most generous standards, Plaintiffs have insufficiently pled any facts that

5  would demonstrate that their claims can be maintained against the Individual Defendants.

6  **C.**      **The Eighth, Ninth And Tenth Claims For Relief Must Be Dismissed Against**

7           **The Individual Defendants**

8           **1.**      **Plaintiff Cannot Plead Valid Claims Against The Individual**

9                **Defendants That Are Solely Predicated On Claims That Cannot Be**

                **Brought Against Those Defendants As A Matter of Law**

10      Plaintiffs' Eighth, Ninth and Tenth claims for relief also fail against the Individual

11 Defendants.  By those claims, Plaintiffs are inappropriately seeking tort and/or equitable remedies

12 based on solely on the allegations that Defendants violated various provisions of the Labor Code

13 per their First through Seventh claims for relief.

14      With respect to the Eighth claim for relief under the UCL, Plaintiffs contend "[b]y the

15 conduct described in the First through Seventh Claims for Relief above," they are entitled to

16 damages.  (Complaint at ¶112.)  There are no additional allegations which might arguably provide

17 a basis for liability.  However, unless Plaintiffs provide facts to establish Individual Defendants

18 personally obtained benefits from Plaintiffs' alleged services, the duty to pay restitution for wages

19 owed by ALC as Plaintiffs' employer does not impute to Individual Defendants as owners, officers

20 or managers.  *Bradstreet v. Wong, supra,* _____ Cal.App.4th _____ (Apr. 16, 2008).

21      Additionally, the UCL is a borrowing statute and a valid claim for relief under the UCL can

22 only be stated if the underlying misconduct alleged is in fact unlawful.  *Lazar v. Hertz Corp.,* 69

23 Cal.App.4th 1494, 1505-1506 (1999); *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th

24 1134, 1143 (2003).  Because UCL claims are derivative in nature, if the underlying allegation that

25 forms the basis for the claim is meritless, then the UCL claim is also meritless.  *Maler v. Superior*

26 *Court,* 220 Cal.App.3d 1592, 1598 (1990).  The same standards apply to the Ninth and Tenth

27 causes of action which rely solely on the prior allegations of wrongdoing in the Complaint in order

28 to fashion a common law and/or equitable remedy for the alleged Labor Code Violations.

LA #605617 v5

1    Thus, the Eighth, Ninth and Tenth claims for relief are solely derivative of the Labor Code

2    claims, and cannot be used as a way to avoid the *Reynolds v. Bement* rule that there is no personal

3    liability.  For those reasons, the Eight through Tenth claims fail against the Individual Defendants.

### 2.    The Eighth Through Tenth Claims For Relief State No Facts As To Alleged Wrongdoing By The Individual Defendants

6    Even if Plaintiffs could legally bring their Eighth, Ninth and Tenth claims against the

7    Individual Defendants, the Complaint is utterly devoid of any specific allegations of wrongful

8    conduct by the Individual Defendants.  For example. there are *no* allegations that Morgan or

9    Harper personally converted any identifiable sums of money belonging to Plaintiffs.  In fact,

10   Plaintiffs fail to specifically mention the Individual Defendants in the context of their Eighth

11   through Tenth claims, and, instead, rely on generic allegations as to "Defendants" throughout these

12   three causes of action.  (*See, e.g.,.* Complaint at ¶¶112-114, 118, 120-121, 126-127.)

13   The Individual Defendants can only be liable to Plaintiffs if they <u>personally directed or</u>

14   <u>participated in tortious conduct</u>; a simple failure to comply with statutory labor laws does *not*

15   subject them to personal liability.  *Reynolds v. Bement, supra,* 36 Cal.4th at 1087.  The Eighth

16   through Tenth claims are derivative claims entirely premised on ALC's alleged Labor Code

17   violations.  Plaintiffs fail to describe any specific wrongdoing by the Individual Defendants that

18   resulted in any alleged conversion or unjust enrichment, and they ignore their obligation to

19   establish how Individual Defendants played any part the alleged interference with their "wages,

20   compensation, and reimbursements owed as provided by the California Labor Code."  A claim that

21   has no specific allegations relating to the alleged tortfeasor simply cannot be permitted to stand.

22   For all of the reasons set forth in Sections B, C and D, above, Individual Defendants

23   respectfully request that they be dismissed for Plaintiffs' utter failure to state a claim against them.

### D.    Plaintiffs' Unfair Business Practices, Conversion And Unjust Enrichment Claims Are Defective And Must Be Dismissed, Without Leave To Amend, As To All Defendants

### 1.    Plaintiffs Unfair Business Practices Claim Is Defective

27   Plaintiffs' Eighth Claim for Relief under the UCL is solely derivative of their First through

28   Seventh causes of action, as discussed above.  This claim is defective against all Defendants

LA #605617 v5                                          -11-

1   because Plaintiffs are requesting damages to which they are not entitled. It is well-settled that

2   "[w]hile the scope of conduct covered by the [UCL] is broad, its remedies are limited." *Korea*

3   *Supply Co. v. Lockheed Martin Corp., supra*, 29 Cal.4th at 1144. An action under the UCL "is

4   equitable in nature; damages cannot be recovered." *Id.* Therefore, under the UCL, "[p]revailing

5   plaintiffs are generally limited to injunctive relief and restitution." *Id.* In order to remedy a UCL

6   violation, [Section] 17203 provides that a court may "make such orders . . . as may be necessary to

7   restore to any person in interest any money . . . which may have been acquired." Under *Korea*

8   *Supply*, the UCL cannot be used to seek damages, even if damages may be available under another

9   statute, because an action for damages is not equitable in nature.

10         Accordingly, a UCL claim cannot lie where the remedy being sought is anything other than

11   equitable, i.e. damages or penalties. Notwithstanding this rule, here Plaintiffs are seeking various

12   improper forms of penalties and damages in connection with their UCL claim, including "unpaid

13   premium time (for Defendants' failure to provide adequate meal and rest periods), improperly

14   deducted wages, unreimbursed expenses, vested vacation time, and waiting time penalties, in

15   addition to interest, attorneys' fees, and costs, as necessary according to proof." (Complaint at

16   ¶115.) Plaintiffs cannot pursue these claims under the UCL. With respect to the rest and meal

17   break claims, the California Supreme Court in *Murphy v. Kenneth Cole Productions, Inc.*, 40

18   Cal.4th 1094 (2007), recently tackled the issue of the premium pay penalty imposed under §226.7

19   and expressly determined that the additional hour of premium pay was in the nature of wages, or

20   compensatory damages. Moreover, because Plaintiffs were paid during any alleged missed meal

21   or rest period, wages cannot be considered restitution or "unpaid wages" representing quantifiable

22   services already rendered to the employer. Instead, payments for missed meal and rest periods

23   under California Labor Code §226.7 are damages and/or penalties which are not permitted under

24   the UCL. Similarly, Plaintiffs' claims for attorneys' fees, costs, and "waiting time penalties" are

25   also impermissible under the UCL and Plaintiffs have provided no authority that would suggest

26   that private litigants are permitted to use the UCL in this manner to recover penalties.

27         Plaintiffs' UCL claim must be dismissed and/or the defective portions must be stricken.

28

DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 12(B)(6)

1          2.      **Plaintiffs' Ninth Claim For Conversion Is Defective**

2          Conversion is an act of dominion wrongfully exerted over another's personal property.  5

3    B.E. WITKIN, SUMMARY OF CALIFORNIA LAW §699 (10th ed. 2005).  The elements of a conversion

4    claim are: (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's

5    conversion by a wrongful act or disposition of property rights; and (3) damages resulting from the

6    conversion.  *Burlesci v. Petersen,* 68 Cal.App.4th 1062, 1065 (1998).  While the manual taking of

7    the property is not necessary to establish a claim for conversion, plaintiff must establish that

8    defendant actually interfered with its ownership or right of possession. *Oakdale Village Group v.*

9    *Fong,* 43 Cal.App.4th 539, 543-544 (1996).  Money may be the subject of a claim for conversion –

10   so long as a specific, identifiable sum is at issue.  *Fischer v. Machado,* 50 Cal.App.4th 1069, 1071

11   (1996); 5 B.E. WITKIN, SUMMARY OF CALIFORNIA LAW, *supra,* §703.

12         Plaintiffs conveniently ignore the fact that, in order to successfully plead a claim for

13   conversion under California law, they must establish that a *specific identifiable* sum is at issue.

14   The only facts Plaintiffs plead in support of the identifiable sum requirement are the loose claims

15   that they are entitled to unspecified "wages, compensation and reimbursements."  (Complaint at

16   ¶¶118-121.)  Plaintiffs' mere allegation that they are entitled to wages is by no means a specific,

17   identifiable sum and, therefore, cannot form the basis for common law conversion.

18         Moreover, under California law, when a right has been created by statute and a statutory

19   remedy for its infringement is provided, the statutory remedy is exclusive and no other remedy is

20   allowed.  *Stevenson v. Superior Court,* 16 Cal.4th 880, 900 (1997), citing *Rojo v. Klinger,* 52

21   Cal.3d 65, 79 (1985).  Any right that Plaintiffs had to overtime compensation, reimbursements,

22   etc. are statutory rights, deriving solely from the California Labor Code.  Common law and

23   equitable causes of action claiming violations of specific Labor Code provisions simply do not

24   exist. *See. e.g., California Emergency Physicians Medical Group v. Pacificare,* 111 Cal.App.4th

25   1127, 1137-38 (2003).  In fact, Plaintiffs acknowledge that ALC's alleged obligations to pay their

26   wages, expenses, and compensation were "imposed by statutory law."  (Complaint at ¶ 118.)

27   Because the right to overtime pay, the right to "premium wage" payments for missed meal and rest

28   breaks, and the right to enforce the other Labor Code violations alleged in Plaintiffs' Complaint

1   are rights created by statute, Plaintiffs are limited to the remedies provided by statute and cannot

2   assert a concurrent conversion claim for the same alleged wrongs.

3   **3.**    **Plaintiffs' Tenth Claim For Unjust Enrichment Is Defective**

4           There is no claim for relief in California for unjust enrichment. "The phrase 'Unjust

5   Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make

6   restitution under circumstances where it is equitable to do so." *Melchior v. New Line Productions,*

7   *Inc.*, 106 Cal.App.4th 779, 794 (2003). Unjust enrichment is "a general principle, underlying

8   various legal doctrines and remedies," rather than a remedy itself. *Dinosaur Development, Inc. v.*

9   *White*, 216 Cal.App.3d 1310, 1315 (1989). It would appear as if Plaintiffs recognize this principle

10  as their Complaint alleges that "California common law recognizes an equitable remedy for unjust

11  enrichment or quantum meruit." (Complaint at ¶125.) Although Defendants surmise Plaintiffs are

12  seeking restitution, pleading unjust enrichment simply does not get them there.

13          Moreover, for the reasons cited in the previous section, under California law, when a right

14  has been created by statute and a statutory remedy for its infringement is provided, the statutory

15  remedy is exclusive and no other remedy is allowed. *Stevenson v. Superior Court, supra,* 16

16  Cal.4th at 900; *see also California Emergency Physicians Medical Group v. Pacificare,* 111

17  Cal.App.4th at 1137-38 [sustaining defendants' demurrer and dismissing common counts and

18  quantum meruit claims, inter alia, on the grounds that the duty to pay that was allegedly breached

19  was part of a statutory scheme in which the payment obligations were specifically set forth by the

20  Legislature].) *See also, Timberline v. Jaisinghani*, 54 Cal.App.4th 1361, 1368, n5 (1997).

21          Finally, it is a bedrock principle of law that there is no right to equitable relief when there

22  is an adequate remedy at law. *Morrison v. Land,* 169 Cal. 590, 586 (1915) (Noting the "firmly

23  established" principle that when the law affords a remedy such as damages by way of

24  compensation for breach of contract, "a proper exercise of the equitable jurisdiction will not give

25  equitable relief in any case where the legal remedy is full and adequate and does complete

26  justice"). Here, Plaintiffs have not and cannot claim that there is no adequate remedy at law

27  relating to various claims they assert against Defendants.

28          For these reasons, Plaintiffs' claim should be dismissed as to all Defendants.

1

**E.      The Court Should Not Grant Plaintiffs Leave to Amend, As Their Claims Are Defective As A Matter of Law**

2

3      Defendants recognize that there is generally a policy that favors allowing amendments of

4  complaints.  However, that policy only operates where there is a legitimate possibility that the

5  complaint can be amended to state a valid claim for relief.  That is simply not the case here.  Even

6  if given the opportunity, Plaintiffs will not be able to amend their claims to state valid causes of

7  action against Individual Defendants pursuant to *Reynolds v. Bement*.  Plaintiffs also will not be

8  able to state valid claims for conversion, unjust enrichment or for damages under the UCL, against

9  any of the Defendants, because those claims are defective as a matter of law.  Even if these tort

10  claims were viable, Plaintiffs fail to plead sufficient facts to state claims against any of the

11  Defendants.  A court need not assume that a plaintiff can prove facts different from those already

12  alleged and, where appropriate, need not grant leave to amend.  *Associated Gen. Contractors v.*

13  *Calif. State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 902, 74 L.Ed.2d 723 (1983).

14

15  Dated:  April 22, 2008                    THELEN REID BROWN RAYSMAN &
                                             STEINER LLP
16
                                             By  /s/ Jennifer L. Goldberg
17                                               Attorneys for Defendants
                                                 ALC-PARTNER, INC., RICHARD
18                                               MORGAN and DENNIS HARPER

19  Dated:  April 22, 2008                    SCHIFF HARDIN LLP

20

21                                           By _____

22                                               Sarah R. Speakman
                                                 Attorneys for Defendants
23                                               AMERICAN LASER CENTERS LLC and
                                                 AMERICAN LASER CENTERS OF
24                                               CALIFORNIA LLC

25

26

27

28

**Defendants' Motion To Dismiss Plaintiffs' Complaint Pursuant To Federal Rule Of Civil Procedure 12(B)(6)**