1  Lionel Glancy (SBN 134180)
   Email: lglancy@glancylaw.com
2  Kevin Ruf (SBN 136901)
   Email: kevinruf@yahoo.com
3  Kara Wolke (SBN 241521)
   Email: kwolke@glancylaw.com
4  **GLANCY BINKOW & GOLDBERG LLP**
   1801 Avenue of the Stars, Suite 311
5  Los Angeles, CA 90067
   Telephone: 310-201-9150/Fax: 310-201-9160
6  Email: info@glancylaw.com

7  *Attorneys for Plaintiffs and Proposed Plaintiff Classes*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN, CYNTHIA RODIER, SANDRA SEWERIN, and AMY WILLIAMS, on behalf of themselves and those classes similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,<br><br>          Defendants. | Case No. CV-08-1221-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION TO TRANSFER VENUE UNDER 28 U.S.C. SECTION 1404(a)**<br><br>[Declaration of Kevin Ruf in Support of Plaintiffs' Response to Defendants' Amended Notice of Motion and Motion to Transfer Venue under 28 U.S.C. Section 1404(a) filed concurrently herewith]<br><br>**Date:**  May 16, 2008<br>**Time:**  10:00 AM<br>**Place:**  Courtroom 8<br>**Before:** Hon. Charles R. Breyer<br><br>Complaint Filed:    January 25, 2008<br>Notice of Removal: February 29, 2008 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This statewide class action by California Plaintiffs involving purely state law claims was filed in Alameda County Superior Court, a venue with expertise in complex labor cases. Defendants do not and cannot dispute that this lawsuit was filed in a proper venue. Instead, having removed the action from the Superior Court, Defendants invoke this Court's discretionary powers to transfer venue "for the convenience of the parties and witnesses" and "the interest of justice" under 28 U.S.C. § 1404(a) – screaming "forum shopping!" along the way. This accusation is simply not true.

As set forth below – as well as in Plaintiffs' currently-pending motion to remand to State Court – this case was properly filed in State Court as part of a "two case solution" to Defendants' argument that the original court (Central District) did not have jurisdiction over the original case (a national class action). Thus, Plaintiffs responded to this argument by filing two actions in forums with indisputable jurisdiction over all potential claims: the Alameda, California-only action under state law, and a nationwide class action in Federal Court in Michigan (where all entities had sufficient minimum contacts).

Plaintiffs strongly believe that their pending remand motion regarding the Alameda action should prevail. If, however, this California action remains in federal court, Plaintiffs do not dispute that a number of the practical considerations could justify transfer to the Central District. The larger question will be whether the California action should be in some way consolidated in Michigan (which has jurisdiction over all claims) with the claims of class members from all other states.

## II. THE FACTUAL AND PROCEDURAL HISTORY OF THIS ACTION SHOWS THAT PLAINTIFFS HAVE NOT ENGAGED IN FORUM SHOPPING

Plaintiffs' California wage-and-hour claims were originally filed in July 2007 as part of a

nationwide class action that also included federal FLSA and ERISA claims. Plaintiffs' First Amended Complaint ("FAC") also asserted state wage-and-hour claims under Illinois and Utah law. Moving to dismiss these claims in November 2007, Defendants asserted that "[t]he principal and overriding defect in the FAC is that Plaintiffs sued the wrong party." (See Defendant ALC Partner, Inc.'s Notice of Motion and Motion to Dismiss, filed November 2, 2007, in United States District Court, Central District of California, Case No. CV-07-4588-R(SHx), at 1:12-13., attached as Exhibit A to the Declaration of Kevin Ruf ("Ruf Decl.") filed concurrently herewith). In what was their *second* motion to dismiss, Defendants suddenly realized that they could not be sued because "each of the clinics that are licensed to do business as American Laser Centers are [actually] owned and operated by a separate limited liability corporation . . . incorporated in the state in which the clinic does business." (See id. at 1:16-18 (alteration added).) Defendants thus argued that Plaintiffs' claims had to be dismissed pursuant to Fed. R. Civ. P. 19 since these limited liability corporations ("the Subsidiary LLCs") were Plaintiffs' true employers and "indispensable parties" who could not be joined. The Honorable Manuel Real of the Central District accepted Defendants' arguments, and dismissed all of Plaintiffs' claims with 20 days leave to amend.

Despite leave to amend, there was no amendment Plaintiffs could make to cure the jurisdictional defect alleged by Defendants that Judge Real could not exercise jurisdiction over the Subsidiary LLCs in Utah, Illinois, and other states. Consequently, Plaintiffs' counsel decided that it was in the putative class members' best interests to voluntarily dismiss the case and file two new cases in forums where the Subsidiary LLCs had sufficient contacts to establish jurisdiction if necessary. Hence, one case was filed in California state court (the instant case) relating only to Defendants' California clinics and asserting purely state-law claims; the other case was filed in federal court in Michigan, where Defendants' corporate headquarters are located, relating to American Laser Centers clinics across the rest of the country.

The reason for filing a separate California state action is that California labor laws provide employee protections and remedies superior to federal law (or any other state law for that matter), including a longer statute of limitations.  In addition, a predominant percentage of ALC centers and employees reside in California.  The reason for filing a separate federal action in Michigan is that, if necessary, the Subsidiary LLCs would all have sufficient "minimum contacts" to establish jurisdiction by virtue of their interactions with corporate headquarters in Michigan.  This two-fold strategic response to Defendants' aggressive litigation tactics is what Defendants now label "blatant forum shopping."  However, the purely California class action could not be filed in the Central District for lack of subject matter jurisdiction, and the nationwide federal class action could not be filed in the Central District for failure to join "indispensable parties."  Far from forum shopping, therefore, the bifurcation of Plaintiffs' original action was procedural problem solving.

In fact, it was Defendants' blatant misrepresentations to Judge Real that forced Plaintiffs to dismiss their original action and bifurcate into separate state and federal cases.  These misrepresentations became apparent when Defendants' general counsel, Kevin Piecuch, filed a declaration before this Court that contradicts his earlier declaration before Judge Real.  In order to convince Judge Real that the Subsidiary LLCs were separate "indispensable parties," Mr. Piecuch testified under penalty of perjury:  "There are at least 201 separate LLCs which ***own and operate*** clinics that . . . do business using the American Laser Centers trade name." (See Declaration of Kevin Piecuch in Support of Defendants ALC Partner, Inc. and Richard Morgan's Reply to Plaintiffs' Opposition to Defendants Motions to Dismiss First Amended Complaint, filed December 10, 2007, in United States District Court, Central District of California, Case No. CV-07-4588-R(SHx), at ¶ 2 (emphasis added), attached as Exhibit B to the Ruf Decl.). Here, however, in order to convince this Court that Defendants' principal place of business is Michigan, Mr. Piecuch declared:  "ALC-Partner, Inc. remains in existence but no longer ***owns and operates*** the

clinics as of December 1, 2007." (See Supplemental Declaration of Kevin Piecuch in Support of Removal and in Opposition to Plaintiffs' Motion to Remand, filed April 11, 2008, at ¶ 2 (emphasis added), attached as Exhibit C to the Ruf Decl.). Lest there be any doubt that the Subsidiary LLCs owned and operated the clinics as of December 1, 2007, Mr. Piecuch clarifies: "Defendant ALC Acquisition Company LLC (now known as American Laser Centers LLC) *purchased the assets* of ALC-Partner, Inc. and its related companies in November 2007, and began *operating the clinics* effective December 1, 2007." (See id. (emphasis added).)

In short, there already was a federal case in the Central District. All Defendants had to do was answer. Instead, they played procedural shell games and deliberately misled Judge Real into believing that the wrong employers had been sued. For Defendants now to accuse Plaintiffs of forum shopping, when the posture of this case is the result of their own misrepresentations and gamesmanship, is hypocrisy.

## III.   CONCLUSION

In the event this case remains in federal court – despite the compelling reasons to remand the case back to Alameda Superior Court in the currently-pending motion – Plaintiffs do not dispute that there are legitimate practical justifications to transfer the case to the Central District. In the event this Court chooses to make such an order, Plaintiffs respectfully request that it not be predicated on any finding that Plaintiffs have engaged in forum shopping.

Dated: April 25, 2008            GLANCY BINKOW & GOLDBERG LLP

                                 By:   *s/Kevin Ruf*
                                       Kevin Ruf (SBN 136901)

                                       Lionel Glancy (SBN 134180)
                                       Kara Wolke (SBN 241521)
                                       1801 Avenue of the Stars, Suite 311
                                       Los Angeles, CA 90067
                                       Telephone: 310-201-9150
                                       Facsimile:  310-201-9160

                                 *Attorneys for Plaintiffs and proposed Plaintiff Classes*