1 | Lionel Glancy (SBN 134180)
Email: lglancy@glancylaw.com
2 | Kevin Ruf (SBN 136901)
Email: kevinruf@yahoo.com
3 | Kara Wolke (SBN 241521)
Email: kwolke@glancylaw.com
4 | **GLANCY BINKOW & GOLDBERG LLP**
1801 Avenue of the Stars, Suite 311
5 | Los Angeles, CA 90067
Telephone: 310-201-9150/Fax: 310-201-9160
6 | Email: info@glancylaw.com

7 | *Attorneys for Plaintiffs and Proposed Plaintiff Classes*

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | KAY LOVE, MELINDA AHUMADA,
12 | PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE
13 | DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA
14 | RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY REICHMAN,
15 | CYNTHIA RODIER, SANDRA SEWERIN, and AMY WILLIAMS, on behalf of
16 | themselves and those classes similarly situated,

17 |

Plaintiffs,

18 | v.

19 | ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION
20 | COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC;
21 | RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,
22 |

23 | Defendants.
24 |

Case No. CV-08-1221-CRB

**DECLARATION OF KARA WOLKE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' AMENDED MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) OR, ALTERNATIVELY, FOR MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(e)**

[Plaintiffs' Opposition to Defendants' Amended Motion to Dismiss filed concurrently herewith]

**Date:** June 6, 2008
**Time:** 10:30 AM
**Place:** Courtroom 8
**Before:** Hon. Charles R. Breyer

Complaint Filed:   January 25, 2008
Notice of Removal: February 29, 2008

25 |
26 |
27 |
28 |

I, Kara M. Wolke, declare:

1. I am an attorney with the law firm Glancy Binkow & Goldberg, LLP, and am one of the principal attorneys working on the within case. I submit this declaration in support of Plaintiffs' Opposition to Defendants' Amended Motion to Dismiss, or, alternatively, for a More Definite Statement. I am personally familiar with this case and have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently thereto.

2. Attached hereto as **Exhibit 1** is a true and correct copy of ALC Partner, Inc.'s Notice of Motion and Motion to Dismiss First Amended Complaint, filed November 2, 2007, in the United States District Court, Central District of California, Case No. CV-07-4588-R(SHx).

3. Attached hereto as **Exhibit 2** is a true and correct copy of the Declaration of Kevin Piecuch in Support of Defendants' Second Motion to Dismiss, filed December 10, 2007, in the United States District Court, Central District of California, Case No. CV-07-4588-R(SHx).

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Order dated December 17, 2007, granting Defendant ALC Partner, Inc.'s Notice of Motion and Motion to Dismiss First Amended Complaint, in the United States District Court, Central District of California, Case No. CV-07-4588-R(SHx).

5. Attached hereto as **Exhibit 4** is a true and correct copy of an April 3, 2008, e-mail by Chelsea Klinke, ALC Western Area Vice President of Operations, regarding new overtime procedures.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of May, 2008, at Los Angeles, California.

*Kara M. Wolke*

Kara M. Wolke

# EXHIBIT 1

1  ANN KANE SMITH, CA BAR NO. 72698
   JENNIFER GOLDBERG, CA BAR NO. 198150
2  MARYTZA J. REYES , CA BAR NO. 218684
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
4  Los Angeles, California 90071
   Telephone 213.576.8000
5  Facsimile 213.576.8080

6  Attorneys for Defendant
7  ALC PARTNER, INC.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    WESTERN DIVISION

12

13 | KAY LOVE, MELINDA                | Case No.: CV 07 4588 R(SHx)
   | AHUMADA, PAULA AUSTIN,           |
14 | ASHLEY BRISENO, LISA CASEY,      |
   | JESSICA BURIA, NATALIE           | **DEFENDANT ALC PARTNER, INC.'S,**
15 | DOLABJIAN, NADIA KAMELI,         | **NOTICE OF MOTION AND MOTION**
   | LAURIE MATHEWS, ASHLEE           | **TO DISMISS PURSUANT TO**
16 | MOCHAN, CHRISTINE PEDRO,         | **FEDERAL RULES OF CIVIL**
17 | HEIDI SCHNEEVEIS, BEVERLY        | **PROCEDURE 12(B)(6) AND 12(B)(7)**
   | ALEXANDER, KATHRYN               | **AND 19; ALTERNATIVELY, MOTION**
18 | CAMERON, FEY RICHMAN,            | **FOR A MORE DEFINITE**
   | CYNTHIA RODIER, SANDRA           | **STATEMENT PURSUANT TO**
19 | SEWERIN, PAMELA STRONG, and      | **FEDERAL RULE OF CIVIL**
20 | AMY WILLIAMS  on behalf of       | **PROCEDURE 12(E); MEMORANDUM**
   | themselves and those classes     | **OF POINTS AND AUTHORITIES**
21 | similarly situated,              |
   |                                  | [Filed concurrently with Declaration of
22 |             Plaintiff,           | Carolyn Bogerty]
23 | v.                               |
24 |                                  | **Hearing**
   | ALC PARTNER, INC., Richard       | Date:        December 17, 2007
25 | Morgan, and DOES 1 through 200,  | Time:        10:00 a.m.
   | inclusive,                       | Ctrm:        8
26 |                                  |
27 |             Defendants.          |
28

LA #576688 v5

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ......................................................................................... 1

II. ALLEGATIONS IN THE FAC......................................................................... 2

    A.  The Parties.......................................................................................... 2

    B.  Summary Of Allegations In The Complaint ......................................... 3

III. LEGAL ARGUMENT.................................................................................... 4

    A.  The Supreme Court's Recent *Bell Atlantic* Holding
        Confirms the High Standard That Plaintiffs' Pleading Must
        Meet To Avoid Dismissal For Failure To State A Claim. ................... 4

    B.  Each And Every One Of Plaintiffs' Claims For Relief Fails
        To State A Claim Against ALC Because They Fail To
        Sufficiently Allege That ALC Employs Any Of The Named
        Plaintiffs; In Fact, ALC Is Not the Employer. ................................... 7

    C.  The Clinic Managers, Assistant Managers And Technicians
        Are Employed By LLCs That Operate The Clinics At Which
        They Worked; Those LLCs, As The Employers, Are
        Necessary And Indispensable Parties Under FRCP Rule 19............... 8

        1.  The Court Must Dismiss Claims Where Necessary
            Parties Cannot Be Joined In This Action ................................ 10

    A.  Plaintiffs' First, Second, Eight, Ninth, Eleventh, Twelfth,
        Thirteenth, Fourteenth, and Fifteenth Claims For Relief Fail
        To Sufficiently Allege A  Claim Upon Which Relief May
        Be Granted.........................................................................................11

        1.  Plaintiffs' ERISA Claims Are Defective And Must Be
            Dismissed. .............................................................................. 11

            a.  Plaintiffs' First Claim Fails To Plead Sufficient
                Facts To Assert An ERISA Claim Against ALC
                For Failure To Keep Records. ....................................... 12

LA #576688 v5

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6), 12(B)(7) AND 19;
MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

1

# TABLE OF CONTENTS (cont.)

2

Page

3
4

    b.    Plaintiffs' Second Claim For Relief For Breach Of Fiduciary Duties Fails As A Matter Of Law............ 12

5
6
7

    2.    Plaintiffs' Eighth Claim For Failure To Reimburse Business Expenses Under California Law Is Defective And Must Be Dismissed......................................... 14

8
9

    3.    Plaintiffs' Ninth Claim For Failure To Pay Wages Upon Termination Under California Law Is Defective And Must Be Dismissed. ....................................... 15

10
11
12

    4.    Plaintiffs' Tenth Claim For Failure To Provide Accurate Wage Statements Under California Law Is Defective And Must Be Dismissed......................................... 16

13
14

    5.    Plaintiffs' Eleventh Claim For Unfair Businesses Practices Under California Law Is Defective And Must Be Dismissed. ............................................... 17

15
16
17

    a.    Plaintiffs Have Not Sufficiently Alleged An "Injury In Fact" As Required By Proposition 64......................................................................... 17

18
19

    b.    Plaintiffs' Claim For Relief Is Based On Plaintiffs' Earlier, Defective Claims For Relief............ 18

20
21

    c.    Plaintiffs Seek Damages Under Their UCL Claim That Are Not Permitted As A Matter Of Law. ....................................................................... 19

22
23
24

    6.    Plaintiffs' Twelfth And Thirteenth Claims For Failure To Pay Wages And Overtime Under Illinois And Utah Law Are Defective And Must Be Dismissed.................. 20

25
26

    a.    Plaintiffs' Allegations Make It Impossible For Defendant To Understand The Claim And Frame A Response To It. ............................................... 20

27

28

1

## TABLE OF CONTENTS (cont.)

2

Page

3
4
5

      b.    Plaintiffs Fail To Plead Sufficient Facts In Either The Twelfth or Thirteenth Claims To State A Claim Upon Which Relief Can Be Granted ................................................................. 21

6
7

    7.   Plaintiffs' Fourteenth Claim For Conversion Is Defective And Must Be Dismissed ............................................. 21

8
9

    8.   Plaintiffs' Fifteenth Claim For Unjust Enrichment Is Defective And Must Be Dismissed ............................................. 23

10
11
12

    9.   At Minimum, The Court Should Dismiss The Claims In The Complaint Pursuant To Rule 12(e) And Require Plaintiffs to Provide A More Definite Statement Of Their Claims For Relief ...................................... 25

13
14

IV.    CONCLUSION ................................................................................ 25

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL CASES

*Acton Co., Inc. v. Bachman Foods, Inc.,*
    668 F.2d 76 (1st Cir. 1982) ................................................................. 11

*Amato v. Equico Severance Plan,*
    97 F.3d 1451 (1996) ........................................................................... 13

*Associated General Contractors v. Calif. State Council of Carpenters,*
    459 U.S. 519, 103 S. Ct. 897, 74 L. Ed. 2d 723 (1983) ............................. 6, 7

*Beliveau v. Caras,*
    873 F. Supp. 1393 (C.D. Cal. 1995) ....................................................... 5

*Bell Atlantic Corp. v. Twombly,*
    127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................................... *passim*

*CIG Exploration, Inc. v. Hill,*
    824 F. Supp. 1532 (D. Utah 1993) ......................................................... 24

*Christensen v. Qwest Pension Plan,*
    462 F.3d 913 (8th Cir. 2006) .......................................................... 13, 14

*Christensen vs. The Qwest Pension Plan,*
    376 F. Supp. 2d 934 (D. Neb. 2005) ....................................................... 13

*Conley v. Gibson,*
    355 U.S. 41, 78 S. Ct. 99, 2 L. Ed. 80 (1957) .......................................... 4, 5

*Dura Pharmacy, Inc. v. Broudo,*
    544 U.S. 336, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005) ............................. 6

*Freeman v. Northwest Acceptance Corp.,*
    754 F.2d 553 (5th Cir. 1985) ................................................................ 9

*Kelly v. Provident Life & Accident Insurance,*
    2007 U.S. App. LEXIS 20140 (Aug. 20, 2007) ........................................... 5

# TABLE OF AUTHORITIES (cont.)

Page(s)

## FEDERAL CASES

*Kennedy v. Natural Balance Pet Foods, Inc.,*
    2007 U.S. Dist. LEXIS 57766 (S.D. Cal.).................................................... 5, 18

*In re Netflix Antitrust Litigation,*
    2007 U.S. Dist. LEXIS 45207 (N.D. Cal.) ............................................... 6

*Pegram v. Herdich,*
    530 U.S. 211, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000) .......................... 13

*Persik v. Tucci Learning Solutions, Inc.,*
    2007 U.S. Dist. LEXIS 60676 (N.D. Cal.) .............................................. 5, 7

*Pulitzer-Poster v. Pulitzer,*
    784 F.2d 1305 (5th Cir. 1986) ................................................................. 10

*RKI Inc. v. Grimes,*
    177 F. Supp. 2d 859 (N.D. Ill. 2001)....................................................... 22

*RTC v. Hess,*
    820 F. Supp. 1359 (D. Utah 1993) .......................................................... 25

*Scholes v. Ames,*
    850 F. Supp. 707 (N.D. Ill. 1994)............................................................ 24

*Shermoen v. United States,*
    982 F.2d 1312 (9th Cir. 1992)................................................................ 9, 10

*Steelman v. Prudential Insurance Co.,*
    2007 U.S. Dist. LEXIS 52063 (E.D. Cal.) ................................. 5, 6, 7, 11, 13

*Transphase Systems, Inc. v. Southern Calif. Edison Co.,*
    839 F. Supp. 711 (C.D. Cal. 1993)........................................................... 5

*Varity Corp v. Howe,*
    516 U.S. 489, 116 S. Ct. 1065, 134 L. Ed. 2d 130 (1996) ..................... 12, 13

-v-

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**
**AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

# TABLE OF AUTHORITIES (cont.)

Page(s)

## STATE CASES

*Allred v. Hinkley,*
8 Utah 2d 73, 328 P.2d 726 (1958) ............................................................. 22

*Branick v. Downey Savings & Loan Association,*
39 Cal. 4th 235, 46 Cal. Rptr. 3d 66 (2006) ........................................ 18

*Burlesci v. Petersen,*
68 Cal. App. 4th 1062, 80 Cal. Rptr. 2d 704 (1998) ............................. 22

*Californians for Disability Rights v. Mervyn's LLC,*
39 Cal. 4th 223, 46 Cal. Rptr. 3d 57 (2006) ........................................ 18

*Dinosaur Development, Inc. v. White,*
216 Cal. App. 3d 1310, 265 Cal. Rptr. 525 (1989) ............................... 23

*Fischer v. Machado,*
50 Cal. App. 4th 1069, 58 Cal. Rptr. 2d 213 (1996) ............................. 22

*Khoury v. Maly's of California, Inc.,*
14 Cal. App. 4th 612, 17 Cal. Rptr. 2d 708 (1993) ............................... 18

*Korea Supply Co. v. Lockheed Martin Corp.,*
29 Cal. 4th 1134, 131 Cal. Rptr. 2d 29 (2003) .............................. 17, 19

*Lazar v. Hertz Corp.,*
69 Cal. App. 4th 1494, 82 Cal. Rptr. 368 (1999) ................................. 18

*Maler v. Superior Court,*
220 Cal. App. 3d 1592, 270 Cal. Rptr. 222 (1990) ............................... 19

*Melchior v. New Line Productions, Inc.,*
106 Cal. App. 4th 779, 131 Cal. Rptr. 2d 347 (2003) ........................... 23

*Murphy v. Kenneth Cole Productions, Inc. ("Murphy"),*
40 Cal. 4th 1094, 56 Cal. Rptr. 3d 880 (2007) .................................... 19

-vi-

# TABLE OF AUTHORITIES (cont.)

Page(s)

## STATE CASES

*Oakdale Village Group v. Fong,*
    43 Cal. App. 4th 539, 50 Cal. Rptr. 2d 810 (1996)......................................... 22

*Oppenheimer v. Moebius,*
    151 Cal. App. 2d 818, 312 P.2d 314 (1957) ............................................. 16

*Oppenheimer v. Robinson,*
    150 Cal. App. 2d 420, 309 P.2d 887 (1957) ......................................... 15, 16

*Stevenson v. Superior Court,*
    16 Cal. 4th 880, 66 Cal. Rptr. 2d 888 (1997)................................................. 23

## STATUTES

29 U.S.C.
    Section 1059 ......................................................................................... 12
    Section 1059 (a)(1). ............................................................................... 4

California Business & Professions Code
    Section 17200 .......................................................................... 2, 17, 19
    Section 17203 .......................................................................... 18, 19
    Section 17204 .......................................................................... 18
    Section 17206 .......................................................................... 20

California Labor Code
    Section 201 ............................................................................... 15
    Section 202 ............................................................................... 15
    Section 203 ..................................................................... 15, 16, 20
    Section 226 ............................................................................... 16
    Section 226(a) ........................................................................... 16
    Section 226(e) ..................................................................... 17, 20
    Section 226.7 ..................................................................... 19, 20
    Section 1174 ............................................................................. 16
    Section 1194.2(a) ...................................................................... 20
    Section 2802 ............................................................................. 15

LA #576688 v5

# TABLE OF AUTHORITIES (cont.)

**RULES**

Page(s)

Federal Rule Of Civil Procedure
    Rule 8 ........................................................................................ 20, 25
    Rule 8(a) ............................................................................................ 25
    Rule 8(e)(1)............................................................................... 20, 25
    Rule 10(b) ........................................................................................... 25
    Rule 12(b)(6) .............................................................................. 2, 4, 7
    Rule 12(b)(7) ................................................................................... 1, 8
    Rule 12(e) ............................................................................... 2, 12, 25
    Rule 19 .............................................................................................. 8, 9
    Rule 19(a) .................................................................................. 8, 9, 10
    Rule 19(b) ......................................................................................... 10

# OTHER AUTHORITY

5 B.E. Witkin, Summary of California Law,
    Section 703 ........................................................................................ 22

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on December 17, 2007 or as soon thereafter as this matter may be heard in the Courtroom of the Honorable Manuel Real, located at 312 North Spring Street, Los Angeles, California   90012, Defendant ALC Partner, Inc. ("ALC"), will and hereby does move this Court, pursuant to Federal Rules of Civil Procedure ("FRCP"), Rule 12(b)(6), for an Order dismissing with prejudice Plaintiffs Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Ashlee Mochan, Laurie Mathews, Christine Pedro, Heidi Schneeveis, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams' ("Named Plaintiffs") First Amended Complaint ("FAC"), for failure to state a claim upon which relief may be granted against ALC.

ALC also will and hereby does move the Court, pursuant to FRCP Rules 12(b)(7) and Rule 19 for an Order dismissing the FAC on the grounds that Plaintiffs have failed to join as party defendants their true employers, which are indispensable parties necessary for just adjudication of this controversy.

This motion also is made upon the grounds that Plaintiffs' First, Second, Eighth, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims for Relief in the FAC are not pleaded with particularity as required by FRCP Rule 12(b)(6) and fail to state claims upon which relief can be granted.  Alternatively, ALC seeks an Order requiring Plaintiffs to provide a more definite statement as to Plaintiffs' First, Second, Eight, Ninth, Eleventh, Twelfth, Thirteenth, Fourteenth, and Fifteenth Claims for Relief.

LA #576688 v5

-2-

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6), 12(B)(7) AND 19;
MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)

1        This motion is based on the attached memorandum of points and authorities,

2    the Declaration of Carolyn Bogerty, the files and records in this case, and such

3    additional evidence and argument as the Court may elect to hear at the hearing on

4    this motion.

5

6    Dated: November 2, 2007

                              THELEN REID BROWN RAYSMAN &

7                                  STEINER LLP

8

9                       By _____

                              Jennifer L. Goldberg

10                                 Attorneys for Defendant

                              ALC PARTNER, INC.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LA #576688 v5

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6), 12(B)(7) AND 19;**
**MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      INTRODUCTION**

Plaintiffs' Kay Love, Melinda Ahumada, Paula Austin, Ashley Briseno, Lisa Casey, Jessica Buria, Natalie Dolabjian, Nadia Kameli, Laurie Mathews, Ashlee Mochan, Christine Pedro, Heidi Schneeveis, Beverly Alexander, Kathryn Cameron, Fey Reichman, Cynthia Rodier, Sandra Sewerin, Pamela Strong, and Amy Williams ("Named Plaintiffs") have filed this First Amended Complaint ("FAC") that names ALC Partner, Inc. ("ALC"), Richard Morgan, and Does 1 through 200 as defendants. It is a 59-page labyrinth of allegations where these 19 named Plaintiffs, purport to represent <u>twelve different classes of current and former employees in at least four different job categories across three different states.</u>

The principal and overriding defect in the FAC is that Plaintiffs sued the wrong party. There are approximately 201 clinics around the country that are licensed to do business as "American Laser Centers." The Clinic Managers, Assistant Managers and Technicians who work in those clinics are not employed by ALC-Partner, Inc. Rather, each of the clinics that are licensed to do business as American Laser Centers are owned and operated by a separate limited liability corporation (LLC), incorporated in the state in which the clinic does business. Each Clinic Manager, Assistant Manager and Technician is employed by the LLC that owns and operates the clinic at which he or she works. Thus, the FAC purports to bring numerous employment related claims yet fails to name as defendants the entities that employed the Named Plaintiffs and putative class members. Accordingly, ALC brings the instant motion pursuant to FRCP Rules 12(b)(7) and Rule 19 which, together, provide for the <u>dismissal</u> of a lawsuit when a plaintiff fails to join an indispensable party. Rule 19 requires the joinder of parties needed for just adjudication of a claim – here, the Named Plaintiffs' and putative class members' employers are indispensable parties to resolve the employment claims at

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6), 12(B)(7) AND 19;
MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

1   issue. In short, the FAC should be dismissed in its entirety for failure to join the
2   named Plaintiffs' and putative class members' actual employer.

3       Moreover, instead of resolving the defects in their original Complaint,
4   Plaintiffs chose to muddy the waters by making an already unwieldy Complaint
5   even worse by adding numerous Illinois and Utah statutory claims, common law
6   claims under Illinois, Utah and California law, and three more classes to the mix
7   (two of Utah employees and one of Illinois employees).

8       Plaintiffs offer nothing more than conclusions and formulaic recitations of
9   the elements for the First, Second, Fourteenth, and Fifteenth Claims for Relief.

10      The newly added Twelfth and Thirteenth Claims for Relief do not even
11  identify the alleged statutory violations, but instead list bodies of law followed by
12  boilerplate recitations of alleged employment violations without any facts.

13      The Eighth, Ninth, Tenth and Eleventh Claims for Relief, summarily allege
14  that Plaintiffs are entitled to expense and wage reimbursements without any
15  indication of when such were incurred, who incurred them, and to what they relate.

16      As if it were not difficult enough to identify the factual support for any of
17  Plaintiffs' original claims, they have added another claim for violation of
18  California's Business & Professions Code § 17200, which is predicated on the other
19  defective claims for relief.

20      In short, Plaintiffs' FAC should be dismissed in its entirety pursuant to FRCP
21  12(b)(6) as it is defective against ALC. Alternatively, if any claims are not deemed
22  defective as a matter of law, the Court should, at minimum, order Plaintiffs to
23  provide a more definite statement under FRCP Rule 12(e) as to their claims so ALC
24  is reasonably able to frame a response.

25  **II.   ALLEGATIONS IN THE FAC**

26      **A.   The Parties**

27      Plaintiffs allege that ALC is a Michigan corporation providing laser hair
28  removal and other cosmetic skin treatments, with its corporate headquarters in

LA #576688 v5                           -2-

1  Farmington Hills, Michigan.  (Plaintiffs' FAC ("FAC"), ¶ 51.)  Plaintiffs further

2  allege that the practices described within the FAC were performed at ALC Clinics

3  in California, Illinois, Utah, and throughout the United States (*Id.*)

4      Name Plaintiffs Love, Austin, Dolabjian, Mathews, Pedro, and Scneeveis

5  seek to represent the ERISA class. (*Id.* at ¶ 15)

6      Named Plaintiffs Ahumada, Austin, Briseno, Buria, Casey, Dolabjian, Kameli,

7  Mathews, Pedro, and Strong, each claim to have worked as Clinic Mangers, and

8  seek to serve as FLSA Representative Clinic Manager Plaintiffs. (*Id.* at ¶ 29-48.)

9  Named Plaintiffs Love, Ahumada, Austin, Briseno, Buria, Casey, Dolabjian,

10  Kameli, and Pedro seek to serve as California Representative Clinic Manager

11  Plaintiffs. (*Id.*) Named Plaintiffs Ahumada, Dolabjian, and Mochan claim to have

12  worked as Assistant Managers and seek to serve as the FLSA and California

13  Representative Assistant Manager Plaintiffs. (*Id.*)

14      Named Plaintiffs Schneeveis, Sewerin, and Strong each claim to have been

15  employed as Technicians and seek to serve as FLSA Representative Technician

16  Plaintiffs. (*Id.* at ¶ 49.) Named Plaintiffs Alexander, Cameron, Reichman, Rodier,

17  Sewerin and Williams each allege to have been employed as Technicians and seek

18  to serve as California Representative Technician Plaintiffs. (*Id.*)

19      Further, it appears that Mathews and Strong seek to represent a Utah class,

20  and Schneeveis likewise seeks to represent an Illinois class. (*Id.* at ¶ 14.)

21  **B.    Summary Of Allegations In The Complaint**

22      Manager Named Plaintiffs contend that they are current and former ALC

23  manager and/or assistant managers with the primary duty of selling ALC cosmetic

24  skin treatments and products.  (FAC, ¶¶ 6, 19.)  Plaintiffs allege that ALC

25  unlawfully classified and/or classifies the Manager Class as exempt from overtime

26  payments under federal and state laws. (*Id.* at ¶ 20.)

27      Newly added Technician Named Plaintiffs contend that they are current and

28  former ALC laser technicians, laser operators, and/or paramedical aestheticians

1  with the primary duty of performing laser hair removal and other cosmetic skin
2  treatments. (*Id.* at ¶ 7.) Plaintiffs allege that the Technician Class was required to
3  perform work without compensation, including work before clocking in, after
4  clocking out, and work through unpaid lunch periods. (*Id.* at ¶ 22.) Plaintiffs
5  further allege that the scheduling of the clinic's procedures made Technician's rest
6  breaks impossible and uninterrupted meal breaks a rarity. (*Id.* at ¶ 22.)

7   The ERISA Named Plaintiffs also allege that ALC is an employer within the
8  meaning of ERISA, that ALC is a fiduciary of its Retirement Plan within the
9  meaning of ERISA, and that ALC is the administrator of its Retirement Plan within
10  the meaning of ERISA. (*Id.* at ¶¶ 16-17). Plaintiffs allege that ALC failed to
11  comply with ERISA's requirement to maintain records to determine the benefits due
12  under the Retirement Plan. (*Id.* at ¶¶ 26, 59 (a).) Plaintiffs also allege that ALC has
13  violated ERISA's fiduciary requirement by failing to credit the ERISA Class
14  members for "overtime and other wages as eligible compensation." (*Id.* at ¶¶ 27, 59
15  (d).) Finally, they allege that ALC may have failed to provide accurate wage
16  statements itemizing actual time worked and wages earned, thereby violating
17  ERISA § 209(a)(1), 29 U.S.C. § 1059 (a)(1). (*Id.* at ¶¶ 59 (b)-(c).)

18  **III.** **LEGAL ARGUMENT**

19   **A.** **The Supreme Court's Recent *Bell Atlantic* Holding Confirms the**
20     **High Standard That Plaintiffs' Pleading Must Meet To Avoid**
21     **Dismissal For Failure To State A Claim.**

22   A claim for relief should be dismissed where it fails to state a claim upon
23  which relief can be granted. Federal Rule of Civil Procedure ("FRCP") 12(b)(6).
24  On a Rule 12(b)(6) motion to dismiss, the Court must decide whether the facts
25  alleged by a plaintiff, if true, would entitle the plaintiff to a legal remedy. *Conley v.*
26  *Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-102, 2 L. Ed. 80, 84-85 (1957).
27  While allegations are generally accepted as true on a motion to dismiss, conclusory
28  allegations, legal characterizations, and unreasonable inferences are not accepted as

1 true. *Transphase Systems, Inc. v. Southern Calif. Edison Co.*, 839 F.Supp. 711, 718

2 (C.D. Cal. 1993); *Beliveau v. Caras*, 873 F.Supp. 1393, 1395-96 (C.D. Cal. 1995).

3       The Supreme Court recently explained, that *Conley v. Gibson's* often cited

4 language that "a complaint should not be dismissed for failure to state a claim

5 unless it appears beyond doubt that the plaintiff can prove no set of facts in support

6 of his claim which would entitle him to relief" has "earned its retirement" after

7 "puzzling the profession for 50 years." *Bell Atlantic Corp. v. Twombly* 127 S. Ct.

8 1955, 1969, 167 L. Ed. 2d 929, 944 (2007). The Court clarified that

9      [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does

10     not need detailed factual allegations..., a plaintiff's obligation to
provide the "grounds" of his "entitlement to relief" requires more than

11     labels and conclusions, and a formulaic recitation of the elements of a
claim for relief will not do.... Factual allegations must be enough to

12     raise a right to relief above the speculative level...

13 *Id.* at 1964-65 (citations omitted). The Court further explained that "Rule 8(a)(2)

14 still requires a 'showing,' rather than a blanket assertion, of entitlement to relief,"

15 which necessitates "some factual allegation in the complaint... ." *Id.* at 1965 n.3.

16       *Bell Atlantic* has been heavily cited both in the Ninth Circuit and in its sister

17 circuits. While, the Ninth Circuit has not interpreted the full extent of *Bell*

18 *Atlantic*'s application, it has cited to the case for the general proposition that

19 plaintiffs are required to plead facts that "sufficiently... identify the grounds for

20 alleging that the legal theory applies." *Kelly v. Provident Life & Accident Ins.*,

21 2007 U.S. App. LEXIS 20140 (Aug. 20, 2007). Moreover, at least twenty-nine

22 California district courts have followed the *Bell Atlantic* pleading standard and

23 applied it to a diverse number of cases. *E.g. Persik v. Tucci Learning Solutions,*

24 *Inc.*, 2007 U.S. Dist. LEXIS 60676 (N.D. Cal.) (holding in a Title VII claim that

25 plaintiff's "myriad of allegations that have nothing to do with" the defendant did

26 not meet the *Bell Atlantic* pleading standard); *Kennedy v. Natural Balance Pet*

27 *Foods, Inc.*, 2007 U.S. Dist. LEXIS 57766 (S.D. Cal.) (applying *Bell Atlantic*

28 pleading standard to an Unfair Competition claim); *Steelman v. Prudential*

1  *Insurance Co.*, 2007 U.S. Dist. LEXIS 52063 (E.D. Cal.) (holding that plaintiff's

2  ERISA claims did not meet the *Bell Atlantic* pleading standard).

3      *Bell Atlantic* was an antitrust case, but the Court did not restrict its

4  heightened pleading requirements to that context.  Even should this court not

5  consider *Bell Atlantic* applicable to all cases, it clearly applies here.  The one case

6  in this circuit that limited *Bell Atlantic's* holding is *In re Netflix Antitrust Litig.*,

7  2007 U.S. Dist. LEXIS 45207 (N.D. Cal.).  In *Netflix* the court noted that *Bell*

8  *Atlantic's* pleading standard may only be appropriate in cases "where discovery

9  tends to be broad, time-consuming and expensive."  *Id.* at 30-31.  This holding

10  derives from the *Bell Atlantic* Court's statement that complaints unable to raise an

11  entitlement to relief should "be exposed at the point of minimum expenditure of

12  time and money by the parties and the court."  *Id.* at 1966.  Logically, the

13  importance of this policy increases as litigation becomes more expensive.  *Bell*

14  *Atlantic* itself was a complex antitrust class action, capable of eating up more time

15  and money than simpler lawsuits.  Moreover, in *Bell Atlantic*, the Court cited to

16  *Dura Pharmacy, Inc. v. Broudo*, 544 U.S. 336, 125 S. Ct. 1627, 161 L. ed. 2d 577

17  (2005), a similarly expensive securities class action,  as an example of when it

18  previously "alluded to the practical significance of... Rule 8."  *Id.* at 1969.

19      Here, we have a very complex employment class action.  This case, as

20  evidenced by the fifteen alleged claims for relief, twelve proposed classes that are

21  further subdivided, and numerous applicable legal systems, is exactly the type of

22  litigation to which even the *Netflix* court seemingly would apply *Bell Atlantic's*

23  pleading requirements.  Thus, should this court go against this circuit's

24  overwhelming majority and limit the application of *Bell Atlantic's* pleading

25  requirement, this case fits within the narrow application as well.

26      Finally, a court need not assume that a plaintiff can prove facts different from

27  those already alleged and, where appropriate, need not grant leave to amend.

28  *Associated Gen. Contractors v. Calif. State Council of Carpenters*, 459 U.S. 519,

1   526, 103 S. Ct. 897, 902, 74 L. ed. 2d 723 (1983).

2   **B.    Each And Every One Of Plaintiffs' Claims For Relief Fails To**
3   **State A Claim Against ALC Because They Fail To Sufficiently**
4   **Allege That ALC Employs Any Of The Named Plaintiffs; In Fact,**
5   **ALC Is Not the Employer.**

6   All of Plaintiffs' claims for relief fail to state a claim against ALC because
7   they fail to sufficiently allege facts showing that ALC employs any of the Named
8   Plaintiffs. *See Persik v. Tucci Learning Solutions, Inc., supra*, 2007 U.S. Dist.
9   LEXIS 60676 at 4 (allegations that have nothing to do with the defendant
10   insufficient to survive 12(b)(6) motion); *Steelman v. Prudential Insurance Co.,*
11   *supra*, 2007 U.S. Dist. LEXIS 52063 at 25 (complaint fails to sufficiently allege
12   plaintiffs' relationship to the annuity contracts at issue). In the modern world of
13   holding companies, parents and subsidiaries, and other corporate forms, Plaintiffs
14   cannot just sue an entity with a name similar to the one on the door of their places
15   of work.

16   Plaintiffs' offer a seemingly endless recitation of bald assertions that ALC is
17   the Plaintiffs' employer. Plaintiffs allege that (1) manager Named Plaintiffs are
18   current and former ALC managers or assistant managers, (Id. at ¶ 6.); (2)
19   technician Named Plaintiffs are current and former ALC laser technicians, laser
20   operators, and/or paramedical aestheticians, (Id. at ¶ 7.); (3) ALC is an employer
21   and the Named Plaintiffs are employees within the meaning of ERISA. (Id. at ¶ 17,
22   18.); (4) ALC has employed, and/or continues to employ, "employee[s]," including
23   the Illinois Named Plaintiff (Id. at ¶ 185); (5) ALC has employed, and/or continues
24   to employ, "employee[s]," including the Utah Named Plaintiffs (Id. at ¶ 199); and
25   (6) each named plaintiff is "employed by ALC." (Id. at ¶¶ 29-47.)

26   This group of allegations is exactly what *Bell Atlantic* will not allow. In the
27   Court's words this is one after another "blanket assertion of entitlement to relief"
28   without a single fact. Simply repeating that the Plaintiffs are ALC's employees

1  over-and-over does not establish an "entitlement to relief" against ALC. Plaintiffs
2  must allege some fact to establish that they are or were employed by ALC, not just
3  at an American Laser Centers clinic. Here, the clinics around the country licensed
4  to do business as American Laser Centers are each owned and operated by a
5  separate corporation. (Declaration of Carolyn Bogerty ("Bogerty Decl. at ¶3.)
6  Critically, it is those separate corporations, and not ALC, that employs the Clinic
7  Managers, Assistant Mangers and Technicians who work there. For example,
8  Named Plaintiff Ashley Briseno was employed by ALC-Pasadena LLC, a California
9  corporation that operates the American Laser Centers clinic in Pasadena, California.
10 Named Plaintiff Laurie Mathews was employed ALC-Salt Lake City LLP, a Utah
11 corporation that operates the American Laser Centers clinic in Salt Lake City, Utah.
12 (*Id.*) Following *Bell Atlantic*, Plaintiffs were required to provide factual allegations
13 that establish a right to relief above the speculative level. Plaintiffs have not done
14 this. Their allegations communicate only that they believe ALC to be their employer
15 and speculation is not enough.

16
17  **C.**  **The Clinic Managers, Assistant Managers And Technicians Are**
       **Employed By LLCs That Operate The Clinics At Which They**
18     **Worked; Those LLCs, As The Employers, Are Necessary And**
       **Indispensable Parties Under FRCP Rule 19.**
19
20      ALC brings the instant motion pursuant to FRCP Rules 12(b)(7) and Rule 19
21 which, together, provide for the dismissal of a lawsuit when a plaintiff fails to join
22 an indispensable party. Rule 19 provides that an absent party is "necessary" if: (1)
23 without the absent party, relief cannot be accorded among the parties already in suit
24 or (2) the party claims an interest to the subject matter of the action and its absence
25 may, as a practical matter, impair or impede its ability to protect that interest or
26 leave the current parties to the action subject to further risk of incurring multiple, or
27 inconsistent obligations by reason of the claimed interest. *See* FRCP 19(a).
28 Specifically, Rule 19 requires the joinder of persons needed "for just adjudication."

1    The Named Plaintiffs have brought a series of employment-related claims on

2    behalf of themselves and various purported classes of employees.  The only

3    employer Defendant who they have named is ALC.  However, ALC does not

4    employ the Clinic Managers, the Assistant Managers or the Technicians who

5    comprise the vast majority of this lawsuit.  (Bogerty Decl. ¶2.)  Each of the clinics

6    where the named Plaintiffs worked as Clinic Managers, Assistant Managers or

7    Technicians is owned and operated by a separate limited liability corporation

8    ("LLC") with different shareholders.  Those employees were employed by the

9    separate LLCs.  (*Id.* at ¶¶2-3.)  There are at least 201 LLCs incorporated in various

10   states that own and operate American Laser Centers clinics and employ the persons

11   working at those clinics.  (*Id.* at ¶2-4, Exh. A.)  Each of those LLCs has an

12   independent and immediate interest in the allegations made by its employees that

13   they were not properly paid their wages and are owed damages.

14        The absence of the various LLCs from this litigation, when it was the

15   separate LLCs, and not ALC, who employed the Clinic Managers, Assistant

16   Managers and Technicians, runs headlong into Rule 19(a)'s requirement that the

17   Court be able to accord complete relief among the parties-in-suit.  As the employers

18   of the Named Plaintiffs and alleged class members, each of the LLCs that employed

19   the Named Plaintiffs and putative class members must be before the Court so that

20   full and compete relief can be afforded to the parties.  *See Freeman v. Northwest*

21   *Acceptance Corp.*, 754 F.2d 553, 559 (5th Cir. 1985) (finding a subsidiary to be a

22   necessary party under Rule 19(a) because it was "more than an active participant in

23   the conversation alleged by the [plaintiff]; it was the primary participant").

24        It cannot reasonably be argued that the LLCs who employed the Clinic

25   Managers, Assistant Managers and Technicians are not "necessary parties" in

26   accordance with Rule 19(a).  These 201 independent corporations have the right not

27   to have their legal duties judicially determined without consent.  *Shermoen v.*

28

LA #576688 v5

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)

1  *United States,* 982 F.2d 1312 (9th Cir. 1992) (citations omitted).  The joinder rule

2  preserves the right of absent parties to make known and protect their interests.

3      1.    **The Court Must Dismiss Claims Where Necessary Parties**

4            **Cannot Be Joined In This Action.**

5      Rule 19 provides for a two step analysis in which the court first determines if

6  the absent party is "necessary" to the action and then determines whether it is

7  feasible to join that party.  *See* FRCP Rule 19(a); *Shermoen v. United States,* supra,

8  982 F.2d at 1317.  If the absent party is necessary and if that party cannot be joined,

9  then the Court must determine whether "in equity and in good conscience the action

10 should proceed among the parties before it "or whether it is necessary to dismiss the

11 action because the absent party is "indispensable."  *See* FRCP 19(b); *Shermoen,*

12 *supra,* 982 F.2d at 1317.[1]

13     An "indispensable party," therefore, is one who is identified as necessary

14 under 19(a), a party for whom joinder is not feasible, and a party in whose absence

15 the court determines that the action should not proceed.  The federal rules seek to

16 bring together all persons that may have an interest in the subject matter together in

17 one forum so that they lawsuit can be fairly ad completely disposed of.  *Pulitzer-*

18 *Poster v. Pulitzer,* 784 F.2d 1305, 1308-09 (5th Cir. 1986).  In circumstances where

19 the litigation should not proceed without the absent persons, the <u>federal suit should</u>

20 <u>be dismissed.</u>  *Id.*  The policy underlying this analysis is preventing multiple and

21 repetitive litigation, obtaining complete and effective relief in a single action, and

22

23 ─────────────────────

24 [1]  The 9th Circuit has considered the following four factors when determining

25 whether a necessary party who can not be joined is indispensable, necessitating

   dismissal of the complaint under Rule 19(b): (1) to what extent a judgment rendered

   in the party's absence might be prejudicial to the party or those already parties, (2)

26 the extent to which, by protective provisions in the judgment or other measures, the

   prejudice can be lessened or avoided, (3) whether a judgment rendered in the

27 person's absence will be adequate, and (4) whether the plaintiff will have an

   adequate remedy if the action is dismissed for nonjoinder.  *Shermoen v. United*

28 *States, supra,* 982 F.2d at 1318-19 (citations omitted).

1  protecting the interests of the absentee party.  *See Acton Co., Inc. v. Bachman*
2  *Foods, Inc.*, 668 F.2d 76, 78 (1st Cir. 1982).

3      Defendant does not dispute that Plaintiff could seek to join the various
4  (approximately 45) LLCs that own and operate American Laser Centers clinics in
5  California and employ individuals, including many of the named Plaintiffs, in those
6  clinics.  However, although it does not purport to brief the matter here, Defendant
7  knows of no facts that would permit Plaintiffs to join in this action various LLCs
8  owning and operating clinics outside of California, including those LLCs that
9  employ the Named Plaintiffs in Utah and Illinois.  Those LLCs do not do business
10 in California, and could not be joined in this case without Plaintiffs' showing the
11 minimum contacts necessary for this Court to take personal jurisdiction over them.

12  **A.  Plaintiffs' First, Second, Eight, Ninth, Eleventh, Twelfth,**
13      **Thirteenth, Fourteenth, and Fifteenth Claims For Relief Fail To**
            **Sufficiently Allege A Claim Upon Which Relief May Be Granted.**

14      **1.  Plaintiffs' ERISA Claims Are Defective And Must Be**
15          **Dismissed.**

16      Although Plaintiffs purport to bring two claims under the Employee
17 Retirement Income Security Act ("ERISA"), they fail to plead any facts that could
18 give rise to any liability for ALC as a matter of law.  Under *Bell Atlantic*, which
19 *Steelman v. Prudential Insurance Co., supra,* 2007 U.S. Dist. LEXIS 52063,
20 specifically applied to ERISA claims, Plaintiffs must establish their entitlement to
21 relief through factual allegations, not just conclusions or formulaic recitations of the
22 claim's elements.  In *Steelman*, plaintiffs sued Prudential on the basis that it had
23 violated ERISA by failing to provide plaintiffs with demutualization shares after
24 Prudential reorganized from a mutual life insurance company to a stock life
25 insurance company.  *Id.* at 1, 7.  The court granted defendant's motion to dismiss
26 plaintiffs' claims holding that plaintiffs failed to raise a right to relief above the
27 speculative level.

28

1               a.      <u>Plaintiffs' First Claim Fails To Plead Sufficient</u>
<u>Facts To Assert An ERISA Claim Against ALC For</u>
2                   <u>Failure To Keep Records.</u>

3        Plaintiffs summarily allege that ALC as the "employer" failed to maintain

4   records sufficient to determine benefits due or which may become due under the

5   company's 401(k) Plan or Roth Plan. This is exactly the conclusory allegation that

6   *Bell Atlantic* held insufficient and is simply inadequate to plead a claim for

7   injunctive relief under Section 1132(a)(3). As referenced above, Plaintiffs have

8   failed to allege any facts that ALC is or was their employer. Plaintiffs fail to plead

9   any facts or identify any regulation under 29 U.S.C. § 1059 which required ALC to

10  keep certain records for purposes of determining benefits under the 401(k) Plan or

11  under a Roth Plan. Plaintiffs do not plead what records were required to be kept,

12  how they relate to the determination of ERISA retirement benefits, or what specific

13  injunctive relief is being sought. Thus, Plaintiffs have wholly failed to plead

14  sufficient facts to state a claim for relief, and their First Claim for Relief should be

15  dismissed without leave to amend. Alternatively, at a minimum, Plaintiffs should be

16  required to produce a more definite statement under FRCP Rule 12(e).

17

18              b.      <u>Plaintiffs' Second Claim For Relief For Breach Of</u>
<u>Fiduciary Duties Fails As A Matter Of Law.</u>

19       Section 502(a)(3) of ERISA authorizes suits by participants for equitable

20  relief for breach of fiduciary obligations. *Varity v. Howe*, 516 U.S. 489, 116 S. Ct.

21  1065, 134 L. Ed. 2d 130 (1996). Plaintiffs premise their breach of fiduciary claims

22  on the theory that ALC is a fiduciary under the Retirement Plan and breached its

23  fiduciary duties by failing to credit "overtime compensation and other wages due"

24  as Eligible Compensation under the Retirement Plan. These allegations are

25  insufficient to allege a breach of fiduciary obligations.

26       First, Plaintiffs have not plead sufficient facts to support their claim that ALC

27  is a Plan participant or fiduciary of the 401(k) plan or Roth Plan. Plaintiffs fail to

28  identify any provision of the 401(k) Plan or Roth Plan by which ALC was the

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**
**AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

1  named fiduciary of the Retirement Plan, nor do they plead facts to show that ALC

2  acted as a fiduciary. In *Steelman, supra,* the court held plaintiffs' allegations that

3  defendant "acted as a party in interest and as an ERISA fiduciary" "by escheating a

4  portion of the demutualization proceeds, and by withholding the remainder,"

5  insufficient to establish defendant as a fiduciary. 2007 U.S. Dist. LEXIS 52063 at

6  32. While the allegation in *Steelman* was contradictory, even that level of factual

7  pleading was held insufficient to establish the defendant as an ERISA fiduciary.

8  Here, there are no facts, simply conclusions.

9      Second, even if Plaintiffs had alleged sufficient facts that ALC is a fiduciary,

10  they have not plead sufficient facts to show a breach of fiduciary duties. The

11  gravamen of Plaintiffs' complaint is that they and other managerial employees were

12  misclassified as exempt from overtime, and they are owed overtime wages under

13  federal or state law. They claim that their alleged misclassification and consequent

14  failure of their employers to credit their overtime as compensation is a breach of

15  fiduciary duties under the 401(K) Plan and Roth plan. However, Plaintiffs have

16  confused ordinary corporate activities with ERISA fiduciary duties. There is no

17  fiduciary responsibility under ERISA to properly classify employees under federal

18  or state law. Ordinary business decisions do not rise to the level of ERISA

19  fiduciary duties simply because they turn out to have an adverse effect on an

20  employee participant's plan benefits. *Pegram v. Herdich,* 530 U.S. 211, 120 S. Ct.

21  2143, 147 L. Ed. 2d 164 (2000); *Varity Corp. v Howe, supra,* 516 U.S. at 506;

22  *Amato v. Equico Severance Plan,* 97 F. 3d 1451 (1996) (Unpublished). In addition,

23  based on *Varity,* Courts have long held that in order to state a claim for breach of

24  fiduciary duties under ERISA related to disclosures, Plaintiffs must plead facts

25  showing intentional or willful conduct to mislead a plan participant with respect to

26  his/her benefits due. It is not sufficient to allege that there were errors in the

27  calculations with respect to the amount of benefits due. *Christensen vs. The Qwest*

28  *Pension Plan,* 376 F. Supp. 2d 934, (D. Neb. 2005), affirmed by *Christensen v.*

LA #576688 v5

-13-

1   *Qwest Pension Plan*, 462 F. 3d 913 (8th Cir. 2006). Rather, there must be a
2   showing of affirmative misrepresentation or a knowing failure to provide accurate
3   information for the purpose of causing harm. In the absence of facts in the
4   complaint showing any willful or bad faith conduct related to the 401(k) Plan or
5   Roth Plan, Plaintiffs have not stated a claim for relief for breach of fiduciary
6   obligations against ALC.

7        For these reasons, Plaintiffs' Second Claim for Relief must be dismissed.

8        **2.    Plaintiffs' Eighth Claim For Failure To Reimburse Business
         Expenses Under California Law Is Defective And Must Be
9        Dismissed.**

10        Plaintiffs allege that California Named Plaintiffs and California Class
11   members were required to "care for and maintain" the ALC uniform and purchase
12   replacement or second uniforms. (FAC, ¶ 161.) They allege that California
13   Manager Named Plaintiffs and California Manager Subclass members "were
14   required to have and pay for a cell phone and cellular plan." (*Id.* at ¶ 162.) They
15   allege that ALC did not reimburse California Named Plaintiffs and California Class
16   members "for the cost and use of their vehicles within the course and scope of their
17   employment." (*Id.* at ¶163.) Finally, they allege that "Defendant failed to
18   reimburse California Manager Named Plaintiffs and California Manager Subclass
19   members for necessary expenditures incurred in the course and scope of their
20   employment, such as for office equipment and business travel." (*Id.* at ¶ 164.)

21        Although Plaintiffs contend that ALC failed to reimburse them for various
22   expenses, there is only one allegation that Plaintiffs submitted requests to be
23   reimbursed. (*Id.*) Clearly, to properly plead a claim for a failure to reimburse
24   expenses, at a minimum, Plaintiffs must plead that they submitted these alleged
25   expenses to ALC for reimbursement and who denied their requests.

26        Moreover, Plaintiffs fail to set forth specific facts identifying precisely which
27   Named Plaintiffs incurred what expense, when this alleged expense was incurred,
28   and most importantly, the cost of the alleged expense. Instead of setting forth the

1   necessary facts to demonstrate that ALC failed to reimburse their business expenses
2   and specifying what reasonable business expenses were incurred by the different
3   named Plaintiffs (who purport to represent employees in at least four different job
4   categories), Plaintiffs simply make vague and general allegations that they are
5   entitled to payments for these undisclosed expenses. This is clearly insufficient to
6   establish that ALC violated California Labor Code § 2802.

7       Consequently, ALC's motion should be granted with respect to this claim.

8       **3.    Plaintiffs' Ninth Claim For Failure To Pay Wages Upon**
        **Termination Under California Law Is Defective And Must**
9       **Be Dismissed.**

10      Plaintiffs' Ninth Claim for Relief alleges that they, and "California Class
11  members who ceased employment with ALC" are entitled to, but were not paid,
12  "compensation for wages, unreimbursed expenses, and vested vacation time."
13  (FAC, ¶ 171.) Consequently, Plaintiffs allege they are entitled to penalties of 30
14  days' pay under Labor Code § 203. (*Id.* at ¶ 172.) This Claim for Relief is also
15  defective because Plaintiffs fail to allege a *prima facie* case against ALC.

16      Similar to Plaintiffs' other claims, the Ninth Claim for Relief is defective
17  because there are no specific facts anywhere in the paragraphs that comprise this
18  claim showing that Plaintiffs were owed any wages when they separated from
19  employment with Defendant. (*Id.* at ¶¶ 166-173.) Plaintiffs do not correct this
20  failure to provide the required factual allegations by summarily stating that
21  Plaintiffs were "shortchanged on their vested vacation time." (*Id.* at ¶ 170.)
22  Casually articulating a conclusion does not raise this allegation above speculation.

23      To make out a prima facie case for nonpayment of wages, a plaintiff must
24  show (1) that he or she performed work for the defendant; (2) that the defendant
25  discharged him or her, or that he or she quit the job; (3) that the defendant owes the
26  plaintiff wages under the terms of employment; and (4) the amount of unpaid
27  wages. See Labor Code §§ 201, 202; CACI No. 2700; *Oppenheimer v. Robinson,*

28

1    150 Cal. App. 2d 420, 422-423, 309 P. 2d 887, 889-890 (1957); *Oppenheimer v.*

2    *Moebius*, 151 Cal. App. 2d 818, 819-820, 312 P. 2d 314, 315-316 (1957).

3    Like the plaintiff in *Oppenheimer v. Robinson*, Plaintiffs have failed to plead

4    "either the amount of wages accrued and unpaid at the time of [their] discharge, the

5    rate of [their] compensation, or the number of working days for which [they have]

6    not been paid." 150 Cal. App. 2d at 422-423. Indeed, although Plaintiffs assert that

7    the Labor Code requires ALC to pay them all wages within the time specified by

8    law, there are no facts as to what amounts are due and owing and to what those

9    amounts relate. Plaintiffs' vague and conclusory allegations fail to give ALC even

10    the most minimal notice as to the amount of wages and penalties they are seeking.

11    Accordingly, Plaintiffs' requests for penalties pursuant to Labor Code § 203 must

12    be denied.

13    Consequently, ALC's motion should be granted with respect to this claim.

14    **4.    Plaintiffs' Tenth Claim For Failure To Provide Accurate**
        **Wage Statements Under California Law Is Defective And**
15    **Must Be Dismissed.**

16    Plaintiffs' Tenth Claim for Relief alleges that ALC failed to provide "timely,

17    accurate, itemized wage statements showing, inter alia, hours worked" in

18    accordance with Labor Code § 226(a) and applicable Wage Order No. 2. (FAC,

19    ¶¶ 174-176.) This Claim for Relief is defective as well.

20    To begin with, this Claim is devoid of any specific factual allegations that

21    Plaintiffs failed to receive accurate itemized employee wage statements in

22    compliance with Labor Code § 226, or that ALC violated Labor Code § 1174.

23    Plaintiffs simply conclude that ALC did not furnish accurate itemized wage

24    statements showing the total hours worked and that somehow this impeded them

25    "from knowing the amount of wages to which they are and were entitled." (*Id.* at

26    ¶ 175.) This is insufficient and yet another example of exactly the conclusory

27    allegation of which *Bell Atlantic* disapproved. Plaintiffs continue to ignore, or are

28    unable to provide, specific information of what was inaccurate on the statements.

1   Moreover, there is no information as to which of the California Named Plaintiffs
2   were not provided accurate wage statements and not even a single fact supporting
3   Plaintiffs contention that ALC "knowingly and intentionally failed to provide" the
4   required wage statements. *Bell Atlantic*, does not allow such oversight.

5       Similarly, while Plaintiffs pray for monetary relief under Labor Code
6   § 226(e) (*Id.* at ¶ 177), they fail to allege any actual injury suffered as a result of
7   ALC's purported failure to comply with the wage statement requirements, much
8   less plead any facts showing the nature and extent of such injury. See Lab. Code
9   § 226(e) ("An employee suffering injury as a result of a knowing and intentional
10  failure by an employer to comply with subdivision (a) is entitled to recover . . .")

11      Consequently, Plaintiffs' Tenth Claim for Relief must be dismissed, or
12  Plaintiffs must be required to plead a more definite statement of their claims.

13              **5.    Plaintiffs' Eleventh Claim For Unfair Businesses Practices**
14                      **Under California Law Is Defective And Must Be Dismissed.**

15      Plaintiffs' Eleventh Claim for Relief for alleged violations of California's
16  Business & Professions Code §§ 17200, *et seq.* (commonly referred to as the Unfair
17  Competition Law ("UCL")) is defective because (1) Plaintiffs fail to allege any
18  specific facts showing that they suffered "injury in fact" as required by Proposition
19  64; and (2) Plaintiffs' UCL claims are predicated upon Plaintiffs' deficient claims.

20              a.      Plaintiffs Have Not Sufficiently Alleged An "Injury
21                      In Fact" As Required By Proposition 64.

22      The UCL prohibits unfair competition, including "any unlawful, unfair or
23  fraudulent business act or practice." Bus. & Prof. Code § 17200. Before
24  Proposition 64 became effective on November 3, 2004, "[s]tanding to sue under the
25  UCL [w]as expansive . . . Unfair competition actions c[ould] be brought by a public
26  prosecutor or 'by any person acting for the interests of itself, its members or the
27  general public.'" *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134,
28  1143, 131 Cal. Rptr. 2d 29, 37 (2003). Proposition 64 amended the UCL by

1  limiting standing to the Attorney General, certain local public prosecutors, and any

2  person who "has suffered injury in fact and has lost money or property." *See* Bus.

3  & Prof. Code § 17204. A plaintiff alleging unfair business practices under the UCL

4  must state with reasonable particularity the facts supporting the elements of the

5  violation. *Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 619, 17 Cal.

6  Rptr. 2d 708, 712 (1993). Recent decisions are directly on point and confirm that

7  *factual allegations* showing an injury in fact are required to maintain a UCL claim.

8  *See Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th 223, 232, 46

9  Cal. Rptr. 3d 57, 64 (2006); *Branick v. Downey Savings & Loan Assn.*, 39 Cal. 4th

10  235, 240, 46 Cal. Rptr. 3d 66, 69 (2006).

11      The court in *Kennedy v. Natural Balance Pet Foods, Inc.*, 2007 U.S. Dist.

12  LEXIS 57766, *supra*, applied the *Bell Atlantic* pleading standard to UCL claims for

13  relief. Here, Plaintiffs have failed to plead any facts which would show that they

14  suffered an "injury in fact" sufficient for standing to bring a claim under the UCL.

15  Bus. & Prof. Code §§ 17203 and 17204. Plaintiffs merely incorporate by reference

16  the vague, boilerplate allegations in their preceding claims for relief and allege that

17  "Defendant's use of such practices resulted in greatly decreased labor costs and

18  constitutes an unfair business practice, unfair competition and provides an unfair

19  advantage over Defendants' competition." (FAC, ¶¶ 179-180.) This is yet another

20  example of the conclusory allegation of which *Bell Atlantic* disapproved. Such

21  conclusions are inadequate to establish that any of the Plaintiffs suffered actual

22  injury sufficient to bring a claim under the UCL claim for themselves, let alone for

23  others. *Californians for Disability Rights v. Mervyn's, supra*, 39 Cal. 4th at 232.

24          b.    Plaintiffs' Claim For Relief Is Based On Plaintiffs'
25                Earlier, Defective Claims For Relief.

26      Since the UCL is a borrowing statute, a valid claim for relief under the UCL

27  can only be stated if the underlying misconduct alleged is in fact unlawful. *Lazar v.*

28  *Hertz Corp.*, 69 Cal. App. 4th 1494, 1505-1506, 82 Cal. Rptr. 368, 375-376 (1999);

LA #576688 v5

-18-

1   *Korea Supply Co. v. Lockheed Martin Corp., supra,* 29 Cal. 4th at 1143.  Because

2   Section 17200 claims are derivative claims, if the underlying allegation is meritless,

3   then the Section 17200 claim is also meritless.  *Maler v. Superior Court,* 220 Cal.

4   App. 3d 1592, 1598, 270 Cal. Rptr. 222, 225 (1990).  Since, each of the above

5   claims for relief are defective, the Section 17200 claim fails for the same reasons.

6              c.    Plaintiffs Seek Damages Under Their UCL Claim

7                    That Are Not Permitted As A Matter Of Law.

8        Plaintiffs' UCL claim is improperly predicated upon their defective Fourth

9   through Tenth Claims for Relief.  To begin with, it is well-settled that the UCL's

10  remedies are limited.  *Korea Supply Co. v. Lockheed Martin Corp., supra,* 29 Cal.

11  4th at 1144.  An action under the UCL "is equitable in nature; damages cannot be

12  recovered."  *Id.*  Therefore, under the UCL, "[p]revailing plaintiffs are generally

13  limited to injunctive relief and restitution."  *Id.*  In order to remedy a UCL violation,

14  Business and Professions Code § 17203 provides that a court may "make such

15  orders . . . as may be necessary to restore to any person in interest any money . . .

16  which may have been acquired."  Under *Korea Supply,* the UCL cannot be used to

17  seek damages, even if such damages may be available under another statute,

18  because an action for damages is not equitable in nature.

19       As articulated above, a UCL claim cannot lie where the remedy being sought

20  is damages or penalties.  Plaintiffs' Fifth and Sixth Claims for Relief for failure to

21  provide rest and meal breaks cannot be the basis of a UCL claim because Plaintiffs

22  are seeking damages under California Labor Code §226.7.  The California Supreme

23  Court in *Murphy v. Kenneth Cole Productions, Inc.* ("*Murphy*"), 40 Cal. 4th 1094,

24  56 Cal. Rptr. 3d 880 (2007), recently tackled the issue of the premium pay penalty

25  imposed under §226.7 and determined that it was in the nature of wages, or

26  compensatory damages.  Under no circumstances can these wages be considered

27  restitution since Plaintiffs would have been compensated during their alleged

28  missed meal or rest periods.  Thus, compensation for missed meal and rest periods

1  are not "unpaid wages" representing quantifiable services already rendered to the

2  employer. As such, payments for missed meal and rest periods under California

3  Labor Code §226.7 are damages and are not permitted under the UCL.

4      Finally, Plaintiffs' requests for liquidated damages pursuant to Fair Labor

5  Standards Act and California Labor Code §1194.2(a), waiting time penalties

6  pursuant to California Labor Code §203, and statutory damages pursuant to

7  California Labor Code §226(e) are clearly penalties and are not permissible under

8  the UCL. It is hornbook law that private litigants are not permitted to use the UCL

9  to recover penalties. Business & Professions Code § 17206.

10      Consequently, ALC's motion should be granted with respect to this claim.

11      **6.**    **Plaintiffs' Twelfth And Thirteenth Claims For Failure To**
12          **Pay Wages And Overtime Under Illinois And Utah Law Are**
        **Defective And Must Be Dismissed.**
13

14          a.    Plaintiffs' Allegations Make It Impossible For
            Defendant To Understand The Claim And Frame A
15              Response To It.

16      FRCP Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be

17  simple, concise, and direct." The purpose of Rule 8 is to ensure that courts and

18  adverse parties can understand a claim and frame a response to it.

19      Plaintiffs begins the Twelfth Claim For Relief by alleging that "[a]t all

20  relevant times, as alleged, Defendant has violated the IMWL, the IWWMA, the

21  IWPCA, the IODRS, and the administrative regulations promulgated thereunder,

22  Illinois Administrative Code § 210.100, et seq. ("Illinois Wage Laws"). (FAC, ¶

23  184). The Thirteenth Claim For Relief begins the same with an allegation that "[a]t

24  all relevant times, as alleged, Defendant has violated the UMWA and the UPWA

25  (collectively "Utah Wage Laws")." (*Id.* at ¶ 184). Plaintiffs follow these incredibly

26  broad and ambiguous statements in each claim with twelve boilerplate paragraphs

27  of generalized employment grievances, all of which apparently violate some

28  provision of the "Illinois Wage Laws" or "Utah Wage Laws." It is challenging to

**DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)**
**AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)**

1  know which laws are alleged to be violated since Plaintiffs do not identify which
2  statutes apply to which grievances.  While Plaintiffs may not be required to cite to
3  the correct statute for each claim, such clarity is of the utmost importance in a
4  complex suit that Plaintiffs have now further muddied with more parties, proposed
5  classes, job categories, and legal jurisdictions.  By not presenting claims in a
6  manner that ALC can understand and frame a response, Plaintiffs have not
7  complied with FRCP Rule 8.

8                  b.    <u>Plaintiffs Fail To Plead Sufficient Facts In Either</u>
                     <u>The Twelfth or Thirteenth Claims To State A Claim</u>
9                       <u>Upon Which Relief Can Be Granted.</u>

10       The boilerplate allegations in the Twelfth and Thirteenth Claims For Relief,
11  other than the alleged overtime compensation violations, are completely bereft of
12  facts and therefore insufficiently pled under *Bell Atlantic*.  Their generality is
13  striking.  Each is a but a near mirror image of the other and remarkably similar to
14  the California allegations.  Each claim alleges the following grievances, in the
15  following order: (1) failure to pay required minimum wages, (2) failure to pay
16  regular wages for all hours worked, including off the clock time, (3) failure to pay
17  overtime compensation, (4) failure to provide meal period (Illinois), misclassifying
18  Plaintiffs as non-exempt (Utah), (5) Defendant withheld or deducted wages,
19  (6) failure to pay all wages including vacation time, (7) failure to maintain proper
20  records of hours worked. (FAC, ¶¶ 186-192, 200-206.)  In the *Bell Atlantic* Court's
21  words, these claims are merely blanket assertions, not factual showings of
22  entitlement to relief.

23       Consequently, ALC's motion should be granted with respect to this claim.

24            7.    <u>Plaintiffs' Fourteenth Claim For Conversion Is Defective</u>
25                <u>And Must Be Dismissed</u>

26       Plaintiffs allege that California, Utah, Illinois, and federal common law all
27  recognize the tort of conversion. (FAC, ¶ 212).  As a preliminary matter Defendant
28  is unaware of any federal common law.

1    In California, a conversion claim must show: (1) the plaintiff's ownership or

2  right to possession of the property; (2) the defendant's conversion by a wrongful act

3  or disposition of property rights; and (3) resulting damages. *Burlesci v. Petersen,*

4  68 Cal. App. 4th 1062, 1065, 80 Cal. Rptr. 2d 704, 705 (1998).[2]

5    Additionally, a plaintiff must establish that defendant actually interfered with

6  its ownership or right of possession. *Oakdale Village Group v. Fong,* 43 Cal. App.

7  4th 539, 543-544, 50 Cal. Rptr. 2d 810, 812-813 (1996). Money may be the subject

8  of a claim for conversion – so long as a specific, identifiable sum is at issue.

9  *Fischer v. Machado,* 50 Cal. App. 4th 1069, 1071, 58 Cal. Rptr. 2d 213, 214

10  (1996); 5 B.E. Witkin, Summary of California Law, *supra,* §703.

11    Plaintiffs' conversion claim is far from adequate under each body of law

12  because they completely neglect to describe the acts that comprise the crux of their

13  conversion claim. Not only do Plaintiffs fail to describe the wrongful act that

14  resulted in the alleged conversion, but they also ignore the obligation to establish

15  that ALC interfered with their ownership or right of possession. Plaintiffs ignore

16  the fact that, in order to successfully plead a claim for conversion under California

17  law, they are required to establish that a *specific identifiable* sum is at issue. The

18  only facts Plaintiffs plead in support of the identifiable sum requirement are the

19  loose claims that they are entitled to unspecified "wages, compensation and

20  reimbursements." (*Id.* at ¶¶ 214-217.) Also, Plaintiffs fail to allege any kind of

21  demand for possession as required under Illinois law.

22

23

---

[2] Similarly, the elements of conversion under Illinois law are: "1) plaintiff has a
24  right to the property; 2) plaintiff has an absolute and unconditional right to the
immediate possession of the property; 3) plaintiff made a demand for possession;
25  and 4) the defendant wrongfully and without authorization assumed control,
dominion, or ownership over the property." *RKI Inc. v. Grimes,* 177 F.Supp.2d
26  859, 877 (N.D. Ill. 2001). In Utah, the elements are: (1) an act of willful
27  interference with a chattel, (2) done without lawful justification, (3) by which the
person entitled thereto is deprived of its use and possession. *Allred v. Hinkley,* 8
28  Utah 2d 73, 76, 328 P.2d 726, 728 (1958).

-22-

1    Moreover, under California law, when a right has been created by statute and
2  a statutory remedy for its infringement is provided, the statutory remedy is
3  exclusive and no other remedy is allowed. *Stevenson v. Superior Court,* 16 Cal. 4th
4  880, 900, 66 Cal. Rptr. 2d 888, 898 (1997). Plaintiff concedes that ALC's alleged
5  obligations to pay their wages, expenses, and compensation were imposed by
6  statutory law. (FAC, ¶ 213.) Because the right to overtime pay, the right to
7  "premium wage" payments for missed meal and rest breaks, and the right to enforce
8  the other Labor Code violations alleged in Plaintiffs' FAC are rights created by
9  statute, Plaintiffs are limited to the remedies provided by statute and cannot assert a
10  concurrent conversion claim for the same alleged wrongs.

11    Consequently, Plaintiffs' claim for conversion should be dismissed.

12    **8.  Plaintiffs' Fifteenth Claim For Unjust Enrichment Is**
13         **Defective And Must Be Dismissed.**

14    Plaintiffs allege that California, Utah, Illinois, and federal common law all
15  recognize an equitable remedy for unjust enrichment or quantum meruit. (FAC, ¶
16  219). Defendant is again unsure of what Plaintiffs are referring to when they speak
17  of the federal common law.

18    To begin with, there is no claim for relief in California for unjust enrichment.
19  "The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an
20  effect: the result of a failure to make restitution under circumstances where it is
21  equitable to do so." *Melchior v. New Line Productions, Inc.* 106 Cal. App. 4th 779,
22  794, 131 Cal. Rptr. 2d 347, 357 (2003). Unjust enrichment is "a general principle,
23  underlying various legal doctrines and remedies," rather than a remedy itself.
24  *Dinosaur Development, Inc. v. White*, 216 Cal. App. 3d 1310, 1315, 265 Cal. Rptr.
25  525, 527 (1989). Plaintiffs apparently meant that they seek restitution. Under

26
27
28

1   California law there is no particular form of pleading necessary to invoke the
2   doctrine of restitution. *Id.* at 1315.[3]

3         Despite these lenient standards, Plaintiffs still fail to state a claim upon which
4   relief can be granted. Plaintiffs' are obligated to provide the "grounds" of their
5   "entitlement to relief," which is not satisfied by labels and conclusions, or a
6   formulaic recitation of the elements of a claim, but requires factual allegations that
7   raise a right to relief above the speculative level. Plaintiffs have pled that Named
8   Plaintiffs "provided services" to ALC and "incurred expenses" for ALC's benefit as
9   a result of ALC's "words and/or by conduct." (*Id.* at ¶ 221.) Plaintiffs further
10  allege that as a result of ALC not paying for those services or expenses it has been
11  unjustly enriched. (*Id.* at ¶¶ 221-222.) The one allegation resembling a fact is that
12  "Named Plaintiffs and Class Members seek the reasonable value for the services
13  provided to ALC while misclassified as exempt, and during the rest and meal
14  periods and other time worked 'off the clock'..." (*Id.* at ¶ 222.) With this one
15  possible exception, Plaintiffs do not allege what the services are, how much time
16  was spent on these services, who performed the services, for whom, and at whose
17  request. As far as the expenses, none of this is alleged either. Instead, as usual we
18  get nothing but conclusions and a formulaic recitation of the elements of the claim
19  for relief, *i.e.* Plaintiffs provided services and/or paid expenses, Defendant did not
20  pay, and was unjustly enriched. It is hard to imagine a more stripped-down way to
21  state this claim than Plaintiffs' allegations.

22        Consequently, Plaintiffs' claim for unjust enrichment should be dismissed.

---

[3] To prevail on a claim for relief in Illinois based on a theory of unjust enrichment, a plaintiff must prove that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the principles of justice, equity, and good conscience. *Scholes v. Ames*, 850 F.Supp. 707, 711 (N.D. Ill. 1994). Similarly in Utah a "right of recovery under the doctrine of unjust enrichment is essentially equitable, its basis being that in a given situation it is contrary to equity and good conscience for one to retain a benefit which has come to him at the expense of another." *CIG Exploration, Inc. v. Hill*, 824 F.Supp. 1532, 1546 (D. Utah 1993).

9.     <u>At Minimum, The Court Should Dismiss The Claims In The Complaint Pursuant To Rule 12(e) And Require Plaintiffs to Provide A More Definite Statement Of Their Claims For Relief</u>

Rule 8 of the FRCP provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FRCP 8(a)(2). In addition, Rule 8(e)(1) provides that "[e]ach averment of a pleading shall be simple, concise, and direct." The purpose of Rule 8 is to ensure that courts and adverse parties can understand a claim and frame a response to it.

Pursuant to FRCP Rule 12(e), the Court may require a party to amend his complaint and provide a more definite statement of the claims asserted therein where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Motions pursuant to Rule 12(e) are generally granted where the complaint fails to comply with the pleading requirements set forth in FRCP Rule 8. *See, e.g., RTC v. Hess*, 820 F.Supp. 1359, 1370 (D. Utah 1993) (granting motion for more definite statement where complaint fails to comply with Rules 8(a) and 10(b)).

Here Plaintiffs' unintelligible cacophony of conclusory allegations fails to comply with FRCP Rule 8.

## IV.   CONCLUSION

For all of the foregoing reasons, the Court should grant ALC's Motion to Dismiss, or, in the alternative, for a more definite statement, or Motion to Strike.

Dated: November 2, 2007

THELEN REID BROWN RAYSMAN & STEINER LLP

By                             
Jennifer L. Goldberg
Attorneys for Defendant
ALC PARTNER, INC.

DEFENDANT'S MOTION TO DISMISS PURSUANT TO FRCP 12(B)(6)
AND MOTION FOR A MORE DEFINITE STATEMENT PURSUANT TO FRCP 12(E)

# EXHIBIT 2

1  ANN KANE SMITH, CA BAR NO. 72698
   JENNIFER GOLDBERG, CA BAR NO. 198150
2  MARYTZA J. REYES , CA BAR NO. 218684
   THELEN REID BROWN RAYSMAN & STEINER LLP
3  333 South Hope Street, Suite 2900
   Los Angeles, California  90071
4  Telephone 213.576.8000
   Facsimile 213.576.8080
5

6  Attorneys for Defendant
   ALC PARTNER, INC.
7

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  WESTERN DIVISION

12

13 | KAY LOVE, MELINDA           | Case No.: CV 07 4588 R(SHx)
   | AHUMADA, PAULA AUSTIN,      |
14 | ASHLEY BRISENO, LISA CASEY, |
   | JESSICA BURIA, NATALIE      | **DECLARATION OF KEVIN PIECUCH**
15 | DOLABJIAN, NADIA KAMELI,    | **IN SUPPORT OF DEFENDANTS ALC**
   | LAURIE MATHEWS, ASHLEE      | **PARTNER, INC. AND RICHARD**
16 | MOCHAN, CHRISTINE PEDRO,    | **MORGAN'S REPLY TO PLAINTIFFS'**
17 | HEIDI SCHNEEVEIS, BEVERLY   | **OPPOSITION TO DEFENDANTS**
   | ALEXANDER, KATHRYN          | **MOTIONS TO DISMISS FIRST**
18 | CAMERON, FEY RICHMAN,       | **AMENDED COMPLAINT**
   | CYNTHIA RODIER, SANDRA      |
19 | SEWERIN, PAMELA STRONG, and | [Filed concurrently with Memorandum of
20 | AMY WILLIAMS on behalf of   | Points and Authorities in Reply to
   | themselves and those classes | Plaintiffs' Opposition to Defendants'
21 | similarly situated,         | Motions to Dismiss; Declaration of Kevin
   |                             | Piecuch and Evidentiary Objections]
22 |              Plaintiff,     |
   |                             | **Hearing**
23 | v.                          | Date:     December 17, 2008
   |                             | Time:     10:00 a.m.
24 | ALC PARTNER, INC., Richard  | Ctrm:     8
25 | Morgan, and DOES 1 through 200, |
   | inclusive,                  |
26 |                             |
27 |              Defendants.    |

28

LA #586403 v1                           -1-
DECLARATION OF KEVIN PIECUCH IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTION S TO DISMISS FIRST AMENDED COMPLAINT

## DECLARATION OF KEVIN PIECUCH

I, KEVIN PIECUCH declare:

1.     I am the Chief Administrative Officer and General Counsel for ALC-Partner, Inc.  I make this Declaration in support of ALC-Partner, Inc. and Richard Morgan's Reply to Plaintiff's Opposition to Defendants' Motions to Dismiss Plaintiffs' First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7) and 19 filed in the above-captioned action brought by Plaintiffs' Kay Love et al.  I am personally familiar with the action and have personal knowledge of the facts set forth herein, and could testify competently thereto.  If called as a witness, I could and would competently testify to the facts stated in this Declaration.

2.     ALC-Partner, Inc. owns the name American Laser Centers.  There are at least 201 separate LLCs which own and operate clinics that are licensed to or otherwise permitted by ALC-Partner, Inc. to do business using the American Laser Centers trade name.

3.     Each of the LLCs doing business as American Laser Centers has different owners and investors.  ALC-Partner is partial owner of some of the LLCs, yet has no ownership stake at all in other LLCs that own clinics.  The relationship between each of the 200+ LLCs and ALC-Partner is different.

4.     The individual LLCs employs the individuals at the respective clinics owned by each LLC.  The LLCs paid the clinic employees' wages and benefits. Those wages and benefits, as well as other employee costs, were charged to each LLCs Profit and Loss statement.  Each LLC employed a Clinic Manager to run the day to day operations of the clinic and supervise the other employees in the clinic.

5.     ALC-Partner was recently sold to an outside entity. This information did not become public until the week of December 3, 2007. As a result of the sale, ALC-Partner, Inc. will cease to exist in its current form and, as of January 1, 2008, the corporate structure and relationships between and among the different entities doing business as American Laser Centers will change.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and that the attached exhibits are true and accurate copies of the documents I have described herein.

Executed this 10th day of December, 2007, at _Farmington Hills, MI_ .

_____
KEVIN PIECUCH

DECLARATION OF KEVIN PIECUCH IN SUPPORT OF DEFENDANTS' REPLY TO PLAINTIFFS'
OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT

# EXHIBIT 3

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

CASE NO.: CV-07-4588-R                                    Date: DEC. 17, 2007

TITLE: KAY LOVE et al V. ALC PARTNER INC etc
=======================================================================
PRESENT:

HON. MANUEL L. REAL, JUDGE

William Horrell                                   Sheri Kleeger
Deputy Clerk                                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:        ATTORNEYS PRESENT FOR DEFENDANTS:

Kara Wolke                                  Ann Kane Smith
                                            Jennifer Goldberg

PROCEEDINGS:   Defendant's motion to dismiss and motion for more definite statement
               Defendant's motion to dismiss pursuant to FRCvP 12(B)(6)

The Court GRANTS each of defendant's motions, with 20 days
leave to the plaintiff to file an amended complaint.

2 min

MINUTES FORM 90                          Initials of Deputy Clerk __WH__
CIVIL -- GEN

# EXHIBIT 4

From: Chelsea Klinke
Sent: Thursday, April 03, 2008 5:59 PM
To: Losangeles
Subject: Hourly Rate

There might be some confusion...

On the recent call we had, I explained that you would all receive your hourly rates individually via email, this is still the case.

I also made mention that I thought the figure Kevin used of 17.50 on the Road Show might not be accurate, but I was incorrect and misread the spreadsheet I received...my apologies, but again it doesn't effect the salary in question, which is what you still make.

For employees at a base of 50k for example, you will see that this figure is accurate when calculated for 40 hours plus 10 hours of OT to get you to a salary of 50,050.

For anyone that has received a raise, your hourly rate will be based on that salary.

Again, under no circumstances are any of you making a dollar less than your salaries unless you work fewer hours. In fact, the rate of 17.50 actually calculates to a $50 increase, if you will.


In the state of Calfiornia OT is paid on a daily basis if the employee works over 8 hours a day or on

a weekly basis if the employee work over 40 hours a week.


Example Calculation using the hourly rate of $17.50

1 days pay (8hrs)      $140.00
1 hours OT     $26.25
Daily pay      $166.25

40 hour week     $700.00
10 hours of OT  $262.50
Total Weekly    $962.50
Annual Salary   $50,050.00

Chelsea R. Klinke
Western Area Vice President, Operations
American Laser Centers
www.americanlaser.com<http://www.americanlaser.com/>

"Your attitude almost always determines your altitude in life."