1  ANN KANE SMITH, *aksmith@thelen.com*, CA BAR NO. 72698
2  JENNIFER L. GOLBERG, *jlgoldberg@thelen.com*, CA BAR NO. 198150
   MARYTZA J. REYES, *mreyes@thelen.com*, CA BAR NO. 218684
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street
4  Twenty-Ninth Floor
   Los Angeles, California 90071
5  Telephone 213.576.8000
   Facsimile 213.576.8080
6  Attorneys for Defendants
7  ALC-PARTNER, INC.,
   RICHARD MORGAN and DENNIS HARPER
8
9  WILLIAM J. CARROLL, *wcarroll@schiffhardin.com*, CA BAR NO. 118106
   SARAH R. SPEAKMAN, *sspeakman@schiffhardin.com*, CA BAR NO. 215085
10 SCHIFF HARDIN LLP
   One Market, Spear Street Tower
11 Thirty-Second Floor
   San Francisco, CA 94105
12 Telephone: 415.901.8754
   Facsimile: 415.901.8701
13 Attorneys for Defendants
14 AMERICAN LASER CENTERS LLC (formerly known
   as ALC ACQUISITION COMPANY LLC) and
15 AMERICAN LASER CENTERS OF CALIFORNIA LLC

16

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19
   KAY LOVE, MELINDA AHUMADA,              | Case No.: CV081221 (CRB)
20 PAULA AUSTIN, ASHLEY BRISENO,           |
   LISA CASEY, JESSICA BURIA,              | **DEFENDANTS' EVIDENTIARY**
21 NATALIE DOLABJIAN, NADIA                | **OBJECTIONS**
   KAMELI, ASHLEE MOCHAN,                  |
22 CHRISTINE PEDRO, DAYNA RACOW,           | Date:    June 6, 2008
   BEVERLY ALEXANDER, KATHRYN              | Time:    10:30 a.m.
23 CAMERON, FEY RICHMAN, CYNTHIA           | Place:   Courtroom 8
24 RODIER, SANDRA SEWERIN and AMY          | Before:  Hon. Charles R. Breyer
   WILLIAMS, on behalf of themselves and   |
25 those classes similarly situated,       |

26               Plaintiffs,

27 v.

28

LA #613668 v1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KARA M. WOLKE IN SUPPORT
OF PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION TO REMAND

|   |   |
|---|---|
| 1 | ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive, |
| 2 | |
| 3 | |
| 4 | |
| 5 | Defendants. |

Defendants ALC-Partner, Inc., American Laser Centers LLC, American Laser Centers of California LLC, Richard Morgan and Dennis Harper (collectively, "Defendants") hereby submit the following objections to the declaration submitted by Kara Wolke in support of Plaintiffs' Reply to Plaintiffs' Motion to Remand.

LA #613668 v1

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KARA M. WOLKE IN SUPPORT OF PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION TO REMAND

# DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KARA M. WOLKE

The declaration submitted by Kara M. Wolke is based almost solely on unsupported allegations, conjecture, and speculation. Any evidence submitted to the Court must meet all requirements for admissibility of evidence if offered at the time of trial. *Travelers Cas. & Sur. Co. of America v. Telstar Const. Co., Inc.*, (D.AZ 2003) 252 F. Supp. 2d 917, 922; *see also* N.D. CA Rule 7-5(b). The statements contained in Ms. Wolke's declaration do not constitute admissible evidence and, therefore, should be disregarded. *See FDIC v. New Hampshire Ins. Co.*, 953 F.2d 478, 484 (9th Cir. 1991) (declarations and other "evidence" of the moving party that would not be admissible are subject to a timely objection and may be stricken); Accord *Pfingston v. Ronan Engineering Co.* 284 F.3d 999, 1003 (9th Cir. 2002).

Accordingly, Defendants object to the specific testimony, and on the specific grounds, set forth below.

| Evidence Submitted in Declaration of Kara M. Wolke | Defendants' Objections |
|---|---|
| 1. "I am personally familiar with this case and have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify competently thereto." [Declaration of Kara M. Wolke, ¶ 1] | 1. Ms. Wolke's prefatory statement that she has personal knowledge of all facts does not make the statements contained in her declaration admissible. Introductory statements to the effect that the declarant has personal knowledge of every fact in the declaration are simply conclusions and insufficient to establish personal knowledge and competency. W. Schwarzer, *et al.*, *California Practice Guide: Federal Civil Procedure Before Trial*, ¶ 14:163 (Rutter Group 2007) citing *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995); *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980). It is *not* enough for the declarant simply to state that he or she has personal knowledge of the facts stated. Rather, the declaration itself must contain |

LA #613668 v1                                    -1-

DEFENDANTS' EVIDENTIARY OBJECTIONS TO THE DECLARATION OF KARA M. WOLKE IN SUPPORT OF PLAINTIFFS' REPLY TO PLAINTIFFS' MOTION TO REMAND

| Evidence Submitted in Declaration of Kara M. Wolke | Defendants' Objections |
|---|---|
| | facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information. FRE 602; see *United States v. Shumway* (9th Cir. 1999) 199 F.3d 1093, 1104. |
| 2. "On April 18, 2008, I conducted a public records search which revealed that, as of November 1, 2007, Chelsea Klinke resides at an address in Ladera Ranch, California. A true and correct copy of these search results, with the street address redacted, is attached as Exhibit A hereto." [Declaration of Kara M. Wolke, ¶ 2] | 2. Irrelevant (Fed. R. Evid. §§ 401, 402); Lacks foundation (Fed. R. Evid. § 403(a)); Improper evidence to the extent that reply papers should be limited to the matters raised in the opposition. It is improper for the moving party to introduce new facts, evidence or legal arguments in the reply brief than what was presented in the moving papers. *Lujan v. National Wildlife Federation* (1990) 497 US 871, 894-95, 110 S. Ct. 3177, 3192 [court has discretion to disregard late filed factual matters]. |
| 3. "Numerous of our clients have provided us with information regarding Chelsea Klinke and, based on such information, it [sic] my understanding that Ms. Klinke is a major enforcer of company policy in California." [Declaration of Kara M. Wolke, ¶ 3] | 3. Lacks foundation (Fed. R. Evid. 403(a)); Lacks personal knowledge (Fed. R. Evid. § 602); Speculation. *R.W. Beck & Assoc., Inc. v. City and Borough of Sitka*, 27 F.3d 1475, 1481 (9th Cir. 1994); Inadmissible hearsay. (Fed. R. Evid. § 801 *et seq.*; *H. Sand & Co. v. Airtemp Corp.*, 934 F.2d 450, 454-455 (2d Cir. 1991) ("hearsay testimony . . . that would not be admissible if testified to at the trial may not properly be set forth in the affidavit."); Improper opinion testimony (Fed. R. Evid. §701; *Marshall v. East Carroll Parish Hosp. Serv. Dist.*, 134 F.3d 319, 324 (5th Cir. 1998). The statement that clients have provided "us" with information (the substance of which is unknown) regarding Chelsea Klinke does not provide Ms. Wolke with a sufficient basis to opine that Klinke is a "major |

| Evidence Submitted in Declaration of Kara M. Wolke | Defendants' Objections |
|---|---|
|  | enforcer of company policy in California" and does not constitute evidence. |
| 4. "A true and correct copy of an e-mail dated April 3, 2008, from Chelsea Klinke to a group entitled "Losangeles" is attached as Exhibit B hereto." [Declaration of Kara M. Wolke, ¶ 4] | 4. Lacks foundation (Fed. R. Evid. § 403(a)); Lacks personal knowledge (Fed. R. Evid. § 602; *R.W. Beck & Assoc., Inc. v. City and Borough of Sitka*, 27 F.3d 1475, 1481 (9th Cir. 1994); Inadmissible hearsay (Fed. R. Evid. § 801 *et seq.*; *H. Sand & Co. v. Airtemp Corp.*, *supra*, 934 F.2d at 454-455); None of the documents contained in Exhibit B have been authenticated and therefore are inadmissible (Fed. R. Evid. § 901; *United States v. Dibble*, 429 F.2d 598, 602 (9th Cir. 1970) ("A writing is not authenticated simply by attaching it to an affidavit … . The foundation is laid for receiving a document in evidence by the testimony of a witness with personal knowledge of the facts who attests to the identity and due execution of the document and, where appropriate, its delivery."); *Beyene v. Coleman Security Services, Inc.* (9th Cir. 1988) 854 F.2d 1179, 1182; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.* (9th Cir. 1990) 896 F.2d 1542, 1550-51 [attorney's summary insufficient authentication]. |

Dated: May 22, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP

By /s/ Jennifer L. Goldberg
Attorneys for Defendants
ALC-PARTNER, INC., RICHARD MORGAN and DENNIS HARPER

LA #613668 v1                    -3-

1
2  Dated: May 22, 2008                    SCHIFF HARDIN LLP
3
                                          By _____
4                                            William J. Carroll
                                             Attorneys for Defendants
5                                            AMERICAN LASER CENTERS LLC and
                                             AMERICAN LASER CENTERS OF
6                                            CALIFORNIA LLC
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28