1  ANN KANE SMITH, CA BAR NO. 72698
   JENNIFER L. GOLBERG, CA BAR NO. 198150
2  MARYTZA J. REYES, CA BAR NO. 218684
3  THELEN REID BROWN RAYSMAN & STEINER LLP
   333 South Hope Street, Suite 2900
4  Los Angeles, California 90071
   Telephone 213.576.8000
5  Facsimile 213.576.8080

6
   Attorneys for Defendants
7  ALC-PARTNER, INC.,
   RICHARD MORGAN and DENNIS HARPER
8

9  WILLIAM J. CARROLL, ESQ., CA BAR NO. 118106
   SARAH R. SPEAKMAN, CA BAR NO. 215085
10 SCHIFF HARDIN LLP
   One Market, Spear Street Tower
11 Thirty-Second Floor
   San Francisco, CA 94105
12 Telephone: 415.901.8754
13 Facsimile: 415.901.8701

14 Attorneys for Defendants
   AMERICAN LASER CENTERS LLC (formerly known
15 as ALC ACQUISITION COMPANY LLC) and
   AMERICAN LASER CENTERS OF CALIFORNIA LLC
16

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAY LOVE, MELINDA AHUMADA, PAULA AUSTIN, ASHLEY BRISENO, LISA CASEY, JESSICA BURIA, NATALIE DOLABJIAN, NADIA KAMELI, ASHLEE MOCHAN, CHRISTINE PEDRO, DAYNA RACOW, BEVERLY ALEXANDER, KATHRYN CAMERON, FEY RICHMAN, CYNTHIA RODIER, SANDRA SEWERIN and AMY WILLIAMS, on behalf of themselves and those classes similarly situated, <br><br> Plaintiffs, <br><br> v. | Case No.: CV081221 (CRB) <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)** <br><br> Date:  June 6, 2008 <br> Place: 10:00 a.m. <br> Place: Courtroom 8 <br> Before: Hon. Charles R. Breyer |

LA #613722 v2

---

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)**

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5 | ALC PARTNER, INC., dba AMERICAN LASER CENTERS; ALC ACQUISITION COMPANY LLC; AMERICAN LASER CENTERS OF CALIFORNIA, LLC; RICHARD MORGAN; DENNIS HARPER; and DOES 1 through 200, inclusive,<br><br>        Defendants. |

LA #613722 v2

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION / SUMMARY OF ARGUMENT

Plaintiffs have filed a "Response" to Defendants' Motion to Transfer Venue in which they do not oppose the legal grounds set forth by Defendants justifying a transfer of this case to the Central District. Indeed, per Plaintiffs, "[a] number of the practical considerations could justify transfer to the Central District." (Response, 2:21-22).

As Plaintiffs have no legal grounds for opposing Defendants' Motion, they instead attempt to persuade the Court in their Response that they did not engage in forum shopping, despite all evidence to the contrary. Moreover, they insist on wasting the Court's time with specious attacks on Defendants that are irrelevant to the legal grounds on which this Motion was brought.

In short, there is no way that this case would be before the Court if Plaintiffs' had not engaged in forum shopping, and Plaintiffs now concede, as they must, that the Central District is the appropriate forum for this action. The Court should grant this Motion.

## II. PLAINTIFFS' CONCEDE THAT THE CENTRAL DISTRICT IS THE PROPER FORUM FOR THIS ACTION

Given Plaintiffs' concession that the Central District is the proper forum for this action, there is no need for another extensive discussion of the law as it relates to discretionary transfers of venue. Plaintiff's original choice of forum was the correct one. 28 U.S.C. § 1404(a) provides discretionary grounds for transferring an action to another venue "for the convenience of parties and witnesses." The convenience factors overwhelmingly support transfer to the Central District. *See e.g. Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986). Fourteen of the seventeen named Plaintiffs reside in Southern California; thirteen within the Central District. The American Laser Centers clinics where those fourteen plaintiffs worked are all located in or immediately to the south of the Central District. The vast majority of the relevant records and witnesses who can testify as to Plaintiffs' hours, duties and working conditions are located within the Central District. The Central District is a far more convenient forum for the parties and witnesses. The interests of justice forbid Plaintiffs' from hauling the majority of the

LA #613722 v2                                -1-

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER VENUE UNDER 28 U.S.C. §1404(a)**

witnesses and pertinent documents to a different district hundreds of miles away, where there is not a single representative of two of the proposed classes residing.

In short, and as Plaintiffs concede by way of their non-opposition to Defendants' Motion, there is no legitimate reason for this case to be in Northern California. Thus, this action should be transferred to the Central District.

### III. PLAINTIFFS OFFER NO LEGITIMATE EXPLANATION FOR THEIR CHOICE OF FORUM IN THIS CASE

Plaintiffs devote most of their Response to a detailed explanation of the procedural history in an apparent attempt to justify their forum choice in this action. First, they explain why they decided to split the original case filed in the Central District ("Love I") into two different class actions, one remaining in California (this case, "Love II"), and one filed in the Eastern District of Michigan. Plaintiffs maintain that they voluntarily dismissed the Love I case (after the Court granted Defendants' Motion to Dismiss with leave to amend) because the Central District could not exercise jurisdiction over the non-California LLCs that owned and operated the clinics and employed the Plaintiffs and putative class members at that time. Defendants have not challenged Plaintiffs' decision to split those cases and file a separate action in Michigan (where the corporate Defendants are located) on behalf of the non-California plaintiffs and putative class members. What Defendants have challenged is Plaintiffs' decisions with respect to the re-filing of the California lawsuit. Plaintiffs have provided no reason – and indeed, there was none – why they did not simply refile the California case in the Central District of California where they originally filed Love I. Instead, Plaintiffs dropped their federal claims (under ERISA and the FLSA) and inexplicably filed the instant case as a state court action in Alameda County. There was no basis for filing this case in Alameda County or anywhere outside of the area covered by the Central District, where nearly all of the Plaintiffs reside and work (or worked). Plaintiffs very obviously forum shopped their case not only to state court, but to an entirely different geographical area so that if Defendants removed the case, it could not be removed to the Central District.[1] What other

---

[1] Despite their concession that this case belongs in Southern California if it remains in federal court, Plaintiffs still maintain, without any justification, that this case should remain in Alameda County if it is remanded.

1 | explanation is there? The procedural history of this case did not "force" Plaintiffs to all of a
2 | sudden run to Alameda County to file their case.

### IV. PLAINTIFFS' ATTACKS ON DEFENDANTS ARE DISINGENUOUS AND IRRELEVANT, AND DO NOTHING TO DIMINISH THE APPROPRIATENESS OF VENUE TRANSFER

In the absence of any legal argument or other relevant issues to brief, Plaintiffs use their Response to launch gratuitous attacks on Defendants that have nothing to do with the Motion. Plaintiffs' attempts to discredit Defendants are specious and in bad faith.

At no time did Defendants make any "blatant misrepresentations" as Plaintiffs contend. During the Love I case, Kevin Piecuch, ALC-Partner, Inc.'s General Counsel and Chief Administrative Offer, declared, "[t]here are at least 201 separate LLCs which own and operate clinics that are licensed to or otherwise permitted by ALC-Partner, Inc. to do business using the American Laser Centers trade name." Each separate LLC owned and operated its respective clinic through its investors. At the time of the Love I case, the clinic LLCs were the owners of the clinics operating under the American Laser Centers trade name.

In Love II, Kevin Piecuch declared that "ALC-Partner, Inc. remains in existence but no longer owns and operates the clinics as of December 1, 2007." That is a true statement and is not inconsistent with his prior statements. Piecuch never declared that ALC-Partner, Inc. was previously the sole owner and operator. Indeed, ALC-Partner, Inc. previously was an investor in many (although not all) of the LLCs that owned and operated the clinics and employed the Plaintiffs and putative class members, as set forth in the very Declaration from Love I that Plaintiffs cite ("ALC-Partner is partial owner of some of the LLCs, yet has no ownership stake at all in other LLCs that own clinics. The relationship between each of the 200+ LLCs and ALC-Partner is different." Piecuch Decl. at ¶3, in support of Defendants' Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss the Love I First Amended Complaint.)

In the instant case, Piecuch's Declaration, as cited by Plaintiffs, simply declared that ALC-Partner, Inc. no longer has any ownership interest, nor does it presently operate any of the clinics. Plaintiffs themselves cite to the recent change in corporate structure to which Piecuch declared: "Defendant ALC Acquisition Company LLC (now known as American Laser Centers LLC)

1  purchased the assets of ALC-Partner, Inc. **and its related companies** in November 2007, and
2  began operating the clinics effective December 1, 2007." (Emphasis added.) There is nothing
3  incorrect or inconsistent about Piecuch's statements.

4      Defendants are left wondering why Plaintiffs even raised this issue in Response to
5  Defendants' Motion to Transfer Venue that they concede is well founded. Defendants' legal
6  positions in this case are not inconsistent with Love I; rather, they reflects the significant change in
7  corporate structure and ownership interests that occurred between Love I and Love II. Defendants'
8  strategic choices have nothing to do with whether the proper venue for this case is the Northern
9  District of California.

10 **V.  CONCLUSION**

11     On the basis of Plaintiffs' concession and the arguments made in Defendants' Motion and
12 summarized here, this Court should transfer this action to the Central District of California,
13 pursuant to 28 U.S.C. § 1404(a).

15 Dated: May 23, 2008        THELEN REID BROWN RAYSMAN & STEINER LLP

16                            By  /s/ Jennifer L. Goldberg
17                                Attorneys for Defendants
                                  ALC-PARTNER, INC., RICHARD
                                  MORGAN and DENNIS HARPER

19 Dated: May 23, 2008        SCHIFF HARDIN LLP

20                            By  /s/ William Carroll
21                                William J. Carroll
                                  Attorneys for Defendants
22                                AMERICAN LASER CENTERS LLC and
                                  AMERICAN LASER CENTERS OF
23                                CALIFORNIA LLC

LA #613722 v2                       -4-
**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO TRANSFER
VENUE UNDER 28 U.S.C. §1404(a)**